Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
### for the
### District of Rhode Island
### Division

|  |  |
|---|---|
| Joshua Mello | ) Case No. _____ |
| _____ | ) *(to be filled in by the Clerk's Office)* |
| *Plaintiff(s)* | ) |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) Jury Trial: *(check one)* ☒ Yes ☐ No |
| *please write "see attached" in the space and attach an additional* | ) |
| *page with the full list of names.)* | ) |
| -v- | ) |
|  | ) |
|  | ) |
| Officer Edward Arruda | ) |
| _____ | ) |
| *Defendant(s)* | ) |
| *(Write the full name of each defendant who is being sued. If the* | ) |
| *names of all the defendants cannot fit in the space above, please* | ) |
| *write "see attached" in the space and attach an additional page* | ) |
| *with the full list of names.)* | ) |

*2023 NOV 15 P 12: 20  FILED*

## COMPLAINT FOR A CIVIL CASE

### I.    The Parties to This Complaint

#### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Joshua Mello |
| Street Address | 57 Rolfe Sq. unit 10113 |
| City and County | Cranston |
| State and Zip Code | RI 02910 |
| Telephone Number | 401-426-0778 |
| E-mail Address | KSKUSTOMSRIDEON@gmail.com |

#### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

**Defendant No. 1**

Name — Edward Arruda

Job or Title *(if known)* — School Resource Officer

Street Address — 5 Garfield Ave

City and County — Cranston

State and Zip Code — RI 02920

Telephone Number — 401-942-2211

E-mail Address *(if known)*

**Defendant No. 2**

Name — John Rocchio

Job or Title *(if known)* — School Resource Office

Street Address — 5 Garfield Ave

City and County — Cranston

State and Zip Code — RI 02920

Telephone Number — 401-942-2211

E-mail Address *(if known)*

**Defendant No. 3**

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

**Defendant No. 4**

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question          ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

18 USC 243 deprevation of Rights under Color of law
34 USC 12601 - Police Misconduct Provision
4th Amendment
5th Amendment
14th Amendment

### B.    If the Basis for Jurisdiction Is Diversity of Citizenship

1.    The Plaintiff(s)

    a.    If the plaintiff is an individual

        The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

    b.    If the plaintiff is a corporation

        The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____,

        and has its principal place of business in the State of *(name)* _____.

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

    a.    If the defendant is an individual

        The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

b.    If the defendant is a corporation

The defendant,  *(name)* _____ , is incorporated under

the laws of the State of *(name)* _____ , and has its

principal place of business in the State of *(name)* _____ .

Or is incorporated under the laws of *(foreign nation)* _____ ,

and has its principal place of business in *(name)* _____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III.    Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

See attached

## IV.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

*see attached*

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:   11/15/2023

Signature of Plaintiff

Printed Name of Plaintiff   Joshua J. Mello

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

**In the U.S. District Court**
**District of Rhode Island Court of Providence County**

**Joshua Mello**
**57 Rolfe Square, Unit 10113,**
**Cranston, RI 02910**

**v.**

**SRO Edward Arruda**
**Cranston Police Department**
**5 Garfield Ave,**
**Cranston, RI 02920**

Case No.

COMPLAINT

1. **Introduction**

In the United States District Court for the District of Rhode Island, the plaintiff, Joshua

Mello, appearing pro se, hereby brings forth this civil action against the defendant

Officer Edward Arruda. The defendant is accused of willfully and knowingly violating the

plaintiff Joshua Mello's rights as guaranteed by the United States Constitution. He

violated the Fourth, Fifth, and Fourteenth Amendments and he violated The Color of

Law under 18 USC 242, Deprivation of rights along with the Police Misconduct

Provision, 34 U.S.C. § 12601. The 42 USC § 1983 establishes a mechanism for

individuals to seek legal remedies for violations of their constitutional and statutory

rights by state officials.

2. **Jurisdiction and Venue**

The United States District Court for the District of Rhode Island is the correct venue to file a civil lawsuit as the federal court has jurisdiction over cases involving federal law, constitutional violations, and civil rights claims.

