UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOSHUA MELLO and RACHEL WARE,<br>*Plaintiffs,*<br><br>vs.<br><br>DEREK GUSTAFSON, TIMOTHY VESEY,<br>STEVEN CATALANO, JOHN ROCCHIO and<br>EDWARD ARRUDA<br>*Defendants* | C.A. No. 1:23-cv-00480-JJM-PAS<br>1:23-cv-00479-JJM-PAS |

**<u>DEFENDANTS' OBJECTION TO PLAINTIFFS' MOTION FOR RECONSIDERATION</u>**

Now come the Defendants, Edward Arruda ("Defendant Arruda") and John Rocchio ("Defendant Rocchio")(collectively hereinafter "Defendants") and object to Plaintiffs, Joshua Mello's ("Plaintiff Mello") and Rachel Ware's ("Plaintiff Ware")(collectively hereinafter "Plaintiffs") for Reconsideration for the reasons stated herein.

Despite Plaintiffs' accusatory allegations in the instant motion, Defendants were diligent in trying to complete factual discovery within the time allotted by the Court. Pursuant to Rule 16 of the Federal Rules of Civil Procedure, "[a] schedule may be **modified** only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); <u>See also</u> <u>Sparkman & Stephens, LLC v. Mystic Seaport Museum, Inc.</u>, C.A. 1:21-CV-00029-MSM-LDA, 2023 U.S. Dist. LEXIS 10456, at *5 (D.R.I. January 20, 2023). In <u>Sparkman & Stephens, LLC</u>, the Court emphasized that, "[t]he First Circuit has explained that this standard 'emphasizes the diligence of the party seeking amendment.'" <u>Id.</u> (citing <u>O'Connell v. Hyatt Hotels of P. R.</u>, 357 F.3d 152, 155 (1st Cir. 2004)). While it is Plaintiffs' position that Defendants lacked good cause for their extension, Defendants adequately stated with sufficient good cause as to why a second ninety (90) day extension on Pre-Trial Deadlines are necessary in their Motion to Extend Pre-trial Deadlines.

*Mello, et al, v. Derek Gustafson, et al*
C.A. No. 23-cv-000480-JJM-LDA

In Defendants' Second Motion to Extend Pre-Trial Deadlines, Defendants stated that an extension was needed because,

> They state as a reason that, although the parties are in the process of discovery, Defendants are still trying to get complete responses from discovery from Plaintiffs, and there it is likely that there will be discovery motions. The extra time is necessary to address any discovery dispute issues, obtain any outstanding discovery, and to possibly file motions to re-open depositions that Defendants have already taken.

ECF No. 48. As already provided in an October 7, 2024, email to the Court and to Plaintiffs, where Defendants requested a discovery dispute conference, Defendants have filed Defendants' Interrogatories addressed to Plaintiff Mello, Defendants' Interrogatories addressed to Plaintiff Ware, Defendants Request for Production addressed to Plaintiff Mello, and Defendants Request for Production of Documents addressed to Plaintiff Ware on March 14, 2024. Plaintiff responded to the above listed discovery requests on May 14, 2024. On June 3, 2024, Defendants emailed and mailed through certified mail, deposition notices to Plaintiffs, scheduling Plaintiff Mello's deposition for June 25, 2024, and Plaintiff Ware's deposition for June 27, 2024. Plaintiffs filed several motions regarding the scheduled depositions. See ECF Nos. 20, 21, and 22. Those motions were denied by this Court on June 24, 2024. See June 24, 2024 Text Order. Further on July 8, 2024, Plaintiffs filed a Motion for Reconsideration regarding their motions that were denied on June 24, 2024 (ECF No. 42), which this Court denied on July 24, 2024. See July 24, 2024 Text Order. After several different attempts from Defendants to reschedule Plaintiffs' depositions, Plaintiff Mello was deposed on August 15, 2024, and Plaintiff Ware was deposed on August 26, 2024.

