UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOSHUA MELLO and RACHEL WARE,

*Plaintiffs,*

Vs.                                                                C.A. No. 1:23-cv-00479-JJM-PAS

JOHN ROCCHIO and EDWARD ARRUDA

*Defendants*

## MOTION TO PERMIT ADDITIONAL INTERROGATORIES IN LIEU OF DEPOSITION

**I. Introduction**

Plaintiffs, Joshua Mello and Rachel Ware, acting as pro se litigants in the above-captioned case, respectfully request that the Court grant leave to serve up to an additional 75 interrogatories to the each Defendant. This request is made pursuant to Rule 33(a)(1) of the Federal Rules of Civil Procedure. Due to specific circumstances, including the significant emotional impact of direct interactions with the Defendants and financial constraints, we request that the Court allow these interrogatories in lieu of taking oral depositions.

**II. Legal Standard**

Federal Rule of Civil Procedure 33(a)(1) states that "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts" without leave of the Court or stipulation. However, Rule 33(a)(1) also permits the Court to grant additional interrogatories upon a showing of "good cause." See *McCarthy v. Paine Webber Group, Inc.*, 168 F.R.D. 448, 450 (D. Conn. 1996) (holding that courts may expand the number of interrogatories if the circumstances of the case warrant it).

1

Courts have generally allowed additional interrogatories where they are necessary for the "reasonable inquiry" by the party, especially where alternatives, such as depositions, may not be feasible or would impose undue hardship on the requesting party. See *Continental Ill. Nat. Bank & Trust Co. v. Caton*, 136 F.R.D. 682, 686 (D. Kan. 1991) (allowing additional interrogatories due to the nature and complexity of the case).

### III. Good Cause to Permit Additional Interrogatories

### A. Emotional Distress and Psychological Burden

Due to the nature of our claims and the past interactions with the Defendants, we find the prospect of a face-to-face deposition with the Defendants to be emotionally distressing and overwhelming. The circumstances of this case have already imposed significant emotional strain on us, and direct confrontations would likely exacerbate this. Courts recognize that flexibility in discovery can alleviate unnecessary hardship for pro se litigants, especially where trauma or psychological burdens are involved. Written interrogatories allow us to fulfill discovery obligations while maintaining a necessary emotional distance. See *Bova v. City of Chicago*, No. 09-cv-5238, 2012 WL 3779044, at *1 (N.D. Ill. Aug. 31, 2012) (acknowledging the court's discretion to account for unique burdens faced by litigants in discovery).

### B. Pro Se Status and Financial Limitations

As pro se litigants, we are unable to afford the costs associated with conducting oral depositions, including stenographer fees, and transcription costs. The high financial burden of a deposition effectively limits our access to critical information necessary for our case. Given this financial hardship, the alternative use of written interrogatories presents the most efficient and feasible method for us to obtain the information needed.

**IV. Specific Relief Requested**

For the reasons outlined above, we respectfully request that the Court grant leave to serve up to an additional 75 interrogatories each on the Defendants, with these additional interrogatories serving in lieu of oral depositions. This expanded limit would enable us to obtain the necessary information without incurring undue hardship or emotional strain.

**V. Conclusion**

In light of our pro se status, emotional considerations, and financial constraints, we respectfully request that this Court grant leave to serve up to an additional 75 interrogatories upon Defendants in lieu of depositions. We believe this approach will allow us to conduct discovery effectively and prepare our case without placing undue burdens on either party.

Respectfully submitted,

/s/ Joshua Mello
/s/ Rachel Ware
57 Rolfe Square Unit 10113
Cranston, RI, 02910
401.426.0778
kskustomsrideons@gmail.com

CERTIFICATION

I certify that a true and accurate copy of the within was emailed and mailed, postage prepaid, to on the 30th day of October 2024:

                                               Julia K. Scott- Benevides
                                               DeSisto Law LLC
                                               60 Ship Street
                                               Providence, RI 02903
                                               (401) 272-4442
                                               julia@desistolaw.com

Joshua Mello
Pro Se Plaintiff

3