UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**Joshua Mello and Rachel Ware, Plaintiffs**

v.

**Edward Arruda and John Rocchio, Defendants**
**Case Nos.: 1:2023-cv-00479 & 1:2023-cv-00480**

**PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER**

NOW COME Plaintiffs, Joshua Mello and Rachel Ware, pro se, and respectfully move this Honorable Court to issue a Protective Order preventing Defendant Officers Edward Arruda and John Rocchio from performing police detail work at Plaintiff Rachel Ware's place of employment, when she is working at The Rhodes on the Pawtuxet, located at 60 Rhodes Place, Cranston, RI 02905. This motion is necessary to prevent further harassment, intimidation, and retaliation by these Defendants, which has caused significant emotional distress and anxiety.

**I. BACKGROUND AND FACTUAL SUPPORT**

1. Plaintiff Rachel Ware works at The Rhodes on the Pawtuxet in Cranston, Rhode Island.
2. On November 30, 2024, and December 6, 2024, Defendant Officer John Rocchio was assigned to detail work at The Rhodes on the Pawtuxet.
3. During these details, Officer Rocchio:
   - Spent excessive time in the employee break room, where Plaintiff Ware takes breaks, eats dinner and accesses restroom facilities.
   - Stood by the door to the break room, causing Plaintiff Ware extreme discomfort and anxiety due to his prior actions, including the assault and wrongful arrest of her husband, Plaintiff Joshua Mello.
4. On December 6, 2024, during a large event with approximately 600 attendees:
   - Plaintiff Mello visited Plaintiff Ware to inform her where he was parked.
   - The Cranston Police Officers began intimidating and following Plaintiff Mello without justification.
   - Plaintiff Ware witnessed Officer Davis following her husband out of the venue, exacerbating her anxiety.
5. Additionally, Plaintiff Ware observed Officer Rocchio:
   - Viewing the surveillance camera system in the break room with the feed focused on the front bar, where Plaintiff Ware was actively working.
   - This action was intimidating, unprofessional, and appeared retaliatory.
6. To further exacerbate the situation, Plaintiff Ware's boss approached her, stating that someone had called The Rhodes anonymously to complain about the police presence. She

then asked Plaintiff Ware if it was her husband who was making the calls. It is reasonable to believe that Officer Rocchio spread inaccurate information to her employer, putting Plaintiff Ware's job at risk and spreading false information about Plaintiff Mello's actions.

7. These actions by Defendant Rocchio and other officers constitute harassment, intimidation, and retaliation, causing extreme emotional distress and an unsafe work environment for Plaintiff Ware.

## II. LEGAL BASIS FOR RELIEF

### 1. Federal Rules of Civil Procedure

- Rule 26(c), FRCP:
  This rule authorizes the Court to issue protective orders to prevent "annoyance, embarrassment, oppression, or undue burden or expense." Plaintiffs' request falls squarely within this provision due to the harassment and intimidation they are experiencing.

### 2. 42 U.S.C. § 1983 – Civil Rights Violations

- The defendants' conduct constitutes retaliation and intimidation under 42 U.S.C. § 1983, which prohibits state actors from depriving individuals of their constitutional rights. Retaliatory actions for exercising constitutional rights, such as the right to file a lawsuit, are actionable under this statute.
  - Case Law: In *Thaddeus-X v. Blatter*, 175 F.3d 378 (6th Cir. 1999), the court held that state actors cannot retaliate against individuals for exercising their rights, and doing so can constitute a civil rights violation.

### 3. First Amendment Right to Petition

- Plaintiffs have a First Amendment right to petition the government for redress of grievances. Retaliation against Plaintiffs for exercising this right violates constitutional protections.
  - Case Law: In *Nieves v. Bartlett*, 139 S. Ct. 1715 (2019), the Supreme Court held that retaliatory conduct by police officers for exercising First Amendment rights is actionable under § 1983.

### 4. Rhode Island State Law

- **Rhode Island General Laws § 9-1-28.1**:
  This statute protects the right to privacy, including the right to be free from unreasonable intrusion upon solitude or seclusion. The defendants' actions constitute an unreasonable intrusion into Plaintiff Ware's workplace and private life.

- **Workplace Harassment Protections**:
  The defendants' presence and behavior create a hostile work environment for Plaintiff Ware, violating her right to a workplace free from harassment and intimidation.

### 5. Judicial Precedent Supporting Protective Orders

- Case Law: In *Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984), the Supreme Court recognized that protective orders are necessary to shield parties from harassment, intimidation, or undue burden during litigation.

### III. RELIEF REQUESTED

Plaintiffs respectfully request that the Court:

1. Issue a Protective Order barring Defendant Officers Edward Arruda and John Rocchio from performing detail assignments at The Rhodes on the Pawtuxet when Plaintiff Ware is working.
2. Grant any further relief deemed just and appropriate to prevent ongoing harassment and intimidation.

Respectfully submitted,

/s/ Joshua Mello
/s/ Rachel Ware
Pro Se Plaintiffs
57 Rolfe Square, Unit 10113
Cranston, RI 02910
401.426.0778

### CERTIFICATION

I certify that a true and accurate copy of the within was emailed and mailed, postage prepaid, to on the 11th day of December 2024:

Julia K. Scott-Benevides
DeSisto Law LLC
60 Ship Street
Providence, RI 02903
(401) 272-4442
julia@desistolaw.com

/s/ Joshua Mello
/s/ Rachel Ware