UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOSHUA MELLO and RACHEL WARE, <br> *Plaintiffs,* <br><br> vs. <br><br> DEREK GUSTAFSON, TIMOTHY VESEY, STEVEN CATALANO, JOHN ROCCHIO and EDWARD ARRUDA <br> *Defendants* | C.A. No. 1:23-cv-00479-JJM-LDA <br> 1:23-cv-00480-JJM-LDA |

**DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION TO COMPEL AND FOR PLAINTIFF'S MOTION FOR AN EMERGENCY DISCOVERY ORDER**

Now come Defendants, Edward Arruda ("Defendant Arruda") and John Rocchio ("Defendant Rocchio") (collectively hereinafter "Defendants") and hereby object to Plaintiffs, Joshua Mello's ("Plaintiff Mello") and Rachel Ware's ("Plaintiff Ware") (collectively hereinafter "Plaintiffs") Motion to Compel Discovery Responses and Plaintiffs' Emergency Motion where Plaintiffs allege that Defendants have "tampered" with evidence.

**I.   Plaintiffs failed to comply with Rule 37 of the Federal Rules of Civil Procedure.**

Although it appears that Plaintiffs are asking this Court for an Order that overrides Defendant Arruda's objections to Plaintiffs' Second Interrogatories Nos. 12, 16, and 20 as well as Defendant Rocchio's objections to Plaintiffs' Second Interrogatories Nos. 14 and 21, Plaintiffs have failed to comply with Fed. R. Civ. P. Rule 37. Rule 37 provides,

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Plaintiffs have not communicated with the Defendants regarding their purported issues with Defendants' objections to Plaintiffs' Interrogatories as required by Rule 37. As a result, Plaintiff's motion as to Defendant Arruda's and Defendant Rocchio's objections to Plaintiffs' Interrogatories should be denied.

## II. **Defendants' responses are in compliance with the Federal Rules of Civil Procedure.**

Despite Plaintiffs' allegations otherwise, Defendants have complied with the Federal Rules of Civil Procedure in their responses to Plaintiffs' discovery requests and have not acted with any bad faith. Under Rule 37 of the Federal Rules of Civil Procedure,

> A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: **(i)** a deponent fails to answer a question asked under Rule 30 or 31; **(ii)** a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4); **(iii)** a party fails to answer an interrogatory submitted under Rule 33; or **(iv)** a party fails to produce documents or fails to respond that inspection will be permitted — or fails to permit inspection — as requested under Rule 34.

Plaintiffs' motions fail to provide any basis that Defendants did not comply with Fed. R. Civ. P. Rules 33 and 34. Pursuant to Fed. R. Civ. P. Rule 33, "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Rule 33 further provides that, "[t]he grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Defendants have both complied with Rule 33 when they provided responses to each of Plaintiffs' interrogatories, and specifically stated the grounds for each objection.

Under Fed. R. Civ. P. Rule 34,

> For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons. The responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection. The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response.

Defendants responded to each request, provided electronic response documents, and specifically stated their objections in accordance with Rule 34 in their responses to Plaintiffs' discovery

requests. Defendants argue that their responses are in compliance with the Federal Rules of Civil Procedure and that Plaintiffs' motions should be denied.

   A.  <u>Defendant Arruda's responses to Plaintiffs' Second Interrogatories</u>

**Interrogatory No. 12** asked Defendant Arruda to, "[i]dentify any internal or external investigations, audits, or reviews conducted by the Cranston Police Department or any other governmental entity regarding the events of October 21, 2021, or the allegations in the Plaintiffs' complaint. Such information is critical under *Graham v. Connor* to access departmental standards and scope of any review conducted, as these details may impact determinations of liability and damages."

Defendant Arruda responded, "[o]bjection. Defendant objects based on proportionality and relevance. Defendant objects to the confusing nature of this interrogatory. Defendant objects based on the form of this interrogatory. Notwithstanding and without waiving the objections, I am only aware of the investigation related to Plaintiffs' complaints made to the Cranston Police Department's Office of Professional Standards, C.A. No. 2023-12-IA, which was attached to Defendants' Response to Plaintiffs' Request for Production of Documents, Bates numbered documents, Defendants-RFP-000075 through 000137. Otherwise, I am not aware of any other internal or external investigations, audits, or reviews conducted by the Cranston Police Department or any other governmental entity regarding the events of October 21, 2021."

