UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOSHUA MELLO and RACHEL WARE,<br>*Plaintiffs,*<br><br>vs.<br><br>DEREK GUSTAFSON, TIMOTHY VESEY, STEVEN CATALANO, JOHN ROCCHIO and EDWARD ARRUDA<br>*Defendants* | C.A. No. 1:23-cv-00479-JJM-LDA<br>1:23-cv-00480-JJM-LDA |

**DEFENDANTS' MOTION TO COMPEL MORE RESPONSIVE ANSWERS**

Now come Defendants, Edward Arruda ("Defendant Arruda") and John Rocchio ("Defendant Rocchio")(collectively hereinafter "Defendants") and request this Court for an order compelling Plaintiffs, Joshua Mello ("Plaintiff Mello") and Rachel Ware ("Plaintiff Ware")(collectively hereinafter "Plaintiffs") to provide more responsive answers to Defendants' Request for Production of Documents addressed to Plaintiff Mello, Request No. 11, Defendants Third Request for Production of Documents addressed to Plaintiff Mello, Request No. 1, and Defendants Request for Production of Documents addressed to Plaintiff Ware, Request No. 11.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

The instant lawsuit is a result of Plaintiff Mello's arrest on October 21, 2021 at Western Hills Middle School in Cranston, Rhode Island. The remaining claims in the lawsuit are for the alleged excessive force used on Plaintiff Mello at the time of this arrest, and Plaintiff Ware's alleged "whistleblower claims." See generally, 1:23-cv-00480-JJM-LDA, ECF Nos. 20, 28. Both Plaintiffs claim to have endured financial damages to their business K's Kustoms Designs, and "severe" emotional damage as a result of the incident and subsequent arrest. See id. Plaintiff Mello

claims physical damages as a result of his arrest and to have suffered loss in relationship with his minor daughter as a result of this incident. See id.

On March 14, 2024, Defendants propounded Defendants' Interrogatories addressed to Plaintiff Ware, Defendants' Interrogatories addressed to Plaintiff Mello, Defendants' First Request for Production of Documents addressed to Plaintiff Ware, and Defendants' First Request for Production of Documents addressed to Plaintiff Mello. See attached Exhibit A. On May 21, 2024, Plaintiffs provided their responses to Defendants' Interrogatories and Defendants' Request for Production of Documents. See attached Exhibit B. While Defendants found that Plaintiffs' responses to Defendants' Interrogatories and Defendants' Request for Production of Documents to be incomplete, insufficient, and unresponsive, Defendants first chose to depose Plaintiffs.

Before Defendants were able to depose Plaintiffs, Plaintiffs filed a Motion for a Protective Order regarding their pending depositions, a Motion to Compel Defendants' Deposition Questions, a Motion to Limit Defendants' Deposition Questioning, and a Motion for Reconsideration, all related to Plaintiffs' pending depositions. See generally, 1:23-cv-00480-JJM-LDA Nos. 36, 37, 38, and 42.

Defendants were finally able depose Plaintiff Mello on August 15, 2024, and Rachel Ware on August 26, 2024. After their depositions, on August 28, 2024, Defendants sent Plaintiffs a detailed Good Faith Letter to both Plaintiffs requesting more responsive answers to Plaintiffs' responses to Defendants' Request for Production of Documents, and Defendants' Interrogatories. See attached Exhibit C. Defendants also propounded Defendants' Second Request for Production of Documents addressed to Plaintiff Ware, Defendants' Second Request for Production of Documents addressed to Plaintiff Mello, Defendants' Second Interrogatories addressed to Plaintiff Ware, and Defendants' Second Interrogatories addressed to Plaintiff Mello. Plaintiffs responded to

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 23-cv-000480-JJM-LDA*

Defendants Good Faith Letter on September 12, 2024, where Plaintiffs asserted objections that were not included in their May 12, 2024, responses, along with what appears to be supplemental responses, which remain unresponsive to Defendants First Interrogatories and Request for Production of Documents. See attached Exhibit D. In that same response, it appears that Plaintiffs provided a medical record from Garden City Medical Center for Plaintiff Mello as well as Plaintiff Mello's taxes for 2022, and the business taxes for 2021. On that same date, Plaintiffs provided responses a combined response to Defendants' Second Interrogatories addressed to both Plaintiffs individually, and Defendants' Request for Production of Documents, which again were incomplete, insufficient, and unresponsive.

