# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOSHUA MELLO
and RACHEL WARE
                    *Plaintiff,*

            vs.

JOHN ROCCHIO and EDWARD ARRUDA
                    *Defendants*

C.A. No. 1:23-cv-000479-JJM-LDA; 1:23-cv-000480-JJM-LDA

**DEFENDANTS' FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS ADDRESSED TO PLAINTIFF, RACHEL WARE**

Now come Defendants, Edward Arruda and John Rocchio in the above matter and request that the Plaintiff, Rachel Ware, produce for inspection and/or copying the original or a true copy of the following documents to DeSisto Law, 60 Ship Street, Providence, RI, 02903, within thirty (30) days, pursuant to Rules 26 and 34 of the Federal Court Rules of Civil Procedure.

**I. DEFINITIONS**

The following definitions shall apply to the Request for Production:

A. "Document" shall have the meaning ascribed to it in Rule 34(a) of the Federal Rules of Civil Procedure and shall also mean any paper or other writing and any items of graphic material, however recorded or reproduced, including all drafts, copies or other preliminary material which are different in any way from the executed or final documents, regardless of whether designed "confidential," "privileged" or otherwise restricted, wherever located, whether an original or a copy, including but not limited to agreements, contracts, financial statements, invoices, minutes, work sheets, work papers, summaries and other written records, recordings or notes of any conferences, meetings, visits, examinations, consultations, interviews or telephone

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 1:23-cv-000479-JJM-LDA*
*C.A. No. 23-cv-000480-JJM-LDA*

conversations, financial and statistical data, analyses, surveys, transcripts of testimony, statements, interviews, affidavits, press releases, memoranda, drafts, memo pads, notes, indices, tabulations, graphs, reports, papers, records, interoffice communication, electronic data processing cards, audiotapes, videotapes, other audio or video recordings, computer-generated tapes or recordings, print-outs, papers or other recordings, tables, compilations, catalogues, telegrams, letters, photographs, diaries, calendars, drawings, data-reports, printed matter, correspondence, electronic, computer-generated or other communications received or sent, books, brochures, advertisements, circulars, mailing and publications; and any copy containing thereon or having attached thereto any alterations, notes, comments, or other material shall be deemed a separate document from the original or any other copy not containing such materials within the foregoing definition.

B. "You" and "your" means the Plaintiff that is answering these Requests, that Plaintiff's agents, servants, attorneys and/or any and all other persons acting, or purporting to act, on that Plaintiff's behalf or under the Plaintiff's direction or control.

C. "Person" means the plural as well as the singular and includes any natural person, and any firm, association, partnership, joint venture, business trust, corporation, governmental or public entity, department, agency, office, or any other form of legal entity.

D. The words used in this document have been selected for their common meanings, and no particular magic of punctuation or sentence construction is intended. Please resolved any doubt about the meaning or intent of any phrase or combination of phrases by arriving at an interpretation that permits the request to address a relevant, even productive, area of inquiry. If you cannot resolve any such doubt, you are invited to call the author to resolve any ambiguities

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 1:23-cv-000479-JJM-LDA*
*C.A. No. 23-cv-000480-JJM-LDA*

through discussion rather than simply state an objection for vagueness and wait for judicial resolution of the discovery objection.

## I.    PRIVILEGE

If any document is withheld on the grounds that the document is subject to a claim of privilege, confidentiality or for any other reason:

(a) state the reason for withholding the document;

(b) identify the person(s) who have knowledge about the information being withheld; and

(c) Identify by document the author, date, subject matter and identify each person who received a copy of the document. Identification will not be considered as a waiver of your claim of privilege or confidentially.

## II.    DOCUMENT REQUESTS

1. Any and all documents or other writings which show, depict, state and/or analyze the damages claimed by you in this matter.

2. Any and all documents or other writings which show, depict, state and/or analyze the claims made by you in this matter.

3. Any and all correspondence, including but not limited to text messages, emails, or other documents, between you, your agents, representatives and/or employees and the City of Cranston concerning the matters set forth in the Complaint.

4. Any and all correspondence, including, but not limited to text messages, emails or other documents, you, your agents, and or representatives concerning the matters set forth in the Complaint.

