# Exhibit C

DESISTO LAW LLC
ATTORNEYS AT LAW

60 SHIP STREET
PROVIDENCE, RI 02903
(401) 272-4442 EXT.206
FAX: (401) 533-9848
JULIA@DESISTOLAW.COM

JULIA K. SCOTT- BENEVIDES, ESQUIRE

August 28, 2024

***Sent via email and through Certified Mail***

Joshua Mello and Rachel Ware
57 Rolfe Square, Unit 10113
Cranston, Rhode Island 02910
kskustomsrideons@gmail.com

***Re: Mello et al. v. Arruda et al.; C.A. No. 23-cv-00479-JJM-LDA; C.A. No. 23-cv-00480-JJM-LDA***

Dear Josh and Rachel,

On behalf of the Defendants, Edward Arruda ("SRO Arruda") and John Rocchio ("SRO Rocchio")(collectively hereinafter "Defendants"), and in follow-up to both of your depositions, and to the review of Plaintiff, Rachel Ware's response to Defendants' Interrogatories, Plaintiff, Joshua Mello's response to Defendants' Interrogatories, Plaintiff, Rachel Ware's response to Defendants' Request for Production of Documents and Plaintiff, Joshua Mello's response to Defendants' Request for Production of Documents, emailed on May 21, 2024, I am writing in good faith, seeking that you provide more responsive and/or amended answers, responses, and additional responsive materials, in compliance with the Federal Rules of Civil Procedure.

**Plaintiff, Rachel Ware's responses to Defendants' Interrogatories**

**Interrogatory No. 3** asked Rachel to "[p]lease state the names and present addresses of those persons who have given you, or any person, firm or corporation acting on your behalf, statements, reports, voice recordings or memoranda, relating to the matters set forth in the complaint, its causes or consequences, and please provide the date of each item, and the name and address of the person, firm or corporation having present possession or custody of each such item."

Rachel responded, "N/A." In a letter before her responses to Defendants' Interrogatories addressed to her, she provided that "I understand the need to gather relevant information for this case; however, I believe that the details you have requested regarding residence address, educational background, and employment history are not pertinent to the claims or defenses at issue in this matter. After a careful review of your request, it has been determined that several other details sought are not relevant to the claims or defenses at issue in this case. Specifically, Requests No. 3,4,8,9, 11,13, 14, 15 and 17."

However, Rachel's response to Interrogatory No. 2 is insufficient and incomplete. Interrogatory No. 3 asked you to state the names and present addresses of any individuals who have given you reports, voice recordings, or memoranda, relating to the matters set forth in the Complaint. Names and present addresses of individuals who have given you reports, voice recordings, or memoranda, related to the matters set forth in the Complaint are relevant and discoverable pursuant to Federal Rules of Civil Procedure, Rule 26.

As a result, Defendants request that Rachel provide the names and present addresses of any individuals who have given you reports, voice recordings, or memoranda, relating to the matters set forth in the Complaint as this Interrogatory requests.

**Interrogatory No. 4** asked Rachel "[i]f any such statement, report or memoranda identified in the answer to the preceding Interrogatory has been communicated by or reduced to writing, identify such written record stating the names and addresses of the person or persons who gave and took them, and the name and present address of the person having present custody of same."

Rachel responded, "N/A." In a letter before her responses to Defendants' Interrogatories addressed to her, she provided that "I understand the need to gather relevant information for this case; however, I believe that the details you have requested regarding residence address, educational background, and employment history are not pertinent to the claims or defenses at issue in this matter. After a careful review of your request, it has been determined that several other details sought are not relevant to the claims or defenses at issue in this case. Specifically, Requests No. 3,4,8,9, 11,13, 14, 15 and 17."

However, Rachel's response to Interrogatory No. 4 is insufficient and incomplete. If any such statement, report, or memoranda identified in the answer to the preceding Interrogatory has been communicated by or reduced to writing, Defendants are entitled to that information relating to the identity of such written record stating the names and addresses or persons who gave and took them, and the address and present address of the person have present custody of same, given that this information is relevant and discoverable pursuant to Fed. R. Civ. P. Rule 26.

