# Exhibit E

# DESISTO LAW LLC
### ATTORNEYS AT LAW

60 SHIP STREET
PROVIDENCE, RI 02903
(401) 272-4442 Ext.206
Fax: (401) 533-9848
Julia@desistolaw.com

Julia K. Scott- Benevides, Esquire

September 26, 2024

**<u>Sent via email and through Certified Mail</u>**

Joshua Mello and Rachel Ware
57 Rolfe Square, Unit 10113
Cranston, Rhode Island 02910
kskustomsrideons@gmail.com

<u>Re: *Mello et al. v. Arruda et al.*; C.A. No. 23-cv-00479-JJM-LDA; C.A. No. 23-cv-00480-JJM-LDA</u>

Dear Josh and Rachel,

  In follow-up to the September 12, 2024, responses that you provided to my Good Faith Letter that was sent to you both on August 28, 2024, as well the September 12, 2024 responses to Defendants' Second Set of Interrogatories and Defendants' Second Set of Request for Production of Documents. I write again in good faith, seeking that you provide more responsive and/or amended answers, responses, and additional responsive materials, in compliance with the Federal Rules of Civil Procedure.

## In Response to August 28, 2024, Good Faith Letter

At the outset, I see that both Plaintiffs, Rachel Ware and Joshua Mello included objections in their response to my August 28, 2024, Good Faith Letter. As for the Plaintiffs' objections to the Defendants' Interrogatories, Rule 33(b)(2) of the Federal Rules of Civil Procedure provides that "[t]he responding party must serve its answers and any objections within 30 days after being served with the interrogatories…" Fed. R. Civ. P. Rule 33(b)(4) provides that, "[t]he grounds for objecting to an interrogatory must be stated with specifity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." As for the Plaintiffs' objections to the Defendants' Request for Production of Documents, Fed. R. Civ. P. Rule 34(b)(2)(A) provides that "[t]he party to whom the request is directed must respond within thirty days after being served… A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court." Fed. R. Civ. P. Rule 34(b)(2)(C) provides that, "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection…" Given that Rachel and Josh provided responses to Defendants' Interrogatories and Defendants' Request for Production of Documents before adding objections to what appears to be their supplemental responses, it is the Defendants' position that Josh and Rachel waived their objections.

*Joshua Mello and Rachel Ware*
*September 26, 2024*
*Page 2*

*Plaintiff, Rachel Ware's responses to Defendants' Interrogatories*

**Interrogatory No. 3** asked Rachel to "[p]lease state the names and present addresses of those persons who have given you, or any person, firm or corporation acting on your behalf, statements, reports, voice recordings or memoranda, relating to the matters set forth in the complaint, its causes or consequences, and please provide the date of each item, and the name and address of the person, firm or corporation having present possession or custody of each such item."

Rachel responded, "N/A." In a letter before her responses to Defendants' Interrogatories addressed to her, she provided that "I understand the need to gather relevant information for this case; however, I believe that the details you have requested regarding residence address, educational background, and employment history are not pertinent to the claims or defenses at issue in this matter. After a careful review of your request, it has been determined that several other details sought are not relevant to the claims or defenses at issue in this case. Specifically, Requests No. 3,4,8,9, 11,13, 14, 15 and 17."

In Rachel's response to my Good Faith Letter, it appears that Rachel objects to "the request for memoranda or reports that may have been prepared in anticipation of litigation or are otherwise protected by the attorney-client privilege, work product, or other applicable privileges under Rule 26(b)(3) of the Federal Rules of Civil Procedure."

After reviewing Rachel's response to my Good Faith Letter, Rachels response is incomplete. While Defendants assert that Rachel waived her objections by not providing them in her initial response to Defendants' Interrogatories, Rachel does not provide a Privilege Log as required under Fed. R. Civ. P. Rule 26(b)(5). As a result, Defendants request that Rachel provide a Privilege Log that adequately describes the information she is withholding under Rule 26(b)(5).

**Interrogatory No. 4** asked Rachel "[i]f any such statement, report or memoranda identified in the answer to the preceding Interrogatory has been communicated by or reduced to writing, identify such written record stating the names and addresses of the person or persons who gave and took them, and the name and present address of the person having present custody of same."

Rachel responded, "N/A." In a letter before her responses to Defendants' Interrogatories addressed to her, she provided that "I understand the need to gather relevant information for this case; however, I believe that the details you have requested regarding residence address, educational background, and employment history are not pertinent to the claims or defenses at issue in this matter. After a careful review of your request, it has been determined that several other details sought are not relevant to the claims or defenses at issue in this case. Specifically, Requests No. 3,4,8,9, 11,13, 14, 15 and 17."

