# Exhibit H

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOSHUA MELLO and RACHEL WARE,

*Plaintiffs,*

Vs.                                           C.A. No. 1:23-cv-00480-JJM-PAS

DEREK GUSTAFSON, TIMOTHY VESEY,
STEVEN CATALANO, JOHN ROCCHIO and
EDWARD ARRUDA

*Defendants*

**PRODUCTION OF DOCUMENTS ADDRESSED TO PLAINTIFF, JOSHUA MELLO**

*5. Any and all correspondence, including but not limited to text messages, emails or other documents, you, your agents, and/or representatives, and the Cranston School Department, its employees, agents and/or representatives concerning the matters set forth in the Complaint.*

**Response to Request for Production No. 5:**

As pro se litigants, we are doing our best to respond in good faith and provide all relevant information requested, as we understand it. The only correspondence responsive to this request and relevant to the matters set forth in the Complaint are emails from Plaintiff Ms. Ware to Superintendent Nota-Masse concerning the issuance and enforcement of the No Trespassing Orders. These emails have been included as Exhibit 1.

In compliance with FRCP Rule 34, which governs requests for the production of documents, we assert that no further documents need to be produced, as these communications alone directly address the issues in this case. Furthermore, pursuant to FRCP Rule 26(b)(1), which limits discovery to information relevant to claims or defenses and proportional to the needs of the case, we believe that additional unrelated communications would impose an undue burden and do not bear on the claims at hand.

Additionally, under FRCP Rule 26(b)(2)(C), the court may limit discovery if the burden or expense outweighs the likely benefit. Requiring additional unrelated correspondence would not yield relevant information for this litigation and would result in unnecessary burdens. We therefore submit that no other communications will be supplied beyond those already provided in Exhibit 1.

1

*7. Any and all correspondence or other documents that you, your agents, and/or representatives provided to the Western Mills Middle School concerning the matters set forth in the Complaint.*

**Response to Request for Production No. 7:**

To the best of our knowledge, there is no responsive information to this request. Any communication concerning the matters set forth in the Complaint was not addressed or provided directly to Western Hills Middle School.

As pro se litigants, we are proceeding in good faith to provide responsive and relevant information as we understand the request. We believe that we have fully addressed this request to the best of our knowledge and in accordance with FRCP standards.

Pursuant to FRCP Rule 26(b)(1), discovery is limited to information relevant to the claims and defenses and proportional to the needs of the case. As no responsive documents exist in our possession, custody, or control, we respectfully assert that we have complied with this request within the limits of our reasonable knowledge. In Cohen v. City of New York, 255 F.R.D. 110, 117 (S.D.N.Y. 2008), the court emphasized that the burden of producing documents must align with the proportional relevance of the information to the claims at issue.

Furthermore, under FRCP Rule 26(g), we are certifying that, as pro se litigants acting in good faith, our response is complete and correct to the best of our knowledge. As no correspondence or documents were addressed to Western Hills Middle School regarding the Complaint's matters, there is no additional information available to produce.

Should any further clarification be necessary, we are open to discussing the scope of this request to ensure our responses are as complete and responsive as possible within the framework of FRCP guidelines.

*11. Any and all medical (physical and/or mental health) bills, reports, and/or other documents for you, including but not limited to radiologists, CT Technologists, Neurologists, Neuropsychologists, Psychologists, and Psychiatrists, from five (5) years prior to the date of the incident alleged in the Complaint to present.*

**Response to Request for Production No. 11:**

As a pro se litigant, I have made every effort to respond in good faith and to the best of my knowledge. I do not regularly seek medical care, and, to the best of my knowledge, I do not possess any bills, reports, or other documents responsive to this request, including those from radiologists, CT technologists, neurologists, neuropsychologists, psychologists, or psychiatrists for the five-year period prior to the incident.

