# Exhibit K

| | |
|---|---|
| **From:** | Julia Benevides |
| **To:** | Joshua Mello |
| **Cc:** | Marc DeSisto; Ana Boorady Bloom |
| **Subject:** | Re: Request for Mediation to Address New Evidence and Broader Legal and Constitutional Implications (Mello vs Arruda) |
| **Date:** | Monday, November 25, 2024 9:52:00 AM |
| **Attachments:** | image.png |
| | Defendants" Objection to Plaintiffs" Motion for Court-Ordered Mediation (Mello).pdf |

Good Morning Josh and Rachel,

Thank you for these documents, however, you still have not produced business tax returns for 2022. As discussed in Josh's deposition, Josh provided his 1040 for the business in 2021 and his personal tax return for 2022. I do not have the 1040 for the business in 2022. **Also**, as I've noted before, there are still outstanding medical records that are responsive to this request.

I've attached the Defendants' Objection to Plaintiffs' Motion for Court Ordered Mediation that was e-filed with the Federal Court earlier this morning.

In reading the other portions of your email that reference a request that you sent on November 12, 2024-- I want to make sure that I am reading that email and this email correctly—is the only document that you are looking for at this point from the Defendants, the attachment in the email between Officer Rocchio and Officer Arruda on 10/21/21? I am in the process of producing that document and determining what request Plaintiffs requested that document under in their Request for Production of Documents addressed to Defendants, so I can supplement with it accordingly.

Best,
Julia


**Julia K. Scott-Benevides, Esq.**

60 Ship Street, Providence, RI 02903

(401) 272-4442 Ext. 206 | Direct: (401) 272-0749

DESISTOLAW julia@desistolaw.com

www.desistolaw.com


This e-mail message and any attachments are confidential, may contain attorney-client privileged information and are intended for the recipient(s) to whom they are addressed only. If you are not an intended recipient, you have received this e-mail in error and any use, review, dissemination, forwarding, printing or copying of this e-mail or the information contained therein is strictly prohibited. All messages sent to and from this office may be monitored to ensure compliance with internal policies and to protect the firm's interest and that of its clients. If you have received this e-mail in error, please notify the sender immediately and then delete this message. Thank you.

**From:** Joshua Mello <kskustomsrideons@gmail.com>
**Sent:** Sunday, November 24, 2024 11:09 AM
**To:** Julia Benevides <Julia@desistolaw.com>
**Subject:** Request for Mediation to Address New Evidence and Broader Legal and Constitutional Implications (Mello vs Arruda)

Julia,

Attached are the remaining discovery responses and motions we have submitted to the court. Despite addressing discovery obligations, Defendants continue to submit repetitive requests, delaying resolution unnecessarily. This case has been in the discovery phase for over seven months, while, as pro se litigants, we have uncovered and analyzed compelling new evidence within weeks. This evidence not only substantiates our claims but also exposes systemic misconduct, retaliation, and constitutional violations within the Cranston Police Department.We have sent this evidence in good faith in an email dated November 12th with no response back.

**Broader Legal and Constitutional Implications:**

1.

2.

3. **Rhode Island Civil**

4. **Rights Act (RICRA):**

5. RICRA ensures

6. all individuals receive "full and equal benefit of all laws." The retaliatory actions by Defendant Rocchio—including pursuing baseless warrants and withholding notification of a no-trespass warning—clearly violate these protections.

7.

8.

9.

10. **Law Enforcement Officers'**

11. **Bill of Rights (LEOBOR):**

12. LEOBOR establishes

13. protocols for investigating and disciplining officers. Violations of these protocols, including the selective leaking of unapproved police reports to intentionally defame Mr. Mello, constitute actionable misconduct.

14.

15.

16.
17. **Federal Statutes**
18. **and Case Law:**
19.

