UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOSHUA MELLO AND RACHEL WARE, PLAINTIFFS
v.
EDWARD ARRUDA AND JOHN ROCCHIO, DEFENDANTS
CASE NOS.: 1:2023-CV-00479 & 1:2023-CV-00480

OPPOSITION TO DEFENDANTS' MOTION TO COMPEL MORE RESPONSIVE ANSWERS

I. Introduction

Plaintiffs Joshua Mello and Rachel Ware, appearing pro se, vigorously oppose Defendants' Motion to Compel More Responsive Answers. This motion, filed at the eleventh hour, is not only untimely but also emblematic of the defense's persistent pattern of dilatory tactics. It contravenes both the spirit and letter of the Federal Rules of Civil Procedure and imposes undue prejudice on the plaintiffs. The court should deny this motion in its entirety.

II. Legal Standards and Precedents

A. Timeliness and Good Cause

1. **Federal Rule of Civil Procedure 16(b)**: A scheduling order "may be modified only for good cause and with the judge's consent." The defendants' motion, filed at the eleventh hour, fails to demonstrate good cause for its untimeliness. Courts have consistently held that last-minute motions to compel are disfavored, particularly when the moving party had ample opportunity to address discovery issues earlier in the process. The defense's conduct is a transparent attempt to circumvent the court's directive against further discovery extensions.

2. **Court's Directive**: The court explicitly noted that no further extensions for discovery would be granted, twice. The defendants' motion is a blatant attempt to undermine this directive, demonstrating a disregard for the court's authority and the orderly progression of the case.

### B. Pattern of Delay Tactics

1. **Documented History**: The defense has engaged in a consistent pattern of delay tactics, including last minute filings, unnecessary motions, and requests for extensions. Two extensions have been granted to the Defendants, providing ample time for them to have obtained the information now requested at zero hour of discovery. It's important to note the courts stating no more extensions will be granted. Such tactics are designed to wear down the plaintiffs, who are pro se litigants with limited resources.

2. **Prejudice to Plaintiffs**: The defendants' delay tactics have significantly prejudiced the plaintiffs, who must now divert attention from trial preparation to address this untimely motion. The last-minute nature of the motion imposes an undue burden on the plaintiffs, who have already provided comprehensive and proportional discovery responses.

### C. Adequacy and Proportionality of Plaintiffs' Discovery Responses

1. **Federal Rule of Civil Procedure 26(b)(1)**: Discovery must be "relevant to any party's claim or defense and proportional to the needs of the case." Plaintiffs have provided discovery responses that meet these criteria. The defendants' requests for additional

information, particularly medical and mental health records, are overly broad and not directly relevant to the claims or defenses. The defense's demands exceed the bounds of reasonable discovery and impose an undue burden on the plaintiffs.

2. **Complete Responses Provided**: Plaintiffs have submitted complete responses to the defendants' discovery requests about medical records. The defendants' dissatisfaction with the answers provided does not justify a motion to compel. Plaintiffs have clearly stated that they do not possess the documents the defendants continue to press for, and the defendants' insistence on obtaining non-existent documents is unreasonable.

3. **Privacy and Privilege**: Plaintiffs have appropriately objected to certain requests on the grounds of privacy and privilege, particularly concerning sensitive medical and mental health information. The defendants have not demonstrated a compelling need for this information that outweighs the plaintiffs' privacy rights. The psychotherapist-patient privilege, recognized in Jaffee v. Redmond, 518 U.S. 1 (1996), protects such communications from disclosure. The defense's insistence on obtaining these records is an unwarranted intrusion into the plaintiffs' privacy.

### D. Lack of Substantial Justification

1. **Federal Rule of Civil Procedure 37(a)(1)**: A motion to compel must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to make disclosure. The defendants' motion lacks such certification, indicating a failure to resolve these issues without court intervention. This procedural

deficiency alone warrants denial of the motion.

2. **Federal Rule of Civil Procedure 37(a)(5)**: The defendants have not provided substantial justification for their motion. The plaintiffs' objections are well-founded, and the defendants' motion is not substantially justified. Courts have held that sanctions may be appropriate when a motion to compel is filed without substantial justification. The defense's motion is a baseless attempt to harass the plaintiffs and should be rejected.

### III. Conclusion

For the foregoing reasons, plaintiffs respectfully request that the court deny defendants' motion to compel more responsive answers. The motion is untimely, prejudicial, and part of a broader pattern of bad faith delay tactics. Plaintiffs have provided adequate and proportional discovery responses, and the defendants' motion should be rejected in its entirety.

Respectfully submitted,

/s/ Joshua Mello
/s/ Rachel Ware
Pro Se Plaintiffs
57 Rolfe Square, Unit 10113
Cranston, RI 02910
401.426.0778
Date:01/09/25

**CERTIFICATION**

I certify that a true and accurate copy of the within will be emailed and mailed, postage prepaid.

Julia K. Scott-Benevides
DeSisto Law LLC
4 Richmond Square
Suite 500
Providence, RI 02906
(401) 272-4442
julia@desistolaw.com

/s/ Joshua Mello
/s/ Rachel Ware