UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOSHUA MELLO AND RACHEL WARE, PLAINTIFFS

v.

EDWARD ARRUDA AND JOHN ROCCHIO, DEFENDANTS

CASE NOS.: 1:2023-CV-00479 & 1:2023-CV-00480

PLAINTIFFS' REPLY TO DEFENDANTS' OBJECTION TO MOTION FOR RECONSIDERATION

INTRODUCTION

Plaintiffs Joshua Mello and Rachel Ware respectfully submit this Reply to Defendants' Objection to Plaintiffs' Motion for Reconsideration under Fed. R. Civ. P. 59(e). Defendants' objection fails to refute the significance of the newly discovered evidence, sidesteps their own discovery violations, and relies on procedural arguments that do not withstand scrutiny.

This Court has discretion under Fed. R. Civ. P. 60(b) to reconsider its prior ruling when newly discovered evidence emerges or when necessary to prevent manifest injustice. Plaintiffs' motion meets both criteria. After the hearing, Plaintiffs obtained new forensic and documentary evidence confirming inconsistencies in Defendants' disclosures. Rather than addressing these material issues, Defendants attempt to shift focus away from their failure to produce the original, signed 2021 property form—a critical document that could confirm or refute Plaintiffs' claims.

Defendants also continue to misapply Heck v. Humphrey, incorrectly arguing that Plaintiffs' claims are barred. Plaintiffs do not seek to invalidate any prior conviction but rather challenge due process violations, evidence tampering, and official misconduct—each of which is independently actionable under 42 U.S.C. § 1983. The Court's prior ruling failed to account for these issues, particularly its failure to recognize that fraud on the court and discovery misconduct warrant reconsideration.

Accordingly, Plaintiffs request that the Court:

1. Grant reconsideration in light of the newly obtained APRA response, which—received after the hearing—revealed a blank official Cranston Police Department property form inconsistent with Defendants' production;
2. Acknowledge key document inconsistencies, including Captain Robertson's confirmation that the legitimate form should include a faint police crest, which is missing from the document Defendants produced;
3. Compel Defendants to produce the original, signed 2021 property form to resolve whether evidence was altered or withheld; and
4. Appoint an independent forensic expert to examine the disputed document if necessary.

For these reasons, reconsideration is warranted, and Plaintiffs respectfully request that the Court grant the relief sought.

**LEGAL STANDARD FOR RECONSIDERATION**

Defendants incorrectly assert that Plaintiffs improperly relied on Rule 59(e) and that reconsideration is not warranted. However, even if Rule 59(e) were inapplicable, Plaintiffs' motion remains procedurally proper under Rule 60(b)(2) (newly discovered evidence) and Rule 60(b)(6) (extraordinary circumstances).

**A. Newly Discovered Evidence Warrants Reconsideration**

Courts routinely grant reconsideration when newly discovered forensic evidence reveals material inconsistencies in official records. See *City of Miami Firefighters' & Police Officers' Ret. Tr. v. CVS Health Corp.*, 46 F.4th 22, 36 (1st Cir. 2022). Here, Plaintiffs have presented forensic analysis and official documentation obtained after the January 24, 2025, hearing that directly contradict Defendants' discovery production. Because this evidence was not reasonably accessible at the time of the prior ruling, it satisfies the standard for reconsideration under Rule 60(b)(2).

**B. The Manifest Injustice Standard is Met**

The Court's prior ruling was based on incomplete and inaccurate evidence. Allowing it to stand uncorrected would effectively endorse official misconduct, thereby satisfying the "extraordinary

circumstances" threshold required for relief under Rule 60(b)(6). See *Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005) (holding that extraordinary circumstances exist when necessary to prevent a manifest injustice). In this case, reconsideration is necessary to ensure the integrity of the proceedings and prevent the reliance on potentially altered or misleading evidence.

**C. Courts Liberally Construe Motions for Reconsideration**

Even if a motion cites an incorrect procedural rule, courts often liberally construe reconsideration requests and recharacterize them under the appropriate standard when the substance of the motion justifies relief. See *Castro v. United States*, 540 U.S. 375, 381-82 (2003) (explaining that courts have discretion to reframe motions to align with applicable procedural rules). Defendants' attempt to dismiss Plaintiffs' motion on procedural grounds ignores this well-established principle.

Thus, Plaintiffs' motion for reconsideration is procedurally proper, and Defendants' objection fails to provide any valid basis for its denial.

**DEFENDANTS FAIL TO REFUTE PLAINTIFFS' NEWLY DISCOVERED EVIDENCE**

Reconsideration is warranted when fairness requires it, particularly when new evidence emerges that was not previously available. See *Global NAPs, Inc. v. Verizon New England, Inc.*, 489 F.3d 13, 25 (1st Cir. 2007) (allowing reconsideration in "certain other narrow situations" where fairness demands it).

