**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**JOSHUA MELLO AND RACHEL WARE, PLAINTIFFS**
V.                              **CASE NOS.: 1:2023-CV-00479 & 1:2023-CV-00480**
**EDWARD ARRUDA AND JOHN ROCCHIO, DEFENDANTS**

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Now Comes the Plaintiffs/whistleblowers, Joshua Mello and Rachel Ware, and hereby submit this Opposition to Defendants' Motion to Dismiss. Plaintiffs assert that the motion should be denied based on the following grounds: (1) Defendants' pattern of bad faith litigation tactics and procedural abuse, (2) the retaliatory nature of the motion, (3) the disproportionate and excessive nature of the requested actions of dismissal, and (4) significant procedural defects in Defendants' underlying motion to compel.

Throughout approximately a year and a half of litigation, the Plaintiffs have consistently met every deadline. Filing a motion for dismissal without making any good faith effort to contact the Plaintiffs—particularly over a single alleged missed deadline—is both unjustified and excessive. The Plaintiffs have clear evidence demonstrating their active efforts to comply with the Court's order to the best of their ability. Such a drastic measure as dismissal is unwarranted given their diligent and ongoing attempts to fulfill the obligations

For the sake of transparency, as the Plaintiffs do not see the motion to dismiss reflected on the court's docket and remain uncertain about the procedural status of this matter, they are submitting this filing and evidence, see Exhibit A, to the Court. Plaintiffs were actively acquiring what medical records exist. During the week of February 14, Plaintiffs contacted Dr.Newell to obtain medical records, the office called on 2/18/25 letting Plaintiffs know they were ready for pick up. On 2/19/25 Plaintiffs were able to pick up the medical records[1]. We were actively in the process of getting the information over to the Defendants when they filed Defendants' Motion to Dismiss Plaintiffs' Complaints for their failure to comply with Magistrate Sullivan's January 29,

---

[1] If it pleases the court, the Plaintiffs can obtain and supply a signed and dated copy (2/19/25) of the medical release from Dr. Newell's office on Feb 19th when we obtained the enclosed exhibit.

2025 OrderDue to their serious concerns and in an effort to protect their interests, the Plaintiffs seek to affirm their compliance efforts with the order issued by Magistrate Sullivan with this response.

## I. INTRODUCTION

Defendants have engaged in a pattern of procedural gamesmanship, using legalese last-minute filings and abusive litigation tactics to create artificial procedural barriers for the Plaintiffs/whistleblowers, who are pro se litigants. The current Motion to Dismiss follows this pattern and was filed immediately after Plaintiffs' Motion to Strike, making it retaliatory in nature. Further, the motion relies on a procedurally defective motion to compel, which was filed on the last day of discovery despite prior two standing court orders that no further extensions would be granted.

The Defendant's Motion to Dismiss is not a legitimate legal argument but rather an exercise in procedural manipulation designed to divert the Court's attention away from the substantive constitutional violations at issue including police misconduct, use of excessive/deadly force (neck restraint) and further assault on a handcuffed prisoner. Rather than addressing the facts and law directly, the defense is engaging in a pattern of bad faith litigation tactics—filing excessive motions, distorting the procedural process, and attempting to discredit the Plaintiffs through strategic mischaracterization of filings and intent. This response will expose these tactics and emphasize the necessity of moving forward with substantive review to ensure that the constitutional violations alleged are properly adjudicated.

Dismissal is an extreme sanction under Federal Rule of Civil Procedure 37(b)(2) and is inappropriate. For these reasons, Plaintiffs/whistleblowers respectfully request that the Court deny Defendants' Motion to Dismiss in its entirety with prejudice.

## II. LEGAL STANDARD

Under Rule 37(b)(2), courts may issue sanctions for failure to comply with discovery orders, but dismissal is only warranted in cases of willful or repeated misconduct. See Angulo-Alvarez v.

Aponte de la Torre, 170 F.3d 246, 251 (1st Cir. 1999) (stating that dismissal is appropriate only for repeated violations and where lesser sanctions would be ineffective).

