# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOSHUA MELLO AND RACHEL WARE, PLAINTIFFS
V.                CASE NOS.: 1:2023-CV-00479 & 1:2023-CV-00480
EDWARD ARRUDA AND JOHN ROCCHIO, DEFENDANTS

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

Now comes the Plaintiffs, Joshu Mello, and Rachel Ware, Pro Se, pursuant to Federal Rule of Civil Procedure 26(c) and respectfully moves this Honorable Court for the entry of a Protective Order to safeguard the confidentiality of medical records and other sensitive personal information disclosed during the discovery process in this matter since the onset of litigation. In support of this Motion, Plaintiffs states as follows:

**I. INTRODUCTION**

1. Plaintiffs have been requested to produce medical records and other personal information in response to Defendant's discovery requests.

2. The requested documents contain confidential and private medical information protected under HIPAA (Health Insurance Portability and Accountability Act) and other applicable privacy laws.

3. Plaintiffs seeks a Protective Order to prevent any unauthorized disclosure, misuse, or public dissemination of sensitive information.

**II. LEGAL STANDARD**

4. Under FRCP 26(c), the Court may issue a protective order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."

5. A protective order is warranted when disclosure of information may cause unwarranted invasion of privacy or misuse of sensitive data.

6. Courts have consistently recognized the importance of protecting medical records due to their private and personal nature (see, e.g., Seattle Times Co. v. Rhinehart, 467 U.S. 20 (1984)).

### III. GOOD CAUSE EXISTS FOR A PROTECTIVE ORDER

7. Plaintiff's medical records contain highly sensitive information that is irrelevant to the broader aspects of the case beyond the specific claims at issue.

8. Disclosure of such records without appropriate safeguards could result in irreparable harm, including violations of privacy rights, potential misuse, and public embarrassment.

9. Defendant has no legitimate need to publicly disclose or disseminate Plaintiff's medical records beyond the scope of this litigation.

10. The requested protective order will not prejudice Defendant but will simply ensure that any necessary disclosure is properly limited.

### IV. REQUESTED PROTECTIONS

11. Plaintiff respectfully requests that the Court issue a Protective Order with the following terms:
a. All medical records produced in this litigation shall be designated "CONFIDENTIAL" and used solely for purposes of this lawsuit and only provided to the Defendants counsel. .
b. Defendants legal counsel shall not disclose or disseminate Plaintiff's medical records to the Defendants and any third party, media outlet, or non-litigant individuals without prior court approval.
c. Any filings containing medical records shall be redacted or filed under seal.

d. Any party violating this Protective Order shall be subject to sanctions, including attorney's fees, contempt proceedings, or other appropriate relief.

## V. CONCLUSION

12. For the foregoing reasons, Plaintiffs respectfully requests that this Court enter a Protective Order to ensure the confidentiality of Plaintiff's medical records and personal information.

WHEREFORE, Plaintiffs prays that this Honorable Court grant this Motion for Protective Order and provide such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Joshua Mello
/s/ Rachel Ware
Pro Se Plaintiffs
57 Rolfe Square, Unit 10113
Cranston, RI 02910
401.426.0778

**CERTIFICATE OF SERVICE**

I hereby certify that on the 24th of February 2025, a copy of PLAINTIFF'S MOTION FOR PROTECTIVE ORDER was served via the e-filing system to:

Julia K. Scott-Benevides
DeSisto Law LLC
(401) 272-4442
julia@desistolaw.com

/s/ Joshua Mello
/s/ Rachel Ware

3