UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOSHUA MELLO AND RACHEL WARE, PLAINTIFFS
V.
CASE NOS.: 1:2023-CV-00479 & 1:2023-CV-00480
EDWARD ARRUDA AND JOHN ROCCHIO, DEFENDANTS

**PLAINTIFFS' REPLY TO DEFENDANTS' OBJECTION TO MOTION TO STRIKE**

**I. Introduction**

Plaintiffs Joshua Mello and Rachel Ware hereby submit this reply to Defendants' objection to Plaintiffs' Motion to Strike, addressing multiple material deficiencies, procedural misrepresentations, and bad-faith litigation tactics in Defendants' filing.

Defendants' objection to Plaintiffs' Motion to Strike is nothing more than a transparent attempt to distort the procedural record, evade accountability with sweeping blanket denials, and undermine Plaintiffs' legitimate claims through misrepresentation and bad-faith tactics. Instead of engaging with the substantive legal basis for Plaintiffs' motion, Defendants resort to:

- Deliberate mischaracterization of the nature and purpose of Plaintiffs' Motion to Strike.
- A calculated misrepresentation of case law and procedural history.
- Disingenuous claims of confusion to avoid responding to arguments on the merits.
- The introduction of extraneous, prejudicial references designed solely to bias the Court.
- A sustained effort to manipulate judicial perception rather than engage in principled legal advocacy.

Defendants' opposition to striking improper material from the record is indicative of their ongoing pattern of procedural gamesmanship, designed to shield ongoing misconduct, obscure facts, and distort legal issues. Plaintiffs' Motion to Strike is fully grounded in Rule 12(f) of the Federal Rules of Civil Procedure, which permits the Court to strike "redundant, immaterial, impertinent, or scandalous matter" from pleadings. *See Boreri v. Fiat S.p.A., 763 F.2d 17, 23 (1st Cir. 1985) ("The purpose of Rule 12(f) is to prevent material that confuses the issues or unfairly prejudices a party from remaining on the record.")*. Instead of demonstrating that their objection

1

does not contain such improper material, Defendants instead rely on sweeping and conclusory denials and procedural sleight of hand. Blanket denials are not substantive rebuttals. Courts have repeatedly held that general denials, without addressing specific factual contentions, are legally insufficient. *See Aoube v. Mobil Oil Corp., 892 F.2d 1115, 1121 (1sr Cir. 1989) ("A party's failure to address specific misrepresentation in their response can be deemed an implicit admission of those facts.")* This objection, like many of the other court filings, is not merely an oppositional filing—it is a strategic document designed to manipulate the Court's perception, distort the procedural record, and undermine Plaintiffs' legitimate claims. Such tactics are not only inappropriate but warrant corrective action, and further to be placed on the record to preserve the integrity of these proceedings.

The Court should reject Defendants' transparent attempts to evade the issue and grant Plaintiffs' Motion to Strike in full, including any similar language found in the most recent response(s), and deny Defendants' request for attorney's fees

## II. Defendants' Objection Fails to Meet the Applicable Legal Standard

### A. Defendants' Use of Prejudicial Language Warrants Striking Under Rule 12(f)

Defendants characterize Plaintiffs' filings as "frivolous[1]," "vexatious[2]," and "harassing" without citing any factual or legal basis for such claims. These statements serve no legitimate litigation purpose and are precisely the type of impertinent matter that courts routinely strike under Rule 12(f). See *Pigford v. Veneman, 215 F.R.D. 2, 4 (D.D.C. 2003) ("Scandalous language that serves only to disparage the opposing party is properly stricken.")*.

Defendants also mischaracterize Plaintiffs' Motion for Reconsideration as repetitive and legally deficient, despite the fact that Plaintiffs have:

1. Presented newly discovered evidence that was previously unavailable.
2. Identified material misrepresentations in Defendants' prior filings.
3. Demonstrated procedural misconduct that affected prior rulings.

---

[1] Frivolous refers to a claim or complaint that has no serious purpose or value, while vexatious describes a claim made primarily to harass or annoy another party. Both terms indicate that the complaint is not brought in good faith and lacks merit. (https://hmclawyers.com/civil-litigation/frivolous-or-vexatious-claims/)

[2] Vexatious: Law definition; denoting an action or the bringer of an action that is brought without sufficient grounds for winning, purely to cause annoyance to the defendant. (Oxford Languages)

2

The First Circuit has consistently held that Rule 12(f) serves to "minimize delay, prejudice, and confusion by narrowing the issues for discovery and trial." *Boreri v. Fiat S.p.A., 763 F.2d 17, 23 (1st Cir. 1985).* Instead of narrowing the issues, Defendants' inflammatory rhetoric and misrepresentations serve only to prejudice the Court against Plaintiffs.

