UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOSHUA MELLO AND RACHEL WARE, PLAINTIFFS
V.
CASE NOS.: 1:2023-CV-00479 & 1:2023-CV-00480
EDWARD ARRUDA AND JOHN ROCCHIO, DEFENDANTS

**PLAINTIFFS' RESPONSE TO COURT ORDER REGARDING DISCOVERY OF MEDICAL RECORDS**

Now come Plaintiffs, Joshua Mello and Rachel Ware, pro se, and respectfully submit this response to the Court's order regarding the disclosure of healthcare information sought by Defendants. Plaintiffs remain fully committed to complying with any and all court orders along with relevant discovery obligations under Federal Rule of Civil Procedure 26 and have made every effort to provide all medical records within their possession, custody, or control that are relevant to the claims in this case. Plaintiffs recognize the importance of the discovery process and have worked in good faith to ensure transparency and cooperation and will continue to do so.

**I. Plaintiffs Have Submitted All Relevant Medical Records in Their Possession**

Pursuant to Fed. R. Civ. P. 34(a)(1), Plaintiffs have a duty to produce only those documents within their possession, custody, or control. Plaintiffs have already produced:

- All medical records related to the assault by Officer Arruda and Officer Rocchio.
- A medical record from an unrelated medical incident that the Defendants requested and the courts ordered we fulfill. Plaintiffs went above and beyond to try and locate what incident Defendants were referencing. In which, they then supplied a redacted copy until the courts granted the Plaintiff;s Motion for a Protective Order.
- Plaintiff's are supplying an unredacted copy (See Exhibit A) now that the courts have granted the Plaintiff's Motion for a Protective Order regarding any and all medical records provided in this lawsuit (by Plaintiff Mello or Plaintiff Ware).

1

Plaintiffs have no additional healthcare information and or medical records to provide, as has been stated multiple times, including during the discovery conference in October 2024 with Magistrate Almond.

Defendants' repeated discovery demands for the same information—despite Plaintiffs' prior statements and document production—violate Fed. R. Civ. P. 26(b)(2)(C)(i), which bars discovery that is "unreasonably cumulative or duplicative" or "obtainable from some other source".

**II. Defendants' Eleventh-Hour Discovery Demand is Procedurally Improper**

Defendants' renewed request for medical and healthcare information records is untimely, duplicative, and improper, as it seeks the same information already addressed in the discovery conference held on October 21, 2024. At that time, Plaintiffs fully complied with their obligations under Fed. R. Civ. P. 26 and 34, stating unequivocally that they had provided all medical records and healthcare information in their possession, custody, or control that pertain to the October 21, 2024, arrest and assault.

Defendants have failed to demonstrate any new justification for this redundant request. Instead, they have waited until the last day of discovery to resurface the same issue, considering there is now a new magistrate sitting on this case, creating a false sense of urgency despite already having the information they seek. Courts routinely reject such eleventh-hour discovery tactics, which amount to harassment and an attempt to relitigate settled matters and prolong Discovery and Litigation.

**Case Law Supporting Rejection of Late and Repetitive Discovery Demands**

1. *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Montana, 408 F.3d 1142 (9th Cir. 2005)*

    - Held that repetitive and excessive discovery demands can constitute harassment and abuse of process, particularly when the requesting party already possesses the information sought.

2

2. *In re Sulfuric Acid Antitrust Litig., 231 F.R.D. 331, 337 (N.D. Ill. 2005)*

    - Courts will not allow a party to use discovery as a means to needlessly burden or pressure an opponent when the requested information has already been disclosed.

3. *Baker v. Ace Am. Ins. Co., No. 3:16-CV-00494, 2017 WL 1331342 (M.D. Tenn. Apr. 11, 2017)*

    - Discovery requests filed at the eleventh hour without a valid reason for delay may be denied as untimely and prejudicial to the opposing party.

Defendants' strategy of repeating discovery requests already addressed months ago wastes judicial resources and unfairly burdens Plaintiffs and the court, who have been transparent and forthcoming about their available records. This conduct violates Fed. R. Civ. P. 26(b)(2)(C)(i), which mandates that courts must limit discovery that is "unreasonably cumulative or duplicative" and obtainable from some other source.

Further, rather than focusing on obtaining truthful responses to discovery requests, Defendants appear to be shifting the focus toward limiting the scope of Plaintiffs' claims, which is improper at this stage. Courts do not permit discovery to be weaponized as a procedural tactic to preemptively restrict valid claims. See *Crawford-El v. Britton, 523 U.S. 574, 598 (1998)* (noting that courts should guard against discovery being used as a tool for strategic advantage rather than truth-seeking).

For these reasons, Plaintiffs respectfully request that the Court reject Defendants' redundant discovery request and confirm that Plaintiffs have fully complied with their discovery obligations.

