UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOSHUA MELLO and RACHEL WARE,
         *Plaintiffs,*

         vs.

DEREK GUSTAFSON, TIMOTHY VESEY,
STEVEN CATALANO, JOHN ROCCHIO and
EDWARD ARRUDA
         *Defendants*

C.A. No. C.A. No. 23-cv-000479-JJM-PAS
C.A. No. 23-cv-000480-JJM-PAS

**DEFENDANTS' OBJECTION TO PLAINTIFFS' MOTION FOR JUDICIAL NOTICE,
REPLY TO PLAINTIFFS' 'EVIDENTIARY BRIEF IN OPPOSITION TO
DEFENDANTS' RULE 37 MOTION TO DISMISS' AND DEFENDANTS' REPLY TO
PLAINTIFFS' RESPONSE TO 'COURT ORDER REGARDING DISCOVERY OF
MEDICAL RECORDS'**

## 1. INTRODUCTION

Due to the nature of the allegations contained in Plaintiffs, Joshua Mello's("Plaintiff Mello")

and Rachel Ware's ("Plaintiff Ware")(collectively hereinafter "Plaintiffs") three (3) most recent

filings, their "Motion for Judicial Notice," "Evidentiary Brief in Opposition to Defendants' Rule

37 Motion to Dismiss," and "Response to Court order Regarding Discovery of Medical

Records," Defendants, Edward Arruda ("Defendant Arruda") and John Rocchio ("Defendant

Rocchio")(collectively hereinafter "Defendants") are obliged to submit an objection to Plaintiffs'

Motion and reply to the other filings before the March 24, 2025 hearing on Defendants' Motion

to Dismiss. [1]

---

[1]It appears that Plaintiffs' Motion for Judicial Notice and "Evidentiary Brief in Opposition to
Defendants' Motion to Dismiss" both appear to be requesting this Court to take Judicial Notice
as to videos that they provided to the Court as well as take Judicial Notice as to the truthfulness
as to Defendant Rocchio's and Defendant Arruda's supplemental responses. Both of these filings
also appear to argue that Defendant Arruda's and Defendant Rocchio's supplemental responses
are not in compliance with Magistrate Sullivan's January 29, 2025, Text Order granting in part
Plaintiffs' Motion to Compel. Plaintiffs' "Evidentiary Brief in Opposition to Defendants' Motion

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 23-cv-000479-JJM-PAS*
*C.A. No. 23-cv-000480-JJM-PAS*

## I.   FACTUAL AND PROCEDURAL BACKGROUND

The relevant factual and procedural history of this ongoing dispute relative to Plaintiff's instant motion are well known. On January 24, 2025, the parties appeared before Magistrate Patricia Sullivan on Defendants' Motion to Compel More Responsive Answers as well as Plaintiffs' Motion to Compel More Responsive Answers. On January 29, 2025, Magistrate Sullivan granted in part Defendants' Motion to Compel More Responsive Answers. See Magistrate Sullivan's January 29, 2025, Text Order granting in part and denying in part Defendants' Motion to Compel More Responsive Answers. In that Text Order, Plaintiffs were ordered to produce their mental and physical health records during the three (3) year period prior to and following the incident.  On that same date, this Court also issued a Text Order granting in part Plaintiffs' Motion to Compel. See Magistrate Sullivan's January 29, 2025, Text Order granting in part and denying Plaintiffs' Motion to Compel. That Text Order stated that Defendant Rocchio was Ordered to supplement his response to Interrogatory No. 14 in Plaintiffs' Interrogatories addressed to him within twenty-one (21) days of the Court's Order.[2] Id. The Court's Text Order also required Plaintiffs to "pinpoint the testimony on which the interrogatory is based within fourteen days of [the] Order, and, within twenty-one days of his receipt of the pinpoint of the testimony…" Defendant Aruda was ordered to supplement his response to

---

to Dismiss" and Plaintiffs' "Response to Court's Court order Regarding Discovery of Medical Records" both appear to be another form of opposition to Defendants' Motion to Dismiss. Given that the filings appear to be similar, for the Court's convenience, Defendants include their response and objection to these filings together.