## 3. Parties

Plaintiff:

Joshua Mello, Victim/Whistleblower
57 Rolfe Square, unit 10113
Cranston, RI 02910

Defendant:
Edward Arruda, School Resource Officer
5 Garfield Ave
Cranston, RI 02920

## 4.Statement of Facts

**Regarding Officer Arruda:**

The plaintiff Joshua Mello presents these statements of facts regarding the actions of Officer Edward Arruda that took place on October 21, 2021, at Western Hills Middle School in Cranston, RI. He is responsible for a series of severe transgressions that directly contravened the plaintiff Joshua Mello's rights. Office Arruda violated Mr. Mello's Fourth, Fifth, and Fourteenth Amendment rights under the United States Constitution. He also violated The Color of Law under 18 USC 242, Deprivation of rights. Furthermore, 42 USC § 1983 establishes a mechanism for individuals to seek legal remedies for violations of their constitutional and statutory rights by state officials. And to further exacerbate the violation of his civil rights, Officer Arruda violated Article I Section 2 of the RI Constitution.

1. During the morning of the arrest, Officer Arruda had a conversation with Tonya Morena, mother of Mr. Mello's daughter, upon coming back to speak with Mr. Mello, he stated "I remember you now, you were arrested at Peters for doing the same thing before." He is referencing an expunged case. Within about two minutes of Officer Arruda sharing this information to Mr. Mello and SRO Rocchio, they employed aggressive tactics, SRO Arruda placed his arm around the plaintiff's neck and utilizing disproportionate physical force to bring him to the ground. "Restraints around the neck can lead to serious physical injury arterial tears, strokes, internal organ damage, and death. There is no such thing as a safe chokehold or carotid hold. It should never be used unless deadly force is warranted." Meadow, Richard. "Types of Excessive Force." https://policebrutalitycenter.org/police-brutality/excessive-force/ Accessed November 12, 2023. This was unreasonable and disproportionate under the circumstances and is deemed excessive. It can be considered an unreasonable seizure which was influenced by a bias of learning of an expunged case where Mr. Mello was arrested at a school. The information provided to SRO Arruda was not from another police officer it was from the mother of Mr. Mello's child. Who had already lied to the school administrators and the police while investigating the family court order.  His actions demonstrate his gross negligence and are an insult to the police department. He is held to a higher standard of professionalism. Which was not demonstrated on October 21, 2021.

2. Shortly following the controversial statement, 'I remember you,' the School Resource Officers (SROs) swiftly proceeded to forcefully apprehend and detain

Mr. Mello, during which Officer Arruda employed aggressive tactics, including placing his arm around the plaintiff's neck and utilizing disproportionate physical force to bring him to the ground. From the time Officer Rocchio put hands on Mr. Mello at 8:42 am and 39 seconds only 7 seconds passed until the SRO's had gotten Mr. Mello to the ground, see WHMS Main Lobby Video time of 8:42 am and 46 seconds. The intensity of the force utilized was such that immediate medical attention was required, leading to Mr. Mello's urgent transfer to the emergency room before his eventual booking at the police station. When an officer uses excessive force during an arrest or detention, it can constitute an unreasonable seizure under the Fourth Amendment. The overly aggressive and intentional actions of SRO Arruda also violated the plaintiff's fifth, and fourteenth amendment rights. Furthermore, to willfully deprive a person of a constitutional right violates 18 USC 242, Deprivation of rights under the Color of Law.

3. Officer Arruda deliberately misrepresented the severity of the assault against Mr. Mello, downplaying the aggressive tactics employed. Misleading the courts not only violated Mr. Mello's rights by providing false testimony under oath but also resorted to excessive physical measures against a parent attempting to collect his child, an action well within his legal rights.

4. After Mr. Mello was handcuffed, the SRO's walked him out to the police cruiser. Under oath Officer Arruda said there was no problem walking him out. When they get him to the police cruiser Officer Rocchio smashes Mr. Mello off the hood of the car so hard his feet come off the ground. Officer Arruda does not mention this incident but goes on to talk about how there was a problem in the rear of the car.

Officer Arruda is just as responsible for the unnecessary use of force because he didn't stop it. Officer Rocchio had Mr. Mello on the bumper, pressing his knees into the car, it was painful for Mr. Mello and when he voiced that Officer Rocchio ended up taking Mr. Mello aggressively to the ground. The video from Western Hills Middle school shows at 8:45:29 am the two SRO's walking a handcuffed Mr. Mello to the cruiser. At 8:45 am and 45 seconds Officer Rocchio smashes a handcuffed Mr. Mello on the hood of the police cruiser so hard that both his feet come off the ground. At 8:46 am and 55 seconds the SROs toss Mr. Mello to the ground. Continuing to show the serious and egregious violations of his rights.