After their depositions, Defendants sent Plaintiffs a Detailed Good Faith Letter to both Plaintiffs requesting more responsive answers to their responses to Defendants' Interrogatories

and Request for Production of Documents as well as Defendants' Second Interrogatories and Request for Production of Documents on August 28, 2024.

Plaintiffs responded to the Good Faith Letter on September 12, 2024, where Plaintiffs inserted objections that were not included in their May 12, 2024, responses, along with what appears to be supplemental responses, which Defendants believe remain unresponsive, incomplete and insufficient. On that same date, Plaintiffs provided responses to Defendants' Second Interrogatories and Defendants' Second Request for Production of Documents, where Plaintiffs provided a combined response to Defendants' Second Interrogatories, despite Defendants' Second Interrogatories being addressed to Joshua Mello and Rachel Ware individually as well as responses to Defendants' Second Set of Interrogatories that Defendants believe to be incomplete and insufficient.

As a result, on September 26, 2024, Defendants sent a Second Detailed Good Faith Letter, suggesting that they believe Plaintiffs waived their objections to Defendants' First Interrogatories and Defendants' First Request for Production as well as requesting more responsive answers to the responses that remain incomplete and insufficient. Defendants requested that Plaintiffs provide responses to Defendants' Second Interrogatories individually and not combined as well as requested more responsive answers to Defendants' Second Interrogatories in that same Second Detailed Good Faith Letter.[1] Defendants requested that Plaintiff provide more responsive answers to Defendants' discovery requests by Friday, October 4, 2024. Since factual discovery was set to close on October 8, 2024, on October 7, 2024,

---

[1] As discovery continued, Defendants deposed Plaintiff Mello's daughter's mother, Tonya Morena on September 13, 2024. Defendants served Plaintiffs with a Third Request for Production of Documents addressed to Plaintiff Mello regarding tax returns of his business on September 26, 2024.

Defendants requested a discovery dispute conference with the Court and filed a motion for extension of pre-trial deadlines for the reasons it provided above.[2] As such, Defendants argue that they have not used any "intentional stall tactics designed to delay the progression of this case," as Plaintiffs suggest. Instead, Defendants were diligent in attempting to complete their factual discovery within the deadline provided by the Court and offered good cause explaining the necessity of an extension on pre-trial deadlines.

To the extent that Plaintiffs allege that they are "prejudiced" by a ninety (90) day extension, Plaintiffs fail to offer sufficient reasons to show that they are "prejudiced" by pre-trial deadlines being extended ninety (90) days. A ninety (90) day extension to the close of factual discovery provides Defendants with sufficient time to not only resolve any discovery issues on information as well as documents that they have requested from Plaintiffs since March of this year, but also provides Defendants sufficient time to resolve issues that Plaintiffs apparently have with their discovery responses as well.

**WHEREFORE,** Defendants respectfully request that this Court deny Plaintiffs' Motion for Reconsideration.

Defendants, John Rocchio and
Edward Arruda
By their Attorney,

*/s/ Julia K. Scott- Benevides*
Julia K. Scott- Benevides (#10408)
DeSisto Law LLC
60 Ship Street
Providence, RI 02903
(401) 272-4442
julia@desistolaw.com

---

[2] In the same email chain, Plaintiffs further allege significant issues with Defendants discovery which will also be a subject at a Discovery Conference with the Court on October 21 2024.

*Mello, et al, v. Derek Gustafson, et al*
C.A. No. 23-cv-000480-JJM-LDA

<u>CERTIFICATION</u>

    I hereby certify that the within document has been electronically filed with the Court on the 11th day of October, 2024, and is available for viewing and downloading from the ECF system.

    I further certify that a true and accurate copy of the within was emailed and mailed, postage prepaid, to:

| | |
|---|---|
| Joshua Mello | Rachel Ware |
| 57 Rolfe Square, Unit 10113 | 57 Rolfe Square, Unit 10113 |
| Cranston, RI 02910 | Cranston, RI 02910 |
| kskustomsrideons@gmail.com | kskustomsrideons@gmail.com |

*/s/ Julia K. Scott- Benevides*