     Plaintiffs are unclear in their argument against Defendant Arruda's response to Interrogatory No. 12. The remaining counts in Plaintiffs' Complaints do not make any claims that would provide "municipality liability" under "Monell v. Dep't of Soc. Servs." The United States Supreme Court's decision in <u>Monell v. Dep't of Soc. Servs.</u>, relates to municipality liability, and Plaintiffs fail to make any claims against the City of Cranston ("Cranston") as a defendant let alone make any factual allegations against Cranston in their lawsuits, C.A. 1:23-cv-00479-JJM-LDA and 1:23-cv-00480-JJM-LDA. <u>See</u> 436 U.S. 658, 691 (1978). Plaintiffs further cannot allege a claim for "Police Misconduct Provision, 34 U.S.C. § 12601" because there is no private right of action for Plaintiffs to bring a claim for damages against Defendants. <u>Brooks v. U.S. Army 1st Info. Operations Command</u>, 1:23-cv-00189 (UNA), 2023 U.S. Dist. LEXIS 23909, at *2 (D.D.C. February 10, 2023)(holding that 34 U.S.C. § 12601 is a criminal statute that does not provide

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 23-cv-000480-JJM-LDA*

a private right of action, and although § 12601 contains a civil component, it provides authority singularly to the Attorney General) (internal citations omitted)).[1]

In any event, Defendant Arruda responded to this interrogatory in accordance with Fed. R. Civ. P. Rule 33, which was that he is only aware of the investigation related to Plaintiffs' complaints made to the Cranston Police Department's Office of Professional Standards, C.A. No. 2023-12-IA. Defendant Arruda referenced the investigation as Bates numbered documents, Defendants-RFP-000075 through 000137. Defendant Arruda then answered that he is not aware of any other internal or external investigations, audits, or reviews conducted by the Cranston Police Department or any other governmental entity regarding the events of October 21, 2021.

Defendant Arruda also objected to this interrogatory because there is no allegation under Monell, and he does not believe that the information sought is relevant under their claims of excessive force. Defendant Arruda further objected because the form of the interrogatory is confusing as to "[s]uch information is critical under *Graham v. Connor* to access departmental standards and scope of any review conducted, as these details may impact determinations of liability and damages." As such, Defendants request that this Court deny Plaintiffs' motion as to this interrogatory.

**Interrogatory No. 16** asked Defendant Arruda, "[i]n your testimony on November 15, 2022, you stated, "Mr. Mello threw out 'I can't breathe,' so I got off him. Not that I was on his back, but I was on his shoulders. I wasn't I knew we were being videotaped and how it would look, so I got off of him." Please explain the meaning of "I knew we were being videotaped and how that would look," and specify whether it is Cranston Police Department protocol to modify officer behavior based on awareness of being recorded. This inquiry addresses developmental practices related to transparency and public accountability under *Monell*."

---

[1] Defendants also argue there is no such claim that would entitle Plaintiffs to any form of relief called "Procedural accountability and transparency." There is also no private right of action in 18 U.S.C. § 242, as it is a criminal statute, even though Plaintiffs' Motion to Compel attempts to set forth that they have a claim under for both in their Complaints. See Burwell v. Hudson Home Mgmt. LLC, C.A. 21-00264-WES, 2021 U.S. Dist. LEXIS 120780 at *5 (D.R.I June 29, 2021).

Defendant Arruda responded, "[o]bjection. Defendant objects based on relevance and proportionality. Defendant objects to the confusing nature of this interrogatory since there is no context or further information regarding the statement, "Mr. Mello threw out 'I can't breathe,' so I got off him. Not that I was on his back, but I was on his shoulders. I wasn't I knew we were being videotaped and how that would look." Defendant objects to the extent that this interrogatory may assume facts that are in dispute. Defendant objects to the form of this interrogatory as it calls for speculation. Notwithstanding and without waiving the objection, since this interrogatory fails to provide any information or context regarding the statement, 'Mr. Mello threw out 'I can't breathe,' so I got off him. Not that I was on his back, but I was on his shoulders. I wasn't I knew we were being videotaped and how that would look,' I am unable to explain the meaning of 'I knew we were being videotaped and how that would look.' However, I have no knowledge of a Cranston Police Department 'protocol to modify officer behavior based on awareness of being recorded.'"