On September 26, 2024, Defendants sent a second detailed Good Faith Letter, suggesting that Plaintiffs waived their objections to their responses to Defendants' Interrogatories and Defendants' First Request for Production of Documents, and again, requested more responsive answers to both Defendants' Interrogatories addressed to Plaintiffs individually, Defendants' First Request for Production of Documents, and Defendants' Second Interrogatories addressed to Joshua Mello. See attached Exhibit E. On September 27, 2024, Defendants propounded their Third Request for Production of Documents addressed to Plaintiffs. See attached Exhibit F.

On October 21, 2024, the parties attended a Zoom Discovery Dispute Conference with Magistrate Almond. See October 21, 2024 Minute Entry for proceedings held before Judge Lincoln Almond. As a result of that conference, Defendants sent a follow-up email to Plaintiffs and requested that Plaintiffs provide a Privilege Log for any and all documents and/or information that they are withholding, correspondence with the Cranston School Department, and the Plaintiffs' medical and mental health records. See attached Exhibit G.

3

*Mello, et al, v. Derek Gustafson, et al*
C.A. No. 23-cv-000480-JJM-LDA

On October 28, 2024, Plaintiffs provided a Privilege Log and correspondence with Cranston Public School as requested, but still chose not to provide any medical and mental health records as Defendants requested, and instead provided what appears to be a supplemental response with more objections. See attached Exhibit H.

On November 8, 2024, Defendants sent Plaintiff an additional Good Faith Letter requesting Plaintiff Mello's response to Defendants' Third Request for Production of Documents addressed to him. See attached Exhibit I. On November 24, 2024, Plaintiff Mello provided the business tax records as requested in Defendants' Third Request for Production of Documents addressed to him, but he did not include the tax records for his business for 2022. See attached Exhibit J. Defendants emailed Plaintiffs explaining this the next day on November 25, 2024. See attached Exhibit K. To date, Plaintiffs have not provided the medical records, mental health records, or 2022 tax records as requested in Defendants' discovery.

## II. STANDARD OF REVIEW

Pursuant to Rule 37 of the Federal Rules of Civil Procedure,

> A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: (i) a deponent fails to answer a question asked under Rule 30 or 31; (ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4); (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents or fails to respond that inspection will be permitted — or fails to permit inspection — as requested under Rule 34.

Under Fed. R. Civ. P Rule 26, "[u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 23-cv-000480-JJM-LDA*

whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Moreover, Fed. R. Civ. P. Rule 34 provides that, "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons. The responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection. The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response"

It is the Defendants' position that the Defendants requests for production of documents requesting Plaintiffs' medical records and business tax records were incomplete, inconsistent, and unresponsive and that Plaintiffs should be compelled to provide complete responses to Defendants' Request for Production of Documents.

### III.   ARGUMENT

A. <u>Since Plaintiff Mello has brought his medical health and mental health as central issues to his lawsuit, he should be compelled to provide his medical health records and mental health records as requested in Defendants' Request for Production of Documents.</u>

**Defendants' Interrogatories addressed to Plaintiff Mello, Interrogatory No. 14** asked Plaintiff Mello to "[p]lease list any and all medical professionals, including but not limited to psychological professionals, you visited for the three years preceding the date of the incident described in your Complaint that occurred on or about October 21, 2021, to the present, please include the name of the professional, the location, the date visited, and the reason for the visit.

Plaintiff Mello responded with a letter addressed to Defendants' attorney that provided, "[a]fter careful review of your request, it has been determined that several other details sought are not relevant to the claims or defenses at issue in the case. Specifically, Requests No. 8, 9, 11, 13, 14, 15, 17, and 18."