5. Any and all correspondence, including but not limited to text messages, emails or other documents, you, your agents, and/or representatives, and the Cranston School

Department, its employees, agents and/or representatives concerning the matters set forth in the Complaint.

6. Any and all correspondence, including but not limited to text messages, emails or other documents, you, your agents, and/or representatives, and the Western Mills Middle School, its employees, agents and/or representatives concerning the matters set forth in the Complaint.

7. Any and all correspondence or other documents that you, your agents, and/or representatives provided to the Western Mills Middle School concerning the matters set forth in the Complaint.

8. Any and all correspondence, including but not limited to text messages, emails or other documents, you, your agents, and/or representatives, and any and all journalists, columnist, reporters, or other correspondents, concerning the matters set forth in the Complaint.

9. Any and all electronic communications, including but not limited to, Email, text messages, instant messages, Facebook, MySpace and/or Twitter (otherwise known as "X") status updates or direct messages posted, YouTube or other videos posted, by you on any accounts that you have access to or posted content to, concerning the matters set forth in the Complaint.

10. Any and all documents, writings, or reports which show, depict, state and/or analyze the claimed damages listed in the complaint for monetary damages, property damages and/or consequential damages.

11. Any and all medical (physical and/or mental health) bills, reports, and/or other documents for you, including but not limited to radiologists, CT Technologists, Neurologists,

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 1:23-cv-000479-JJM-LDA*
*C.A. No. 23-cv-000480-JJM-LDA*

Neuropsychologists, Psychologists, and Psychiatrists, from five (5) years prior to the date of the incident alleged in the Complaint to present.

12. Any and all notes and/or diaries prepared by you, concerning the matters set forth in the Complaint.

13. Any and all documents or other writings which show, relate to, depict or explain any and all lawsuits, or claims in which you have been a Plaintiff or Defendant.

14. Any reports or memoranda produced or written by any expert witness you have consulted, retained or intend to have testify.

15. Any and all communications, notes, records, documents, photographs, video recordings, voice recordings, etc. related in any way to the incidents described in the Complaint.

16. Any and all statements given by anyone regarding the incidents set forth in the Complaint.

17. Any and all communications, records, documents, photographs, surveillance video recordings, video recordings, voice mails etc. taken by you, your agents, and/or representatives related to the incident at Western Mills Middle School on October 21, 2021.

18. Any and all communications, records, documents, photographs, surveillance video recordings, video recordings, voice mails etc. taken by you, your agents, and/or representatives related to any and all interactions and/or contacts that you have had with the Cranston Police Department.

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 1:23-cv-000479-JJM-LDA*
*C.A. No. 23-cv-000480-JJM-LDA*

Defendants
By their Attorney,

*/s/ Marc DeSisto*
Marc DeSisto  (#2757)
*/s/ Julia K. Scott- Benevides*
Julia K. Scott- Benevides (#10408)
DeSisto Law LLC
60 Ship Street
Providence, RI 02903
(401) 272-4442
marc@desistolaw.com
julia@desistolaw.com


<u>CERTIFICATION</u>

I certify that a true and accurate copy of the within was emailed and mailed, postage prepaid, on the 14th day of March 2024 to:

Joshua Mello
57 Rolfe Square, Unit 10113
Cranston, RI 02910
kskustomsrideons@gmail.com

Rachel Ware
57 Rolfe Square, Unit 10113
Cranston, RI 02910
kskustomsrideons@gmail.com


*/s/ Julia K. Scott- Benevides*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOSHUA MELLO
and RACHEL WARE
                    *Plaintiff,*

        vs.

JOHN ROCCHIO and EDWARD ARRUDA
                    *Defendants*

C.A. No. 1:23-cv-000479-JJM-LDA; 1:23-cv-000480-JJM-LDA

### DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS ADDRESSED TO PLAINTIFF, JOSHUA MELLO

Now come Defendants, Edward Arruda and John Rocchio in the above matter and request that the Plaintiff, Joshua Mello, produce for inspection and/or copying the original or a true copy of the following documents to DeSisto Law, 60 Ship Street, Providence, RI, 02903, within thirty (30) days, pursuant to Rules 26 and 34 of the Federal Court Rules of Civil Procedure.