As a result, Defendants request that Rachel provide "[i]f any such statement, report or memoranda identified in the answer to the preceding Interrogatory has been communicated by or reduced to writing, identify such written record stating the names and addresses of the person or persons who gave and took them, and the name and present address of the person having present custody of same" as this Interrogatory requests.

**Interrogatory No. 7** asked Rachel to "[p]lease state all communications you, your representatives or agents, have had with the City of Cranston, including but not limited to the Cranston Police Department, the Cranston School Department and/or the Western Mills Middle School, any of their agents and/or employees, related to the matters set forth in the Complaint, specifying the date of each such communication, the form, written or oral, the sum and substance of each such communication Plaintiff, Rachel Ware's responses to Defendants' Request for Production of Documents."

Rachel responded, "[w]e have supplied this information with the request of documents."

However, Rachel's response to Interrogatory No. 7 is incomplete and insufficient. After review of the documents that Rachel provided in response to Defendants' Request for Production of Documents, there are no documents that are between her and the Cranston Police Department, Cranston School Department and/or Western Hills Middle School, any of their agents and/or employees, related to the matters set forth in the Complaint. In Rachel's deposition that was taken on August 26, 2024, Rachel testified that she communicated with Cranston Police Department officers, including but not limited to Captain Parker related to the incident alleged in the Complaint. Rachel also testified that she reported this incident to Mayor Hopkins regarding this incident. Rachel further testified that she communicated with the Cranston Superintendent and Assistant Superintendent about the incident alleged in her Complaint. These communications have not been identified in this response and have not been provided in her response to Defendants' Request for Production of Documents.

As a result, Defendants request that Rachel provide all communications between her and the City of Cranston, including but not limited to the Cranston Police Department, the Cranston School Department, and/or the Western Hills Middle School, any of their agents and/or employees related to the matters set forth in the Complaint as this Interrogatory requests.

**Interrogatory No. 8** asked Rachel to "[p]lease state all communications you, your representatives or agents, have had with any and all journalists, reporters, columnists, or other correspondents, their agents and/or employees, related to the matters set forth in the Complaint, specifying the date of each such communication, the form, written or oral, the sum and substance of each such communication and name and address of each person who participated in or who witnessed each communication."

Rachel responded, "N/A." In a letter before her responses to Defendants' Interrogatories addressed to her, she provided that "I understand the need to gather relevant information for this case; however, I believe that the details you have requested regarding residence address, educational background, and employment history are not pertinent to the claims or defenses at issue in this matter. After a careful review of your request, it has been determined that several other details sought are not relevant to the claims or defenses at issue in this case. Specifically, Requests No. 3,4,8,9, 11,13, 14, 15 and 17."

However, Rachel's response to Interrogatory No. 8 is incomplete and insufficient. Given that in the Complaint, Rachel claims reputational harm, and in her deposition Rachel testified that she communicated with journalists, reporters, columnists, or other correspondents regarding the incident alleged in the Complaint, the Defendants are entitled to all communications that Rachel has had with any and all journalists, reporters, columnists, or other correspondents, their agents and/or employees related to the matters set forth in the Complaint.

As a result, Defendants request that Rachel provide all communications between you and any and all journalists, reporters, columnists, or other correspondents, their agents and/or employees related to the matters set forth in the Complaint as this Interrogatory requests.

**Interrogatory No. 9** asked Rachel to, "[p]lease state all communications you, your representatives or agents have had related to the matters set forth in the Complaint, specifying the date of each such communication, the form, written or oral, the sum and substance of each such communication and name and address of each person who participated in or who witnessed each communication"

Rachel responded, "N/A." In a letter before her responses to Defendants' Interrogatories addressed to her, she provided that "I understand the need to gather relevant information for this case; however, I believe that the details you have requested regarding residence address, educational background, and employment history are not pertinent to the claims or defenses at issue in this matter. After a careful review of your request, it has been determined that several other details sought are not relevant to the claims or defenses at issue in this case. Specifically, Requests No. 3,4,8,9, 11,13, 14, 15 and 17."