After reviewing Rachel's response to my Good Faith Letter, it appears that Rachel's response to Interrogatory No. 4 remains insufficient and incomplete. In Rachel's response, she provides "Public Articles," without adequately identifying the adequate information regarding the WPRI Article and Cranston Patch Article she is referring to. Similarly, she refers to "Surveillance Video" without identifying the adequate information regarding the video she is referring to. Further, she also includes

*Joshua Mello and Rachel Ware*
*September 26, 2024*
*Page 3*

"APRA Requests" without identifying the adequate information regarding what APRA request from the Cranston Police Department that she is referring to. As a result, Defendants request that Rachel to provide adequate information to properly identify the Public Articles, the Surveillance Video, and the APRA Requests referred to in this request.

Rachel also "objects to this interrogatory to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, or any other applicable legal privilege or protection." In addition, Rachel asserts that "[t]he information provided aligns with the requirements of Federal Rule of Civil Procedure 26(b)(5), concerning claims of privilege or protection." While Defendants assert that Rachel waived her objections by not providing them in her initial response to Defendants' Interrogatories, it is the Defendant's position that Plaintiff did not provide the necessary information under Fed. R. Civ. P. Rule 26(b)(5). Defendants request that Rachel provide a Privilege Log that adequately describes the information that has been withheld as required by Rule 26(b)(5). Rule 26(b)(5)(A) provides that "when a party withholds information otherwise discoverable by claiming the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed, and do so in a manner, without revealing the relevant information itself privileged or protected, will enable other parties to assess the claim." It is the Defendants' position that Plaintiff has not described the nature of the documents and/or communications that Rachel is withholding. As a result, Defendants request that Plaintiff provide a privilege log in accordance with Rule 26.

**Interrogatory No. 7** asked Rachel to "[p]lease state all communications you, your representatives or agents, have had with the City of Cranston, including but not limited to the Cranston Police Department, the Cranston School Department and/or the Western Mills Middle School, any of their agents and/or employees, related to the matters set forth in the Complaint, specifying the date of each such communication, the form, written or oral, the sum and substance of each such communication Plaintiff, Rachel Ware's responses to Defendants' Request for Production of Documents."

Rachel responded, "[w]e have supplied this information with the request of documents."

In Rachel's response to my Good Faith Letter, it appears that she objects to the "overly broad, unduly burdensome, and seeks information that is not directly related to the matters set forth in the Complaint." In what appears to be a supplemental response to Interrogatory No. 7, Rachel provided an email dated July 25, 2022, from Rachel Ware and Joshua Mello to Mayor Keneth Hopkins. Rachel also provided that the emails between her and the Assistant Superintendent and Superintendent are "irrelevant to police misconduct/excessive force." Defendants disagree. While it is the Defendants' position that Rachel waived her objections when she provided a response to interrogatories before her objections, Rachel further testified in her deposition that she spoke with the Superintendent, Mayor Hopkins, Col. Winquist, and Captain Parker regarding the October 21, 2021 incident. To date, Rachel has not provided any communications between Rachel, her representatives, and/or agents, and the Superintendent, Col. Winquist, and/or Captain Parker regarding the October 21, 2021 incident. Rachel also testified that she brought the April 2021 Family Court Order to Western Hills Middle School on

*Joshua Mello and Rachel Ware*
*September 26, 2024*
*Page 4*

October 22, 2021, the day after the incident. If the manner in which Rachel delivered the April 2021 Family Court Order to Western Hills Middle School was communicated through email or any other written communication, it is the Defendants' position that any such email is discoverable.

Rachel additionally testified that she spoke with the Superintendent and Assistant Superintendent regarding the "No Trespass Order" that she received as a result of the October 21, 2021 incident. To date, Rachel has not provided any communications with the Superintendent and the Assistant Superintendent. It is the Defendants' position that these communications, and any communications between you, your representatives, and/or agents and the City of Cranston, including but not limited to the Cranston Police Department, the Cranston School Department, and/or Western Hills Middle School, any of their agents, and/or employees, related to the matters set forth in the Complaint are relevant under Fed. R. Civ. P. Rule 26. As a result, Defendants request that Rachel supplement this interrogatory to include all communications between you, your representatives, and/or agents and the Assistant Superintendent, the Superintendent, Mayor Hopkins, Col. Winquist, and Captain Parker, as well as any and all other communications you, your representatives, or agents have had with the City of Cranston, including but not limited to the Cranston Police Department, the Cranston School Department and/or the Western Mills Middle School, any of their agents and/or employees, related to the matters set forth in the Complaint as this interrogatory requests.