Pursuant to FRCP Rule 26(b)(1), discovery is limited to non-privileged information that is relevant to the claims or defenses in the case and proportional to the needs of the case. As there are no such documents within my possession, custody, or control, requiring extensive searches or production of non-existent or irrelevant records would impose an undue burden, especially given the limited relevance of unrelated historical medical records to the matters at issue in this case. In Hickman v. Taylor, 329 U.S. 495, 507 (1947), the court affirmed that discovery demands should not impose unreasonable burdens, particularly for individuals representing themselves.

Additionally, FRCP Rule 26(b)(2)(C)(i) provides that the court may limit discovery if the information sought is cumulative, duplicative, or can be obtained from other sources that are more convenient, less burdensome, or less expensive. As I do not have any of the specified medical records, requiring production of such documents would be unduly burdensome and would not yield any relevant information pertaining to the claims or defenses in this case.

In light of the above, I object to this request on the grounds of undue burden and lack of relevance. Should further clarification or specific documentation be deemed necessary, I am willing to cooperate within the constraints of FRCP standards.

**DEFENDANTS' INTERROGATORIES ADDRESSED TO PLAINTIFF, JOSHUA MELLO**

*14. Please list any and all medical professionals, including but not limited to psychological professionals, you visited for the three years preceding the date of the incident described in your Complaint that occurred on or about October 21, 2021, to the present, please include the name of the professional, the location, the date visited, and the reason for the visit.*

**Interrogatory No. 14 Response:**

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case under Rule 26(b)(1) of the Federal Rules of Civil Procedure. The requested information is also protected by the psychotherapist-patient privilege and is largely irrelevant to the claims or defenses in this litigation. Specifically, the family therapy sessions were intended to support my minor child's mental and emotional well-being rather than solely addressing my own needs. This therapy was undertaken to help my minor child process the events described in the Complaint, along with related experiences. As such, the sessions are highly sensitive and protected by both federal privacy standards and the psychotherapist-patient privilege established in *Jaffee v. Redmond*, 518 U.S. 1 (1996).

Producing further information regarding these sessions would violate my minor child's privacy rights, as she is not a party to this lawsuit, and her confidential mental health records should remain protected. Disclosure would create an undue burden on both my family's right to confidentiality and my child's right to privacy. However, without waiving this objection,

3

Plaintiffs can provide additional information: the family therapy sessions began on or about October 2023 and concluded around February 2024.

Additionally, Mr. Mello is not someone who regularly visits medical professionals and does not typically schedule annual physical exams or routine doctor visits. Medical care is generally sought only as needed.

Further, Plaintiffs have already provided the medical records directly related to the October 21, 2021 incident. These include the Roger Williams Medical Center ER report, supplied in Discovery by the defendants, and records from the Garden City Treatment Center, where Mr. Mello was treated afterward. During his deposition, Mr. Mello stated that he suffered a concussion from the incident but only became fully aware of its severity after reviewing video footage in early 2023, which revealed significant memory gaps, including the moment he was slammed onto the cruiser hood by Officer Rocchio. Due to not recognizing the full extent of his injuries at the time, Mr. Mello did not pursue specific medical attention for these injuries immediately following the assault.

As pro se litigants, we are making every effort to provide relevant and responsive information to the best of our understanding. We believe that we have responded accurately and in good faith, supplying information within the scope of this request as we interpret it.

In compliance with FRCP Rule 26(b)(1), which limits discovery to information relevant to the claims or defenses and proportional to the needs of the case, we assert that we have produced all information reasonably available to us that directly addresses the issues in this case.

Should further clarification be necessary, we welcome the opportunity to discuss the scope of the request to ensure our responses meet the requirements and expectations.