- 
- 
- **Monell v. Department**
- **of Social Services (1978):**
- Municipal liability is evident due to the Cranston Police Department's pattern of misconduct and retaliatory behavior, which are directly connected to its policies and practices.
- 
- 
- 
- **Hope v. Pelzer (2002):**
- Officers are not entitled to qualified immunity when their actions are "obviously unconstitutional." The retaliatory and defamatory actions taken against us fit this standard.
- 
- 
- 
- **Casey v. Manni (2020):**
- This Rhode Island case recognized that retaliation against individuals for exercising their First Amendment rights is actionable under 42 U.S.C. § 1983. Defendant Rocchio's documented retaliatory behavior—including pursuing warrants after stating he wanted
- to avoid Mr. Mello due to potential complaints to OPS—mirrors this precedent.
- 
- 
- 
- **Guilbeault v. Palombo**
- **(2017):** The
- court acknowledged that factual allegations of retaliation and discrimination under RICRA were sufficient to proceed. The pattern of retaliation against us aligns with this ruling.
- 
- 
- 
- **42 U.S.C. § 1983:**
- This federal statute allows individuals to seek redress for violations of constitutional rights. Defendant Rocchio's actions, including retaliation and deliberate failure to serve the no-trespass warning, demonstrate clear violations of procedural due process
- under the Fourteenth Amendment.
- 
-

- o
  - **42 U.S.C. § 1985:**
    - o Evidence suggests coordinated retaliation by officers, raising potential claims of conspiracy to interfere with civil rights.
  - o

20.

21.

22. **New Evidence and**

23. **Its Implications:**

24.

- o
- o
  - **Defendant Rocchio's**
  - **Admission:**
    - o Rocchio admitted to withholding notification of a no-trespass warning. Despite this, he sought warrants against us, knowing the orders were invalid. His actions were clearly retaliatory, targeting us after we were pursuing the safety and welfare of our child
    - in the Cranston School department.
  - o
  - o
  - o
  - **Selective Media Leaks:**
    - o Unapproved police reports were intentionally leaked containing critical false statements that were omitted from the approved official report. The version provided to WPRI appears to have been deliberately crafted to misrepresent the facts and damage Mr. Mello's
    - reputation. The report leaked was intended to serve a dual purpose, one was intended to justify the unlawful and aggressive actions of the police and two was to portray Mr. Mello as a threat to the school environment aiming to justify the officers unlawful
    - o actions.
  - o
  - o
  - o
  - **Systemic Retaliation:**
  - o This behavior demonstrates a troubling pattern of retaliating against individuals who advocate for accountability, in direct violation of the First and Fourteenth Amendments.
  - o

**Request for Mediation:**

The newly uncovered evidence strengthens and broadens our claims significantly while highlighting the systemic misconduct, constitutional violations, and potential criminal liability for the Defendants. These issues extend beyond this case and does expose other officers, the Cranston Law department and other municipal officials to liability.

For notable example Major Todd Patalano's case against the Cranston Police Department serves as a clear example of the retaliatory policies and practices embedded within the department. In 2014, Patalano, then a high-ranking officer, filed a federal lawsuit alleging that he was targeted with unjust disciplinary actions and placed on administrative leave for two years as part of a retaliatory campaign led by Cranston officials, including Mayor Allan Fung and former Police Chief Col. Marco Palombo Jr. The lawsuit detailed a pattern of punitive actions aimed at silencing or punishing dissent within the department.

The case concluded with the city agreeing to a $300,000 settlement, acknowledging the validity of Patalano's claims of retaliation. This case highlights a documented pattern of retaliatory behavior within the Cranston Police Department, further evidenced by the retaliatory actions against Mr. Mello and his family. The parallels between Patalano's experiences and the treatment of Mr. Mello illustrate a systemic issue within the department's policies and practices, wherein those who challenge the department or demand accountability are met with punitive and defamatory actions.

This precedent underscores the need for mediation to address these issues and highlights the severe implications of the newly uncovered evidence in this case. The pattern of retaliation is not an isolated incident but a deeply rooted practice that demands judicial scrutiny and resolution.

We are formally requesting mediation to address these matters, resolve this case efficiently, and avoid further escalation. Continued delays and stall tactics are no longer acceptable. This is an opportunity to move forward responsibly and in good faith.

Best,

Rachel Ware

Joshua Mello


--

K's Kustom's Ride On's & Rentals
Making Smiles for Miles
www.kskustoms.com
401-426-0778/401-447-7769

**CONFIDENTIALITY NOTICE**

**This message is intended only for the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering**

the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited, and you are requested to please notify us immediately, and to purge the communication.