Defendants' objection fails to meaningfully engage with Plaintiffs' newly discovered evidence—evidence that was not available prior to the January 24, 2025, hearing. Instead of addressing these material facts, Defendants attempt to mischaracterize Plaintiffs' arguments as mere repetition of prior claims. This assertion is incorrect. Plaintiffs are not reasserting old points but are introducing forensic analysis and documented discrepancies that could not have been presented at the prior hearing because the necessary evidence had not yet been obtained.

**A. The APRA Response and Captain Robertson's Statements Confirm Document Tampering**

On January 29, 2025, Plaintiffs received a response to their Access to Public Records Act (APRA) request, which included a blank official Cranston Police Department property form. This document—legally required to be produced—was not available prior to the hearing, preventing Plaintiffs from submitting it as evidence at that time. The newly obtained document, along with forensic analysis, directly contradicts the discovery materials submitted by Defendants.

Further, on February 3, 2025, Captain Robertson, head of the Cranston Police Records Department, verbally confirmed multiple discrepancies between the official property form and the version produced by Defendants, including:

- The official property form should contain a faint police crest in the background—an element missing from Defendants' production.
- Property forms are handwritten, not typed onto the original form, as seen in Defendants' discovery submission.
- The barcode label should match the evidence bag, but this identifying feature is absent from the document produced by Defendants.

These inconsistencies strongly suggest that the document Defendants submitted in discovery is, at best, incomplete and, at worst, fraudulent. The absence of the Cranston Police Department crest and other irregularities are strong indicators of document tampering. Plaintiffs could not have obtained these forensic analysis results prior to the previous hearing, as the APRA response was not received until January 29, 2025. This constitutes genuine *newly discovered evidence* and is not a mere restatement of prior arguments.

**B. Plaintiffs Have Presented Newly Discovered Evidence Justifying Reconsideration**

A motion for reconsideration is appropriate when a party presents new evidence that was not previously available or when the Court has committed clear error. See *Gonzalez-Perez v. Hospital Interamericano de Medicina Avanzada*, 355 F.3d 1, 8 (1st Cir. 2004). Plaintiffs have presented:

- New forensic analysis revealing inconsistencies in the document produced by Defendants.

- Impromptu conversation (which was recorded) confirming standard official procedures that contradict Defendants' representations.
- Official documentation, including the APRA response, which exposes discrepancies between the standard property form and the version submitted in discovery.

Defendants argue that Plaintiffs could have obtained this evidence earlier, but this assertion is meritless. Courts recognize that newly discovered evidence includes information that was not reasonably accessible at the time of the prior ruling. See *City of Miami Firefighters' & Police Officers' Ret. Tr. v. CVS Health Corp.*, 46 F.4th 22, 36 (1st Cir. 2022). Plaintiffs' forensic evidence and official records were only obtained after further examination and legal requests, meaning they could not have been presented at the prior hearing.

This newly discovered evidence directly challenges Defendants' representations and establishes grounds for reconsideration. Accordingly, the Court should grant Plaintiffs' Motion for Reconsideration and provide appropriate relief to address this serious issue of evidence tampering and discovery misconduct.

**THE COURT'S PRIOR RULING CONTAINED A MANIFEST ERROR OF LAW**

A ruling constitutes a manifest error of law when it disregards clearly established legal principles. See *Goei v. CBIZ, Inc.*, No. 18-263-JJM-PAS, 2020 U.S. Dist. LEXIS 247649, at 2 (D.R.I. Nov. 12, 2020). Defendants contend that Plaintiffs' claims regarding evidence falsification are irrelevant to the underlying excessive force and police misconduct claims. However, this assertion misinterprets fundamental discovery principles. Courts interpret discovery rules broadly, and any evidence that could reasonably lead to admissible information is discoverable. See *Hickman v. Taylor*, 329 U.S. 495 (1947); *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978).

The document in question relates to the knife that Plaintiff Mello allegedly possessed at the time of his arrest, which Defendants cite as justification for their use of force.[1] Further highlighting

---

[1] As stated in DEFENDANT, JOHN ROCCHIO'S SUPPLEMENTAL RESPONSE TO PLAINTIFFS' SECOND SET OF INTERROGATORIES where Defendant Rocchio makes the allegation that "In this incident, Plaintiff Mello's increased aggression and the reasonable belief that he was in the possession of two (2) knives, lead Defendant to take action without communicating it to the other officer on scene."

the importance of these documents and the forceful actions taken against Plaintiff Mello. If, as Plaintiffs' forensic analysis suggests, the property form was altered, then this directly impacts the credibility of Defendant's and the police department's version of events and is thus relevant to this case.