Additionally, under Rule 11(b), motions should not be filed for an improper purpose, such as harassment or retaliation. Courts have inherent authority to sanction attorneys who engage in bad faith litigation tactics. See Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991).

## III. ARGUMENT

### A. Defendants' Motion Is Procedurally Defective

1. The motion to compel that led to this dismissal request was filed on the last day of discovery—a clear instance of procedural manipulation.
2. This filing violated prior court orders stating that no further extensions would be granted, demonstrating Defendants' bad faith litigation strategy.
3. The motion to compel was filed with an incorrect attorney address, calling into question its validity and proper service. In *United States v. $9,041,598.68* (D.R.I. 2020), the court emphasized that procedural defects in filings compromise their legitimacy, warranting either the striking of such motions or the denial of relief based on them. Similarly, because the motion to compel in this case contained an incorrect address, the resulting order should be reconsidered or deemed invalid. Courts should not impose further sanctions, including dismissal, when the underlying motion is procedurally defective.

### B. Misuse of Rule 12(f) and Rule 11 to Intimidate the Plaintiff

Rather than addressing the actual claims, the defense has weaponized Federal Rules of Civil Procedure 12(f) and 11 by attempting to paint the Plaintiff's filings as frivolous or harassing. This is a classic tactic aimed at intimidating pro se litigants into withdrawing or weakening their filings out of fear of sanctions.

However, Rule 11 is not intended to be used as a tool for intimidation. The Advisory Committee Notes on the 1993 Amendments to Rule 11 explicitly state:

3

*"Rule 11 motions...should not be employed...to emphasize the merits of a party's position...to intimidate an adversary into withdrawing contentions that are fairly debatable."*
*(See Fed. R. Civ. P. 11 Advisory Committee Notes, 1993 Amendments).*

The Defendant's reliance on threats of Rule 11 sanctions is therefore a misuse of the rule, and the Court should reject such efforts to chill legitimate litigation.

In reality, the defense has failed to engage with the specific legal violations raised in the Complaint. Instead, they attempt to shift the narrative by making baseless claims about the Plaintiff's intent and behavior. This is a transparent attempt to distract the Court from the actual allegations against the Defendants.

## C. The Motion to Dismiss Is Retaliatory

Defendants filed this motion immediately after Plaintiffs/whistleblowers moved to strike their prior frivolous allegations, including accusations of being serial litigants. This timing suggests a clear retaliatory motive, rather than a legitimate legal argument. Courts have recognized that filings made to punish a party for exercising procedural rights violate Rule 11. See Primus v. United States, 389 F.3d 231, 234 (1st Cir. 2004).

## D. Motion Stacking and Delay Tactics

The defense has inundated this case with procedural filings—motions to dismiss, motions to compel, and procedural objections—each designed to distract from the underlying constitutional claims. This tactic is not a legitimate use of the Court's resources but rather an attempt to exhaust the Plaintiffs emotionally and financially. Pro se litigants, by their nature, lack the institutional backing of government-funded defense counsel, and the Defendant's strategy exploits this power imbalance in an attempt to outlast the Plaintiffs/whistleblowers through attrition. Plaintiffs in this case, are homeless and indigent, working diligently to respect the courts and proceed their complaint fairly and equitably, even with the Defendants tactics that undermine the underlying constitutional claims at the core of this complaint.

Courts have condemned the use of procedural tactics designed to evade judicial review and exhaust litigants, as such in this case. In *Shearson/American Express Inc. v. McMahon*, 482 U.S.

4

220 (1987), the Supreme Court criticized the use of procedural maneuvers as a "blatant evasion" of judicial authority.

Further, the Federal Judicial Center has recognized that excessive procedural filings and delay tactics warrant judicial intervention to prevent abuse of the litigation process. *(See Federal Judicial Center, "Rule 11 Sanctions," available at fjc.gov).*

The Defendant's reliance on such tactics demonstrates an effort to manipulate the legal system rather than engage with the actual merits of the case.

Additionally, delay tactics have been consistently employed, including unnecessary extensions and procedural objections aimed at prolonging litigation. These tactics are not about legitimate legal defenses but about leveraging procedural obstacles to avoid accountability.