**III. Defendants' Obstruction of Procedural Integrity and Legal Precision**

**A. Defendants' Strategic Misrepresentation of Plaintiffs' Motion**

Rather than addressing the substance of Plaintiffs' Motion to Strike, Defendants manufacture a false narrative, falsely alleging that Plaintiffs' motion is an unfounded attack rather than a legitimate request for judicial intervention in the face of prejudicial and procedurally improper filings. This assertion is not merely inaccurate—it is a willful attempt to derail the Court's ability to assess the merits of Plaintiffs' claim. Courts have ruled that subtle yet deliberate attempts to manipulate judicial perception violate professional ethics. *See United States v. Shaffer Equip. Co.*, 11 F.3d 450, 462 (4th Cir. 1993) ("A lawyer's duty to the court is one of complete honesty, and an attempt to subtly mislead is as unethical as a direct falsehood.")

**B. The Presence of Redundant, Impertinent, and Prejudicial Material is Undeniable**

Plaintiffs' Motion to Strike specifically identifies multiple instances of improper material, including but not limited to:

1. Deliberately using misleading characterizations and perpetually reframing Plaintiffs' claims. Contrary to Defendants' assertion, Plaintiffs Mello and Ware's complaint explicitly alleges violations, but are not limited to, the Fourth, Fifth, and Fourteenth Amendments, including unlawful search and seizure, denial of due process, deprivation of equal protection, excessive force and deadly force, and the assault of a handcuffed prisoner. Defendants' intentionally narrow interpretation disregards the breadth of constitutional violations detailed in the complaint and seeks to improperly limit judicial review and thusly limiting liability. At this stage, courts must accept all well-pleaded factual allegations as true and construe them in the light most favorable to the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Defendants' repeated attempts to mischaracterize the scope of these claims are not only unsupported by the pleadings but

3

also undermine the principle that legal claims should be adjudicated on their merits rather than distorted through procedural maneuvering. Plaintiffs respectfully urge the Court to recognize that the complaint[3] clearly articulates claims beyond the Fourth Amendment, including but not limited to those arising under the Fifth and Fourteenth Amendments, as explicitly set forth in Defendants' motions.

2. Inflammatory and prejudicial rhetoric intended solely to bias the Court. The First Circuit has consistently recognized that disparaging language meant to discredit an opposing party rather than engage with substantive legal arguments is improper. See *Alvarado-Morales v. Digital Equipment Corp.*, 843 F.2d 613, 618 (1st Cir. 1988) (*"A party may not include inflammatory language in filings that serves no purpose other than to unduly prejudice the court."*).

    A. Defendants do not rebut Plaintiffs' claims on the merits but instead attempt to frame Plaintiffs as vexatious litigants to shift judicial focus away from their procedural misconduct.

    B. By poisoning the well against Plaintiffs through rhetoric rather than substantive argument, Defendants undermine principles of due process. See *In re Murchison*, 349 U.S. 133, 136 (1955) (*"A fair trial in a fair tribunal is a basic requirement of due process."*).

3. References to irrelevant litigation, is introduced to intentionally and falsely portray Plaintiffs as vexatious and serial litigants for instance. Defendants' counsel asserts that she has not labeled Plaintiffs as serial litigants yet proceeds to reference lawsuits filed by Plaintiffs in a way that serves no legal purpose other than to create the appearance of excessive litigation. This is a textbook example of an implicit argument presented under the guise of a denial. Defendants subsequently and improperly reference Plaintiffs' involvement in a separate lawsuit (C.A. 24-cv-348-JJM) in Footnote No. 5 to create an unwarranted narrative that Plaintiffs engage in excessive litigation. Courts have held that footnotes cannot be used as a backdoor to introduce prejudicial material that would otherwise be improper. See *Pigford v. Veneman, 215 F.R.D. 2, 4 (D.D.C. 2003) ("A party may not use footnote to introduce scandalous or irrelevant matters that would otherwise*

---

[3] Please reference complaint 2023-CV-00479 pgs. 6,7.18,19,20, and 30 and complaint 2023-CV-00480 pgs. 23,27,28,36, 38,40,41,and 49 for example of claims stated herein.