**Defendants' Actions Constitute an Ongoing Pattern of Constitutional Violations**

Plaintiff's claims establish that the Defendants' misconduct extends beyond a single event, creating a pattern of retaliation and due process violations that continues to harm them today. Courts recognize that ongoing constitutional violations, especially those affecting fundamental

rights (such as family relationships, employment, and access to public institutions), are aggravating factors that may increase the scope of liability and damages.

**Supporting Legal Precedents:**

1. *Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978)* – A municipality can be held liable when a policy or custom results in constitutional violations. The unwarranted no-trespass order, the retaliatory actions, and false accusations against the Plaintiffs suggest a municipal policy or widespread practice that directly caused the Plaintiffs injuries.
2. *Owen v. City of Independence, 445 U.S. 622 (1980)* – Municipalities cannot claim qualified immunity when they engage in systematic violations of constitutional rights.

**III. Defendants' Last-Minute Discovery Motion is an Willful Attempt to Distract from Their Own Wrongdoing**

Given the seriousness of Plaintiffs' claims, Defendants should be directing their efforts toward substantiating their actions rather than engaging in procedurally improper and untimely discovery disputes. However, instead of addressing the substantive issues of this case, Defendants filed a last-minute motion to compel despite the Court's explicit directive that "No More Extensions Will Be Granted" for discovery. Notably, this motion contained an incorrect attorney address and reiterated discovery requests that had already been fully addressed during the October 21, 2024, discovery conference. Such tactics divert attention from the merits of the case and instead introduce unnecessary procedural conflicts, a practice that courts have routinely rejected.

The motion to compel, which serves as the basis for the request for dismissal, was filed on the final day of discovery, underscoring its procedural impropriety. This filing directly contravened the Court's prior order prohibiting further extensions, thereby demonstrating bad faith litigation tactics on the part of Defendants. Additionally, the motion to compel contained an incorrect attorney address, raising concerns regarding proper service and the motion's overall validity. In *United States v. $9,041,598.68*, No. 19-109-M-LDA, 2020 WL 509782 (D.R.I. Jan. 31, 2020), the court emphasized that procedural deficiencies in filings can undermine their legitimacy, warranting either their dismissal or the denial of relief sought therein. Similarly, because the motion to compel in this case was procedurally defective, the resulting order should be

4

reconsidered or deemed invalid. Given these defects, the Court should decline to impose further sanctions—particularly dismissal—where the underlying motion itself was improperly filed.

**Supporting Case Law Against Eleventh-Hour Discovery Tactics:**

- *Fisher v. Baltimore Life Ins. Co., 235 F.R.D. 617 (N.D. W. Va. 2006)* – Courts have denied last-minute discovery requests that merely restate prior demands.
- *Rosetto v. Pabst Brewing Co., 217 F.3d 539 (7th Cir. 2000)* – "A discovery request that seeks only to burden the opposing party rather than uncover new facts will not be tolerated."
- *Parker v. Freightliner Corp., 940 F.2d 1019 (7th Cir. 1991)* – Late discovery requests used as a litigation tactic rather than a genuine need for information may be denied outright.

## IV. Plaintiffs' Emotional Distress Claims Cannot Be Arbitrarily Limited to "Garden-Variety" by Defendants

Defendants erroneously attempt to restrict Plaintiffs' emotional distress claims by labeling them as "garden-variety" despite having no medical expertise to make such a determination. Plaintiffs have not committed to any specific categorization of their claims, nor can they be required to do so without a medical evaluation by a licensed professional.

Courts have repeatedly rejected attempts by defendants to unilaterally categorize emotional distress claims, particularly when a plaintiff has not sought mental health treatment, does not claim a formal psychiatric diagnosis, and does not intend to introduce expert testimony. See:

- *Flowers v. Owens, 274 F.R.D. 218 (N.D. Ill. 2011)* – Held that defendants cannot force a plaintiff to categorize their emotional distress claims before trial, nor can they assume a claim is garden-variety in the absence of expert testimony.
- *Crosby v. City of New York, 269 F.R.D. 267 (S.D.N.Y. 2010)* – Ruled that emotional distress claims do not automatically waive medical privacy rights unless a plaintiff seeks expert testimony or a formal mental health diagnosis.

5

Further, Plaintiffs' emotional distress extends far beyond what is typically considered "garden-variety" and includes:

- Severe and ongoing emotional trauma resulting from retaliatory police actions.
- Inability to engage in their daughter's education, a constitutionally protected parental right (*Troxel v. Granville, 530 U.S. 57 (2000)*).
- Permanent financial harm, including loss of business and housing instability, due to Defendants' unconstitutional conduct.