[2] Twenty-one days from January 29, 2025 is February 19, 2025.

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 23-cv-000479-JJM-PAS*
*C.A. No. 23-cv-000480-JJM-PAS*

Interrogatory No. 14.[3] Defendant Rocchio provided his supplemental response to Interrogatory No. 14 addressed to him on February 18, 2025 (see attached Exhibit B) and Defendant Arruda provided his supplemental response to Interrogatory  No. 14 on February 26, 2025 (see attached Exhibit C).

Given that the Plaintiffs were not in compliance with the Court's twenty-one (21) day time-period that the Court provided them to produce the requested medical records, Defendants filed their Motion to Dismiss pursuant to Rule 37 of the Federal Rules of Civil Procedure on February 20, 2025. See C.A. 1:23-cv-00480-JJM, ECF No. 82. Plaintiffs filed their Objection to Defendants' Motion to Dismiss on February 24, 2025, where they provided a heavily redacted medical record from Plaintiff Mello's optometrist. Defendants filed a reply to Plaintiffs' objection on February 26, 2025, where Defendants state that Plaintiffs continue to fail to comply with this Court's January 29, 2025 Text Order.

On March 4, 2025, Magistrate Sullivan sent a notice to all Parties providing that a hearing on Defendants' Motion to Dismiss would be in person on March 24, 2025. On March 17, 2025, Plaintiffs filed a Motion for Judicial Notice (C.A. 1:23-cv-000480-JJM, ECF No. 88), their "Evidentiary Brief in Opposition to Defendants' Rule 37 Motion to Dismiss" (C.A. 1:23-cv-000480-JJM, ECF No. 89), and "Plaintiffs' Response to Court Order Regarding Discovery of Medical Records" (C.A. 1:23-cv-000480-JJM, ECF No. 90).

## II. ARUGMENT

**A. To the extent that Plaintiffs' filings further object to Defendants' pending Motion to Dismiss, such filings are improper since Plaintiffs did not seek the Court's permission to file a surreply.**

---

[3] Fourteen (14) days from January 29, 2025 is February 12, 2025. Plaintiffs sent an email to Defendants pinpointing the testimony on Thursday, February 13, 2025. See attached Exhibit A. Twenty-one (21) days from February 23, 2025 is March 6, 2025.

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 23-cv-000479-JJM-PAS*
*C.A. No. 23-cv-000480-JJM-PAS*

Despite filing their Objection to Defendants' Motion to Dismiss on February 24, 2025, Plaintiffs again file the instant two (2) "responses" to further object to Defendants' motion. Under the United States for the District of Rhode Island Local Rules, Rule 7, "[s]ur-replies may only be filed with prior leave of Court." LR 7(a)(5). Plaintiffs did not seek leave of Court to obtain permission to file either filing. As a result, this Court should not consider either filing in its decision on Defendants' pending Motion to Dismiss.

**B.  <u>Even if this Court considers the two (2) filings in its analysis, Defendants' Motion to Dismiss should be granted.</u>**

   i.  *Defendants' Motion to Dismiss should be granted because Plaintiffs have not produced all of the records in their possession, custody, and control.*

Plaintiffs argue that they provided Defendants with all of their medical records in Plaintiffs' "possession, custody, and control" pursuant to Rule 34 of the Federal Rules of Civil Procedure. They also argue that, Defendants' "demands for the same information" violates Fed. R. Civ. P. Rule 26(b)(2)(C)(1). Defendants disagree. Plaintiffs appear to confuse Fed. R. Civ. P. Rule 34(a)(1)'s definition of "possession, custody, and control." <u>See</u> Fed. R. Civ. P. Rule 34(a)(1). Courts in the First Circuit have held that,

> The term "control" includes the legal right of the producing party to obtain documents from other sources upon demand. Applied in the context of an individual's medical records, the patient is deemed to be in "control" of such records because he may request the files at any time, and because, by either granting or denying consent, he may determine who shall have access to them.