## 5. Causes of Action

Excessive force by law enforcement officers violates several federal laws and constitutional rights.

**1. Fourth Amendment of the U.S. Constitution:** This amendment protects individuals from unreasonable searches and seizures and requires that any warrant for search or arrest be supported by probable cause. The use of excessive force during an arrest can violate the Fourth Amendment's prohibition against unreasonable seizures. SRO Arruda's use of excessive force during the altercation is deemed excessive and disproportionate to the circumstances. Their actions were unwarranted and egregious violations of his rights.

**2. Fifth Amendment of the U.S. Constitution:** This amendment protects individuals from deprivation of life, liberty, or property without due process of law. The use of excessive force leading to injury is a violation of Mr. Mello's right. The excessive force used required him to be taken to the emergency room before being booked at Cranston Police station. In addition, he was already detained in handcuffs and suffered a further assault. An action that Officer Arruda should have stood against Officer Roccio for. His use of excessive force and misconduct is unbecoming of an officer and Officer Arruda is just as guilty.

**3. Fourteenth Amendment of the U.S. Constitution:** This amendment provides for equal protection under the law and prohibits states from depriving any person of life, liberty, or property without due process of law. The Fourteenth Amendment's due process clause is often invoked in cases of alleged police misconduct and excessive force. With the use of excessive and disproportionate measures to detain Mr. Mello, the assaulted on his person after being handcuffed and detained, along with the inaccurate statements about the knife in question, and the questions of concern about the chian of custody.  SRO Rocchio has violated Mr. Mello's rights, depriving him of due process and protection of life, liberty or property.


**4. Title 42, Section 1983 of the U.S. Code:** Commonly referred to as "Section 1983," this federal law allows individuals to seek damages when their constitutional rights are violated by those acting under color of state law. It enables individuals to bring civil lawsuits against state or local government officials, including law enforcement officers, who violate their constitutional rights. The defendants, in their official capacity as state

government employees, willfully, knowingly and unlawfully deprived the plaintiff of his constitutionally guaranteed rights to due process and a fair trial, as protected by the Fifth and Fourteenth Amendments of the United States Constitution.

**5.The Police Misconduct Provision, 34 U.S.C. § 12601** makes it illegal for police officers to engage in a pattern of conduct that deprives persons of rights protected by the Constitution, whether or not discrimination occurs.

**6.Title 18, Section 242 of the U.S. Code:** This statute makes it a federal crime for anyone acting under color of law to willfully deprive a person of a constitutional right. Office Rocchio knowingly and willfully took excessive physical and disproportionate measures that were not suitable for the situation to detain a father who was trying to help his child who was having a feminine emergency. They deprived him of his constitutional right to equal protection under the laws, and they had a bias against him preventing him from getting the equal protection.

These laws serve as important safeguards to protect individuals from the misuse of authority by law enforcement officers and ensure accountability in cases of excessive force or police misconduct.

6. **Claims for Relief:**

The plaintiff has suffered significant financial and emotional damages as a direct consequence of the defendant's willfully and knowingly violating the plaintiff Joshua Mello's rights as guaranteed by the United States Constitution. They violated the Fourth, Fifth, and Fourteenth Amendments, the Color of Law under 18 USC § 242 Deprivation of rights and The Police misconduct Provision, 34 USC § 12601. Leading to a gross

miscarriage of justice. The immeasurable pain and suffering, coupled with the emotional distress resulting from the continual deprivation and neglect of his rights, weighs heavily on his well-being. False accusations propagated within the local community have led to the brink of closure for his small family business. Additionally, the unlawful arrest at Mr. Mello's daughter's middle school has left him without a stable living situation, resulting in his being homeless. The deliberate violations of his rights by the resource officers have left an indelible mark on my psyche, leading to overwhelming anxiety whenever I enter the city of Cranston. Mr. Mello has been prevented from essential moments in his daughter's academic journey, including parent-teacher conferences, her inaugural school dance, and her first and only band concert due to the illegal no trespass order the Cranston School Department and the Cranston Police have on him and my wife. No judge has ever found it warranted to add a no trespass order.  The police department and the school department decided to place them anyways. The enduring repercussions of these rights violations on his child's well-being transcend the present, manifesting in academic struggles and behavioral issues. The profound impact on his family unit remains incomprehensible. The plaintiff's experience highlights the alarming ease with which rights can be violated, underscoring the challenging journey of seeking accountability for these violations.