While it is confusing to follow Plaintiffs' issues with this interrogatory, Defendant Arruda responded to this interrogatory in accordance with Fed. R. Civ. P. 33. As set forth in this interrogatory as well as Plaintiffs' motion, this interrogatory is requesting information to assist Plaintiffs' purported "*Monell*" claim. However, as mentioned above, Plaintiffs' Complaints do not contain any allegations against the City of Cranston that would present as a claim under Monell. Instead, the remaining claims in the Complaints are against solely Defendant Arruda and Defendant Rocchio where Plaintiffs are alleging excessive force claims against them. As such, Defendant Arruda does not find that the information requested under "*Monell*" is relevant. Defendant Arruda further objected to this interrogatory because the interrogatory calls for speculation since there is no context as to the statement that Plaintiffs allege that Defendant Arruda made. Without any context regarding the statement, Defendant Arruda cannot be expected to guess and assume. As a result, Defendant Arruda was unable to provide any further details in his response. Defendant Arruda also adds that while Plaintiffs set forth that Defendant Arruda objected based on a "multi-part" objection to this interrogatory, Defendants did not include any such objection in this interrogatory. Moreover, Defendants request that Plaintiffs' motion be denied as to this interrogatory.

**Interrogatory No. 20** asked Defendant Arruda,"[i]f Mr. Mello's actions had mirrored those of a female counterpart during the same incident, would the physical engagement, include any use of force, have remained consistent. Provide any related Cranston Police Department policies or training guidelines regarding engagement based on gender. This question pertains to potential biases in the application of force and relates to equal protection concerns under civil rights law."

Defendant Arruda responded, "[objection. Defendant objects based on relevancy and proportionality. Defendant objects based on the confusing nature of this interrogatory. Defendant objects to the multi-part nature of this interrogatory. Defendant objects to the extent that this interrogatory assumes facts that may be in dispute. Defendant objects to the form of this interrogatory as it seeks information that calls for speculation. Notwithstanding and without waiving the objection, due to the highly speculative nature of this interrogatory, I cannot reasonably provide a response."

It appears that Plaintiffs take issue with the "multi-part nature" objections to this interrogatory. However, Plaintiffs are requesting two (2) separate pieces of information in this interrogatory. First, Plaintiffs request Defendant Arruda to answer a highly speculative hypothetical and then in the same interrogatory asks Defendant Arruda to answer whether there are any policies regarding training guidelines regarding engagement based on gender. These two questions are independent of one another and should be answered separately. See Safeco of Am. Rawstron, 181 F.R.D. 441, 445 (C.D. Cal. 1998). The Court in Safeco of Am. analyzed whether a "multi-part" objection was applicable to a party's discovery response. See Id. That court reasoned that,

> Probably the best test of whether subsequent questions, within a single interrogatory, are subsumed and related, is to examine whether the first question is primary and subsequent questions are secondary to the primary question. Or, can the subsequent question stand alone? Is it independent of the first question? Genuine subparts should not be counted as separate interrogatories. However, discrete or separate questions should be counted as separate interrogatories, notwithstanding [that] they are joined by a conjunctive word and may be related.

Id. (internal citations omitted). Using the same test, the second part of the present interrogatory interrogatory is not dependent on the response to the first part, and as a result, should be counted as a separate interrogatory. As such, Plaintiffs' motion as to this interrogatory should be denied.

    B. <u>Defendants Rocchio's responses to Plaintiffs' Second Interrogatories</u>

**Interrogatory No. 14** asked Defendant Rocchio, "[i]n your Professional Standards investigation, you mentioned not communicating your intentions to another officer prior to engaging with Mr. Mello. Given CPD's L.E.A.D.S. and L.O.C.K.U.P. training emphasizes officer communication for coordination and safety, please explain why this protocol was not followed, as this pertains to adherence to safety and procedural training standards."

Defendants Rocchio responded, "[o]bjection. Defendant objects based on the vague, ambiguous, and confusing nature of this interrogatory. Defendant objects to the extent that this interrogatory assumes facts that are in dispute. Defendant objects to the form of this interrogatory as it seeks information that calls for speculation. Notwithstanding and without waiving the objection, since this interrogatory fails to provide any context and/or further information regarding the statement "you mentioned not communicating your intentions to another officer prior to engaging Mr. Mello," I reasonably provide a complete response that explain of what I mentioned in my Professional Standards Investigation. In addition, since Cranston Police Department has a "Use of Force" Policy, but L.O.C.K.U.P. and L.E.A.D.S. are additional training and certification received outside of Cranston Police Department, I cannot explain any training called "CPD's L.E.A.D.S. and L.O.C.K.U.P. Training," as there is no training called 'CPD's L.E.A.D.S. and L.O.C.K.U.P. Training.'"