**Defendants' Request for Production of Documents addressed to Plaintiff Mello, Request No. 11** asked Plaintiff Mello to provide, "[a]ny and all medical (physical and/or mental health) bills, reports, and/or other documents for you, including but not limited to radiologists, CT Technologists, Neurologists, Neuropsychologists, Psychologists, and Psyiatrists, from five (5) years prior to the date of the incident alleged in the Complaint to present.

5

Plaintiff Mello responded with a letter, "After careful review of your request, it has been determined that several of the documents sought are not relevant to the claims or defenses at issue in this case. Specifically, Request No. 8, 9, 11, 12, and 13."

After the October 21, 2024 Discovery Dispute Conference, where it was suggested to Plaintiffs to provide the requested medical records, Plaintiffs provided what appears to be a supplemental response that provided,

"**<u>Response to Request for Production No. 11</u>**, "[a]s a pro-se litigant, I have made every effort in good faith and to the best of my knowledge. I do not regularly seek medical care, and, to the best of my knowledge, I do not possess any bills, reports, or other documents responsive to this request, including those from radiologists, CT technologists, neurologists, neuropsychologists, psychologists, or psychiatrists, for the five-year period prior to the incident. Pursuant to FRCP Rule 26(b)(1), discovery is limited to non-privileged information that is relevant to the claims or defenses in the case and proportional to the needs of the case. As there are no such documents within my possession, custody, or control, requiring extensive searches or production of non-existent or irrelevant records would impose an undue burden, especially given the limited relevance of unrelated medical records to the matters at issue in this case. In Hickman v. Taylor, 329 U.S. 495, 507 (1947) , the court affirmed that the discovery demands should not impose unreasonable burdens, particularly to individuals representing themselves. Additionally, FRCP Rule 26(b)(2)(C)(i) provides that the court may limit discovery if the information sought is cumulative, duplicative, or can be obtained from other sources that are more convenient, less burdensome, or less expesnive. As I do not have any of the specified medical records, requiring production of such documents would be unduly burdensome and would not yield any relevant information pertaining to the claims or defenses in this case. In light of the above, I object to the request on the grounds of undue burden and lack of relevance. Should further clarification or specific documentation be deemed necessary, I am willing to operate within the constraints of FRCP standards."

"**<u>Interrogatory No. 14 Response</u>**: Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case under Rule 26(b)(1) of the Federal Rules of Civil Procedure. The requested information is also protected by the psychotherapist-patient privilege and is largely irrelevant to the claims or defenses in this litigation. Specifically, the family therapy sessions were intended to support my minor child's mental and emotional well-being rather than solely addressing my own needs. This therapy was undertaken to help my minor child process the events described in the Complaint, along with related experiences. As such, the sessions are highly sensitive and protected by both federal privacy standards and the psychotherapist-patient privilege established in Jaffee v. Redmond, 518 U.S. 1 (1996). Producing further information regarding these sessions would violate my minor child's privacy rights, as she is not a party to this lawsuit, and her confidential mental health records should remain protected. Disclosure would create an undue burden on both my family's right to confidentiality and my child's right to privacy. However, without waiving this objection, Plaintiffs can provide additional information: the family therapy sessions began on or about October 2023 and concluded around

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 23-cv-000480-JJM-LDA*

February 2024. Additionally, Mr. Mello is not someone who regularly visits medical professionals and does not typically schedule annual physical exams or routine doctor visits. Medical care is generally sought only as needed. Further, Plaintiffs have already provided the medical records directly related to the October 21, 2021 incident. These include the Roger Williams Medical Center ER report, supplied in Discovery by the defendants, and records from the Garden City Treatment Center, where Mr. Mello was treated afterward. During his deposition, Mr. Mello stated that he suffered a concussion from the incident but only became fully aware of its severity after reviewing video footage in early 2023, which revealed significant memory gaps, including the moment he was slammed onto the cruiser hood by Officer Rocchio. Due to not recognizing the full extent of his injuries at the time, Mr. Mello did not pursue specific medical attention for these injuries immediately following the assault. As pro se litigants, we are making every effort to provide relevant and responsive information to the best of our understanding. We believe that we have responded accurately and in good faith, supplying information within the scope of this request as we interpret it. In compliance with FRCP Rule 26(b)(1), which limits discovery to information relevant to the claims or defenses and proportional to the needs of the case, we assert that we have produced all information reasonably available to us that directly addresses the issues in this case. Should further clarification be necessary, we welcome the opportunity to discuss the scope of the request to ensure our responses meet the requirements and expectations."