### I.  DEFINITIONS

The following definitions shall apply to the Request for Production:

A.  "Document" shall have the meaning ascribed to it in Rule 34(a) of the Federal Rules of Civil Procedure and shall also mean any paper or other writing and any items of graphic material, however recorded or reproduced, including all drafts, copies or other preliminary material which are different in any way from the executed or final documents, regardless of whether designed "confidential," "privileged" or otherwise restricted, wherever located, whether an original or a copy, including but not limited to agreements, contracts, financial statements, invoices, minutes, work sheets, work papers, summaries and other written records, recordings or notes of any conferences, meetings, visits, examinations, consultations, interviews or telephone

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 1:23-cv-000479-JJM-LDA*
*C.A. No. 23-cv-000480-JJM-LDA*

conversations, financial and statistical data, analyses, surveys, transcripts of testimony, statements, interviews, affidavits, press releases, memoranda, drafts, memo pads, notes, indices, tabulations, graphs, reports, papers, records, interoffice communication, electronic data processing cards, audiotapes, videotapes, other audio or video recordings, computer-generated tapes or recordings, print-outs, papers or other recordings, tables, compilations, catalogues, telegrams, letters, photographs, diaries, calendars, drawings, data-reports, printed matter, correspondence, electronic, computer-generated or other communications received or sent, books, brochures, advertisements, circulars, mailing and publications; and any copy containing thereon or having attached thereto any alterations, notes, comments, or other material shall be deemed a separate document from the original or any other copy not containing such materials within the foregoing definition.

B.   "You" and "your" means the Plaintiff that is answering these Requests, that Plaintiff's agents, servants, attorneys and/or any and all other persons acting, or purporting to act, on that Plaintiff's behalf or under the Plaintiff's direction or control.

C.   "Person" means the plural as well as the singular and includes any natural person, and any firm, association, partnership, joint venture, business trust, corporation, governmental or public entity, department, agency, office, or any other form of legal entity.

D.   The words used in this document have been selected for their common meanings, and no particular magic of punctuation or sentence construction is intended. Please resolved any doubt about the meaning or intent of any phrase or combination of phrases by arriving at an interpretation that permits the request to address a relevant, even productive, area of inquiry. If you cannot resolve any such doubt, you are invited to call the author to resolve any ambiguities

2

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 1:23-cv-000479-JJM-LDA*
*C.A. No. 23-cv-000480-JJM-LDA*

through discussion rather than simply state an objection for vagueness and wait for judicial resolution of the discovery objection.

### I.    PRIVILEGE

If any document is withheld on the grounds that the document is subject to a claim of privilege, confidentiality or for any other reason:

(a) state the reason for withholding the document;

(b) identify the person(s) who have knowledge about the information being withheld; and

(c) Identify by document the author, date, subject matter and identify each person who received a copy of the document. Identification will not be considered as a waiver of your claim of privilege or confidentially.

### II.    DOCUMENT REQUESTS

1. Any and all documents or other writings which show, depict, state and/or analyze the damages claimed by you in this matter.

2. Any and all documents or other writings which show, depict, state and/or analyze the claims made by you in this matter.

3. Any and all correspondence, including but not limited to text messages, emails, or other documents, between you, your agents, representatives and/or employees and the City of Cranston concerning the matters set forth in the Complaint.

4. Any and all correspondence, including, but not limited to text messages, emails or other documents, you, your agents, and or representatives concerning the matters set forth in the Complaint.

5. Any and all correspondence, including but not limited to text messages, emails or other documents, you, your agents, and/or representatives, and the Cranston School

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 1:23-cv-000479-JJM-LDA*
*C.A. No. 23-cv-000480-JJM-LDA*

Department, its employees, agents and/or representatives concerning the matters set forth in the Complaint.

6. Any and all correspondence, including but not limited to text messages, emails or other documents, you, your agents, and/or representatives, and the Western Mills Middle School, its employees, agents and/or representatives concerning the matters set forth in the Complaint.

7. Any and all correspondence or other documents that you, your agents, and/or representatives provided to the Western Mills Middle School concerning the matters set forth in the Complaint.

8. Any and all correspondence, including but not limited to text messages, emails or other documents, you, your agents, and/or representatives, and any and all journalists, columnist, reporters, or other correspondents, concerning the matters set forth in the Complaint.