However, Rachel's response to Interrogatory No. 9 is incomplete and insufficient. All communications that Rachel has had related to the matters set forth in the Complaint, absent any privileges are relevant and discoverable pursuant to Fed. Civ. P. Rule 26.

As a result, Defendants request that Rachel provide all communications, you, your representatives, or agents have had related to the matters set forth in the Complaint, as this Interrogatory requests.

**Interrogatory No. 12** asked Rachel to "[p]lease describe, in as much detail as possible, the incident that occurred Western Hills Middle School on October 21, 2021."

Rachel responded, "[t]he description of the events that took place on October 21, 2021 are written several times in the complaints supplied."

However, Rachel's response is incomplete and insufficient. This interrogatory request Rachel's description of events and her response does not provide her description of events of the incident that occurred at Western Hills Middle School on October 21, 2021.

As a result, Defendants request that Rachel provide the description of events that took place on October 21, 2021 as this Interrogatory requests.

**Interrogatory No. 14** asked Rachel to "[p]lease list any and all medical professionals, including but not limited to psychological professionals, you visited for the three years preceding the date of the incident described in your Complaint that occurred on or about October 21, 2021, to the present, please include the name of the professional, the location, the date visited, and the reason for the visit."

Rachel responded, "N/A." In a letter before her responses to Defendants' Interrogatories addressed to her, she provided that "I understand the need to gather relevant information for this case; however, I believe that the details you have requested regarding residence address, educational background, and employment history are not pertinent to the claims or defenses at issue in this matter. After a careful review of your request, it has been determined that several other details sought are not relevant to the claims or defenses at issue in this case. Specifically, Requests No. 3,4,8,9, 11,13, 14, 15 and 17."

However, Rachel's response to Interrogatory No. 14 is incomplete and insufficient. Given that Rachel is claiming that as a result of the incident alleged in the Complaint, she is claiming damages related to her emotional distress. Rachel further testified that she has sought counseling services in the past in her deposition. As such, a list of any and all medical professionals, including but not limited to psychological professionals that she visited for the three years preceding the date of the incident described in the Complaint that occurred on or about October 21, 2021 to the present is relevant and discoverable pursuant to Fed. R. Civ. P. Rule 26.

As a result, Defendants request that Rachel provide a list of any and all medical professionals, including but not limited to psychological professionals that she visited for the three years preceding the date of the incident described in the Complaint that occurred on or about October 21, 2021 to the present as this Interrogatory requests.

**Interrogatory No. 16** asked Rachel to "[p]lease state and any all incidents and/or contacts that you have had with the Cranston Police Department either before or after the date set forth in your Complaint, and please provide the date/time, summary, and description of same."

Rachel responded, "Gerber Fast Draw tanto, a razor knife, and 1 other one."

However, Rachel's response to Interrogatory No. 16 is unresponsive. Rachel's response does not provide any incidents and/or contacts that you have had with the Cranston Police Department either before or after the date set forth in your Complaint as this Interrogatory requests.

As a result, Defendants request that Rachel state any and all incidents and/or contacts that you have had with the Cranston Police Department either before or after the date set forth in your Complaint as this Interrogatory requests.

**Plaintiff, Josh Mello's Response to Defendants' Interrogatories**

**Interrogatory No. 8** asked Josh to "[p]lease state all communications you, your representatives or agents, have had with any and all journalists, reporters, columnists, or other correspondents, their agents and/or employees, related to the matters set forth in the Complaint, specifying the date of each such communication, the form, written or oral, the sum and substance of each such communication and name and address of each person who participated in or who witnessed each communication."

Josh responded, "N/A." In a letter before his responses to Defendants' Interrogatories addressed to him, he provided that "I understand the need to gather relevant information for this case; however, I believe that the details you have requested regarding residence address, educational background, and employment history are not pertinent to the claims or defenses at issue in this matter. After a careful review of your request, it has been determined that several other details sought are not relevant to the claims or defenses at issue in this case. Specifically, Requests No. 8,9, 11,13, 14, 15, 17, and 18."