**Interrogatory No. 8** asked Rachel to "[p]lease state all communications you, your representatives or agents, have had with any and all journalists, reporters, columnists, or other correspondents, their agents and/or employees, related to the matters set forth in the Complaint, specifying the date of each such communication, the form, written or oral, the sum and substance of each such communication and name and address of each person who participated in or who witnessed each communication."

Rachel responded, "N/A." In a letter before her responses to Defendants' Interrogatories addressed to her, she provided that "I understand the need to gather relevant information for this case; however, I believe that the details you have requested regarding residence address, educational background, and employment history are not pertinent to the claims or defenses at issue in this matter. After a careful review of your request, it has been determined that several other details sought are not relevant to the claims or defenses at issue in this case. Specifically, Requests No. 3,4,8,9, 11,13, 14, 15 and 17."

After reviewing Rachel's response to my Good Faith Letter, Rachel's response to Interrogatory No. 8 appears to be incomplete and insufficient. Defendants note that it is their position that Rachel waived her objections. Defendants also add that although Rachel provided that she communicated with "Michael Stenhouse (Journalist)," "Dan Bibdondi (Journalist)," and "Lauren Hayden (YouTube/Podcaster)," Rachel does not provide the requested information in this Interrogatory, such as the date of each such communication, the form, written or oral, the sum and substance of each such communication, and the name and address of each person who participated in or witnessed such communication. Given that Rachel alleges that she suffered reputational damages, and she's testified that she's communicated with the press, Defendants are entitled to this information pursuant to Fed. R. Civ. P. Rule 26. As a result, Defendants request that Rachel supplement her response to include the information that Interrogatory No. 8 requests. In addition, to the extent that that Rachel is withholding

*Joshua Mello and Rachel Ware*
*September 26, 2024*
*Page 5*

communications between her and journalists, reporters, columnists, or other correspondents pursuant to a "reporter's privilege," Defendants also request that Rachel provide a Privilege Log that adequately describes the information being withheld in accordance with Fed. R. Civ. P. Rule 26(b)(5).

**Interrogatory No. 12** asked Rachel to "[p]lease describe, in as much detail as possible, the incident that occurred Western Hills Middle School on October 21, 2021."

Rachel responded, "[t]he description of the events that took place on October 21, 2021 are written several times in the complaints supplied."

In her response to my Good Faith Letter, it appears that Rachel objects responding to this Interrogatory. Although it is the Defendants position that Rachel waived her objections, a description, in as much details as possible of the incident that occurred at Western Hills Middle School on October 21, 2021 is discoverable under Fed. R. Civ. P. Rule 26. It also appears that Rachel provided a "statement," in what looks like a supplemental response to this Interrogatory. However, as Rachel provided, the "statement" that she provided in what looks like a supplemental response to this Interrogatory, is incomplete. As a result, Defendants request that Rachel provide a complete description, in as much detail as possible, as this Interrogatory requests.

**Interrogatory No. 14** asked Rachel to "[p]lease list any and all medical professionals, including but not limited to psychological professionals, you visited for the three years preceding the date of the incident described in your Complaint that occurred on or about October 21, 2021, to the present, please include the name of the professional, the location, the date visited, and the reason for the visit."

Rachel responded, "N/A." In a letter before her responses to Defendants' Interrogatories addressed to her, she provided that "I understand the need to gather relevant information for this case; however, I believe that the details you have requested regarding residence address, educational background, and employment history are not pertinent to the claims or defenses at issue in this matter. After a careful review of your request, it has been determined that several other details sought are not relevant to the claims or defenses at issue in this case. Specifically, Requests No. 3,4,8,9, 11,13, 14, 15 and 17."

In response to my Good Faith Letter, it appears that Rachel responds that her emotional distress is "grounded in the facts of the incident itself" and references the video that Plaintiffs provided in discovery. Rachel also seems to argue that "seeking counseling or other psychological services is a personal decision and is not required to validate a claim of emotional distress."

After reviewing Rachel's response to my Good Faith Letter, it appears that Rachel's response to this Interrogatory remains to be incomplete and insufficient. While Defendants argue that Rachel waived her objections, it is also the Defendants position that Rachel brought her health into question when she brought the instant lawsuit and alleged that she suffered from emotional distress damages. In her deposition, Rachel testified that she saw a counselor that Josh Mello and Karissa Mello were seeing at the time regarding the incident. Rachel also testified that she's sought mental health counseling at other times in her life. As a result, the Defendants are entitled to a list of any and all medical

*Joshua Mello and Rachel Ware*
*September 26, 2024*
*Page 6*

professionals, including but not limited to psychological professionals, you visited for the three years preceding the date of the incident described in your Complaint that occurred on or about October 21, 2021, to the present, please include the name of the professional, the location, the date visited, and the reason for the visit as this Interrogatory requests.