**PRODUCTION OF DOCUMENTS ADDRESSED TO PLAINTIFF, RACHEL WARE**

*5. Any and all correspondence, including but not limited to text messages, emails or other documents, you, your agents, and/or representatives, and the Cranston School Department, its employees, agents and/or representatives concerning the matters set forth in the Complaint.*

**Response to Request for Production No. 5:**

As pro se litigants, we are doing our best to respond in good faith and provide all relevant information requested, as we understand it. The only correspondence responsive to this request and relevant to the matters set forth in the Complaint are emails from Plaintiff Ms. Ware to Superintendent Nota-Masse concerning the issuance and enforcement of the No Trespassing Orders. These emails have been included as Exhibit 1.

4

In compliance with FRCP Rule 34, which governs requests for the production of documents, we assert that no further documents need to be produced, as these communications alone directly address the issues in this case. Furthermore, pursuant to FRCP Rule 26(b)(1), which limits discovery to information relevant to claims or defenses and proportional to the needs of the case, we believe that additional unrelated communications would impose an undue burden and do not bear on the claims at hand.

Additionally, under FRCP Rule 26(b)(2)(C), the court may limit discovery if the burden or expense outweighs the likely benefit. Requiring additional unrelated correspondence would not yield relevant information for this litigation and would result in unnecessary burdens. We therefore submit that no other communications will be supplied beyond those already provided in Exhibit 1.

*7. Any and all correspondence or other documents that you, your agents, and/or representatives provided to the Western Mills Middle School concerning the matters set forth in the Complaint.*

**Response to Request for Production No. 7:**

To the best of our knowledge, there is no responsive information to this request. Any communication concerning the matters set forth in the Complaint was not addressed or provided directly to Western Hills Middle School.

As pro se litigants, we are proceeding in good faith to provide responsive and relevant information as we understand the request. We believe that we have fully addressed this request to the best of our knowledge and in accordance with FRCP standards.

Pursuant to FRCP Rule 26(b)(1), discovery is limited to information relevant to the claims and defenses and proportional to the needs of the case. As no responsive documents exist in our possession, custody, or control, we respectfully assert that we have complied with this request within the limits of our reasonable knowledge. In Cohen v. City of New York, 255 F.R.D. 110, 117 (S.D.N.Y. 2008), the court emphasized that the burden of producing documents must align with the proportional relevance of the information to the claims at issue.

Furthermore, under FRCP Rule 26(g), we are certifying that, as pro se litigants acting in good faith, our response is complete and correct to the best of our knowledge. As no correspondence or documents were addressed to Western Hills Middle School regarding the Complaint's matters, there is no additional information available to produce.

Should any further clarification be necessary, we are open to discussing the scope of this request to ensure our responses are as complete and responsive as possible within the framework of FRCP guidelines.

5

*11. Any and all medical (physical and/or mental health) bills, reports, and/or other documents for you, including but not limited to radiologists, CT Technologists, Neurologists, Neuropsychologists, Psychologists, and Psychiatrists, from five (5) years prior to the date of the incident alleged in the Complaint to present.*

**Response to Interrogatory No. 11:**

As a pro se litigant, I have made a good faith effort to answer this request to the best of my knowledge. I do not possess any bills, reports, or other documents for any medical visits over the past five years, including visits to radiologists, CT technologists, neurologists, neuropsychologists, psychologists, and psychiatrists, as I have not consulted or been treated by any of these professionals during that time. While I do see my doctor for an annual physical, I do not retain bills, reports, or other documents related to these visits.

I object to this request on the grounds that it seeks private and protected health information, which is shielded by HIPAA (Health Insurance Portability and Accountability Act) regulations, as it is not relevant to the claims in this case. Under FRCP Rule 26(b)(1), discovery is limited to information relevant to the claims or defenses and proportional to the needs of the case. Because the information requested does not pertain to the claims or defenses at issue, producing it would be unnecessary and irrelevant.

Additionally, FRCP Rule 26(b)(2)(C)(i) permits the court to limit discovery if it determines that the requested information is not relevant or is overly intrusive given the limited benefit it would provide to this case. Personal medical information unrelated to the claims at hand would not contribute meaningfully to the litigation and would impose unnecessary invasions of privacy.