## DEFENDANTS' FAILURE TO PRODUCE THE ORIGINAL 2021 SIGNED PROPERTY FORM SUPPORTS PLAINTIFFS' CLAIMS

Defendants have not confirmed nor denied Plaintiffs' allegations by producing the original, signed 2021 property form from Plaintiff Mello's arrest. If the original document matched the discovery version, Defendants could have easily produced it to resolve the issue. Their continued refusal to do so raises serious concerns regarding:

1. Why the original document has not been provided.
2. Whether the document produced in discovery was altered or recreated.

Defendants' failure to verify the authenticity of the document necessitates judicial intervention. Precedent supports the argument that official documents must be properly authenticated and unaltered:

- *Bennett v. State*, 95 So. 3d 196 (Fla. Dist. Ct. App. 2012) – Found that inconsistencies in formatting and official seals raised questions about authenticity.
- *United States v. Dockins*, 986 F.2d 898 (5th Cir. 1993) – Ruled that the burden of proving authenticity rests with the party presenting the document, and alterations (such as missing insignias) impact credibility.
- *Haddad v. Lockheed Martin Corp.*, 2007 WL 1192563 (D.D.C. 2007) – Emphasized that documents produced in discovery must be in their original format.
- *Jones v. City of Chicago*, 856 F.2d 985 (7th Cir. 1988) – Held that police documents used in discovery and trial must be properly authenticated.
- *Rosario-Diaz v. Gonzalez*, 140 F.3d 312 (1st Cir. 1998) – Stated that public records must be authenticated under Federal Rules of Evidence 901 & 902.
- *Brady v. Maryland*, 373 U.S. 83 (1963) – Established that withholding or altering exculpatory evidence violates due process.

If the police department property form lacks an official crest, Plaintiffs argue:

- Under Federal Rule of Evidence 901, the document is not properly authenticated because it lacks distinctive characteristics.
- Under Federal Rule of Evidence 902, it is not self-authenticating because it lacks an official seal or certification.
- The burden shifts to Defendants to prove the document's authenticity.

If Defendants fail to provide a satisfactory explanation for the discrepancies in the document, Plaintiffs respectfully request that the Court take appropriate measures to ensure transparency and accountability. This may include ordering Defendants to produce the original signed 2021 property form, requiring sworn affidavits from relevant officials regarding the chain of custody, or allowing further forensic examination to determine the extent of the discrepancies. Plaintiffs seek to ensure that the integrity of the discovery process is upheld and that any irregularities are properly addressed.

## DEFENDANTS MISAPPLY HECK V. HUMPHREY TO EVADE LIABILITY FOR POLICE MISCONDUCT

Defendants erroneously argue that Plaintiffs' claims are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), asserting that proving document falsification would necessarily undermine Mello's conviction. This is a misapplication of *Heck*, which only bars claims that would invalidate an existing conviction. Plaintiffs' claims, however, focus on police misconduct, document falsification, and discovery violations—none of which require overturning Mello's conviction to proceed.

### A. Heck Does Not Apply to Claims of Evidence Tampering and Police Misconduct

Defendants intentionally and improperly attempt to limit the scope and focus of this lawsuit to an excessive force claim while ignoring Plaintiffs' allegations of police misconduct, document falsification and due process violations. Courts have consistently held that such claims constitute independent constitutional violations under § 1983 and are not barred by *Heck*.

- *McDonough v. Smith*, 139 S. Ct. 2149 (2019): The Supreme Court held that fabricated evidence claims are not automatically barred under *Heck*, as they involve distinct due process violations that exist regardless of conviction status.
- *Whitmore v. Harrington*, 204 F.3d 784 (8th Cir. 2000): The falsification of evidence constitutes a due process violation even when the underlying conviction remains valid.

Because Plaintiffs' claims do not challenge the validity of Mello's conviction but instead focus on police misconduct and discovery violations, *Heck* does not apply. Defendants cannot use it as a shield to avoid accountability for their actions.

**B. Fraud on the Court is an Independent Violation**

Defendants further ignore that submitting fraudulent evidence in discovery constitutes a standalone violation of due process and fraud on the court, which courts have repeatedly recognized as a serious legal offense.

- *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944): The Supreme Court held that fraud on the court, including the submission of falsified evidence, fundamentally undermines the judicial process and requires court intervention.

Fraudulent discovery submissions do not fall under *Heck* and do not depend on the validity of a prior conviction. Plaintiffs' claims address procedural violations that taint the fairness of the judicial process and obstruct justice. Plaintiffs respectfully request that the Court reject Defendants' argument and allow this motion for reconsideration to proceed on its merits.