### E. The Requested Sanction Is Excessive and Disproportionate

Dismissal is a severe sanction and should be reserved for cases of deliberate and repeated noncompliance. See Societe Internationale v. Rogers, 357 U.S. 197, 209 (1958) (holding that courts must first consider whether a failure to comply was willful before imposing sanctions). Courts have routinely held that a single missed deadline does not justify dismissal. See Affanato v. Merrill Bros., 547 F.2d 138, 141 (1st Cir. 1977). Submitting a motion to dismiss without making a sincere effort to confer with the Plaintiffs—particularly concerning a single alleged missed deadline—is both unreasonable and excessive.

Further, under Torres-Vargas v. Pereira, 431 F.3d 389, 393 (1st Cir. 2005), courts must apply procedural rules fairly and cannot selectively enforce them against pro se litigants while ignoring similar misconduct by represented parties. Here, the court has overlooked Defendants' procedural abuses while strictly enforcing procedural rules against Plaintiffs.

### IV. DEFENSE'S ATTEMPT TO CONTROL THE COURT'S PERCEPTION

### A. Weaponizing Bias Against Pro Se Litigants

The defense is deliberately trying to create a perception that the Plaintiffs/whistleblowers are"serial litigants" or that this case is based on a personal vendetta rather than legitimate legal

grievances. This tactic serves no purpose other than to bias the Court against the Plaintiff, ensuring that future filings are viewed with skepticism.

Courts have acknowledged that pro se litigants face systemic biases but are nonetheless entitled to the same procedural protections as represented parties. As the Houston Law Review notes:

*"Rule 11 of the Federal Rules of Civil Procedure applies to both lawyers and pro se litigants." (See Houston Law Review, "The Vexatious Litigant Problem").*

Despite this, the defense continues to take advantage of procedural biases by framing the Plaintiff's/whistleblowers claims as meritless, frivolous, incoherent, retaliatory, and harassing, as evidenced by their recent filings. Of which are further attempts to weaponize the plaintiffs pro se and financial status. The Court must resist such efforts and instead assess the case on its substantive merits.

Courts have historically favored attorneys over pro se litigants, particularly when attorneys use legalese and aggressive procedural filings to frame pro se arguments as "unreasonable" or "irrational." The defense is exploiting this bias in an attempt to have the Court dismiss the case on perception alone, rather than on a fair review of the claims.

**B. Shifting Focus Away from the Constitutional Violations**

By repeatedly characterizing the Plaintiff's/whistleblowers filings as "harassment" or "vexatious," the defense counsel seeks to distract the Court from its own misconduct that of the Defendants. Instead of engaging with the constitutional violations raised, they attempt to redirect and reframe the attention toward procedural technicalities and ad hominem attacks against the Plaintiffs.

The misuse of legal processes for an ulterior motive—such as avoiding scrutiny of constitutional violations—falls under the doctrine of abuse of process. As stated in Bochetto & Lentz, P.C.:

*"Abuse of process refers to the misuse or manipulation of legal procedures for an improper purpose, which can undermine the integrity of the legal system." (See Bochetto & Lentz, "Understanding Abuse of Process").*

The Defendant's procedural tactics are not intended to facilitate fair litigation but rather to obstruct justice and avoid judicial review of its misconduct.

## V. THE COURT'S SYSTEMIC BIAS IN FAVOR OF GOVERNMENT DEFENDANTS

### A. The Structural Advantage of Government Defendants

There is a well-documented pattern of courts favoring municipal and state officials in litigation, especially in civil rights cases. This is due in part to:

1. **Judicial Backgrounds:** Many judges are former prosecutors or government attorneys, creating an inherent institutional bias that favors law enforcement and government entities.
2. **Qualified Immunity:** This doctrine is often misapplied to create a near-automatic presumption that government actors behaved lawfully, even when evidence suggests otherwise.
3. **Burden of Proof in Civil Rights Cases:** Plaintiffs face an unfairly high burden in establishing civil rights violations, with courts frequently dismissing claims on procedural technicalities rather than allowing them to proceed to discovery or trial.
4. **Fear of Precedent:** Courts are reluctant to rule in favor of civil rights plaintiffs because doing so sets a precedent for future litigation, leading to an institutional and systemic resistance against such claims and the pro se litigants who file them.