4

*be stricken from the record")* Additional Courts have ruled that references to unrelated legal matters should not be used to improperly influence judicial perception. See *Michelson v. United States*, 335 U.S. 469, 475-76 (1948) (*"Irrelevant legal history should not be used to improperly influence judicial perception."*).

4. Dismissive, bad-faith representations of Plaintiff Ware's whistleblower retaliation claim, reducing it to a "belief" rather than a legally recognized cause of action. Defendants' reference to Plaintiff Ware's claim as her "believing she is some sort of whistleblower[4]" intentionally and fraudulently misrepresents and trivializes the legal basis for her claims as well as her legitimacy as a plaintiff. The Supreme court has explicitly held that retaliation against whistleblowers who expose official misconduct constitutes a violation of First Amendment rights. *See Lane v. Franks. 573 U.S. 228, 236 (2014) ("Public employees who speak as citizens on matters of public concern are entitled to First Amendment protection against retaliation.")* Defendants' attempt to frame Plaintiff Ware's whistlebower claim as an unsubstantiated personal belief is not only misleading but also a violation of her constitutional right. Plaintiff Ware's allegations are grounded in truth and reality, furthermore in well established whistleblower protections under both constitutional and statutory frameworks. These claims are not speculative by any means and are well grounded and supported by well documented and irrefutable evidence. Ware's factual assertions regarding adverse actions taken against her for engaging in protected activity are not merr "feelings or beliefs" but legitimate and indisputable.

Each of these examples meets the explicit standard for striking under Rule 12(f) and constitutes an abuse of process warranting judicial correction.

**C. Plaintiffs' Filings Have Been Necessary to Address Defendants' Procedural Misconduct**

- Defendants' own actions—such as misrepresenting Plaintiffs' constitutional claims and resisting legitimate discovery requests—have necessitated judicial intervention.

---

[4] Whistleblower: One who reveals wrongdoing within an organization to the public or to those in positions of authority. An informant who exposes wrongdoing within an organization in the hope of stopping it. "the whistleblower was fired for exposing the conditions in mental hospitals"
The American Heritage® Dictionary of the English Language, 5th Edition

5

- Filings in response to documented misconduct do not constitute vexatious litigation. See *Pavilonis v. King*, 626 F.2d 1075, 1079 (1st Cir. 1980)

**IV. Defendants' Claim That Plaintiffs' Motion is *"Confusing"* is a Baseless Delay Tactic**

**A. Defendants' Argument**

Defendants claim that Plaintiffs' motion is *"confusing and difficult to follow"* in an attempt to avoid addressing its substantive merits.

**B. Plaintiffs' Response**

This claim is wholly without merit and should be recognized for what it is—a blatant attempt to distract from Defendants' inability to justify the improper content within their filings. Courts have consistently rejected this type of evasive strategy. See *Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC*, 685 F. Supp. 2d 456, 469 (S.D.N.Y. 2010) ("A party's failure to engage with substantive allegations while dismissing them as incoherent may indicate an attempt to mislead the court rather than a genuine deficiency in the opposing party's filing.").

**V. Defendants Improperly Employ Ad Hominem Attacks Instead of Legal Argument**

Rather than addressing the substantive legal arguments in Plaintiffs' motion, Defendants engage in ad hominem attacks by characterizing Plaintiffs' filings as "random and rambling" and repeatedly accusing Plaintiffs of "frivolous litigation." These tactics have no place in legal pleadings and are meant solely to influence and distract from the substantive issues before the Court.

**IV. Defendants' Pattern of Procedural Abuse and Fraud Upon the Court**

**A. Defendants' Repeated Misrepresentations of the Record**

Defendants' bad-faith litigation tactics are clearly evident in their repeated attempts to not only rewrite our claims along with our procedural history. Their filings contain demonstrable falsehoods regarding Plaintiffs' claims, mischaracterizations of prior rulings, and selective omission of newly surfaced evidence, all of which constitute fraud upon the court. By attempting

6

to artificially narrow the claims before the Court, Defendants are engaging in a procedural manipulation that deprives Plaintiffs of their constitutional right to meaningful judicial review.