These factors exceed the scope of mere inconvenience or embarrassment, placing Plaintiffs' claims outside the garden-variety threshold. Courts have recognized that economic harm, prolonged hardship, and significant life disruptions elevate emotional distress damages:

- Waid v. Merrill Area Pub. Sch., 130 F.3d 1268 (7th Cir. 1997) – Economic harm amplifies emotional distress damages when plaintiffs suffer ongoing financial consequences from constitutional violations.
- Memphis Cmty. Sch. Dist. v. Stachura, 477 U.S. 299 (1986) – Emotional distress is compensable when constitutional rights are deprived in a manner that causes prolonged hardship.

Thus, Defendants' attempt to arbitrarily categorize Plaintiffs' claims as "garden-variety" is legally baseless and should be disregarded by the Court. Plaintiffs maintain their right to present their claims fully and accurately, without improper limitations imposed by Defendants.

**V. The Concussion Claim Does Not Justify Further Medical Discovery**

Plaintiff's assertion that he believes he suffered a concussion—realized only upon reviewing video surveillance in early 2023—does not justify broad discovery of unrelated medical records. Plaintiff never sought medical treatment for the concussion and has already disclosed this fact. Courts have ruled that statements about potential injuries, when no treatment is sought, do not open the door to full medical record production.

6

- *Jackson v. Chubb Corp., 193 F.R.D. 216 (D.N.J. 2000)*: The court rejected broad medical discovery requests when the plaintiff did not seek medical treatment for alleged emotional distress.
- *Crawford v. City of Bakersfield, 2014 WL 585783 (E.D. Cal. Feb. 13, 2014)*: A plaintiff's subjective belief that they suffered a concussion did not warrant production of medical records where no treatment was sought.

Since Plaintiff has testified that he never received medical care for the suspected concussion, there are no additional records to produce.

**VI. Plaintiff Has Not Waived Privacy Protections Beyond Relevant Records**

While the Court has ruled that Plaintiff's placed their mental and physical health at issue, the scope of that waiver is not unlimited. Courts have repeatedly held that waiver of medical privacy is narrowly tailored to only those records directly relevant to the claims at issue.

- *Doe v. City of Chula Vista, 196 F.R.D. 562 (S.D. Cal. 1999)*: The court restricted discovery to only directly relevant medical records, rejecting overbroad requests for full medical history.
- *Crosby v. City of New York, 269 F.R.D. 267 (S.D.N.Y. 2010)*: Held that even when plaintiffs allege emotional distress, defendants are not entitled to unlimited access to their medical history.

Since Plaintiff's have already provided all medical records related to the assault and arrest and has no additional records in their possession, any further demands violate Fed. R. Civ. P. 26(b)(1) by seeking irrelevant and disproportionate discovery.

**VII. Conclusion**

Plaintiffs submit that a party that has willfully engaged in deceptive and evasive discovery tactics cannot seek to benefit from its own misconduct by demanding further discovery compliance from the opposing party. Federal courts have consistently held that a party violating its own discovery obligations cannot use Rule 37 as a tool to penalize the other party, particularly when its own misconduct has materially impacted the proceedings. Here, Defendants seek to hold

Plaintiffs to a heightened standard of compliance while disregarding their own violations, including the submission of false sworn interrogatory responses. Plaintiffs respectfully request that the Court ensure that discovery obligations are enforced equitably and that no party is permitted to take unfair advantage of its own failure to comply with the rules.

Accordingly, Plaintiffs respectfully request that, in ruling on the pending Motion for Reconsideration and Motion to Strike, the Court, should it rule in Plaintiffs' favor, also strike the motion to compel as it is procedurally improper and fundamentally flawed.

For the reasons stated above, Plaintiff's have now complied in good faith with all discovery obligations by producing all medical records in their possession and confirming that no further records exist.

Plaintiff respectfully requests that the Court:

1. Deny Defendants' motion to compel additional medical records as Plaintiffs have already produced all records within their possession, custody, or control in compliance with Fed. R. Civ. P. 26 and 34.
2. Confirm that Plaintiffs' emotional distress claims remain uncategorized and that Defendants have no basis to unilaterally limit their scope.

Respectfully submitted,

/s/ Joshua Mello
/s/ Rachel Ware
Pro Se Plaintiffs
57 Rolfe Square, Unit 10113
Cranston, RI 02910
kskustomsrideons@gmail.com
401.426.0778

Exhibit A: Unredacted Medical Record from Dr. Newell.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th of March 2025, a copy of the foregoing PLAINTIFFS' RESPONSE TO COURT ORDER REGARDING DISCOVERY OF MEDICAL RECORDS was served via the e-filing system to:

Julia K. Scott-Benevides
DeSisto Law LLC
(401) 272-4442
julia@desistolaw.com


/s/ Joshua Mello
/s/ Rachel Ware