<u>Quiñones v. Univ. of Puerto Rico</u>, No. 14 Civ. 1331, 2015 U.S. Dist. LEXIS 74559, 2015 WL 3604152 (D.P.R. June 8, 2015); <u>Amoah v. McKinney</u>, CIVIL ACTION NO. 4:14-40181-TSH 2016 U.S. Dist. LEXIS 56005, *7 (D. Mass. April 27, 2016).

Plaintiffs have not produced all of the records in their possession, custody, and control. Defendants' Motion to Compel More Responsive Answers specifically points out to Plaintiff

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 23-cv-000479-JJM-PAS*
*C.A. No. 23-cv-000480-JJM-PAS*

Mello's testimony where he admits to the existence of the requested medical records. See generally, C.A. No. 1:23-cv-000480-JJM-PAS, ECF No. 67. Throughout Plaintiff Mello's deposition, Plaintiff Mello highlighted that he could not remember certain events related to the incident because he suffered from a concussion as a result of the incident. Id. at pp. 7-8. Plaintiff Mello has not provided any sort of injury related to the incident, but he has produced records that show he sought treatment from an optometrist related a subsequent concussion nearly a year later on July 8, 2022. Beyond the record that the concussion occurred on July 8, 2022, Plaintiff Mello has not provided any records regarding the diagnosis of this July 8, 2022, concussion as ordered nor has he produced any other records regarding it.

The Court determined that the Defendants are entitled to those records as well as all his physical records from three (3) years prior to the incident to present.[4] The Court's Text Order also provided that Plaintiffs must provide their mental health records from three (3) years prior to the incident to present. As already argued in Defendants' Motion to Compel More Responsive Answers, Plaintiff Mello testified that he was seeing a counselor with his daughter where he discussed the incident. Id. at 8. Plaintiff Mello has not provided any of those records and has not produced any other mental health record from three (3) years prior to the incident to the present. The records are well within Plaintiffs' custody, possession, and control, and despite being given over a month beyond the Court's twenty-one (21) day deadline, continue to disregard this Court's Text Order to produce the medical records, which further supports dismissal of this case.

---

[4] Plaintiffs' Exhibit A to their "Response to Court Order Regarding Discovery of Medical Records," also provides that Plaintiff Mello was taken away by ambulance because of a "Vaso Vegel Reaction" that occurred while he was at that Doctor's Office. Even though this "Vaso Vegel Reaction" occurred within the Court ordered time-frame, Plaintiffs fail to produce the record.

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 23-cv-000479-JJM-PAS*
*C.A. No. 23-cv-000480-JJM-PAS*

ii. *Plaintiffs' remaining arguments that Defendants' Motion to Dismiss should be denied have already been considered by this Court.*

First, Plaintiffs have argued, at length, that they believe that Defendants' Motion to Compel More Responsive Answers was filed untimely in their filings related to this issue. That argument was addressed, and the Court did not find that the Defendants' Motion to Compel More Responsive Answers was filed out of time. To the extent that Plaintiffs continue to belabor this argument, Defendants reinserts their argument already made in their Reply to Plaintiffs' Objection to Defendants' Motion to Compel More Responsive Answers. See C.A. No. 1:23-cv-000480-JJM-PAS, ECF No. 74, pp. 3-4. As such, there is **no basis** to suggest that Defendants' Motion to Compel More Responsive Answers was filed untimely.

Plaintiffs further allege that "Defendants' actions constitute an ongoing pattern of Constitutional violations." However, it is unclear to Defendants if Plaintiffs' filings even address any actions or basis that Defendants' actions constitute "an ongoing pattern of Constitutional violations." Nonetheless, Plaintiffs accuse Defendants in each nearly each filing that they file in this Court in their lawsuit(s). Defendants continue to vehemently deny that any of their actions and their attorney's actions constitute an "on-going pattern of Constitutional violations," and Plaintiffs' continued baseless accusations against Defendants remain harassing and frivolous.