7. **Prayer for Relief**

The plaintiff hereby seeks the following relief from the court: appropriate compensatory damages, punitive damages, injunctive relief, and any other remedy that the court deems just and necessary to rectify the injustice perpetrated against the plaintiff.

1. Compensatory Damages: The plaintiffs seek compensation for the harm, injuries, and damages suffered as a direct result of the defendant's actions, which violated his constitutional rights. This compensation aims to address the tangible and intangible losses experienced by the plaintiff, including any financial, emotional, or reputational damages incurred.

2. Punitive Damages: Considering the egregious nature of the violations, the plaintiffs seek punitive damages to deter similar misconduct in the future and to hold the defendants accountable for their intentional and malicious actions. These damages aim to punish the defendants for their willful disregard of the plaintiff's rights and to serve as a deterrent against future violations of the law.

3. Injunctive Relief: The plaintiffs seek injunctive relief to prevent the defendants from further engaging in similar unconstitutional practices or from continuing any actions that may further infringe upon the plaintiff's rights. Injunctive relief may include court orders mandating specific actions to rectify the unjust situation or prevent future occurrences of similar violations. Also, the removal of the illegal no trespass order on Joshua Mello and his wife, Rachel Ware, for the Briggs Building and the Western Hills Middle School.

4. Declaratory Relief: The plaintiffs seek a declaratory judgment from the court affirming that the defendant's actions were in violation of the plaintiff's constitutional rights and state laws. This declaration serves to establish the legal rights of the parties involved and may provide clarity on the legal implications of the defendants' misconduct.

5. Attorney Fees and Costs: The plaintiffs request the reimbursement of reasonable attorney fees and legal costs incurred in pursuing the lawsuit, even being a Pro Se Litigant, similar fees should be awarded to compensate. This reimbursement serves to alleviate the financial burden placed on the plaintiff in seeking justice and holding the defendants accountable for their unlawful actions.

6. The plaintiffs respectfully request that the defendant issue a public apology to the plaintiff's daughter, who has borne the brunt of the distress inflicted by their actions. The defendant's egregious conduct has resulted in enduring emotional trauma and irreversible harm to the child, and an open apology serves as a vital step toward facilitating the healing process for the young individual. Furthermore, the plaintiff also requests an open apology to Joshua Mello for the deprivation of his constitutionally guaranteed rights, acknowledging the profound impact of the defendants' actions on his well-being and the enduring repercussions resulting from the violations perpetrated against him. An open acknowledgment of the harm caused, along with a sincere expression of remorse, would represent a meaningful gesture toward rectifying the harm inflicted upon the plaintiffs and their family.

As the plaintiff proceeds pro se in this civil lawsuit, the precise valuation of the damages incurred due to the defendants' numerous civil rights violations remains unknown. In an effort to provide a starting point for the assessment of damages, the plaintiff proposes the following initial figures for consideration:

- Officer Edward Arruda: $3.2 million

It is imperative to note that while the proposed figures serve as a preliminary estimation, they by no means encapsulate the full extent of the emotional and psychological harm inflicted upon the plaintiff and their family. The loss of irreplaceable time with the plaintiff's child, coupled with the enduring emotional distress endured by both the child and the family over an extended period, transcends monetary valuation and underscores the profound impact of the defendants' actions on the well-being of the plaintiffs.

## 8. **Demand for Jury Trial**

I believe that the complexity and importance of the issues involved in this case warrant a trial by jury to ensure a fair and impartial judgment. Should the court find it applicable and within my rights as the plaintiff, I respectfully request that this matter be presented before a jury of my peers to ensure that the facts and evidence are thoroughly considered, and that justice is served in accordance with the laws of our state and country.

## 9. **Closing Statement**

In this closing statement the plaintiff, Joshua Mello, outlines a series of events involving Officer Edward Arruda at Western Hills Middle School in Cranston, RI. The plaintiff alleges violations of his constitutional rights, including the Fourth, Fifth, and Fourteenth Amendments, as well as violations under the Color of Law statute (18 USC 242) and The Police misconduct Provision, 34 USC § 12601.

The plaintiff argues that Officer Arruda, used aggressive tactics, including placing his arm around the plaintiff's neck, leading to a physical altercation. There is no such thing as a safe chokehold. It should never be used unless deadly force is warranted.