    It appears that Plaintiffs take issue with Defendant Rocchio's objections regarding the confusing nature of this interrogatory. However, Plaintiffs request that Defendant Rocchio provide them with information regarding "C.P.D.'s L.E.A.D.S. and L.O.C.K.U.P. Training" when Cranston Police Department does not offer training or have any policies titled "C.P.D.'S L.E.A.D.S. and L.O.C.K.U.P. Training." Cranston Police Department allows officers to receive additional training called L.E.A.D.S. and L.O.C.K.U.P., but it is not policies or training offered by Cranston Police Department itself. Also, Plaintiffs paraphrase the policies that they are referring to, without providing the actual policy. Without providing a copy or without properly citing the policy that Plaintiffs are referring to, it is impossible for Defendant Rocchio to fully respond to this interrogatory without speculating. As a result, Plaintiffs' motion as to this interrogatory should be denied.

**Interrogatory No. 21** asked Defendant Rocchio, "[i]n your statement, you justified the use of force based on Mr. Mello's behavior. Explain whether Mr. Mello's requests to assist his child

7

warranted physical engagement and arrest, given his legal right to be involved in his child's situation, and detail any CPD protocols guiding the use of force in this scenario."

Defendant Rocchio responded, "[o]bjection. Defendant objects to the multipart nature of this interrogatory. Defendant objects based on the vague, ambiguous, and confusing nature of this interrogatory, specifically, as to the phrase, "[i]n your statement, you justified the use of force based on Mr. Mello's behavior." Defendant objects to the form of this Interrogatory as it seeks information that calls for speculation. Defendant objects to the extent that this interrogatory seeks facts that may be in dispute. Notwithstanding and without waiving the objection, although Defendant disagrees with the facts stated in this interrogatory, Defendant's narrative in 21-58022-AR, Bates numbered documents, Defendants- RFP- 000008 through 000010, which speaks for itself.

While Plaintiffs' issues with this interrogatory are confusing and unclear, Defendant Rocchio complied with the Federal Rules of Civil Procedure in his response to this interrogatory. The interrogatory itself is confusing as written and calls for speculation because Plaintiffs do not specify what "statement" the interrogatory is referring to. It also appears that this interrogatory is asking Defendant Rocchio to answer several questions that are best answered as separate interrogatories. As a result, Plaintiffs' motion as to this interrogatory should be denied.

C. Defendants' Responses to Plaintiffs' Request for Production of Documents

**Request No. 5** asked Defendants to "[p]rovide all copies of all insurance policies mentioned in your answer to Interrogatory No. 5."

Defendants responded, "[a]s provided in Defendant Arruda's and Defendant Rocchio's response to Plaintiffs' Interrogatories, the City of Cranston is self-insured."

**Request No. 15** asked Defendants to "[p]rovide any and all liability insurance policies John Rocchio and Edward Arruda have."

Defendants responded, "[n]one.

**Request No. 16** asked Defendants to "[p]rovide any and all insurance policies that the City of Cranston and the Cranston Police Department have for their employees."

Defendants responded, "[n]one, Cranston is self-insured."

On October 21, 2024, the parties attended a Zoom Discovery Dispute Conference before Magistrate Almond. In that conference, Plaintiffs argued that they are entitled to the City of

Cranston's insurance policies. Defendants explained that the City of Cranston is self-insured.[2] Magistrate Almond suggested that Defendants provide a portion of the City's Collective Bargaining Agreement with the Cranston Police Officers, which would document that the City of Cranston would provide legal assistance and pay any judgment rendered against Defendants. On November 12, 2024, Defendants provided Plaintiffs with Defendants' Second Supplemental Response to Plaintiffs' Request for Production of Documents, which included a portion of the Collective Bargaining Agreement. See attached as Exhibit A. The Collective Bargaining Agreement provides that,

> In the event that any employee covered by this Agreement is sued in any civil proceeding as a result of actions performed by said employee in the performance of his/her duties as an employee of the Cranston Police Department, the City of Cranston agrees to provide such employee with all necessary legal assistance and further agrees to pay any judgment rendered against such employee in any such proceeding; provided, however, that the City shall have the right to deny all or a portion of the benefits under this section if it determines that the employee acted outside the scope of his/her employment.

Id. Defendants do not have any other documents in their possession, custody, and/or control that are responsive to these requests since Cranston is self-insured. As a result, Plaintiffs' motion should be denied as to these requests.

### III. **Defendants have not "tampered with" any documents in response to Plaintiffs' discovery.**

Plaintiffs' Motion to Compel and Plaintiffs' Emergency Motion for a Discovery Conference frivolously and incorrectly assumes that Defendants have tampered with a document that Defendant Rocchio referenced in response to Plaintiffs' Second Interrogatories, Interrogatory No.

---

[2] "[T]he 'status of being 'self-insured' means the assumption of one's own risk, instead of transferring it to a third-party insurer by means of purchasing insurance coverage.'" Scottsdale Ins. Co. v. United Rentals (N. Am.), Inc., 977 F.3d 69, 74 (1st Cir. 2000).