Defendants argue that Plaintiffs' response to Defendants' Request for Production of Documents, Request No. 11 remains incomplete and insufficient. Throughout the course of this lawsuit, Plaintiff Mello has highlighted in several filings that he has suffered from physical injuries, severe emotional distress, and injury to his relationship with his daughter as a result of the incident alleged in the Complaint. As to Plaintiff Mello's physical injuries, Defendants already had as part of Plaintiff's arrest record, medical records from Roger Williams Medical Center from October 21, 2021, where those records provide that Plaintiff's stated injuries as "abrasion on forehead, shoulder pain, and neck pain." Plaintiff Mello further provided in what appeared to be a supplemental response to Defendants' Request for Production of Documents, medical records from October 24, 2021 from Garden City Medical Center. In those records, Plaintiff Mello's stated injury is "contusion to left front wall of thorax."

Yet, throughout Plaintiff Mello's deposition, he stated several times that he had a severe concussion as a result of the incident alleged in the Complaint, that was so bad, that the concussion impeded his ability to remember the events of the incident completely. See attached Exhibit L,

7

Deposition Transcript of Plaintiff Mello, pp. 45, 88, 117. Plaintiff Mello provided that he may have had some sort of x-ray, CT scan or MRI after the incident, but he could not remember. Id. at p. 130. To date, Plaintiff Mello has not provided these records to Defendants.

Defendant further notes that Plaintiff Mello was involved in an alteration with an unidentified man at the Rhode Island State House at an abortion rally, where he was "knocked out," and "kicked in the head" in June 2022. See attached Exhibit O. Plaintiff Ware further posted photographs of Plaintiff Mello on her Facebook account in hospital wires. See attached Exhibit P. Plaintiff Mello has not provided any of the related medical records to this incident or any other medical records as requested in Request No. 11.

The requested records are relevant and discoverable because Plaintiff Mello introduced his physical health when he claimed that he suffered from physical damages as a result of the incident alleged in the lawsuit. See McCormick v. Dresdale, C.A. 2009-474-PJB-LM, 2011 U.S. LEXIS 16753 at *6-13 (D.R.I June 2, 2011). Specifically, any records regarding any concussion that Plaintiff Mello has suffered is relevant given that Plaintiff Mello also claims that he is unable to remember certain parts of this incident due to the concussion.

As to Plaintiff Mello's emotional injuries, Plaintiff claims that as a result of the incident alleged in he Complaint that he attended counseling sessions alone and with his daughter with an individual named "Eugina Silvia." See Exh. L at p. 145. Plaintiff testified that in those sessions, Plaintiff and his daughter would discuss their relationship as well as the incident itself. Id. at p. 146. These records are relevant because there is a high likelihood that that these records will show the damage to Plaintiff Mello's relationship with his daughter as well as his emotional damages because of this incident. Defendants are entitled to these documents because Plaintiff Mello brought his mental health and his relationship with his daughter at issue when he brought this

lawsuit. Since the records are proximate to Plaintiff Mello's purported injuries, Defendants are entitled to these documents. Davis v. Amica Mut. Ins. Co., C.A. 14-228M, 2015 U.S. Dist. LEXIS 15622 at *8 (D.R.I February 3, 2015). As a result, Plaintiff Mello should be compelled to provide Defendants with a complete response to Defendants' Request for Production of Documents addressed to Plaintiff Mello, Request No. 11.