9. Any and all electronic communications, including but not limited to, Email, text messages, instant messages, Facebook, MySpace and/or Twitter (otherwise known as "X") status updates or direct messages posted, YouTube or other videos posted, by you on any accounts that you have access to or posted content to, concerning the matters set forth in the Complaint.

10. Any and all documents, writings, or reports which show, depict, state and/or analyze the claimed damages listed in the complaint for monetary damages, property damages and/or consequential damages.

11. Any and all medical (physical and/or mental health) bills, reports, and/or other documents for you, including but not limited to radiologists, CT Technologists, Neurologists,

4

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 1:23-cv-000479-JJM-LDA*
*C.A. No. 23-cv-000480-JJM-LDA*

Neuropsychologists, Psychologists, and Psychiatrists, from five (5) years prior to the date of the incident alleged in the Complaint to present.

12. Any and all notes and/or diaries prepared by you, concerning the matters set forth in the Complaint.

13. Any and all documents or other writings which show, relate to, depict or explain any and all lawsuits, or claims in which you have been a Plaintiff or Defendant.

14. Any reports or memoranda produced or written by any expert witness you have consulted, retained or intend to have testify.

15. Any and all communications, notes, records, documents, photographs, video recordings, voice recordings, etc. related in any way to the incidents described in the Complaint.

16. Any and all statements given by anyone regarding the incidents set forth in the Complaint.

17. Any and all communications, records, documents, photographs, surveillance video recordings, video recordings, voice mails etc. taken by you, your agents, and/or representatives related to the incident at Western Mills Middle School on October 21, 2021.

18. Any and all communications, records, documents, photographs, surveillance video recordings, video recordings, voice mails etc. taken by you, your agents, and/or representatives related to any and all interactions and/or contacts that you have had with the Cranston Police Department.

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 1:23-cv-000479-JJM-LDA*
*C.A. No. 23-cv-000480-JJM-LDA*

Defendants
By their Attorney,

*/s/ Marc DeSisto*
Marc DeSisto  (#2757)
*/s/ Julia K. Scott- Benevides*
Julia K. Scott- Benevides (#10408)
DeSisto Law LLC
60 Ship Street
Providence, RI 02903
(401) 272-4442
marc@desistolaw.com
julia@desistolaw.com

<u>CERTIFICATION</u>

I certify that a true and accurate copy of the within was emailed and mailed, postage prepaid, to on the 14th day of March 2024:

Joshua Mello
57 Rolfe Square, Unit 10113
Cranston, RI 02910
kskustomsrideons@gmail.com

Rachel Ware
57 Rolfe Square, Unit 10113
Cranston, RI 02910
kskustomsrideons@gmail.com

*/s/ Julia K. Scott- Benevides*

6

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOSHUA MELLO
and RACHEL WARE
        *Plaintiff,*

        vs.

JOHN ROCCHIO and EDWARD ARRUDA
        *Defendants*

C.A. No. 1:23-cv-000479-JJM-LDA; 1:23-cv-000480-JJM-LDA

## DEFENDANTS' FIRST SET OF INTERROGATORIES ADDRESSED TO PLAINTIFF, RACHEL WARE

Now come Defendants, Edward Arruda and John Rocchio and hereby propounds the following interrogatories to the Plaintiff, Rachel Ware to be answered under oath within thirty (30) days, pursuant to Rules 26 and 33 of the Federal Court Rules of Civil Procedure. These interrogatories shall be deemed to be continuing so as to require supplemental answers if additional information or additional facts become available.

**I.    DEFINITIONS AND INSTRUCTIONS**

Whenever used in these interrogatories, unless the context requires otherwise:

A.    "Identify" means:

1.    with respect to a person, state his or her full name, all current residence and business addresses, present or last known employer, job title, position or business activity. If the person is or was acting for or on another's behalf, also identify the person or entity for whom the person is or was acting;

2.    with respect to a document, state the type of document, its date, name and address of the author, and its present location or custodian. If any document was but no longer is in your possession, custody or control, state what happened to it; and

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 1:23-cv-000479-JJM-LDA*
*C.A. No. 23-cv-000480-JJM-LDA*

3.    with respect to a communication, state the date of the communication, the type of communication (telephone conversation, meeting, correspondence, etc.), the place where the communication occurred, and all other persons present at the time of such communication, and the subject matter discussed.