However, Josh's response to Interrogatory No. 8 is incomplete and insufficient. Given that in the Complaint, Josh claims reputational harm, and in his deposition Josh testified that he communicated with journalists, reporters, columnists, or other correspondents regarding the incident alleged in the Complaint, the Defendants are entitled to all communications that Josh has had with any and all journalists, reporters, columnists, or other correspondents, their agents and/or employees related to the matters set forth in the Complaint.

As a result, Defendants request that Josh provide a all communications you, your representatives or agents, have had with any and all journalists, reporters, columnists, or other correspondents, their agents and/or employees, related to the matters set forth in the Complaint as this Interrogatory requests.

**Interrogatory No. 9** asked Josh to, "[p]lease state all communications you, your representatives or agents have had related to the matters set forth in the Complaint, specifying the date of each such communication, the form, written or oral, the sum and substance of each such communication and name and address of each person who participated in or who witnessed each communication"

Josh responded, "N/A." In a letter before his responses to Defendants' Interrogatories addressed to him, he provided that "I understand the need to gather relevant information for this case; however, I believe that the details you have requested regarding residence address, educational background, and employment history are not pertinent to the claims or defenses at issue in this matter. After a careful review of your request, it has been determined that several other details sought are not relevant to the claims or defenses at issue in this case. Specifically, Requests No. 8,9, 11,13, 14, 15, 17, and 18."

However, Josh's response to Interrogatory No. 9 is incomplete and insufficient. All communications that Josh has had related to the matters set forth in the Complaint, absent any privileges are relevant and discoverable pursuant to Fed. Civ. P. Rule 26.

As a result, Defendants request that Josh provide all communications, you, your representatives, or agents have had related to the matters set forth in the Complaint, as this Interrogatory requests.

**Interrogatory No. 12** asked Josh to "[p]lease describe, in as much detail as possible, the incident that occurred Western Hills Middle School on October 21, 2021."

Josh responded, "[t]he description of the events that took place on October 21, 2021 are written several times in the complaints supplied."

However, Josh's response is incomplete and insufficient. This interrogatory requests Josh's description of events and his response does not provide his description of events of the incident that occurred at Western Hills Middle School on October 21, 2021.

As a result, Defendants request that Josh provide the description of events that occurred at Western Hills Middle School on October 21, 2021 as this Interrogatory requests.

**Interrogatory No. 14** asked Josh to "[p]lease list any and all medical professionals, including but not limited to psychological professionals, you visited for the three years preceding the date of the incident described in your Complaint that occurred on or about October 21, 2021, to the present, please include the name of the professional, the location, the date visited, and the reason for the visit."

Josh responded, "N/A." In a letter before his responses to Defendants' Interrogatories addressed to him, he provided that "I understand the need to gather relevant information for this case; however, I believe that the details you have requested regarding residence address, educational background, and employment history are not pertinent to the claims or defenses at issue in this matter. After a careful review of your request, it has been determined that several other details sought are not relevant to the claims or defenses at issue in this case. Specifically, Requests No. 8,9, 11,13, 14, 15, 17, and 18."

However, Josh's response is incomplete and insufficient. Given that as a result of this incident, Josh is claiming that emotional distress damages as well as physical damages that he suffered from as a result of this incident, Defendants are entitled to a list of any and all medical professionals, including but not limited to psychological professionals that he visited for the three years preceding the date of the incident described in the Complaint that occurred on or about October 21, 2021, to the present. In his deposition, Josh testified that in addition to Roger Williams Medical Center, Josh also visited an emergency center in Cranston for his alleged injuries. Josh further testified that in his counseling that he goes to with his daughter, the October 21, 2021 incident is discussed.

As a result, Defendants request that Josh provide a list of any and all medical professionals, including but not limited to psychological professionals, you visited for the three years preceding the date of the incident described in your Complaint that occurred on or about October 21, 2021, to the present, please include the name of the professional, the location, the date visited, and the reason for the visit as this Interrogatory requests.