*Plaintiff, Josh Mello's Response to Defendants' Interrogatories*

**Interrogatory No. 8** asked Josh to "[p]lease state all communications you, your representatives or agents, have had with any and all journalists, reporters, columnists, or other correspondents, their agents and/or employees, related to the matters set forth in the Complaint, specifying the date of each such communication, the form, written or oral, the sum and substance of each such communication and name and address of each person who participated in or who witnessed each communication."

Josh responded, "N/A." In a letter before his responses to Defendants' Interrogatories addressed to him, he provided that "I understand the need to gather relevant information for this case; however, I believe that the details you have requested regarding residence address, educational background, and employment history are not pertinent to the claims or defenses at issue in this matter. After a careful review of your request, it has been determined that several other details sought are not relevant to the claims or defenses at issue in this case. Specifically, Requests No. 8,9, 11,13, 14, 15, 17, and 18."

In response to my Good Faith Letter, it appears that Josh objects to the cumulative and duplicative nature under Fed. R. Civ. P. Rule 26(b)(2)(C), given that "this matter has already been addressed by co-plaintiff Rachel Ware in her responses to the Defendants' Interrogatories." Josh further "adopted" Rachel Ware's responses, "as they reflect communications involving both parties and therefore, Rachel Ware's responses should be considered fully responsive for both Plaintiffs in this matter." Josh also included that he communicated with Mike Stenhouse, Dan Bibondi, and Lauren Hayden.

However, Josh's response to my Good Faith letter remains to be incomplete and insufficient. While it is the Defendants' position that Josh waived his objections, Defendants also add that pursuant to Fed. R. Civ. P. Rule 33, interrogatories must be answered "by the party to whom they are directed." As such, it is the Defendants' position that Josh cannot simply "adopt" Rachel Ware's responses. Further, Josh's response fails to include the date of such communication, the form, written or oral, and the sum and substance of each such communication as this Interrogatory requests. As a result, Defendants request that Josh provide a supplemental response to this Interrogatory that provides, the all communications between Josh and Mike Stenhouse, Dan Bibondi, Lauren Hayden, and any other journalists, reporters, columnists, or other correspondents, their agents, employees, related to the matters set forth in the Complaint, specifying the date of each such communication, the form, written or oral, and the sum and substance of each such communication as this Interrogatory requests.

**Interrogatory No. 12** asked Josh to "[p]lease describe, in as much detail as possible, the incident that occurred Western Hills Middle School on October 21, 2021."

*Joshua Mello and Rachel Ware*
*September 26, 2024*
*Page 7*

Josh responded, "[t]he description of the events that took place on October 21, 2021 are written several times in the complaints supplied."

In response to my Good Faith Letter, it appears that Josh is objecting to responding to this Interrogatory based on he believes that this Interrogatory is "duplicative to prior disclosures," and refuses to "rewrite or restate the incident beyond what has already been provided in court filings."

After reviewing Josh's response to my Good Faith Letter, Josh's response remains to be insufficient and complete. While it is the Defendants' position that Josh waived his objections, a description of the events of the incident that occurred at Western Hill Middle School on October 21, 2021, is discoverable under Fed. R. Civ. P. Rule 26. As a result, Defendants request that Josh provide the description of events that occurred at Western Hills Middle School on October 21, 2021 as this Interrogatory requests.

**Interrogatory No. 14** asked Josh to "[p]lease list any and all medical professionals, including but not limited to psychological professionals, you visited for the three years preceding the date of the incident described in your Complaint that occurred on or about October 21, 2021, to the present, please include the name of the professional, the location, the date visited, and the reason for the visit."

Josh responded, "N/A." In a letter before his responses to Defendants' Interrogatories addressed to him, he provided that "I understand the need to gather relevant information for this case; however, I believe that the details you have requested regarding residence address, educational background, and employment history are not pertinent to the claims or defenses at issue in this matter. After a careful review of your request, it has been determined that several other details sought are not relevant to the claims or defenses at issue in this case. Specifically, Requests No. 8,9, 11,13, 14, 15, 17, and 18."

In Josh's response to my Good Faith Letter, it appears that he objected "on the grounds of relevance and proportionality," "privacy grounds," and "overbreadth." He further alleges that "the emotional harm sustained is self- evident from the facts and circumstances of the October 21, 2021 incident, and the video evidence is submitted."