Accordingly, I respectfully decline to provide further information on this basis, as no responsive documents exist in my possession or control, and the information requested is irrelevant and protected by privacy laws.

**DEFENDANTS' INTERROGATORIES ADDRESSED TO PLAINTIFF, RACHEL WARE**

*14. Please list any and all medical professionals, including but not limited to psychological professionals, you visited for the three years preceding the date of the incident described in your Complaint that occurred on or about October 21, 2021, to the present, please include the name of the professional, the location, the date visited, and the reason for the visit.*

**Response to Interrogatory No. 14:**

6

I did not consult or receive treatment from any psychological professionals during the period requested. Between October 2023 and February 2024, I drove Joshua Mello and Karissa to their family therapy sessions but did not participate in these sessions myself.

As stated in my response to the production of documents, I see my primary doctor annually for general check-ups and physicals. These visits are routine and unrelated to the claims in this case. I object to providing further information on these visits, as they involve protected health information that is irrelevant to the claims at hand.

Under FRCP Rule 26(b)(1), discovery is limited to information relevant to the claims or defenses and proportional to the needs of the case. Further, under HIPAA (Health Insurance Portability and Accountability Act) regulations, such health information is protected from disclosure, especially when it has no bearing on the issues in the case.

Accordingly, I respectfully decline to provide additional details on the grounds that the requested information is not relevant and is protected by privacy laws.

---

We have provided our responses to the best of our knowledge and understanding of the requested information. As pro se litigants, we are making every effort to answer fully and accurately within the scope of each request. Our responses have been submitted in good faith, reflecting the information currently available to us and our understanding of what is relevant to this case. Should any further clarification be necessary, we remain willing to discuss and address any specific concerns within the bounds of the applicable rules and privacy protections.

Respectfully submitted,

/s/ Joshua Mello
 /s/ Rachel Ware
57 Rolfe Square Unit 10113
Cranston, RI, 02910
401.426.0778
kskustomsrideons@gmail.com

7

CERTIFICATION

I certify that a true and accurate copy of the within was emailed and mailed, postage prepaid, to on the 28th day of October 2024:

                                         Julia K. Scott- Benevides
                                         DeSisto Law LLC
                                         60 Ship Street
                                         Providence, RI 02903
                                         (401) 272-4442
                                         julia@desistolaw.com

Joshua Mello
Pro Se Plaintiff

8

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOSHUA MELLO and RACHEL WARE,

*Plaintiffs,*

Vs.                                                    C.A. No. 1:23-cv-00480-JJM-PAS

DEREK GUSTAFSON, TIMOTHY VESEY,
STEVEN CATALANO, JOHN ROCCHIO and
EDWARD ARRUDA

*Defendants*

PLAINTIFF'S PRIVILEGE LOG 1

After reviewing our records, we confirm that we have supplied all known documents and communications to the best of our knowledge. The only withheld communications are privileged exchanges between Joshua Mello and his former attorneys. These are protected under attorney-client privilege and the work product doctrine, as reflected in this privilege log.

**Privilege Log:**

1. **Document Identification**: Communication(s) between Joshua Mello and his former attorneys.
2. **Date(s) of Communication(s)**: November 2021 until September 2023.
3. **Description**: Email communications regarding legal advice and strategy related to anticipated litigation.
4. **Privilege Claimed**: Attorney-Client Privilege and Work Product Protection.
5. **Basis for Privilege**: The communication exclusively involved Joshua Mello and his former legal counsel. As such, it is protected under attorney-client privilege and work product doctrine.