**THE JANUARY 24, 2025, HEARING WAS PROCEDURALLY UNFAIR**

Defendants argue that Plaintiffs had ten days to prepare for the hearing and were provided with a two-hour session; however, this characterization ignores the significant procedural disadvantages that Plaintiffs faced. The structure and conduct of the hearing did not afford Plaintiffs a fair opportunity to fully present their case, resulting in undue prejudice.

1. Plaintiffs were required to argue four separate motions in a single hearing, imposing an unreasonable burden and limiting the time available to address each issue adequately.

2. Plaintiffs were unable to present critical digital forensic evidence, as the Court did not permit screen sharing or digital file analysis—tools that had previously been allowed in a Zoom hearing.
3. The rushed nature of the proceedings prevented a comprehensive explanation of the forensic discrepancies in the document at issue.

Due process requires a meaningful opportunity to be heard. See *Mathews v. Eldridge*, 424 U.S. 319 (1976). The structure of the January 24, 2025, hearing failed to meet this standard, warranting reconsideration.

A. Plaintiffs Were Prejudiced by the Court's Ruling and the Denial of an Evidentiary Hearing

The Court's failure to fully consider the significance of the document alteration evidence resulted in substantial prejudice to Plaintiffs. Given only ten days' notice to prepare for a hearing addressing multiple discovery motions, Plaintiffs were unable to secure expert forensic testimony to support their claims. This significantly impaired their ability to present key evidence that could have influenced the Court's ruling.

The Supreme Court has long recognized that due process demands a full and fair opportunity to present material evidence. See *Brady v. Maryland*, 373 U.S. 83 (1963). The limitations imposed during the hearing prevented Plaintiffs from demonstrating the extent of the discrepancies in the discovery documents, further justifying reconsideration.

For these reasons, Plaintiffs respectfully request that the Court reconsider its prior ruling and allow for a proper evidentiary hearing to ensure due process and fairness in these proceedings.

**THE COURT SHOULD NOT DENY RECONSIDERATION BASED ON A TECHNICAL CITATION ISSUE**

Defendants argue that Plaintiffs' Motion for Reconsideration was improperly filed under Rule 59(e) and should be denied. However, this is a procedural argument that fails to address the merits of Plaintiffs' newly discovered evidence.

While Rule 59(e) applies to final judgments, reconsideration of interlocutory orders—such as a discovery ruling—is properly brought under Rule 54(b) or Rule 60(b). Courts have broad

discretion to reconsider non-final rulings under Rule 54(b) and to grant relief under Rule 60(b) for newly discovered evidence, mistake, or fraud. See *Perez-Ruiz v. Crespo-Guillén*, 25 F.3d 40, 42 (1st Cir. 1994) (confirming that courts may revisit prior rulings where justice requires).

**A. The Court May Recharacterize the Motion Under the Correct Rule**

Courts routinely interpret motions based on their substance rather than their title. See *Castro v. United States*, 540 U.S. 375, 381 (2003) ("Courts do not elevate form over substance in determining the nature of a motion."); *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (holding that a court may recharacterize a mislabeled motion).

Because Plaintiffs' motion seeks reconsideration of a discovery ruling based on new evidence, procedural unfairness, and legal errors, it aligns more closely with Rule 54(b) or Rule 60(b) than Rule 59(e). Given that courts have the authority to construe motions under the appropriate rule, this motion should not be denied on a technicality.

**IV. REQUEST FOR RELIEF**

For the reasons outlined above, Plaintiffs respectfully request that this Court:

1. Grant reconsideration under Fed. R. Civ. P. 59(e) due to newly discovered evidence and legal/factual errors.
2. Order Defendants to produce the original signed property form from October 21, 2021, along with all related metadata.
3. Appoint an independent digital forensics expert at Defendants' expense to determine whether the discovery document was altered, manipulated, or digitally created.
4. Recognize that Plaintiffs' police misconduct and discovery violation claims are separate from the excessive force claims and are not barred by Heck.

**CONCLUSION**

Defendants' objection fails to address the newly discovered evidence, ignores their refusal to produce the original document, and misapplies Heck v. Humphrey to avoid addressing police misconduct. Plaintiffs have provided ample justification for reconsideration and respectfully request that the Court grant the requested relief.

**Respectfully submitted,**

/s/ Joshua Mello
/s/ Rachel Ware
Pro Se Plaintiffs
57 Rolfe Square, Unit 10113
Cranston, RI 02910
kskustomsrideons@gmail.com
401.426.0778

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th of February 2025, a copy of the foregoing PLAINTIFFS' REPLY TO DEFENDANTS' OBJECTION TO MOTION FOR RECONSIDERATION was served via the e-filing system to:

Julia K. Scott-Benevides
DeSisto Law LLC
(401) 272-4442
julia@desistolaw.com

/s/ Joshua Mello