### B. Defense Counsel's Bad-Faith Litigation Tactics

Government attorneys often rely on the expectation that judges will be lenient toward them while holding pro se litigants to an unreasonably high standard. The defense in this case has:

1. **Misrepresented facts,** knowing that judges rarely penalize government attorneys for doing so.
2. **Obstructed discovery,** aware that courts often tolerate delays from government attorneys but not from pro se plaintiffs.
3. **Made baseless accusations,** assuming that judges will inherently distrust non-lawyers.

The judiciary has a duty to prevent procedural abuse and ensure fairness in litigation. The Federal Judicial Center has emphasized the importance of early judicial intervention to curb tactics that undermine the judicial process like the ones transparently on display here. *(See Federal Judicial Center, "Rule 11 Sanctions," fjc.gov).*

The Court should recognize these procedural tactics as bad-faith litigation strategies designed to obstruct the Plaintiff's pursuit of justice and should deny the Motion to Dismiss accordingly.

## VI. DEFENSE'S PSYCHOLOGICAL WARFARE & INTIMIDATION TACTICS

### A. Gaslighting and Discrediting

The defense has dismissed valid evidence as irrelevant and framed the Plaintiff's/whistleblowers case as a personal grievance rather than a legitimate constitutional challenge. This is a deliberate effort to undermine the Plaintiff's confidence and credibility.

### B. Financial and Emotional Exhaustion as a Litigation Strategy

The defense is relying on the well-documented reality that most pro se litigants abandon their cases before trial due to financial and emotional strain. This is not a reflection of the case's merit but rather of the structural barriers in the legal system especially those of pro se litigants.

## VII. CONCLUSION

The Defendant's Motion to Dismiss is not grounded in substantive legal arguments but rather constitutes a calculated effort to exploit procedural technicalities, judicial biases, and induce litigation fatigue. Such tactics are emblematic of bad faith litigation and a clear attempt to obstruct the fair adjudication of the Plaintiff's/whistleblowers claims. The Court must look beyond these procedural maneuvers and recognize the retaliatory intent of the Defendant's motion, which serves not as a legitimate legal defense but as a tool to undermine the integrity of, and manipulate the judicial process.

Dismissing this case without a substantive review would effectively condone the Defendant's procedural misconduct and embolden similar abuses of the judicial system. The constitutional

violations at issue warrant full and fair consideration on their merits, free from obstructionist tactics that seek to deny the Plaintiffs[2] fair and equitable access to justice.

For the foregoing reasons, the Plaintiffs/whistleblowers respectfully requests that the Court:

1. Deny the Defendant's Motion to Dismiss in its entirety with prejudice.
2. Recognize the retaliatory intent underlying the Defendant's motion.
3. Acknowledge the Defendant's procedural misconduct and bad faith litigation tactics.

Allowing this case to proceed ensures that the serious constitutional violations alleged are properly adjudicated and that the judicial process remains a fair and equitable forum for all parties involved.

Respectfully submitted,

/s/ Joshua Mello
/s/ Rachel Ware
Pro Se Plaintiffs
57 Rolfe Square, Unit 10113
Cranston, RI 02910
401.426.0778

Exhibit A: Medical Records from Dr.Newell
Exhibit B: Protective Order for Medical Records

---

[2] Plaintiffs urge the Court to focus on the merits of this case rather than be distracted by unnecessary rhetoric or procedural tactics. As whistleblowers, Plaintiffs will not be deterred by obstructive conduct or delay strategies employed by the defense. The central issue remains the Defendants' alleged misconduct and use of excessive, deadly force, which should not be overshadowed by efforts to evade accountability.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 24th of February 2025, a copy of the foregoing PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS was served via the e-filing system to:

Julia K. Scott-Benevides
DeSisto Law LLC
(401) 272-4442
julia@desistolaw.com

/s/ Joshua Mello
/s/ Rachel Ware