See *Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1121 (1st Cir. 1989) ("Fraud upon the court occurs when a party intentionally misrepresents or suppresses material facts to influence litigation.").*

**B. Defendants' Strategic Evasion and Misrepresentation of Critical Evidence**

While the Defendants have provided certain evidence during discovery, they have deliberately avoided addressing its significance within the breadth and scope of this lawsuit. Key documents, including contradictory police reports and exculpatory statements, for instance, have been disclosed without acknowledgment of their impact or relevance to the claims at issue.

For example but not limited to, the following documents highlight this pattern of suppression and evasion:

- An unapproved police report, which was sent to WPRI and is the same report Officer Rocchio forwarded to Officer Arruda in an email dated 10/21/21 This report was later produced in discovery on November 28, 2024, as part of Defendants' Third Supplemental Production (Documents 270-279).
- An email dated 10/25/21, from Officer Rocchio to the prosecutors, explicitly stating that "Mello was arraigned by the JP prior to being notified of these No Trespass Warrantings" This critical piece of evidence was disclosed on September 27, 2024, as part of Defendants' First Supplemental Response to Plaintiffs (Documents 268-269).

In addition, Defendants have also failed to address the removal of exculpatory statements from official records. The approved police report is missing key statements originally made by Officer Rocchio, which were included in the unapproved version. In this unapproved report, Officer Rocchio followed up with a "NFTR" notation, indicating that no trespass order had been communicated to Mr. Mello. This unapproved version was sent to WPRI, leading to news coverage presenting alleged facts that do not appear in the approved police report—because they never happened. This false narrative is further disproven by emails obtained in discovery (see

7

Documents 268-269), confirming that Officer Rocchio never informed Mr. Mello of any no-trespass orders.

Furthermore, Defendants engage in a strategic presentation of misleading legal arguments designed to narrow judicial review and mischaracterize the nature of Plaintiffs' claims. Defendants repeatedly reframe and distort Plaintiffs' allegations, failing to acknowledge that this case involves serious police misconduct, excessive force, and the use of deadly force, among other constitutional violations. Instead of addressing these claims directly, Defendants attempt to redirect the Court's focus to tangential matters, minimizing their liability and evading scrutiny of their actions.

Despite attempts by Plaintiffs to engage Defendants' counsel regarding these omissions, Defendants have continuously ignored these inquiries and refused to acknowledge the evidence's significance. Instead, they have engaged in strategic misdirection, diverting the Court's attention to unrelated issues while failing to account for the inconsistencies in their own records.

This deliberate suppression of exculpatory evidence, coupled with the intentional misrepresentation of facts to the media and the Court, demonstrates the Defendants' ongoing bad faith, obstructionist tactics, and calculated efforts to evade accountability, further undermining the integrity of these proceedings.

Under *Giglio v. United States, 405 U.S. 150, 153-55 (1972), ("Deliberate deception by the state, whether by presentation of false evidence or suppression of material evidence, violates due process.") and Brady v. Maryland, 373 U.S. 83, 87 (1963),* the deliberate suppression of exculpatory evidence constitutes an egregious due process violation warranting judicial correction.

**C. Defendants' Failure to Maintain Accurate Filing Information**

Defendants acknowledge using an outdated address in a court filing but dismiss this procedural deficiency as inconsequential. Defendants have actually used the incorrect address in several motions across this case alone (1/6/25, 1/14/25, & 2/13/25). This cavalier approach to court rules undermines the integrity of the judicial process. Notably, Defendants' counsel has repeatedly used an outdated mailing address in multiple court filings since December, not only in this case

8

but in others where she serves as legal counsel for the city in which we are Plaintiffs on. Despite being aware of this issue, the Defendants seek to downplay its significance, characterizing it as inconsequential. However, it is important to note that the motion dated January 6, 2025, was filed on the final day of the seven-month discovery period and was certified to the court with an incorrect address, thereby violating court rules and procedures. However, this ongoing violation undermines the integrity of judicial proceedings and constitutes a clear breach of the Federal Rules of Civil Procedure.

The Court should not overlook such blatant disregard for procedural requirements, especially when Defendants' counsel continues to insist that Plaintiffs adhere strictly to the rules while failing to follow them herself. The integrity of these proceedings requires all parties—especially officers of the court—to comply with the rules in good faith, rather than selectively dismissing their own violations as immaterial.