Next, Plaintiffs' filings argue that "Defendants erroneously attempt to restrict Plaintiffs' emotional distress claims by labeling them as "garden variety." That is false. Defendants argued that Plaintiffs' emotional distress claims "go above the garden variety." Id. at p. 6. In any event, the Court already addressed these claims and agreed with Defendants when the Court's Order provided that, "the Court finds that Plaintiff has directly placed in issue his receipt of health care (mental and physical) during the three-year period prior to and following the incident to the present, that the discovery sought -- information and records if any that are in his possession,

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 23-cv-000479-JJM-PAS*
*C.A. No. 23-cv-000480-JJM-PAS*

custody and control -- are relevant and that Plaintiff's federal and state law rights to protection from disclosure of such relevant health care information." Magistrate Sullivan's January 29, 2025 Text order granting in part and denying in part Defendants' Motion to Compel More Responsive Answers. Nonetheless, Plaintiffs **concede** that their emotional distress claims go above the garden variety, rendering their argument as to why the health records should not be produced to Defendants moot. <u>See</u> C.A. No. 1:23-cv-00480-JJM-PAS, ECF No. 90 at p. 6. Defendants also rely on their Motion to Compel More Responsive Answers (<u>see generally</u> C.A. No. 1:23-cv-480-JJM-PAS, ECF No. 74) and Defendants' Reply (<u>see generally</u> C.A. No. 1:23-cv-480-JJM-PAS, ECF No. 86) to address Plaintiffs' arguments that "[t]he concussion claim does not justify further medical discovery" and "Plaintiff has not waived privacy protections beyond relevant records."

   iii. *Defendant Rocchio fully complied with this Court's January 29, 2025 Order and did not commit "discovery misconduct."*

Although confusing, it appears that Plaintiffs' filings argue that Defendants' Motion to Dismiss for **Plaintiffs' failure to comply** with Magistrate Sullivan's January 29, 2025 Text Order should be denied because Plaintiffs yet again, accuse Defendants and their attorney of committing "discovery misconduct," by Defendant Rocchio providing "false, misleading, and incomplete responses to court-ordered discovery." At the outset, Defendants again, vehemently deny **all** of Plaintiffs' baseless, false, frivolous and harassing allegations that Defendants, specifically Defendant Rocchio and the attorney for the Defendants committed "discovery misconduct."

Moreover, Defendants highlight that Defendants' Motion to Dismiss, filed under Fed. R. Civ. P. Rule 37, argues that Plaintiffs' complaint(s) should be dismissed because Plaintiffs failed to comply with Magistrate Sullivan's January 29, 2025, Order. <u>See</u> C.A. No. 1:23-cv-00480-JJM-

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 23-cv-000479-JJM-PAS*
*C.A. No. 23-cv-000480-JJM-PAS*

PAS, ECF No. 82. Plaintiffs' baseless allegations towards Defendant Rocchio's supplemental responses do not take away from Plaintiffs' continued failure to comply with this Court's January 29, 2025, Text Order and is not a basis for this Court to deny Defendants' Motion to Dismiss.

Defendant Rocchio provided a complete and accurate supplemental response to this Interrogatory No. 14 and Plaintiffs offer no support otherwise. Magistrate Sullivan's January 29, 2025, Text Order granting in part and denying in part Plaintiffs' Motion to Compel ordered Defendant Rocchio "to supplement his response by reference to the training regarding which he previously testified that he is an instructor and to respond: (1) whether that training reflects a protocol emphasizing communication that was applicable to him as a Cranston Police Officer during the incident in issue; (2) if yes, whether Defendant Rocchio acted consistent with that protocol during the incident in issue; and (3) if he did not, explain why." Defendant Rocchio's supplemental response to Interrogatory No. 14 is as follows:

> Defendant reincorporates and inserts the objections stated above. Notwithstanding and without waiving the objection, pursuant to Magistrate Sullivan's January 29, 2025 Order, Defendant was ordered to supplement this response to provide (1) Whether LEADS/LOCKUP training reflects a protocol emphasizing communication that was applicable to him as a Cranston Police Officer during the incident in issue; (2) If yes, whether you acted consistent with that protocol during the incident in issue; (3) If not, explain why. In response, Defendant provides that while some of the training that is used in L.O.C.K.U.P. and L.E.A.D.S. emphasizes communication between officers on scene, communication between the officers is not always required under the Cranston Police Department's policies given that an officer's response is based on the totality of the circumstances for that specific incident they are encountering. The L.E.A.D.S and L.O.C.K.U.P training are resources for officers to use in de-escalation attempts and to allow officers to use a reasonable level of force when dealing with subjects who are non-compliant In this incident, Plaintiff Mello's increased aggression and the reasonable belief that he was in the possession of two (2) knives, lead Defendant to take action without communicating it to the other officer on scene. This was done due to the fact that the Defendant and the other officer were in close proximity to Plaintiff Mello and an attempt to communicate this with the other officer would have given Plaintiff Mello an opportunity to react and possibly access the knives that Plaintiff Mello had in his possession. Due to all of the factors listed above, Plaintiff Mello's behavior changing from passive

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 23-cv-000479-JJM-PAS*
*C.A. No. 23-cv-000480-JJM-PAS*

> resistance to defensive resistance and then to active aggression, as defined in the L.O.C.K.U.P. training, required that decisive force be taken. Defendant provides that all of his actions were consistent with Cranston Police Department's policies regarding Use of Force as well as the training provided in L.E.A.D.S., and L.O.C.K.U.P.

See Exhibit B. To begin with Plaintiffs' allegations that Defendant Rocchio did not comply with this Court's January 29, 2025 Text Order, Plaintiffs offer no factual basis that Defendant Rocchio provided an incomplete response to the specifics that he was ordered to answer to. Defendants assert that Defendant Rocchio's response above speaks for itself.

Similarly, Plaintiffs argue that Defendants' attorney answered Defendant Rocchio's supplemental response to Interrogatory No. 14, and not Defendant Rocchio, without any factual basis. Defendants again, deny Plaintiffs allegations of misconduct. Defendants further argue that Plaintiffs' baseless allegation remains unsupported and harassing towards the Defendants. To the extent that Plaintiffs argue that Defendant Rocchio's supplemental response is false and misleading based on their own interpretations of the video footage from the Western Hills Middle School surveillance cameras and their own cell phone video footage, Defendants **dispute** Plaintiffs' perceptions of the video footage they provided. While the Defendants disagree that the videos show what Plaintiffs' allege, Defendant Rocchio nevertheless did not provide a false or misleading supplemental response to Interrogatory No. 14 because he responded to the specific questions in the Text Order from his perspective as the incident was occurring on October 21, 2021. Therefore, Plaintiffs' baseless, harassing, and frivolous allegations against Defendant Rocchio and Defendants' attorney is not only untrue and unsupported, but are not a basis to deny Defendants' Motion to Dismiss.

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 23-cv-000479-JJM-PAS*
*C.A. No. 23-cv-000480-JJM-PAS*

iv. *Defendant Arruda's supplemental responses complied with this Court's January 29, 2025 Order.*

Although again, unclear whether Plaintiff challenges the accuracy and compliance of Defendant Arruda's response to Interrogatories as it relates to Defendants' Motion to Dismiss or otherwise, Defendant Arruda complied with this Court's January 29, 2025 Order and provided an accurate response. Plaintiffs' Motion for Judicial Notice argues that Defendant Arruda's supplemental response was "vague, contradictory, and misleading." Defendants believe that Defendant Arruda's supplemental response is the opposite. Defendant Arruda was Ordered to, "supplement his response by clarifying his testimonial reference (based on the actual testimony) to putting Plaintiff into a so-called "head to head" while descending to the floor, and to state whether and to what degree such testimony describes a technique or procedure that is the subject of any training he has received." See Magistrate Sullivan's January 29, 2025 Text Order granting in part and denying in part Plaintiffs' Motion to Compel. Defendant Arruda's Supplemental Response to Interrogatory No. 14 reiterated his already stated objection to Interrogatory No. 14, provided the entire testimony that Plaintiffs referred to, and then attempted to clarify his testimonial reference to putting Plaintiff Mello into a so-called "head to head." Specifically, Defendant Arruda's supplemental response provided,