The plaintiff contends that this use of force was unreasonable, disproportionate, and influenced by a biased perception. The plaintiff also accuses Officer Arruda of deliberately misrepresenting the severity of the assault during testimony.

The plaintiff lists multiple causes of action, including violations of the Fourth, Fifth, and Fourteenth Amendments, The Police misconduct Provision, 34 USC § 1260, Title 42, Section 1983 of the U.S. Code, and Title 18, Section 242 of the U.S. Code. The claims for relief detail the financial and emotional damage suffered by the plaintiff, seeking compensation for the alleged violations.

In the prayer for relief, the plaintiff proposes initial figures for consideration as compensation, emphasizing the profound impact on the plaintiff's well-being and family life. The plaintiff also requests a jury trial, asserting that the complexity of the case warrants a fair and impartial judgment by peers. The closing statement aims to provide a comprehensive overview of the alleged violations, the legal basis for the claims, and the damages suffered, concluding with a request for a fair trial and appropriate compensation.

Respectfully submitted,

11/15/2023

Joshua Mello
57 Rolfe Square, Unit 10113
Cranston, RI 02910
401-426-0778
kskustomsrideons@gmail.com

**Supporting Documentation:**

Graham v. Connor, 490 U.S. 386 (1989)
A claim of excessive force by law enforcement during an arrest, stop, or other seizure of an individual is subject to the objective reasonableness standard of the Fourth Amendment, rather than a substantive due process standard under the Fourteenth Amendment. In other words, the facts and circumstances related to the use of force should drive the analysis, rather than any improper intent or motivation by the officer who used force.

This case helped shape police procedures for stops that involve the use of force. An officer cannot justify these actions based on a hunch or by showing that they acted in good faith. Instead, they must carefully articulate facts and events that made their use of force objectively reasonable under the circumstances.

Eric Garner – Excessive Force Resulting in Death
During Garner's arrest for selling illegal cigarettes, officers tackled Garner to the ground. An officer used an illegal choke hold on Garner. Garner could be heard on a video begging for help and saying he could not breathe.

Garner died because of the actions of the officers. The officer who used the illegal chokehold and would not let Garner up was fired.

Kingsley v. Hendrickson, 576 U.S. ___ (2015)
Under 42 U.S.C. 1983, a pretrial detainee need only show that the force purposely or knowingly used against him was objectively unreasonable to prevail on an excessive force claim.

**In the U.S. District Court**
**District of Rhode Island Court of Providence County**

**Joshua Mello**
**57 Rolfe Square, Unit 10113,**
**Cranston, RI 02910**

**v.**

**SRO John Rocchio**
**Cranston Police Department**
**5 Garfield Ave,**
**Cranston, RI 02920**

Case No.

COMPLAINT

1. **Introduction**

In the United States District Court for the District of Rhode Island, the plaintiff, Joshua

Mello, appearing pro se, hereby brings forth this civil action against the defendant

Officer John Rocchio. The defendant is accused of willfully and knowingly violating the

plaintiff Joshua Mello's rights as guaranteed by the United States Constitution. They

violated the Fourth, Fifth, and Fourteenth Amendments and The Color of Law under 18

USC 242, Deprivation of rights. 42 USC § 1983 establishes a mechanism for individuals

to seek legal remedies for violations of their constitutional and statutory rights by state

officials.

2. **Jurisdiction and Venue**

The United States District Court for the District of Rhode Island is the correct venue to file a civil lawsuit as the federal court has jurisdiction over cases involving federal law, constitutional violations, and civil rights claims.

3. **Parties**

Plaintiff:
Joshua Mello, Victim/Whistleblower
57 Rolfe Square, unit 10113
Cranston, RI 02910

Defendant:
John Rocchio, School Resource Officer
5 Garfield Ave
Cranston, RI 02920

4.**Statement of Facts**

**Regarding Officer Rocchio:**

The plaintiff Joshua Mello presents these statements of facts regarding the actions of Officer Rocchio on the morning of October 21,2021. His actions have given rise to several violations of Mr. Mello's rights. SRO Rocchio violated the Fourth, Fifth, and Fourteenth Amendment rights under the United States Constitution. He also violated The Color of Law under 18 USC 242, Deprivation of rights, and The Police misconduct Provision, 34 USC § 12601. Furthermore, 42 USC § 1983 establishes a mechanism for individuals to seek legal remedies for violations of their constitutional and statutory rights by state officials.  And to further exacerbate the violation of Joshua Mello's civil rights, Officer Rocchio violated Article I Section 2 of the RI Constitution.