20 on November 28, 2024. See attached Exhibit B. The document at issue was Bates numbered Defendants-3rd Supplemental-000280 through 000286.

On November 18, 2024, Defendants came into possession of the "Cranston Police Department Property Form" along with the "Inventory Tracking Report" that was related to Plaintiff's arrest, Arrest No. 21-58022-AR. See attached Exhibit B. Defendants subsequently Bates stamped these documents on November 25, 2024 to provide Plaintiffs to be referenced in Defendant Rocchio's response to Plaintiffs' Second Interrogatories, which was emailed to Plaintiffs on November 28, 2024. Id.

On December 13, 2024, Plaintiffs sent Defendants a "Good Faith Letter" that was difficult to understand. See attached Exhibit C. In that Good Faith Letter, it appears that Plaintiffs were seeking "clarification" as to the document that Defendant Rocchio provided. Id. Plaintiffs alleged that there were issues with "text alignment and lineage," "font ink variation," "handwriting discrepancies," "metadata analysis," "blank page," and "conflicting information" on the document itself that required "clarification." Plaintiffs provided that by December 23, 2024, they were also looking for Defendants to provide the original document, and to provide clarification as to whether DeSisto Law created the PDF or whether the Cranston Police Department created the PDF. Id.

On December 14, 2024, Defendants' attorney responded that the document was received by DeSisto Law on November 18, 2024, and was then Bates stamped to be produced to Plaintiffs on November 25, 2024. See attached Exhibit D. Plaintiffs then responded that there were several questions that were not addressed in Defendants' response to Plaintiffs' Good Faith Letter, and asked additional questions, "[d]oes your law office have that kind of copier/printer/scanner in which you created the PDF," "[t]hen you have the paper originals from Cranston Police Department that you scanned at your law office in which we would to see?" See attached Exhibit

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 23-cv-000480-JJM-LDA*

E. In that email, Plaintiffs also included what appears to be results from a metadata search, which was hard to understand and identify the questions Plaintiffs had. On December 15, 2024, Defendants' attorney responded that DeSisto Law did not personally scan the documents provided in the Defendants' Third Supplemental Response to Plaintiffs' Request for Production of Documents and that Defendants have complied with Fed. R. Civ. P Rule 34 in that Plaintiffs did not request the original in their Request for Production of Documents. See attached Exhibit F. Defendants' attorney provided that the Cranston Police Captain that was assisting her with documents was out of office until after the holidays, but Defendants' attorney provided that she would get back to them after the Cranston Police Captain got back to her. Id.

On December 18, 2024, Plaintiffs emailed Defendants attorney accusing her of playing a "cat and mouse tails game," of "bad faith tactics" that "are doing nothing but turn out to billable hours for the firm on the backs of cities taxpayers at-large," and of altering/tampering the document. See attached Exhibit G. Defendants maintain that there have been no "alterations" and/or "tampering" to the document. Defendants admit that the document was Bates numbered on November 25, 2024, which is consistent with the date Plaintiffs allege the document was "altered." Defendants also maintain that they will be able to respond to Plaintiffs' inquiry about viewing the original once the Captain that Defendants' attorney was working with returns back from vacation. Moreover, the Federal Rules of Civil Procedure provide different and proper means for Plaintiffs to utilize if they have further questions about the document that was produced. As a result, any such "emergency motion" and motion to compel should be denied.

**IV.   Conclusion**

WHEREFORE, Defendants respectfully request that this Court deny Plaintiffs' Motion to Compel and Plaintiffs' Emergency Motion.

11

*Mello, et al, v. Derek Gustafson, et al*
C.A. No. 23-cv-000480-JJM-LDA

        Defendants
        By their Attorney,

*/s/ Julia K. Scott- Benevides*
Julia K. Scott- Benevides  (#10408)
DeSisto Law LLC
4 Richmond Square
Providence, RI 02906
(401) 272-4442
julia@desistolaw.com

## CERTIFICATION

    I hereby certify that the within document has been electronically filed with the Court on the 2nd day of January, 2025, and is available for viewing and downloading from the ECF system.

    I further certify that a true and accurate copy of the within was emailed and mailed, postage prepaid, to:

| | |
|---|---|
| Joshua Mello | Rachel Ware |
| 57 Rolfe Square, Unit 10113 | 57 Rolfe Square, Unit 10113 |
| Cranston, RI 02910 | Cranston, RI 02910 |
| kskustomsrideons@gmail.com | kskustomsrideons@gmail.com |

        */s/ Julia K. Scott- Benevides*