   B. <u>Since Plaintiff Ware has brought her mental health as a central issue to her lawsuit, she should be compelled to provide her mental health records as requested in Defendants' Request for Production of Documents.</u>

**Interrogatory No. 14** asked Plaintiff Ware to "[p]lease list any and all medical professionals, including but not limited to psychological professionals, you visited for the three years preceding the date of the incident described in your Complaint that occurred on or about October 21, 2021, to the present, please include the name of the professional, the location, the date visited, and the reason for the visit."

After receiving similar responses as Plaintiff Mello to Interrogatory 14, Plaintiff Ware responded after the October 21, 2024 discovery conference that,

"I did not consult or receive treatment from any psychological professionals during the period requested. Between October 2023 and February 2024, I drove Joshua Mello and Karissa to their family therapy sessions but did not participate in these sessions myself. As stated in my response to the production of documents, I see my primary doctor annually for general check-ups and physicals. These visits are routine and unrelated to the claims in this case. I object to providing further information on these visits, as they involve protected health information that is irrelevant to the claims at hand. Under FRCP Rule 26(b)(1), discovery is limited to information relevant to the claims or defenses and proportional to the needs of the case. Further, under HIPAA (Health Insurance Portability and Accountability Act) regulations, such health information is protected from disclosure, especially when it has no bearing on the issues in the case. Accordingly, I respectfully decline to provide additional details on the grounds that the requested information is not relevant and is protected by privacy laws."

   B. <u>Plaintiff Mello should be compelled to provide his business tax records for 2022 because he claims that his business has suffered monetary damages as a result of the arrest that is the subject of this lawsuit.</u>

**Defendants' Third Request for Production of Documents requested that Plaintiff Mello**, "[p]lease provide any and all state and federal tax returns filed in relation to your business, "K's Kustoms," for 2017, 2018, 2019, 2020, 2021, 2022, and 2023."

9

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 23-cv-000480-JJM-LDA*

**Plaintiff Mello responded**, "[w]e initially provided federal tax returns for K's Kustoms for the years 2021 and 2022 on May 21, 2024, and subsequently provided additional copies of those same returns at a later date. We will now provide the 2020, and 2019 tax return in response to this request. However, we no longer have records for 2017 or 2018, as the IRS only requires businesses to retain records for three years under IRS guidelines (see IRS Publication 583). Additionally, we have not yet filed our 2023 tax return, and we do not currently know when it will be completed."

Defendants argue that Plaintiff Mello's response remains incomplete and insufficient. As provided in emails to Plaintiff Mello, Plaintiff Mello did not provide Defendants with the tax records for K's Kustoms for 2022, instead he provided Defendants with his own tax return. Plaintiff Mello is alleging damage to his business as a result of his arrest. As a result, Defendants are entitled to these records pursuant to Fed. R. Civ. P. Rule 26. Thus, Defendants request that their Motion to Compel More Responsive Answers as to this request.

## IV.   CONCLUSION

WHEREFORE, Defendants respectfully request that this Court grant Defendants' Motion to Compel More Responsive Answers.

Defendants
By their Attorney,

*/s/ Julia K. Scott- Benevides*
Julia K. Scott- Benevides  (#10408
DeSisto Law LLC
60 Ship Street
Providence, RI 02903
(401) 272-4442
julia@desistolaw.com

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 23-cv-000480-JJM-LDA*

## CERTIFICATION

    I hereby certify that the within document has been electronically filed with the Court on the 6th day of January, 2025, and is available for viewing and downloading from the ECF system.

    I further certify that a true and accurate copy of the within was emailed and mailed, postage prepaid, to:

| | |
|---|---|
| Joshua Mello | Rachel Ware |
| 57 Rolfe Square, Unit 10113 | 57 Rolfe Square, Unit 10113 |
| Cranston, RI 02910 | Cranston, RI 02910 |
| kskustomsrideons@gmail.com | kskustomsrideons@gmail.com |

*/s/ Julia K. Scott- Benevides*