B.    "Person" means all individuals and entities, including all-natural persons, firms, partnerships, associations, organizations, joint ventures, corporations, municipal corporations, and other entities.

C.    The terms "referring" or "relating" to any given subject when used to specify a document, communication, or statement, mean any document, communication, or statement that constitutes, contains, embodies, reflects, identifies, states, deals with, or is in any manner pertinent to that subject.

D.    "Document" means any kind of written, printed or graphic matter, however produced or reproduced, or any kind or description, whether sent or received or neither, including originals, copies and drafts of both sides thereof and including but not limited to: catalogs, papers, books, notices, graphs, sketches, accounts, letters, photographs, objects, tangible things, correspondence, telegrams, memoranda, notes, pamphlets, bulletins, drafts of any documents, working papers, marginal notations, work papers, reports and recordings of telephone or other conversations, or of interviews, or of conferences, or of other meetings, statements, contracts, invoices, agreements, ledgers, journals, books or records of account, summaries of accounts, balance sheets, income statements, checks (front and back), check stubs, receipts, desk calendars, rough or scratch pad notes, lists, tabulations, summaries, advertisements, articles in any kind of publication, data processing input and output, microfilms, videotapes, all other records kept by electronic, photographic or mechanical means, and things

2

similar to any of the foregoing, however denominated, and other documents or writings of whatever description.  It includes documents prepared by parties and non-parties and their respective partners, associates, officers, agents, employees, directors, servants, and any other persons acting on behalf of any of the foregoing.

The term "document" also includes non-identical copies of original documents upon which notations in writing or diagrams have been made that do not appear on the original.

E.      "You" and "your" refer to the particular party or parties to whom these interrogatories are propounded, their agents, representatives, and all other persons acting on their behalf.

F.      "Communication" means any transfer or exchange, written or oral, including but not limited to voicemails, between two or more persons of any information in the form of facts, ideas, inquiries, instructions, or otherwise, including but not limited to personal conversations, telephone calls, correspondence, telegrams, cables, faxes, reports, memoranda, notes, and any other understandings between two or more people.

G.      "Or" and "and" shall be construed either conjunctively or disjunctively, to make the scope of the interrogatory more inclusive.

H.      The singular shall include the plural and vice-versa.

I.      All interrogatories should be construed so as not to violate any applicable privilege.

## II.    INTERROGATORIES

1.      Please set forth your full name, present residence address, date of birth, educational background and employment, if any.

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 1:23-cv-000479-JJM-LDA*
*C.A. No. 23-cv-000480-JJM-LDA*

2.      Please state the names, present addresses and telephone numbers of any and all persons whom you believe to have any knowledge or information pertaining to the matters set forth in the Complaint, its causes or consequences, or who may testify in this matter, and set forth what information you know or believe such person or persons have and how such person or persons acquired such knowledge.

3.      Please state the names and present addresses of those persons who have given you, or any person, firm or corporation acting on your behalf, statements, reports, voice recordings or memoranda, relating to the matters set forth in the complaint, its causes or consequences, and please provide the date of each item, and the name and address of the person, firm or corporation having present possession or custody of each such item.

4.      If any such statement, report or memoranda identified in the answer to the preceding Interrogatory has been communicated by or reduced to writing, identify such written record stating the names and addresses of the person or persons who gave and took them, and the name and present address of the person having present custody of same.

5.      Please state the name, address and specialty of each and every expert you and/or your counsel have consulted, retained and/or intend to have testify on your behalf regarding this case and as to each such expert, please state:

   a) The field of specialty of the expert;
   b) The subject matter upon which the expert is expected to testify;
   c) A detailed statement of the facts upon which each expert will rely in expressing an opinion at trial;
   d) The substance of the opinions on which each such expert will rely in expressing an opinion at trial;
   e) A summary of the grounds for each opinion;

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 1:23-cv-000479-JJM-LDA*
*C.A. No. 23-cv-000480-JJM-LDA*

6.      Please list all other items that may be material or relevant to your proof, including any diagrams, surveys or exhibits.  As to all of these items, identify each, the date taken or made and by whom, and the name and address of the person having present custody of same.