**Interrogatory No. 18** asked Josh to "[p]lease state any and all incidents and/or contacts that you have had with the Cranston Police Department either before or after the date set forth in the Complaint, and please provide the date/time, summary, and description of same."

Josh responded, "N/A." In a letter before his responses to Defendants' Interrogatories addressed to him, he provided that "I understand the need to gather relevant information for this case; however, I believe that the details you have requested regarding residence address, educational background, and employment history are not pertinent to the claims or defenses at issue in this matter. After a careful review of your request, it has been determined that several other details sought are not relevant to the claims or defenses at issue in this case. Specifically, Requests No. 8,9, 11,13, 14, 15, 17, and 18."

However, Josh's response is incomplete and insufficient. In the Complaint and in his deposition, Josh alleges that the Cranston Police Department is retaliatory against him. As such, any and all incidents and/or contacts that Josh has had with the Cranston Police Department is relevant and discoverable under Fed. R. Civ. P. Rule 26.

As a result, Defendants request that Josh provide any and all incidents and/or contacts that he has had with the Cranston Police Department.

**Plaintiff, Rachel Ware's Response to Defendants' Request for Production of Documents**

**Request No. 5** asked Rachel to provide "[a]ny and all correspondence, including but not limited to text messages, emails or other documents, you, your agents, and/or representatives, and the Cranston School Department, its employees, agents and/or representatives concerning the matters set forth in the Complaint."

Rachel responded, "[t]here is no correspondence about the matters set forth in the Complaint with Cranston School Department."

However, Rachel's response is incomplete and insufficient. In her deposition, Rachel testified that she communicated with the Superintendent of the Cranston School Department about the "No Trespass Order" against her and Josh that was given as a result of the October 21, 2021 incident through email. As such, there is communication between Rachel and the Cranston School Department.

As a result, Defendants request that Rachel provide any and all correspondence, including but not limited to text messages, emails, or other documents between you, your agents, and/or representatives and the Cranston School Department as this Request asks.

**Request No. 7** asked Rachel to provide, "Any and all correspondence or other documents that you, your agents, and/or representatives provided to the Western Mills Middle School concerning the matters set forth in the Complaint."

Rachel responded, "[p]lease refer to the answer in number 5."

However, Rachel's response is incomplete and insufficient. In her deposition, Rachel testified that the day after the incident, October 22, 2021, she brought an Order from Rhode Island Family Court to the Western Hills Middle School. Given that Rachel provided an Order, Defendants are entitled to that Order that she provided on October 22, 2021 as well as any other correspondence or other documents that she provided to Western Hills Middle School related to the Complaint.

As a result, Defendants request that Rachel provide any and all correspondence or other documents that she provided to the Western Hills Middle School regarding the Complaint.

**Request No. 8** asked Rachel to provide, "[a]ny and all correspondence, including but not limited to text messages, emails or other documents, you, your agents, and/or representatives, and any and all journalists, columnist, reporters, or other correspondents, concerning the matters set forth in the Complaint."

Rachel responded, "not applicable." In a letter provided before her responses to the Defendants' Request for Production of Documents, Rachel provided that, "[a]fter a careful review of your request, it has been determined that several of the documented sought are not relevant to the claims or defenses at issue in this case. Specifically, Request No. 8,9,11,12, and 13."

However, Rachel's response to Request No. 8 is incomplete and not responsive. In the Complaint as well as her deposition, Rachel testified that she is seeking damages related to her reputational harm. In her deposition, Rachel also testified that she communicated with journalists regarding the incident on October 21, 2021. As such, any and all correspondence, including but not limited to text messages, emails or other documents that you, your agents, and/or representatives have had with any and all journalists, columnists, reporters, or any other correspondents, concerning the matters set forth in the Complaint are relevant and discoverable under Fed. R. Civ. P. Rule 26.

As a result, Defendants request that Rachel provide any and all correspondence, including but not limited to text messages, emails or other documents, you, your agents, and/or representatives have had with any and all journalists, columnists, reporters, or other correspondents concerning the matters set forth in the Complaint as this Request asks.