After reviewing Josh's response to my Good Faith Letter, it appears that his response remains incomplete and insufficient. While it is the Defendants' position that Josh waived his objections, Defendants also maintain that Josh put his health into question when he alleged emotional and physical damages as a result of the incident set forth in the Complaint. Further, given that as a result of this incident, Josh is claiming that emotional distress damages as well as physical damages that he suffered from as a result of this incident, Defendants are entitled to a list of any and all medical professionals, including but not limited to psychological professionals that he visited for the three years preceding the date of the incident described in the Complaint that occurred on or about October 21, 2021, to the present. In his deposition, Josh testified that in addition to Roger Williams Medical Center, Josh also visited an emergency center in Cranston for his alleged injuries. Josh further testified that in his counseling that he goes to with his daughter, the October 21, 2021 incident is discussed. As a result, Defendants request that Josh provide a list of any and all medical professionals, including but

*Joshua Mello and Rachel Ware*
*September 26, 2024*
*Page 8*

not limited to psychological professionals, you visited for the three years preceding the date of the incident described in your Complaint that occurred on or about October 21, 2021, to the present, please include the name of the professional, the location, the date visited, and the reason for the visit as this Interrogatory requests.

*Plaintiff, Rachel Ware's Response to Defendants' Request for Production of Documents*

**Request No. 5** asked Rachel to provide "[a]ny and all correspondence, including but not limited to text messages, emails or other documents, you, your agents, and/or representatives, and the Cranston School Department, its employees, agents and/or representatives concerning the matters set forth in the Complaint."

Rachel responded, "[t]here is no correspondence about the matters set forth in the Complaint with Cranston School Department."

In response to my Good Faith Letter, it appears that Rachel objects that "this request is overly broad, unduly broad and unduly burdensome as framed," and are irrelevant. She further includes that "no correspondence exists concerning the matters in the Complaint beyond what has been provided. The Defendants' assumption that emails related to the "No Trespass Order" fall within the scope of the request is speculative, and the requested materials are not relevant to the underlying claims." Rachel further states, that she objects "to producing communications that are duplicative of what has already been produced during the deposition."

After review of Rachel's response to my Good Faith Letter, Rachel's response remains insufficient and incomplete. While it is the Defendants' position that Rachel waived her objections, Defendants also add that Rachel did not produce any correspondence, including but not limited to text messages, emails or other documents between Rachel, her agents, and/or her representatives and the Cranston School Department, its employees, agents, and/or representatives concerning the matters set forth in the Complaint at your deposition. Instead, at Rachel's deposition, she testified that she spoke with the Superintendent regarding the October 21, 2021 incident. To date, Rachel has not provided any communications between herself and the Superintendent and Assistant Superintendent.

Rachel additionally testified that she spoke with the Superintendent and Assistant Superintendent regarding the "No Trespass Order" that she received as a result of the October 21, 2021 incident. To date, Rachel has not provided any communications with the Superintendent and the Assistant Superintendent. Even though it appears to be Rachel's position that the "No Trespass Order's" relevance is "speculative," Defendants disagree. Rachel and Josh both allege that they have been prevented from "essential moments in [Karissa's] academic journey, including parent-teacher conferences, her inaugural school dance, and her first and only band convert due to the illegal no trespass order the Cranston School Department and the Cranston Police Department" have on them in their Complaint. As a result, it is the Defendants' position that these communications, and any communications between you, your representatives, and/or agents and the Cranston School Department, and/or any of their agents, and/or employees, related to the matters set forth in the

*Joshua Mello and Rachel Ware*
*September 26, 2024*
*Page 9*

Complaint are relevant under Fed. R. Civ. P. Rule 26. As a result, Defendants request that Rachel provide any and all correspondence, including but not limited to text messages, emails, or other documents between you, your agents, and/or representatives and the Cranston School Department as this Request asks.

**Request No. 7** asked Rachel to provide, "Any and all correspondence or other documents that you, your agents, and/or representatives provided to the Western Mills Middle School concerning the matters set forth in the Complaint."

Rachel responded, "[p]lease refer to the answer in number 5."

In response to my Good Faith Letter, it appears that Rachel objects that "this request is overly broad and fails to identify specific documents with particularity" as required by Rule 34(b)(1)(A). Rachel also asserts that the production of documents is not proportional to the needs of the case, as the information is irrelevant to Rachel's claims. Additionally, Rachel provides that, "[t]he Family Court Order was delivered on October 22, 2021, was brought in her capacity as a parent and not in relation to the Complainant's allegations. If Defendants wish to request specific documents related to the Complaint, such requests must be appropriately narrowed."

After review of Rachel's response to my Good Faith Letter, Rachel's response remains insufficient and incomplete. While it is the Defendants' position that Rachel waived her objections, Defendants also add that Rachel testified that she brought the April 2021 Family Court Order, the family order that is at issue in this case, to Western Hills Middle School on October 22, 2021, the day after the incident. If the manner in which Rachel delivered the April 2021 Family Court Order to Western Hills Middle School was communicated through email or other written communication, it is the Defendants' position that they are entitled to any such email. Defendants are also entitled to any and all correspondence or other documents that Rachel, her agents, and/or representatives provided to the Western Hills Middle School concerning the matters set forth in the Complaint. As a result, Defendants request that Rachel provide any and all correspondence or other documents that she provided to the Western Hills Middle School regarding the Complaint.