Respectfully submitted,

/s/ Joshua Mello
/s/ Rachel Ware
57 Rolfe Square Unit 10113
Cranston, RI, 02910
401.426.0778
kskustomsrideons@gmail.com

1

CERTIFICATION

I certify that a true and accurate copy of the within was emailed and mailed, postage prepaid, to on the 28th day of October 2024:

                                                    Julia K. Scott- Benevides  
                                                    DeSisto Law LLC  
                                                    60 Ship Street  
                                                    Providence, RI 02903  
                                                    (401) 272-4442  
                                                    julia@desistolaw.com

Joshua Mello  
Pro Se Plaintiff



Joshua Mello <kskustomsrideons@gmail.com>

## Re: Meeting with you.
1 message

**Joshua Mello** <kskustomsrideons@gmail.com>  Wed, Dec 29, 2021 at 10:28 AM
To: Jeannine Nota <jnota@cpsed.net>
Cc: David Alden Sears <davidaldensears@outlook.com>, Daniel Wall <danwall67@gmail.com>, Timothy Vesey <tvesey@cpsed.net>, cmillea@cranstonri.org, pford@coalitionradio.us, jlisi@ripd.org

Mrs. Nota-Masse,

The response, brief as it was on Dec 2, after several attempts to reach you, did not explain who had the No Trespass order in place. Here is your response,

"Ms. Ware and Mr. Mello,
I discussed this request with the Cranston Police Department. They advised me that his no-trespass order will remain in place."

When we spoke with the Cranston City Solicitor we were told the school had it on Josh and that we needed to speak with the Superintendent to have it removed. So which is it? Why are we being led around in circles? Who is telling the truth? He has never even got any documentation stating anything about the No Trespass order. Actually what I have found and is attached to this email, is an article in the Providence Journal that clearly states that the school department has obtained a no trespass order against Josh. Why are you lying? There is still no reason why a No Trespass order should be in place. He has every right to have access to his child. The Judge on this case even stated that there be no trespass order. We need answers. This is completely unacceptable.

Take Care,
Rachel

On Tue, Dec 28, 2021 at 9:01 AM Jeannine Nota <jnota@cpsed.net> wrote:
> Ms. Ware,
> I did not ignore your request. I responded to your December 1 email, in an email on December 2 at 2:46pm.
> I indicated then, as now, that the matter and your concern is with the Cranston Police Department. They put the order in place, and they would need to lift it.
> Please contact them with your concerns.
> Jeannine Nota-Masse
>
> On Mon, Dec 27, 2021 at 11:23 AM Joshua Mello <kskustomsrideons@gmail.com> wrote:
>> Mrs. Note-Masse,
>>
>> I am following up to find out when we are going to have a meeting to discuss the No Trespass Order? I have requested this many times only to be ignored. There is no reason to prevent a parent the ability to go to their child's school. As the Superintendent of Cranston Schools it is your job to hear parents concerns and address the matters they have. With that being said, please contact us with a time you are available so we can resolve this matter.
>>
>> Thank You,
>> Rachel
>>
>> --
>> K's Kustom's Ride On's & Rentals
>> Making Smiles for Miles
>> www.kskustoms.com
>> 401-426-0778/401-447-7769
>>
>> **CONFIDENTIALITY NOTICE**

**This message is intended only for the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering**

**the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited, and you are requested to please notify us immediately, and to purge the communication.**

--
Jeannine Nota-Masse, Superintendent
Cranston Public Schools
845 Park Avenue
Cranston, RI 02910
(401) 270-8170
jnota@cpsed.net
@JeannineNota


Statement of Confidentiality The contents of this e-mail message and any attachments are confidential and are intended solely for the addressee.The information may also be legally privileged. If you have received this transmission in error, any use,reproduction, or dissemination of this transmission is strictly prohibited.If you are not the intended recipient, please notify the sender by reply e-mail and delete the message.