Under Federal Rule of Civil Procedure 11(b)(3), attorneys certify that "the factual contentions have evidentiary support." By knowingly/unknowingly using an outdated address in official court filings, Defendants' counsel have violated this obligation. The defendants acknowledge using a former address in their previous filing(s) but dismiss this as inconsequential since the "Plaintiffs are well aware of the Defendants' new address and have always been able to communicate with Defendants' attorney through email.", which is explicitly stated in the Defendant's Objection to Motion to Strike on page 2. In C*ooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990)*, the Supreme Court noted that Rule 11 imposes *"an affirmative duty to conduct a reasonable inquiry into the facts and the law before filing."* Defendants' dismissive attitude toward accurate filing information suggests a failure to comply with this duty.

Local Rule General 203(a)(3) requires attorneys to "maintain current contact information in the court's electronic case filing system, including postal address, e-mail address, and telephone number." Defendants' counsel has repeatedly failed to comply with this rule by using an outdated mailing address in multiple filings, not only in this case but in others where she serves as legal counsel. Despite acknowledging this procedural deficiency, Defendants dismiss it as inconsequential, claiming that Plaintiffs were still able to communicate via email. However, compliance with court rules is not optional, and Local Rule General 209 makes clear that

attorneys who fail to follow procedural requirements may be subject to disciplinary action.

This ongoing failure to maintain accurate contact information is particularly troubling given that Defendants' counsel continues to hold Plaintiffs to strict procedural standards, often accusing them of noncompliance. The Court should not overlook such a blatant disregard for basic filing requirements, especially when Defendants attempt to deflect attention from their own violations while demanding absolute adherence from Plaintiffs. The integrity of the judicial process requires equal application of the rules, and Defendants' failure to meet their obligations under Local Rule General 203(a)(3) should not be excused.

**V. Defendants' Request for Attorney's Fees is Frivolous and Procedurally Defective**

Defendants conclude by requesting attorney's fees without citing any legal basis for such an award. This request appears to be yet another attempt to intimidate Plaintiffs rather than a good-faith application of law. Under the American Rule, each party bears its own costs absent specific statutory or contractual exceptions, none of which Defendants have identified.

In Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 247 (1975), the Supreme Court reaffirmed that "the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser" absent specific statutory authorization. Defendants have identified no such statutory basis for their request.

**A. Defendants Fail to Meet the Legal Standard for Sanctions or Fee Awards**

- 28 U.S.C. § 1927 permits fee awards only when an attorney "multiplies the proceedings in any case unreasonably and vexatiously." Defendants have made no showing that Plaintiffs' Motion to Strike meets this high standard. Indeed, as demonstrated above, it is Defendants' own conduct that has necessitated additional proceedings to address their inappropriate litigation tactics. Intentional delays, last minute filing(s), creating an artificial urgency, unfounded violations of procedures and an illusion of non cooperativeness on behalf of the plaintiffs.
- Rule 11 sanctions require clear evidence of frivolousness or improper purpose, which Defendants have not even attempted to demonstrate bad faith on Plaintiffs' part, rendering

10

their request for fees entirely without merit and unreasonable See *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).

## VI. The Court's Duty to Preserve Judicial Integrity

The Supreme Court has long held that courts have an inherent duty to ensure that judicial proceedings remain fair and untainted by procedural abuse. See *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (recognizing courts' inherent power to sanction misconduct that undermines the integrity of judicial proceedings). The inflammatory, prejudicial, and misleading nature of Defendants' filings is a direct affront to these principles.

## VII. Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court:

1. Grant Plaintiffs' Motion to Strike in full.
2. Strike all redundant, prejudicial, and misleading statements identified herein.
3. Deny Defendants' request for attorney's fees.
4. Issue an admonishment against Defendants for their continued litigation misconduct.

Respectfully submitted,


/s/ Joshua Mello
/s/ Rachel Ware
Pro Se Plaintiffs
57 Rolfe Square, Unit 10113
Cranston, RI 02910
kskustomsrideons@gmail.com
401.426.0778

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd of March 2025, a copy of the foregoing PLAINTIFFS' REPLY TO DEFENDANTS' OBJECTION TO MOTION TO STRIKE was served via the e-filing system to:

Julia K. Scott-Benevides
DeSisto Law LLC
(401) 272-4442
julia@desistolaw.com


/s/ Joshua Mello
/s/ Rachel Ware