> Defendant Rocchio made an attempt to take Plaintiff Mello into custody, Defendant Rocchio attempted to take control of Plaintiff Mello's right arm, which prompted Plaintiff Mello to attempt to move his arm away. It was at this point, that Plaintiff Ware was in the middle of Plaintiff Mello and Defendant Rocchio, and it appeared to Defendant that Plaintiff Ware was grabbing at Officer Rocchio's grip around Plaintiff's right arm. Defendant attempted to get in between Plaintiff Ware and Plaintiff Mello, but was unable to. Due to the close proximity, Defendant was able to gain control of Plaintiff Mello by going "head to head" which was cradling Mr. Mello's head in between my head and left shoulder, and in a controlled descent, went to a knee to place Plaintiff down onto the carpet in the foyer of the front entrance of the school.

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 23-cv-000479-JJM-PAS*
*C.A. No. 23-cv-000480-JJM-PAS*

Exhibit C. Next, Defendant Arruda provided, "I am trained in L.O.C.K.U.P and L.E.A.D.S. De-escalation Strategies and Tactical Options, which is training conducted related to close quarters to a suspect, which is utilized to help officers be efficient and safe in making an arrest. Given the totality of the circumstances in this situation with Plaintiffs, I was able to utilize skills that I learned though the L.O.C.K.U.P. and L.E.A.D.S. training to safely bring Plaintiff Mello to the ground." Id. Defendant Arruda's response is clear and adequately follows Magistrate Sullivan's Order. Plaintiffs offer no support that indicates this response is incomplete and/or  fails to provide the information that is missing. As mentioned above, although Defendants deny that the videos provided in Plaintiffs' Motion for Judicial Notice depict what Plaintiffs' interpretations of them and further deny that Defendant Arruda's supplemental response is false, Defendant Arruda responded as to his perspective as the incident was unfolding on October 21, 2021. Defendants again vehemently deny the allegations Plaintiffs make against Defendant Arruda and Defendants' attorney related to any "misconduct." Thus, Plaintiffs fail to provide any support that Defendant Arruda failed to comply with this Court's January 29, 2025 Order, and failed to provide Defendants' Motion to Dismiss should be denied

**C.  Plaintiff offers no basis for a Motion to Strike Defendants' Motion to Compel.**

Plaintiffs appear to request that this Court strike Defendants' Motion to Dismiss without any factual and legal basis for the Court to do so. Fed. R. Civ. P. Rule 12(f) provides, The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Plaintiffs' filings fail to argue any justification as to why this Court would strike Defendants' Motion to Dismiss.

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 23-cv-000479-JJM-PAS*
*C.A. No. 23-cv-000480-JJM-PAS*

**D.  <u>Since the interpretations of the video footage that Plaintiff provides are in dispute, this Court cannot take Judicial Notice of those videos.</u>**

Plaintiffs' request to this Court to take Judicial Notice are also confusing. Although it is not entirely unclear, it appears that Plaintiffs request that this Court take Judicial Notice of the videos that they provide as attachments to their Motion for Judicial Notice and "Evidentiary Brief in Opposition to Defendants' Rule 37 Motion." This court may take judicial notice of adjudicative facts at any time if the fact "'is not subject to reasonable dispute' either because it is 'generally known within the trial court's territorial jurisdiction,' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" Fed. R. Evid. 201(b).

To the extent that Plaintiffs request that this Court take Judicial Notice of the videos identified as "Cranston -Initial Disclosures-000054" and "Cranston-Initial Disclosures-000055" in Plaintiffs' "Evidentiary Brief in Opposition to Defendants' Rule 37 Motion to Dismiss," Defendants do not dispute the existence or authenticity of those videos. "'A <u>high degree of indisputability</u> is an essential prerequisite,' before the court should take judicial notice of any adjudicative fact." <u>United States v. Bello</u>, 194 F.3d 18, 23 (1st Cir. 1999) (emphasis in original) (citation omitted). As stated above, Defendants (and their expert) dispute Plaintiffs' specific interpretations of the videos and argue that Judicial Notice cannot be taken as to those perceptions provided in Plaintiffs' filing. <u>See</u> <u>Knickerbocker v. United States</u>, No. 1:16-cv-01811-DAD-JLT**,** 2018 U.S. Dist. LEXIS 23603 at *15-16 (E.D. Cal. February 12, 2018)(the court declined to take judicial notice of video because the defendant requests that the court take judicial notice of the contents of the video to purportedly show that the defendant rangers did not employ excessive force, which was disputed by plaintiff, and is far beyond the usual purposes of judicial notice); <u>see also</u> <u>Turner v. Byer</u>, No. 2:17-cv-1869-EFB P, 2020 U.S. Dist. LEXIS