1. Officer Rocchio's use of excessive force during the altercation is deemed excessive and disproportionate to the circumstances, it can be considered an unreasonable seizure, violating the individual's Fourth Amendment rights. SRO Rocchio was present for four minutes when he decided to grab Mr. Mello's wrist and arrest him. No de-escalating took place. Once on the ground he restrained Mr. Mello by kneeling on his neck, and back forcibly, while he was struggling to breathe. He perched on him while he was handcuffed and continued to toss him around the vestibule all while Mr. Mello was expressing his inability to breathe. The force used is deemed excessive or unreasonable under the circumstances and was exceedingly disproportionate to the threat posed. The Fourteenth Amendment prohibits states from depriving any person of life, liberty, or property without due process of law. Mr. Mello was not afforded that.

2. Officer Rocchio does not stop with his use of excessive force on Mr. Mello. After the assault and use of excessive force in the vestibule, both SRO's walked a handcuffed Mr. Mello out to the police cruiser. Once at the front of the cruiser Officer Rocchio can be seen slamming Mr. Mello on the hood of the police cruiser, while handcuffed. The force from the officer was so hard that both Mr. Mello's feet lifted off the ground. Subjecting him to being slammed on the hood of Officer Arruda's cruiser while in handcuffs constitutes a blatant violation of Mr. Mello's Constitutional rights under the color of the law. Furthermore, 42 USC § 1983 establishes a mechanism for individuals to seek legal remedies for violations of their constitutional and statutory rights by state officials. There was no objective reasonableness to have treated a detained citizen that way. These

actions are unbecoming of an office of the law and a clear violation of Mr. Mello's rights.

3. A significant disparity emerges between the contents of Officer Rocchio's official police narrative and his sworn testimony during the proceedings. In his police narrative, Officer Rocchio claims to have personally measured and marked the knives for exhibits and under oath he said he brought them to BCI to be logged for evidence. One knife is supposedly longer than the 3 inches allowed in RI but the Gerber manufacturer's specifications, which indicate a precisely 3-inch blade contradicts those claims.


5. **Causes of Action**

Excessive force by law enforcement officers violates several federal laws and constitutional rights.

**1. Fourth Amendment of the U.S. Constitution:** This amendment protects individuals from unreasonable searches and seizures and requires that any warrant for search or arrest be supported by probable cause. The use of excessive force during an arrest can violate the Fourth Amendment's prohibition against unreasonable seizures. SRO Rocchio use of excessive force during the altercation is deemed excessive and disproportionate to the circumstances. Their actions were unwarranted and egregious violations of his rights.

 **2. Fifth Amendment of the U.S. Constitution:** This amendment protects individuals from deprivation of life, liberty, or property without due process of law. The use of excessive force leading to injury is a violation of Mr. Mello's right. The excessive force

used required him to be taken to the emergency room before being booked at Cranston Police station. In addition, he was already detained in handcuffs and suffered a further assault.

**3. Fourteenth Amendment of the U.S. Constitution:** This amendment provides for equal protection under the law and prohibits states from depriving any person of life, liberty, or property without due process of law. The Fourteenth Amendment's due process clause is often invoked in cases of alleged police misconduct and excessive force. With the use of excessive force and disproportionate measures to arrest and detain Mr. Mello, then the additional assaulted on his person after being handcuffed and detained, along with the inaccurate statements about the knife in question, SRO Rocchio has violated Mr. Mello's rights, depriving him of due process and protection of life, liberty or property.

**4. Title 42, Section 1983 of the U.S. Code:** Commonly referred to as "Section 1983," this federal law allows individuals to seek damages when their constitutional rights are violated by those acting under color of state law. It enables individuals to bring civil lawsuits against state or local government officials, including law enforcement officers, who violate their constitutional rights. The defendants, in their official capacity as state government employees, willfully, knowingly and unlawfully deprived the plaintiff of his constitutionally guaranteed rights to due process and a fair trial, as protected by the Fifth and Fourteenth Amendments of the United States Constitution.

**5.The Police Misconduct Provision, 34 U.S.C. § 12601** makes it illegal for police officers to engage in a pattern of conduct that deprives persons of rights protected by the Constitution, whether or not discrimination occurs.