7.      Please state all communications you, your representatives or agents, have had with the City of Cranston, including but not limited to the Cranston Police Department, the Cranston School Department and/or the Western Mills Middle School, any of their agents and/or employees, related to the matters set forth in the Complaint, specifying the date of each such communication, the form, written or oral, the sum and substance of each such communication and name and address of each person who participated in or who witnessed each communication.

8.      Please state all communications you, your representatives or agents, have had with any and all journalists, reporters, columnists, or other correspondents, their agents and/or employees, related to the matters set forth in the Complaint, specifying the date of each such communication, the form, written or oral, the sum and substance of each such communication and name and address of each person who participated in or who witnessed each communication.

9.      Please state all communications you, your representatives or agents have had related to the matters set forth in the Complaint, specifying the date of each such communication, the form, written or oral, the sum and substance of each such communication and name and address of each person who participated in or who witnessed each communication.

10.     Please give a complete, itemized statement of all monetary damages, property damages, and/or consequential damages in which you allege were sustained as a result of the matters set forth in your Complaint, including a description of how those damages were calculated.

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 1:23-cv-000479-JJM-LDA*
*C.A. No. 23-cv-000480-JJM-LDA*

11.    Please identify any and all lawsuits, including but not limited to any civil or criminal matters you have been involved in, either as a Plaintiff or Defendant, and please include the name of the suit, the date, the jurisdiction, and the ultimate disposition,

12.    Please describe, in as much detail as possible, the incident that occurred at Western Mills Middle School on October 21, 2021.

13.    Did you during the 48 hours prior to the incident on October 21, 2021, consume any alcoholic beverages, any drug, or any medication of any kind? If so, state the type(s) of alcoholic beverages, amount of each, time at which and the location where you took the alcoholic beverage, drug or medication and if you took a prescribed drug or medication, describe the condition for which it was taken and name and address of the Healthcare Provider who prescribed it.

14.    Please list any and all medical professionals, including but not limited to psychological professionals, you visited for the three years preceding the date of the incident described in your Complaint that occurred on or about October 21, 2021, to the present, please include the name of the professional, the location, the date visited, and the reason for the visit.

15.    Please list any and all incidents in which you have been arrested, for each please include the date, the jurisdiction, the charge, and the ultimate disposition of the charges.

16.    Please state and any all incidents and/or contacts that you have had with the Cranston Police Department either before or after the date set forth in your Complaint, and please provide the date/time, summary, and description of same.

17.    Please describe, in detail, your involvement in the incident alleged in your Complaint.

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 1:23-cv-000479-JJM-LDA*
*C.A. No. 23-cv-000480-JJM-LDA*

Defendants,
By their attorney,

*/s/Julia K. Scott- Benevides*
Julia K. Scott- Benevides, Esq. (#10408)
DESISTO LAW LLC
60 Ship Street
Providence, RI 02903
(401) 272-4442
julia@desistolaw.com

CERTIFICATION

I certify that a true and accurate copy of the within was emailed and mailed, postage prepaid, on the 14th day of March 2024 to:

Joshua Mello
57 Rolfe Square, Unit 10113
Cranston, RI 02910
kskustomsrideons@gmail.com

Rachel Ware
57 Rolfe Square, Unit 10113
Cranston, RI 02910
kskustomsrideons@gmail.com

*/s/ Julia K. Scott- Benevides*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOSHUA MELLO
and RACHEL WARE
                    *Plaintiff,*

            vs.                                    C.A. No. 1:23-cv-000479-JJM-LDA; 1:23-
                                                        cv-000480-JJM-LDA

JOHN ROCCHIO and EDWARD ARRUDA
                    *Defendants*

## DEFENDANTS' FIRST SET OF INTERROGATORIES ADDRESSED TO PLAINTIFF, JOSHUA MELLO

Now come Defendants, Edward Arruda and John Rocchio and hereby propounds the following interrogatories to the Plaintiff, Joshua Mello to be answered under oath within thirty (30) days, pursuant to Rules 26 and 33 of the Federal Court Rules of Civil Procedure. These interrogatories shall be deemed to be continuing so as to require supplemental answers if additional information or additional facts become available.