**Request No. 11** asked Rachel to provide, "[a]ny and all medical (physical and/or mental health) bills, reports, and/or other documents for you, including but not limited to radiologists, CT Technologists, Neurologists, Neuropsychologists, Psychologists, and Psychiatrists, from five (5) years prior to the date of the incident alleged in the Complaint to present."

Rachel responded, "[N]ot applicable." In a letter provided before her responses to the Defendants' Request for Production of Documents, Rachel provided that, "[a]fter a careful review of your request, it has been determined that several of the documented sought are not relevant to the claims or defenses at issue in this case. Specifically, Request No. 8,9,11,12, and 13."

However, Rachel's response is incomplete and insufficient. Rachel testified in her deposition that as a result of the incident alleged in the Complaint, she is claiming damages related to her emotional distress. Rachel further testified that she has sought counseling services in the past in her deposition. As such, any and all medical (physical and/or mental health) bills, reports, and/or other documents for you, including but not limited to radiologists, CT Technologists, Neurologists, Neuropsychologists, Psychologists, and Psychiatrists, from five (5) years prior to the date of the incident alleged in the Complaint to the present is relevant and discoverable pursuant to Fed. R. Civ. P. Rule 26.

As a result, Defendants request that Rachel provide any and all medical (physical and/or mental health) bills, reports, and/or other documents for you, including but not limited to radiologists, CT Technologists, Neurologists, Neuropsychologists, Psychologists, and Psychiatrists, from five (5) years prior to the date of the incident alleged in the Complaint to present as this Request asks.

**Request No. 12** asked Rachel to provide, "[a]ny and all notes and/or diaries prepared by you, concerning the matters set forth in the Complaint."

Rachel responded, "not applicable." In a letter provided before her responses to the Defendants' Request for Production of Documents, Rachel provided that, "[a]fter a careful review of your request, it has been determined that several of the documented sought are not relevant to the claims or defenses at issue in this case. Specifically, Request No. 8,9,11,12, and 13."

However, Rachel's response is incomplete and insufficient. Any and all notes prepared by her concerning the matters set forth in the Complaint are discoverable and relevant pursuant to Fed. R. Civ. P. Rule 26.

As a result, Defendants request that Rachel provide any and all notes and/or diaries prepared by her concerning the matters set forth in the Complaint.

**Plaintiff, Joshua Mello's response to Defendants' Request for Production of Documents**

**Request No. 8** asked Josh to provide, "[a]ny and all correspondence, including but not limited to text messages, emails or other documents, you, your agents, and/or representatives, and any and all journalists, columnist, reporters, or other correspondents, concerning the matters set forth in the Complaint."

Josh responded, "not applicable." In a letter provided before his responses to the Defendants' Request for Production of Documents, Josh provided that, "[a]fter a careful review of your request, it has been determined that several of the documented sought are not relevant to the claims or defenses at issue in this case. Specifically, Request No. 8,9,11,12, and 13."

However, Josh's response is incomplete and insufficient. In the Complaint and in his deposition, he claims that he suffered from reputational harm as a result of the incident alleged in the Complaint. Josh also testified that he spoke with journalists regarding the incident alleged in the Complaint. As a result, any and all correspondence, including but not limited to text messages, emails, or other documents between you and any other journalists, columnists, reporters, or other correspondents, concerning the matters set forth in the Complaint.

As a result, Defendants request that Josh provide any and all correspondence, including but not limited to text messages, emails or other documents, you, your agents, and/or representatives, and any and all journalists, columnists, reporters, or other correspondents, concerning the matters set forth in the Complaint as this Request asks.

**Request No. 9** asked Josh to provide, "[a]ny and all electronic communications, including but not limited to, Email, text messages, instant messages, Facebook, MySpace and/or Twitter (otherwise known as "X") status updates or direct messages posted, YouTube or other videos posted, by you on

any accounts that you have access to or posted content to, concerning the matters set forth in the Complaint."

Josh responded, "not applicable." In a letter provided before his responses to the Defendants' Request for Production of Documents, Josh provided that, "[a]fter a careful review of your request, it has been determined that several of the documented sought are not relevant to the claims or defenses at issue in this case. Specifically, Request No. 8,9,11,12, and 13."