**Request No. 8** asked Rachel to provide, "[a]ny and all correspondence, including but not limited to text messages, emails or other documents, you, your agents, and/or representatives, and any and all journalists, columnist, reporters, or other correspondents, concerning the matters set forth in the Complaint."

Rachel responded, "not applicable." In a letter provided before her responses to the Defendants' Request for Production of Documents, Rachel provided that, "[a]fter a careful review of your request, it has been determined that several of the documented sought are not relevant to the claims or defenses at issue in this case. Specifically, Request No. 8,9,11,12, and 13."

In response to my Good Faith Letter it appears that Rachel objects based on proportionality, relevance, and that these requests "invades her privacy rights."

*Joshua Mello and Rachel Ware*
*September 26, 2024*
*Page 10*

After reviewing Rachel's response to my Good Faith Letter, this request remains incomplete and insufficient. While it is Defendants' position that Rachel waived her objections, Defendants also maintain that as noted above, given that Rachel alleges that she suffered reputational damages, and she's testified that she's communicated with the press, Defendants are entitled to this information pursuant to Fed. R. Civ. P. Rule 26. As a result, Defendants request that Rachel supplement her response to include the information that Interrogatory No. 8 requests. In addition, to the extent that that Rachel is withholding communications between her and journalists, reporters, columnists, or other correspondents pursuant to a "reporter's privilege," Defendants also request that Rachel provide a Privilege Log that adequately describes the information being withheld in accordance with Fed. R. Civ. P. Rule 26(b)(5).

**Request No. 11** asked Rachel to provide, "[a]ny and all medical (physical and/or mental health) bills, reports, and/or other documents for you, including but not limited to radiologists, CT Technologists, Neurologists, Neuropsychologists, Psychologists, and Psychiatrists, from five (5) years prior to the date of the incident alleged in the Complaint to present."

Rachel responded, "[N]ot applicable." In a letter provided before her responses to the Defendants' Request for Production of Documents, Rachel provided that, "[a]fter a careful review of your request, it has been determined that several of the documented sought are not relevant to the claims or defenses at issue in this case. Specifically, Request No. 8,9,11,12, and 13."

In response to my Good Faith Letter, it appears that Rachel objected based on proportionality, as well as objected to the overly broad and invasive nature of this request.

After reviewing Rachel's response to my Good Faith Letter, this request remains incomplete and insufficient. While it is Defendants' position that Rachel waived her objections, Defendant also maintains that Defendants position that Rachel brought her health into question when she brought the instant lawsuit and alleged that she suffered from emotional distress damages. In her deposition, Rachel testified that she saw a counselor that Josh Mello and Karissa Mello were seeing at the time regarding the incident. Rachel also testified that she's sought mental health counseling at other times in her life. As a result, Defendants request that Rachel provide any and all medical (physical and/or mental health) bills, reports, and/or other documents for you, including but not limited to radiologists, CT Technologists, Neurologists, Neuropsychologists, Psychologists, and Psychiatrists, from five (5) years prior to the date of the incident alleged in the Complaint to present as this Request asks.

**Request No. 12** asked Rachel to provide, "[a]ny and all notes and/or diaries prepared by you, concerning the matters set forth in the Complaint."

Rachel responded, "not applicable." In a letter provided before her responses to the Defendants' Request for Production of Documents, Rachel provided that, "[a]fter a careful review of your request, it has been determined that several of the documented sought are not relevant to the claims or defenses at issue in this case. Specifically, Request No. 8,9,11,12, and 13."

*Joshua Mello and Rachel Ware*
*September 26, 2024*
*Page 11*

In response to my Good Faith Letter, Rachel appears to object to the extent that she believes this request is vague and ambiguous, and "there is no reasonable way to identify what documents that Defendants are referring to." Rachel also objects based on "privacy rights and fall outside of scope of discoverable material."

After review of Rachel's response to my Good Faith Letter, Rachel's response remains incomplete and insufficient. While it is the Defendants' position that Rachel waived her objection, Defendants also maintain that "any and all notes prepared by you concerning the matters set forth in the Complaint" is a standard request and is not vague and ambiguous. Defendants are simply requesting for your notes and/or diaries that you have made regarding the matters you set forth in the present matter. As such, Defendants are entitled to "any and all notes and/or diaries prepared by you, concerning the matters set forth in the Complaint." As a result, Defendants request that Rachel provide "any and all notes, and/or diaries prepared by you, concerning the matters set forth in the Complaint" as this requested. In addition, to the extent that Plaintiff is withholding any documents, Defendants request that Rachel provide a Privilege Log that adequately describes the information she is withholding under Rule 26(b)(5).