--
K's Kustom's Ride On's & Rentals
Making Smiles for Miles
www.kskustoms.com
401-426-0778/401-447-7769

**CONFIDENTIALITY NOTICE**

**This message is intended only for the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering**

**the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited, and you are requested to please notify us immediately, and to purge the communication.**

Screenshot_20211229-102038.png
337K



**Joshua Mello <kskustomsrideons@gmail.com>**

## Re: No Trespass Order
1 message

**Joshua Mello** <kskustomsrideons@gmail.com>                           Thu, Dec 2, 2021 at 4:29 PM
To: Jeannine Nota <jnota@cpsed.net>
Cc: traficante@nellmct.com, Timothy Vesey <tvesey@cpsed.net>, pford@coalitionradio.us, John DePetro <john@depetro.com>, danwall67@gmail.com, stindallfly@outlook.com, krizz1071@aol.com, dff701@yahoo.com, kmancuso1959@gmail.com, davidaldensears@outlook.com, info@riaclu.org, khopkins@cranstonri.org, cmillea@cranstonri.org, news@abc6.com, news@wjar.com, dhayden@cpsed.net

Mrs. Nota-Masse,

WIth all do respect, I had asked to speak with you in person to discuss this matter. We would like an explanation as to why the school and now the police department find it necessary to keep the father of the child off school grounds? Let me reiterate, the school and the police acted off incorrect documentation. Now that the correct documentation is in place, there is no reason to keep a No Trespass Order in place. Again, Josh is the parent that has the ability to be there if there is an emergency and his daughter needs him. I find this to be a gross and egregious overstep of power and completely unacceptable action. The school, at the most, is a temporary guardian while the child is in school, and has no right to prevent the parent from accessing his or her child. Again this is a matter that should be discussed in person. When are you available to meet?

Take Care,
Rachel Ware

On Thu, Dec 2, 2021, 2:46 PM Jeannine Nota <jnota@cpsed.net> wrote:
> Ms. Ware and Mr. Mello,
> I discussed this request with the Cranston Police Department. They advised me that his no-trespass order will remain in place.
> Jeannine Nota-Masse
>
>
> On Wed, Dec 1, 2021 at 1:44 PM Joshua Mello <kskustomsrideons@gmail.com> wrote:
>> Mrs. Nota Masse,
>>
>>       I am following up with you to set up a time we can meet and address the No Trespass order the school still has in place on Joshua Mello. As I stated in my previous email, the Judge Jeanne LaFazia did not see fit to place a No Trespass order as part of his stipulations of bail. Also the correct documentation has been brought to your office and to Western Hill Middle School. These documents were supposed to be sent over in Spring of 2020 but it seems that Tonya's lawyer, Mr. Sweets never forwarded the newest court order to the school which resulted in the escalation of this matter. Were the correct documents in place none of this would have happened. Even the Principal Mr.Vesey stated to myself, when I handed the court document to him the day after Josh was arrested, that if he had that information the day before, things would have gone differently.Keep in mind that both parents explained that the order was incorrect yet the school took it upon itself  to supersede the parents in the decision making process. That is highly unexceptable. Remember, Josh's daughter sent a text stating she had to go home and change as she had an accident. He is the parent that is available for any and all emergencies related to his daughter. To prevent him from going to the grounds of her school makes no sense and I demand an explanation as to why we have not heard back from your office and why the order is still in place.
>>
>> A Very Concerned Parent,
>> Rachel Ware
>>
>> --
>> K's Kustom's Ride On's & Rentals
>> Making Smiles for Miles
>> www.kskustoms.com
>> 401-426-0778/401-447-7769

**CONFIDENTIALITY NOTICE**

**This message is intended only for the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering**

**the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited, and you are requested to please notify us immediately, and to purge the communication.**

--
Jeannine Nota-Masse, Superintendent
Cranston Public Schools
845 Park Avenue
Cranston, RI 02910
(401) 270-8170
jnota@cpsed.net
@JeannineNota


Statement of Confidentiality The contents of this e-mail message and any attachments are confidential and are intended solely for the addressee.The information may also be legally privileged. If you have received this transmission in error, any use,reproduction, or dissemination of this transmission is strictly prohibited.If you are not the intended recipient, please notify the sender by reply e-mail and delete the message.