167799 at *5 (E.D. Cal. September 14, 2020) (the court declined to take judicial notice on video because defendant does not ask only that the court recognize the video's existence, he requests that the court weigh its contents and determine whether excessive force occurred [because] "such weighing of evidence outside the pleadings is more appropriately reserved for a motion for summary judgment, or trial."). Since Defendants (and their experts) dispute Plaintiffs' perceptions of what the videos show, this Court cannot take Judicial Notice as to Plaintiffs' interpretations of the videos they provided in their "Evidentiary Brief in Opposition to Defendants' Rule 37 Motion."

Similarly, it appears that Plaintiffs request this Court to take Judicial Notice of the videos labeled "Cranston-Initial Closures-000053," "Cranston- Initial Disclosures-000055," and some screenshots of those videos labeled Exhibits A-O in their Motion for Judicial Notice. In that motion, Plaintiffs again make specific interpretations of what they believe happens in the videos. Again, Defendants (and their experts) dispute that the videos show what the Plaintiffs provide that the video shows. Because the interpretations are in dispute, Judicial Notice is inappropriate. As to the photographs that Plaintiffs provide as Exhibits A-O, Defendants cannot discertain what exactly Plaintiffs request this Court to take Judicial Notice of as to these photographs. Defendants note that Plaintiffs fail to time stamp or otherwise label the photographs, so Defendant is unable to concede to the authenticity of the pictures.[5] As a result, given that there

---

[5] Although again unclear, it appears that Plaintiffs ask this Court to take Judicial Notice of the accuracy of Defendant Arruda's supplemental response to Interrogatory No. 14. To the extent that Plaintiffs request Judicial Notice as to Defendant Arruda's supplemental response, Defendants again argue that Defendant Arruda's supplemental response is accurate, and dispute Plaintiffs' assertion that the supplemental response is inaccurate. Plaintiffs fail to provide any basis that the facts provided in Defendant Arruda's response are "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." As a result, this Court cannot take judicial notice as to Defendant Arruda's supplemental response.

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 23-cv-000479-JJM-PAS*
*C.A. No. 23-cv-000480-JJM-PAS*

remains dispute as to the items that Plaintiffs request that this Court take Judicial Notice of, this Court cannot take Judicial Notice of those items.

### III. CONCLUSION

WHEREFORE, Defendants respectfully request that this Court deny Plaintiffs' Motion for Judicial Notice, as well as deny any further relief that Plaintiffs request in their Motion for Judicial Notice, their "Evidentiary Brief in Opposition to Defendants' Rule 37 Motion to Dismiss," their "Response to Court Order Regarding Discovery of Medical Records," and grant Defendants' Motion to Dismiss.

Defendants
Edward Arruda and John Rocchio
By their Attorney,

*/s/ Julia K. Scott- Benevides*
Julia K. Scott- Benevides  (#10408)
DeSisto Law LLC
4 Richmond Square, Suite 500
Providence, RI 02906
(401) 272-4442
julia@desistolaw.com

<u>CERTIFICATION</u>

I hereby certify that the within document has been electronically filed with the Court on the 20th day of March, 2025, and is available for viewing and downloading from the ECF system.

I further certify that a true and accurate copy of the within was emailed and mailed, postage prepaid, to:

Joshua Mello                          Rachel Ware
57 Rolfe Square, Unit 10113           57 Rolfe Square, Unit 10113
Cranston, RI 02910                    Cranston, RI 02910
kskustomsrideons@gmail.com            kskustomsrideons@gmail.com

*/s/ Julia K. Scott- Benevides*

14