**6.Title 18, Section 242 of the U.S. Code:** This statute makes it a federal crime for anyone acting under color of law to willfully deprive a person of a constitutional right. Office Rocchio knowingly and willfully took excessive physical and disproportionate measures that were not suitable for the situation to detain a father who was trying to help his child who was having a feminine emergency. They deprived him of his constitutional right to equal protection under the laws, and they had a bias against him preventing him from getting the equal protection.

These laws serve as important safeguards to protect individuals from the misuse of authority by law enforcement officers and ensure accountability in cases of excessive force or police misconduct.

6. **Claims for Relief:**

The plaintiff has suffered significant financial and emotional damages as a direct consequence of the defendant's willfully and knowingly violating the plaintiff Joshua Mello's rights as guaranteed by the United States Constitution. They violated the Fourth, Fifth, and Fourteenth Amendments, the Color of Law under 18 USC § 242 Deprivation of rights and The Police misconduct Provision, 34 USC § 12601. Leading to a gross miscarriage of justice. The immeasurable pain and suffering, coupled with the emotional distress resulting from the continual deprivation and neglect of his rights, weighs heavily on his well-being. False accusations propagated within the local community have led to the brink of closure for his small family business. Additionally, the unlawful arrest at Mr. Mello's daughter's middle school has left him without a stable living situation, resulting in his being homeless. The deliberate violations of his rights by the resource officers have left an indelible mark on my psyche, leading to overwhelming anxiety whenever I

enter the city of Cranston. Mr. Mello has been prevented from essential moments in his daughter's academic journey, including parent-teacher conferences, her inaugural school dance, and her first and only band concert due to the illegal no trespass order the Cranston School Department and the Cranston Police have on him and my wife. No judge has ever found it warranted to add a no trespass order. The police department and the school department decided to place them anyways. The enduring repercussions of these rights violations on his child's well-being transcend the present, manifesting in academic struggles and behavioral issues. The profound impact on his family unit remains incomprehensible. The plaintiff's experience highlights the alarming ease with which rights can be violated, underscoring the challenging journey of seeking accountability for these violations.

## 7. Prayer for Relief

The plaintiff hereby seeks the following relief from the court: appropriate compensatory damages, punitive damages, injunctive relief, and any other remedy that the court deems just and necessary to rectify the injustice perpetrated against the plaintiff.

1. Compensatory Damages: The plaintiffs seek compensation for the harm, injuries, and damages suffered as a direct result of the defendant's actions, which violated his constitutional rights. This compensation aims to address the tangible and intangible losses experienced by the plaintiff, including any financial, emotional, or reputational damages incurred.

2. Punitive Damages: Considering the egregious nature of the violations, the plaintiffs seek punitive damages to deter similar misconduct in the future and to

hold the defendants accountable for their intentional and malicious actions. These damages aim to punish the defendants for their willful disregard of the plaintiff's rights and to serve as a deterrent against future violations of the law.

3. Injunctive Relief: The plaintiffs seek injunctive relief to prevent the defendants from further engaging in similar unconstitutional practices or from continuing any actions that may further infringe upon the plaintiff's rights. Injunctive relief may include court orders mandating specific actions to rectify the unjust situation or prevent future occurrences of similar violations. Also, the removal of the illegal no trespass order on Joshua Mello and his wife, Rachel Ware, for the Briggs Building and the Western Hills Middle School.

4. Declaratory Relief: The plaintiffs seek a declaratory judgment from the court affirming that the defendant's actions were in violation of the plaintiff's constitutional rights and state laws. This declaration serves to establish the legal rights of the parties involved and may provide clarity on the legal implications of the defendants' misconduct.

5. Attorney Fees and Costs: The plaintiffs request the reimbursement of reasonable attorney fees and legal costs incurred in pursuing the lawsuit, even being a Pro Se Litigant, similar fees should be awarded to compensate. This reimbursement serves to alleviate the financial burden placed on the plaintiff in seeking justice and holding the defendants accountable for their unlawful actions.