I.    DEFINITIONS AND INSTRUCTIONS

Whenever used in these interrogatories, unless the context requires otherwise:

A.    "Identify" means:

1.    with respect to a person, state his or her full name, all current residence and business addresses, present or last known employer, job title, position or business activity. If the person is or was acting for or on another's behalf, also identify the person or entity for whom the person is or was acting;

2.    with respect to a document, state the type of document, its date, name and address of the author, and its present location or custodian. If any document was but no longer is in your possession, custody or control, state what happened to it; and

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 1:23-cv-000479-JJM-LDA*
*C.A. No. 23-cv-000480-JJM-LDA*

    3.   with respect to a communication, state the date of the communication, the type of communication (telephone conversation, meeting, correspondence, etc.), the place where the communication occurred, and all other persons present at the time of such communication, and the subject matter discussed.

    B.    "Person" means all individuals and entities, including all-natural persons, firms, partnerships, associations, organizations, joint ventures, corporations, municipal corporations, and other entities.

    C.    The terms "referring" or "relating" to any given subject when used to specify a document, communication, or statement, mean any document, communication, or statement that constitutes, contains, embodies, reflects, identifies, states, deals with, or is in any manner pertinent to that subject.

    D.    "Document" means any kind of written, printed or graphic matter, however produced or reproduced, or any kind or description, whether sent or received or neither, including originals, copies and drafts of both sides thereof and including but not limited to: catalogs, papers, books, notices, graphs, sketches, accounts, letters, photographs, objects, tangible things, correspondence, telegrams, memoranda, notes, pamphlets, bulletins, drafts of any documents, working papers, marginal notations, work papers, reports and recordings of telephone or other conversations, or of interviews, or of conferences, or of other meetings, statements, contracts, invoices, agreements, ledgers, journals, books or records of account, summaries of accounts, balance sheets, income statements, checks (front and back), check stubs, receipts, desk calendars, rough or scratch pad notes, lists, tabulations, summaries, advertisements, articles in any kind of publication, data processing input and output, microfilms, videotapes, all other records kept by electronic, photographic or mechanical means, and things

2

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 1:23-cv-000479-JJM-LDA*
*C.A. No. 23-cv-000480-JJM-LDA*

similar to any of the foregoing, however denominated, and other documents or writings of whatever description. It includes documents prepared by parties and non-parties and their respective partners, associates, officers, agents, employees, directors, servants, and any other persons acting on behalf of any of the foregoing.

The term "document" also includes non-identical copies of original documents upon which notations in writing or diagrams have been made that do not appear on the original.

E.    "You" and "your" refer to the particular party or parties to whom these interrogatories are propounded, their agents, representatives, and all other persons acting on their behalf.

F.    "Communication" means any transfer or exchange, written or oral, including but not limited to voicemails, between two or more persons of any information in the form of facts, ideas, inquiries, instructions, or otherwise, including but not limited to personal conversations, telephone calls, correspondence, telegrams, cables, faxes, reports, memoranda, notes, and any other understandings between two or more people.

G.    "Or" and "and" shall be construed either conjunctively or disjunctively, to make the scope of the interrogatory more inclusive.

H.    The singular shall include the plural and vice-versa.

I.    All interrogatories should be construed so as not to violate any applicable privilege.

## II.    INTERROGATORIES

1.    Please set forth your full name, present residence address, date of birth, educational background and employment, if any.

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 1:23-cv-000479-JJM-LDA*
*C.A. No. 23-cv-000480-JJM-LDA*

2.      Please state the names, present addresses and telephone numbers of any and all persons whom you believe to have any knowledge or information pertaining to the matters set forth in the Complaint, its causes or consequences, or who may testify in this matter, and set forth what information you know or believe such person or persons have and how such person or persons acquired such knowledge.

3.      Please state the names and present addresses of those persons who have given you, or any person, firm or corporation acting on your behalf, statements, reports, voice recordings or memoranda, relating to the matters set forth in the complaint, its causes or consequences, and please provide the date of each item, and the name and address of the person, firm or corporation having present possession or custody of each such item.

4.      If any such statement, report or memoranda identified in the answer to the preceding Interrogatory has been communicated by or reduced to writing, identify such written record stating the names and addresses of the person or persons who gave and took them, and the name and present address of the person having present custody of same.