However, Josh's response is incomplete and insufficient. Any and all electronic communications, including but not limited to, Email, text messages, instant messages, Facebook, MySpace, and/or Twitter (otherwise known as "X") status updates or direct messages posted, YouTube or other videos posted by you on any accounts that you have access to or posted content to concerning the matters set forth in the Complaint are relevant and discoverable pursuant to Fed. R. Civ. P. Rule 26.

As a result, Defendants request that Josh provide any and all electronic communications, including but not limited to, Email, text messages, instant messages, Facebook, MySpace and/or Twitter (otherwise known as "X") status updates or direct messages posted, YouTube or other videos posted, by you on any accounts that you have access to or posted content to, concerning the matters set forth in the Complaint as this Request asks.

**Request No. 11** asked Josh to provide, "[a]ny and all medical (physical and/or mental health) bills, reports, and/or other documents for you, including but not limited to radiologists, CT Technologists, Neurologists, Neuropsychologists, Psychologists, and Psychiatrists, from five (5) years prior to the date of the incident alleged in the Complaint to present."

Josh responded, "not applicable." In a letter provided before his responses to the Defendants' Request for Production of Documents, Rachel provided that, "[a]fter a careful review of your request, it has been determined that several of the documented sought are not relevant to the claims or defenses at issue in this case. Specifically, Request No. 8,9,11,12, and 13."

However, Josh's response is incomplete and insufficient. In the Complaint and in his deposition, Josh testified that he is claiming that he suffered from emotional distress and physical damages as a result of the incident alleged in the Complaint. Josh also testified that in addition to the medical care that he received at Roger Williams Medical Center, he also sought medical treatment at a Cranston emergency room. Josh further testified that he is seeing a counselor with his daughter and this incident has been discussed with that counselor. As such, any and all medical (physical and/or mental health) bills, reports, and/or other documents for you, including but not limited to radiologists, CT Technologists, Neurologists, Neuropsychologists, Psychologists, and Psychiatrists, from five (5) years prior to the date of the incident alleged in the Complaint to present is relevant and discoverable under Fed. R. Civ. P. Rule 26.

As a result, Defendants request that Josh provide any and all medical (physical and/or mental health) bills, reports, and/or other documents for you, including but not limited to radiologists, CT

Technologists, Neurologists, Neuropsychologists, Psychologists, and Psychiatrists, from five (5) years prior to the date of the incident alleged in the Complaint to present as this Request asks.

**Request No. 12** asked Josh to provide, "[a]ny and all notes and/or diaries prepared by you, concerning the matters set forth in the Complaint."

Josh responded, "Not applicable." In a letter provided before his responses to the Defendants' Request for Production of Documents, Rachel provided that, "[a]fter a careful review of your request, it has been determined that several of the documented sought are not relevant to the claims or defenses at issue in this case. Specifically, Request No. 8,9,11,12, and 13."

However, Josh's response is incomplete and insufficient. Any and all notes and/or diaries prepared by Josh, concerning the matters set forth in the Complaint are discoverable and relevant pursuant to Fed. R. Civ. P. Rule 26.

As a result, Defendants request that Josh provide any and all notes and/or diaries prepared by Josh, concerning the matters set forth in the Complaint.

Please provide me with supplemental responses to Joshua Mello's Interrogatories and Request for Production of Documents as well as Rachel Ware's Interrogatories and Request for Production of Documents that comply with Rules 26, 33, and 34 of the Federal Rules of Civil Procedure by Wednesday, September 11, 2024, so I can avoid filing a motion with the court a motion to compel the responses. Also, pleas consider this letter, in my good faith effort to resolve the discovery dispute without court intervention as compliance with Rule 37(a)(2) of the Federal Rules of Civil Procedure. Thank you and I look forward to hearing from you.

Very truly yours,

***/s/ Julia K. Scott-Benevides***

Julia K. Scott- Benevides

Cc: Marc DeSisto; marc@desistolaw.com