### *Plaintiff, Joshua Mello's response to Defendants' Request for Production of Documents*

**Request No. 8** asked Josh to provide, "[a]ny and all correspondence, including but not limited to text messages, emails or other documents, you, your agents, and/or representatives, and any and all journalists, columnist, reporters, or other correspondents, concerning the matters set forth in the Complaint."

Josh responded, "not applicable." In a letter provided before his responses to the Defendants' Request for Production of Documents, Josh provided that, "[a]fter a careful review of your request, it has been determined that several of the documented sought are not relevant to the claims or defenses at issue in this case. Specifically, Request No. 8,9,11,12, and 13."

In response to my Good Faith Letter, it appears that Josh objects that this request is "overly broad, unduly burdensome, and fails to describe the items sought with reasonable particularity as required by Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure. Josh also alleges that the information sought is privileged or confidential, and invades his privacy rights. Josh additionally claims that "none exist beyond what has already been provided."

After reviewing Josh's response to my Good Faith Letter, Josh's response remains incomplete and insufficient. While it is the Defendants' position that Josh waived his objections, Defendants do not have any documents in response to this request, so it is unclear what Josh means as to "beyond what has already been produced." Defendants request Josh produce any document that he refers to as "what has already been produced." In addition, Defendants request that Josh provide a Privilege Log that adequately describes the information he is withholding under Rule 26(b)(5). .

*Joshua Mello and Rachel Ware*
*September 26, 2024*
*Page 12*

**Request No. 11** asked Josh to provide, "[a]ny and all medical (physical and/or mental health) bills, reports, and/or other documents for you, including but not limited to radiologists, CT Technologists, Neurologists, Neuropsychologists, Psychologists, and Psychiatrists, from five (5) years prior to the date of the incident alleged in the Complaint to present."

Josh responded, "not applicable." In a letter provided before his responses to the Defendants' Request for Production of Documents, Rachel provided that, "[a]fter a careful review of your request, it has been determined that several of the documented sought are not relevant to the claims or defenses at issue in this case. Specifically, Request No. 8,9,11,12, and 13."

In response to my Good Faith Letter, Josh provided that he believes that this request violates his right to privacy regarding his medical history. Josh also asserts that he "is willing to provide medical records directly related to his injuries and distress alleged in the Complaint, but objects to producing material related to any unrelated medical history that is not relevant to the claims made in this case."

After reviewing Josh's response to my Good Faith Letter, Josh's response remains incomplete and insufficient. While it is the Defendants' position that Josh waived his objections, Defendants also maintain that Josh put his health into question when he alleged emotional and physical damages as a result of the incident set forth in the Complaint. Further, given that as a result of this incident, Josh is claiming that emotional distress damages as well as physical damages that he suffered from as a result of this incident, Defendants are entitled to a list of any and all medical professionals, including but not limited to psychological professionals that he visited for the three years preceding the date of the incident described in the Complaint that occurred on or about October 21, 2021, to the present. In his deposition, Josh testified that in addition to Roger Williams Medical Center, Josh also visited an emergency center in Cranston for his alleged injuries. Josh further testified that in his counseling that he goes to with his daughter, the October 21, 2021 incident is discussed. As a result, Defendants request that Josh provide any and all medical (physical and/or mental health) bills, reports, and/or other documents for you, including but not limited to radiologists, CT Technologists, Neurologists, Neuropsychologists, Psychologists, and Psychiatrists, from five (5) years prior to the date of the incident alleged in the Complaint to present as requested.

**Request No. 12** asked Josh to provide, "[a]ny and all notes and/or diaries prepared by you, concerning the matters set forth in the Complaint."

Josh responded, "Not applicable." In a letter provided before his responses to the Defendants' Request for Production of Documents, Rachel provided that, "[a]fter a careful review of your request, it has been determined that several of the documented sought are not relevant to the claims or defenses at issue in this case. Specifically, Request No. 8,9,11,12, and 13."

In response to my Good Faith Letter, Josh objected to this request as he alleges the request is "overly broad and unduly burdensome," and that "any personal notes or diaries unrelated to communications with third parties are protected under Plaintiff's right to privacy."