6.  The plaintiffs respectfully request that the defendant issue a public apology to the plaintiff's daughter, who has borne the brunt of the distress inflicted by their actions. The defendant's egregious conduct has resulted in enduring emotional

trauma and irreversible harm to the child, and an open apology serves as a vital step toward facilitating the healing process for the young individual. Furthermore, the plaintiff also requests an open apology to Joshua Mello for the deprivation of his constitutionally guaranteed rights, acknowledging the profound impact of the defendants' actions on his well-being and the enduring repercussions resulting from the violations perpetrated against him. An open acknowledgment of the harm caused, along with a sincere expression of remorse, would represent a meaningful gesture toward rectifying the harm inflicted upon the plaintiffs and their family.

As the plaintiff proceeds pro se in this civil lawsuit, the precise valuation of the damages incurred due to the defendants' numerous civil rights violations remains unknown. In an effort to provide a starting point for the assessment of damages, the plaintiff proposes the following initial figures for consideration:

- Officer John Rocchio: $3.2 million

It is imperative to note that while the proposed figures serve as a preliminary estimation, they by no means encapsulate the full extent of the emotional and psychological harm inflicted upon the plaintiff and their family. The loss of irreplaceable time with the plaintiff's child, coupled with the enduring emotional distress endured by both the child and the family over an extended period, transcends monetary valuation and underscores the profound impact of the defendants' actions on the well-being of the plaintiffs.

8. **Demand for Jury Trial**

I believe that the complexity and importance of the issues involved in this case warrant a trial by jury to ensure a fair and impartial judgment. Should the court find it applicable and within my rights as the plaintiff, I respectfully request that this matter be presented before a jury of my peers to ensure that the facts and evidence are thoroughly considered, and that justice is served in accordance with the laws of our state and country.

9. **Closing Statement**

In closing, the plaintiff, Joshua Mello, outlines a series of events involving Officer John Rocchio at Western Hills Middle School in Cranston, RI. The plaintiff alleges violations of his constitutional rights, including the Fourth, Fifth, and Fourteenth Amendments, The Police misconduct Provision, 34 USC § 12601, as well as violations under the Color of Law statute (18 USC 242).

The plaintiff argues that Officer Rocchio used aggressive tactics that violated constitutional rights, the use of force was unreasonable, disproportionate, and influenced by a biased perception. There was also specifically a significant disparity between his official police narrative and sworn testimony. The use of excessive force by Officer Rocchio during the arrest and the subsequent treatment of the plaintiff at the police cruiser are emphasized as further violations.

The plaintiff lists multiple causes of action, including violations of the Fourth, Fifth, and Fourteenth Amendments, The Police misconduct Provision, 34 USC § 12601, and Title 18, Section 242 of the U.S. Code and Title 42, Section 1983 of the U.S. Code.

The claims for relief detail the financial and emotional damage suffered by the plaintiff, seeking compensation for the alleged violations.

In the prayer for relief, the plaintiff proposes initial figures for consideration as compensation, emphasizing the profound impact on the plaintiff's well-being and family life. The plaintiff also requests a jury trial, asserting that the complexity of the case warrants a fair and impartial judgment by peers. The closing statement aims to provide a comprehensive overview of the alleged violations, the legal basis for the claims, and the damages suffered, concluding with a request for a fair trial and appropriate compensation.

Respectfully submitted,

_____

Joshua Mello
57 Rolfe Square, Unit 10113
Cranston, RI 02910
401-426-0778
kskustomsrideons@gmail.com

**Supporting Documentation:**

Graham v. Connor, 490 U.S. 386 (1989)
A claim of excessive force by law enforcement during an arrest, stop, or other seizure of an individual is subject to the objective reasonableness standard of the Fourth Amendment, rather than a substantive due process standard under the Fourteenth Amendment. In other words, the facts and circumstances related to the use of force should drive the analysis, rather than any improper intent or motivation by the officer who used force.

This case helped shape police procedures for stops that involve the use of force. An officer cannot justify these actions based on a hunch or by showing that they acted in good faith. Instead, they must carefully articulate facts and events that made their use of force objectively reasonable under the circumstances.

Eric Garner – Excessive Force Resulting in Death
During Garner's arrest for selling illegal cigarettes, officers tackled Garner to the ground. An officer used an illegal choke hold on Garner. Garner could be heard on a video begging for help and saying he could not breathe.

Garner died because of the actions of the officers. The officer who used the illegal chokehold and would not let Garner up was fired.

Kingsley v. Hendrickson, 576 U.S. ___ (2015)
Under 42 U.S.C. 1983, a pretrial detainee need only show that the force purposely or knowingly used against him was objectively unreasonable to prevail on an excessive force claim.