5.      Please state the name, address and specialty of each and every expert you and/or your counsel have consulted, retained and/or intend to have testify on your behalf regarding this case and as to each such expert, please state:

      a)  The field of specialty of the expert;
      b)  The subject matter upon which the expert is expected to testify;
      c)  A detailed statement of the facts upon which each expert will rely in expressing an opinion at trial;
      d)  The substance of the opinions on which each such expert will rely in expressing an opinion at trial;
      e)  A summary of the grounds for each opinion;

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 1:23-cv-000479-JJM-LDA*
*C.A. No. 23-cv-000480-JJM-LDA*

6.     Please list all other items that may be material or relevant to your proof, including any diagrams, surveys or exhibits.  As to all of these items, identify each, the date taken or made and by whom, and the name and address of the person having present custody of same.

7.     Please state all communications you, your representatives or agents, have had with the City of Cranston, including but not limited to the Cranston Police Department, the Cranston School Department and/or the Western Mills Middle School, any of their agents and/or employees, related to the matters set forth in the Complaint, specifying the date of each such communication, the form, written or oral, the sum and substance of each such communication and name and address of each person who participated in or who witnessed each communication.

8.     Please state all communications you, your representatives or agents, have had with any and all journalists, reporters, columnists, or other correspondents, their agents and/or employees, related to the matters set forth in the Complaint, specifying the date of each such communication, the form, written or oral, the sum and substance of each such communication and name and address of each person who participated in or who witnessed each communication.

9.     Please state all communications you, your representatives or agents have had related to the matters set forth in the Complaint, specifying the date of each such communication, the form, written or oral, the sum and substance of each such communication and name and address of each person who participated in or who witnessed each communication.

10.    Please give a complete, itemized statement of all monetary damages, property damages, and/or consequential damages in which you allege were sustained as a result of the matters set forth in your Complaint, including a description of how those damages were calculated.

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 1:23-cv-000479-JJM-LDA*
*C.A. No. 23-cv-000480-JJM-LDA*

11.     Please identify any and all lawsuits, including but not limited to any civil or criminal matters you have been involved in, either as a Plaintiff or Defendant, and please include the name of the suit, the date, the jurisdiction, and the ultimate disposition,

12.     Please describe, in as much detail as possible, the incident that occurred at Western Mills Middle School on October 21, 2021.

13.     Did you during the 48 hours prior to the incident on October 21, 2021, consume any alcoholic beverages, any drug, or any medication of any kind? If so, state the type(s) of alcoholic beverages, amount of each, time at which and the location where you took the alcoholic beverage, drug or medication and if you took a prescribed drug or medication, describe the condition for which it was taken and name and address of the Healthcare Provider who prescribed it.

14.     Please list any and all medical professionals, including but not limited to psychological professionals, you visited for the three years preceding the date of the incident described in your Complaint that occurred on or about October 21, 2021, to the present, please include the name of the professional, the location, the date visited, and the reason for the visit.

15.     Please list all of the knives that you own, including but not limited to, the brand of each listed knife, the length of each listed knife, and the date you purchased each listed knife.

16.     Please identify any and all knives that you had on your person on October 21, 2021 while you were at the Western Mills Middle School.

17.     Please list any and all incidents in which you have been arrested, for each please include the date, the jurisdiction, the charge, and the ultimate disposition of the charges.

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 1:23-cv-000479-JJM-LDA*
*C.A. No. 23-cv-000480-JJM-LDA*

18.    Please state and any all incidents and/or contacts that you have had with the Cranston

Police Department either before or after the date set forth in your Complaint, and please provide

the date/time, summary, and description of same.


                                        Defendants,
                                        By their attorney,

                                        */s/Julia K. Scott- Benevides*
                                        Julia K. Scott- Benevides, Esq. (#10408)
                                        DESISTO LAW LLC
                                        60 Ship Street
                                        Providence, RI 02903
                                        (401) 272-4442
                                        julia@desistolaw.com


                            <u>CERTIFICATION</u>

        I certify that a true and accurate copy of the within was emailed and mailed, postage
prepaid, to on the 14th day of March 2024:

        Joshua Mello
        57 Rolfe Square, Unit 10113
        Cranston, RI 02910
        kskustomsrideons@gmail.com

        Rachel Ware
        57 Rolfe Square, Unit 10113
        Cranston, RI 02910
        kskustomsrideons@gmail.com


                                        */s/ Julia K. Scott- Benevides*


7