*Joshua Mello and Rachel Ware*
*September 26, 2024*
*Page 13*

After reviewing Josh's response to my Good Faith Letter, Josh's response remains incomplete and insufficient. While it is the Defendants' position that Josh waived his objection, Defendants also maintain that "any and all notes prepared by you concerning the matters set forth in the Complaint" is a standard request and is not vague and ambiguous. Defendants are simply requesting your notes and/or diaries that you have made regarding the matters you set forth in the present matter. As such, Defendants are entitled to "any and all notes and/or diaries prepared by you, concerning the matters set forth in the Complaint." As a result, Defendants request that Josh provide "any and all notes, and/or diaries prepared by you, concerning the matters set forth in the Complaint" as this requested. In addition, to the extent that Josh is withholding any documents, Defendants request that Josh provide a Privilege Log that adequately describes the information she is withholding under Rule 26(b)(5).

### Plaintiffs' Response to Defendants' Second Set of Discovery

*Plaintiffs' Rachel Ware and Joshua Mello's "Objections and Responses to Defendants' Interrogatories"*

I note that both Rachel Ware and Joshua Mello provided a combined response to Defendants' Interrogatories addressed to Rachel Ware and Defendants' Interrogatories addressed to Joshua Mello individually. As mentioned above, pursuant to Fed. R. Civ. P. Rule 33, interrogatories must be answered by the party to whom they are directed. Since Defendants addressed interrogatories to Josh and Rachel individually and not combined, Defendants request that Rachel and Josh respond individually as Rule 33 requires.

**Interrogatory No. 1** asks Rachel and Josh (individually) to "[p]lease list any and all places that you have applied to live at since October 21, 2021, including whether or not your application to live at any such place was accepted or denied.

Plaintiffs responded, "Plaintiffs objects to this interrogatory on the grounds that it seeks information that is irrelevant to the claims and defenses in this action and is not proportional to the needs of this case as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure. The request for information about residential applications does not have any direct or foreseeable bearing on the issues set forth in the Complaint. Additionally, Plaintiffs do not have the requested information. Residential applications made since October 21, 2021, were not documents or records that Plaintiff's was required to or needed to retain, and therefore, such information is not available at this time.

However, Plaintiffs' response is incomplete and insufficient. Although Plaintiffs argue that a list of any and all places that they have applied to live at since October 21, 2021, including whether or not your application to live at any such place was accepted or denied is not relevant, Defendants disagree. In their Complaint, Plaintiffs allege damages resulting from their inability to find housing as a result of the incident alleged in the Complaint. Plaintiffs also allege that they are homeless as a result of the incident. Therefore, the Defendants argue that the requested information is relevant to the claims in the Complaint. As a result, Defendants request that Rachel and Josh provide a list of any and all places

*Joshua Mello and Rachel Ware*
*September 26, 2024*
*Page 14*

that they have applied to live at since October 21, 2021, including whether or not their application to live at any such place was accepted or denied as this Interrogatory requests.

**Interrogatory No. 2** asks Rachel and Josh (individually) to"[p]lease list any and all places that you have been evicted from between January 1, 2017 through the present."

Plaintiffs responded, "Plaintiff objects to this interrogatory on the grounds that that it is not relevant to the claims or defenses in this action and is not proportional to the needs of this case, as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure. The request for information regarding any prior evictions does not bear any relation to the allegations or issues set forth in the Complaint, and therefore, is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Plaintiff states that no evictions have occurred during the specified time period that would be relevant to this litigation.

However, Plaintiffs' response is incomplete and insufficient. Although Plaintiffs argue that a list of any and all places that they have been evicted from between January 1, 2017 and the present, Defendants disagree. In their Complaint, Plaintiffs allege damages resulting from their inability to find housing as a result of the incident alleged in the Complaint. Plaintiffs also allege that they are homeless as a result of the incident. Therefore, the Defendants argue that the requested information is relevant to the claims in the Complaint. As a result, Defendants request that Rachel and Josh provide a list of any and all places that they have been evicted from between January 1, 2017 through the present.

Please provide me with supplemental responses to Joshua Mello's Interrogatories and Request for Production of Documents as well as Rachel Ware's Interrogatories and Request for Production of Documents that comply with Rules 26, 33, and 34 of the Federal Rules of Civil Procedure by Friday, October 4, 2024. In addition, please provide me with supplemental responses to Joshua Mello's Second Interrogatories and Rachel's Second Interrogatories, by that date, so I can avoid filing a motion with the court a motion to compel the responses. Also, pleas consider this letter, in my good faith effort to resolve the discovery dispute without court intervention as compliance with Rule 37(a)(2) of the Federal Rules of Civil Procedure. Thank you and I look forward to hearing from you.

Very truly yours,

*/s/ Julia K. Scott- Benevides*

Julia K. Scott- Benevides

Cc: Marc DeSisto; marc@desistolaw.com