UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOSHUA MELLO
AND RACHEL WARE
PLAINTIFF,

VS.                C.A. NO. 1:23-CV-000479-JJM-LDA; 1:23-CV-000480-JJM-LDA

JOHN ROCCHIO AND EDWARD ARRUDA
DEFENDANTS

**PLAINTIFFS' REPLY TO DEFENDANTS' OBJECTION TO MOTION TO STAY PROCEEDINGS**

NOW COME the Plaintiffs, Joshua Mello and Rachel Ware, pro se, and respectfully submit this Reply in support of their Motion to Stay Proceedings Pending Resolution of Plaintiff Mello's Post-Conviction Relief (PCR) Petition.

Defendants' objection mischaracterizes the procedural status of the PCR appeal, overlooks the growing body of objective, corroborated evidence supporting Plaintiffs' claims of misconduct, including but not limited to all claims set forth in complaint and inaccurately describes Plaintiffs' request as seeking an indefinite stay. Contrary to Defendants' assertions, the requested stay is well-supported on two independent and reinforcing grounds:

1. **Heck v. Humphrey Grounds**: Resolution of the pending PCR appeal may directly affect the viability of claims previously dismissed or limited under *Heck v. Humphrey*, 512 U.S. 477 (1994). Continuing the civil case while PCR remains unresolved risks inconsistent rulings and wasteful duplicative litigation.

2. **Evidentiary Developments in Discovery**: Recent discovery has further substantiated Plaintiffs' claims of serious police misconduct, including contradictions in sworn statements, video evidence showing excessive force, and documentation suggesting suppression or falsification of official reports. These materials must be assessed in tandem with the PCR appeal, not in fragmented or parallel proceedings.

A brief, temporary stay will ensure judicial efficiency, avoid inconsistent outcomes, and allow all legal issues—especially those involving constitutional rights—to be resolved in a comprehensive and just manner.

## I. PLAINTIFFS HAVE DILIGENTLY PURSUED POST-CONVICTION RELIEF APPEALS

Contrary to Defendants' assertion that "no action has been taken", Plaintiff Mello has taken the appropriate steps to advance his post-conviction relief (PCR) appeal as a pro se litigant. To date, the following actions have been completed:

- On July 25, 2024 a Notice of Appeal was filed; After almost 3 months with no notice or hearing date, upon pressing Ken Filaski to follow up with the courts, since he interjected himself into Plaintiff Mello's PCR, we were informed that Kent County District Court did not send the paperwork up to Superior Court which caused a delay in the appeal being entered.
- The appeal was entered into Superior court on October 7, 2024; after an almost 3 month delay due to the clerk's office at Kent County.
- A Motion to Recuse Counsel was filed on 11/11/24 removing Attorney Filarski for his erratic and unprofessional behavior.
- Entry of appearance by Plaintiff Mello was submitted November 12, 2024, bring it back to pro se status.

Following these filings, Plaintiff Mello contacted the Rhode Island Superior Court clerk's office on November 11, 2024 to ensure Attorney Filarski was formally withdrawn from the case and that all future communications would be directed to Mr. Mello personally. At that time, Plaintiffs were advised that the assigned judge was still determining how to proceed with the appeal procedurally. Since then, no further communication has been received from the Court. Plaintiff Mello did call back about two weeks after no communication had transpired and the clerk stated that the judge was still looking into the PCR Appeals procedures and that they will be in touch.

In the interim, Plaintiffs concentrated their efforts on fulfilling substantial obligations in this federal civil rights action, including responding to extensive discovery requests and managing case-related deadlines. However, upon reviewing the discovery produced by Defendants—as

well as statements made by the court regarding the legal implications of Plaintiff Mello's convictions—Plaintiffs are looking to re-engaged with the PCR appeal with renewed focus. It has become increasingly evident that the final resolution of the PCR matter will have a direct and potentially dispositive impact on the viability of several claims in this litigation.

Furthermore, Plaintiffs' review of the discovery materials—including but not limited to. video footage, conflicting sworn testimony, and police report inconsistencies—has underscored the central role that misconduct played in both the criminal case and this civil action. This evidentiary overlap further strengthens the need to stay these proceedings until the PCR appeal, which addresses the same factual underpinnings, is resolved.

The delay in the PCR appeal is not attributable to any neglect or lack of diligence by Plaintiffs, but rather to procedural uncertainty at the state court level, including the Court's pending administrative decision on how to proceed. Coupled with the practical demands of actively litigating this federal civil rights case, these factors have temporarily impacted the pace of the PCR matter. Nonetheless, Plaintiffs remain committed to advancing the appeal and seek this stay in good faith to promote judicial efficiency, avoid inconsistent rulings, and ensure that all legal issues are resolved in a clear and orderly manner.

## II. TIMELINE OF PCR PROCEEDINGS AND RELATED EVENTS

**October 23. 2023:** Joshua Mello filed a Post-Conviction Relief (PCR) petition in the 3rd Division District Court, Kent County. The PCR was apparently mistakenly accepted in District Court, despite statutory procedures requiring it to be filed in Superior Court under R.I. Gen. Laws § 10-9.1-2. Despite this jurisdictional error, the petition was accepted by the courts and not challenged by the Attorney General or anyone else. The Attorney General also failed to respond to the PCR within the statutory 20-day period, or any point thereafter, as required under R.I. Gen. Laws § 10-9.1-6. Despite this, no default judgment or acknowledgment of their failure was issued. Judge McCaffery does state on the record that the Attorney General's office did fail to follow the RI statute but never does anything about the violation.

**October - November 2023:** City Solicitor Millea and Assistant Solicitor Catalano—a named defendant in this civil rights case—interfered with the PCR proceeding without authority at a hearing in Kent County on 12-18-23. Defense counsel in this case, Attorney Scott-Benevides, was present and did not prevent this unethical interference. Judge McCaffery acknowledged on record that the city had no standing, and discontinued involvement after Mr.Mello put in a Motion to Recuse the City of Cranston. The Attorney General's Office also failed to intervene when the city of Cranson got involved nor did they address that the Post Conviction Relief should not be heard in District Court.

**November - December 2023:** Judge McCaffery forced Mr.Mello to accept court-appointed counsel Leo M. against his wishes (12/26/23), contrary to Rhode Island law recognizing a defendant's right to self-representation (see *State v. Dias*, 118 R.I. 499, 374 A.2d 1028 (1977)). This limited Mr. Mello's ability to control his defense and arguments and extended the time to resolve the complaint put forth. Plaintiff Mello now had to recuse this lawyer, adding more unnecessary time.

**January - April 2024:** The PCR hearing, which started on or about 1/26/24, was plagued by a series of three court-related delays, all outside of Mr. Mello's control:

1. First delay: Mr. Mello was notified approximately a week in advance.
2. Second delay: Notice came the day before the hearing, late in the business day.
3. Third delay (April 5, 2024): While already present in court, and prepared to finish the already started trial, Judge McCaffery informed she was rescheduling again due to having to cover another docket. Mr. Mello requested a sooner court date as they were trying to schedule it for about 4 weeks out. He successfully obtained a sooner date to complete the trial. On or about April 12, 2024 the PCR trial concluded. Judge McCaffery acknowledged on the record that she "should not be hearing or ruling on the case," but proceeded anyway. She stated that a ruling would be made within 2 to 4 weeks.

**Two motions remained unheard:**
1. Motion to dismiss based on prosecutorial interference
2. Motion to remeasure the knife used in trial evidence

**June – July 2024:**

Following 60 days of inactivity after the conclusion of the trial, Mr. Mello filed both a Motion for a Status Conference and a Motion for an Expedited Ruling. A status conference was

scheduled for July 10, 2024, further extending the post-trial delay to nearly 90 days. During the hearing, Judge McCaffery distributed a packet containing a Writ of Certiorari from another case to both parties for review. The matter was continued to July 15, 2024.

On July 15, Judge McCaffery began to deliver her ruling on the post-conviction relief (PCR) petition but did not complete it. She noted on the record that she believed she should not be issuing a ruling in the case, citing procedural failures on the part of the Attorney General's Office. The court scheduled the continuation of the ruling for the following day, July 16, 2024.

After Mr. Mello relayed these developments to Mr. Filarski, Mr. Filarski elected to enter his appearance in the PCR matter at the eleventh hour and, without Mr. Mello's consent, filed a Motion to Stay the proceedings. As a result, the court postponed the conclusion of the PCR hearing until July 17, 2024.

**July 17, 2024:**
Judge McCaffery issued her ruling, denying the petition for post-conviction relief (PCR), despite again acknowledging on the record that she lacked the authority to adjudicate the matter. Attorney Kenneth Filarski appeared voluntarily at this final hearing, entering an appearance as counsel. The court denied his Motion to Stay the proceedings and formally concluded the trial.

**July 25, 2024:**
Mr. Mello filed his appeal. The Kent County Clerk's Office reluctantly accepted the submitted paperwork; however, the documents were subsequently misfiled, sent to the incorrect court, and erroneously scheduled for an immediate trial. Attorney Kenneth Filarski intervened to correct the clerical error and ensured the appeal was properly redirected to the Superior Court.

**October 2024:**
Mr. Mello and Ms. Ware did not receive any notice of a scheduled court date. After multiple requests and continued pressure, Attorney Filarski was urged to investigate the delay. It was ultimately discovered that the district clerk had failed to forward the appeal to the Superior Court. Had Attorney Filarski taken prompt action upon realizing that no hearing had been scheduled, the nearly three-month delay could have been avoided. The appeal was finally and correctly filed with the Superior Court on October 7, 2024.

**November 2024:** Concerns escalated over Mr.Filarski's representation. He failed to follow up with the courts. He routinely dismissed Mr.Mello's input and was increasingly erratic and unprofessional with Mr.Mello and his wife, on and off social media. Mr.Mello decided to file a motion to recuse Mr.Filarski (See Exhibit A) and return to pro se status. Mr.Filarski then filed a counter-motion, further supporting Mr.Mello's concern. The request was granted by the courts.

Mr. Mello spoke with the clerk on November 11, 2024, confirming that Mr. Filarski was not to be involved any further and to find out what the next step and court date was. The clerk stated the Judge is looking into what to do with the PCR Appeal and they would reach out.

**November 2024 - Present (April 2025):** The PCR appeal remains pending due to judicial delays. Attorney Filarski was later suspended by the disciplinary board in March of 2025 (See Exhibit B) Plaintiff Mello contacted the Rhode Island Superior Court clerk's office about two weeks after no communication had transpired and the clerk stated that the judge was still looking into the PCR Appeals procedures and they will be in touch.

Due to court inaction, the PCR appeal remains unresolved. Mr. Mello and Ms. Ware have been managing parallel discovery in their federal civil rights lawsuit, which continues to draw attention back to the underlying PCR issues. Judicial delays and clerk errors (from both District and Superior Court) have now delayed the process by more than eight months. As pro se litigants, they've been repeatedly dismissed, ignored, or denied fair and full participation by the courts.

**Legal and Procedural Issues Identified:**
1. Improper jurisdiction: PCR wrongly accepted in District Court.
2. Failure of the AG to respond within statutory time limits.
3. Unauthorized participation by city officials.
4. Judicial misconduct (McCaffery ruling despite admitting no authority).
5. Clerical incompetence resulting in misfiled appeals and scheduling chaos.
6. Attorney misconduct and eventual suspension.

**III. PLAINTIFFS ARE NOT SEEKING AN INDEFINITE STAY**

Plaintiffs respectfully clarify that they do not seek an indefinite or immoderate stay. Rather, they request a temporary pause in this civil proceeding until resolution of the pending PCR appeal—a time-limited and outcome-determinative process that directly affects the viability of claims previously dismissed under *Heck v. Humphrey, 512 U.S. 477 (1994)* and the evidentiary developments in Discovery.

To alleviate any concern, Plaintiffs are willing to accept a time-limited stay subject to renewal based on the status of the PCR matter. The amount of time required is in the courts hands and not the Plaintiffs as they have already been subjected to several court delays in the states courts.

### IV. DEFENDANTS' CLAIM OF PREJUDICE IS UNFOUNDED

Defendants argue that delay will result in "fading memories." However, this case is not dependent solely on testimonial recollection. The following objective evidence is already preserved:

1. Video footage of the arrest incident.
2. Contemporaneous sworn police reports.
3. Defendants' trial testimony under oath.
4. Internal affairs investigation records.
5. Discovery responses from this civil litigation.

These materials are fixed and comprehensive, and they will remain available regardless of when trial occurs. Thus, Defendants face no undue prejudice if a brief stay is granted.

### V. A STAY IS NECESSARY TO PROMOTE JUDICIAL ECONOMY, AVOID INCONSISTENT RULINGS, AND SERVE THE INTERESTS OF FAIRNESS

Allowing this civil action to proceed while Plaintiff Mello's post-conviction relief appeal remains pending creates a substantial risk of inconsistent outcomes and unnecessary duplication of effort. If the Rhode Island Superior Court ultimately vacates or otherwise alters Plaintiff Mello's underlying convictions, claims previously dismissed under *Heck v. Humphrey*, 512 U.S. 477 (1994), would become immediately viable. In such an event, the parties—and this Court—could  face revisiting, amending, or refiling claims that would have been more efficiently

addressed through a temporary stay. Proceeding now invites the very inefficiencies and fragmented litigation that courts routinely seek to avoid.

In addition, Plaintiffs have identified compelling evidence through discovery—including footage of unconstitutional force, inconsistent statements, and possible suppression or alteration of reports—which demonstrates that police misconduct is not speculative, but systemic and provable. Litigating these civil claims before final resolution of the PCR appeal risks parallel findings on the same set of facts, undermining the legitimacy of either proceeding and creating unnecessary burdens on the Court and parties.

Federal courts have consistently held that a stay is the appropriate procedural mechanism when the outcome of pending criminal or post-conviction proceedings may affect the viability of civil claims under *Heck*. See *Wallace v. Kato*, 549 U.S. 384, 393–94 (2007) (endorsing a stay where criminal proceedings are ongoing); *Figueroa v. Rivera*, 147 F.3d 77, 80–82 (1st Cir. 1998) (affirming stay rather than dismissal where related criminal issues remain unresolved); *Brown v. City of Chicago*, 599 F.3d 772 (7th Cir. 2010); *Gakuba v. O'Brien*, 711 F.3d 751 (7th Cir. 2013); *Edwards v. Balisok*, 520 U.S. 641 (1997). These decisions underscore the principle that stays, rather than dismissals or premature litigation, better serve judicial efficiency and fairness.

Moreover, pursuant to the Fed. R. Civ. P. 1, the Federal Rules of Civil Procedure must be construed and administered to secure the "just, speedy, and inexpensive determination of every action." Granting a stay under these circumstances directly supports those goals by avoiding unnecessary motion practice, redundant discovery, and possible relitigation of claims that may become viable after the state court's ruling. A stay ensures orderly proceedings and conserves judicial and party resources while safeguarding Plaintiffs' constitutional rights.

## VI. EXTENSIVE DISCOVERY HAS VALIDATED PLAINTIFFS' CLAIMS IN THEIR COMPLAINT, JUSTIFYING A STAY INDEPENDENT OF HECK v. HUMPHREY

In addition to the relevance of *Heck v. Humphrey*, Plaintiffs respectfully assert that the requested stay is also supported by the substantial volume of objective and corroborative evidence obtained through discovery, which strongly validates Plaintiffs' core claims of misconduct and including but not limited to all the claims in the complaint. The facts now

on record go far beyond general allegations and instead reflect a developing evidentiary record that must be addressed in an orderly and just manner—particularly as some of the misconduct relates to, or arises from, the same events at issue in the pending PCR appeal.

Through discovery, Plaintiffs have obtained evidence confirming misconduct on multiple fronts, including:

- Video evidence showing excessive and retaliatory use of force, including the use of neck restraints, chokeholds, and physical abuse of a handcuffed individual.

- Contradictory statements made under oath by Defendants, which are directly rebutted by sworn testimony, interrogatory responses, and third-party accounts also including video evidence.

- Leaked, unapproved versions of police reports that include materially different narratives than the official, approved records—strongly suggesting tampering or concealment of key facts.

Collectively, this body of evidence not only reinforces the legitimacy of Plaintiffs' claims but also highlights the risk of piecemeal adjudication if this matter proceeds before the PCR appeal is resolved. Key facts that support both the PCR and civil rights claims stem from the same incidents and government actors. A premature decision on the civil claims may create conflicting factual and legal findings that would undermine the interests of justice and judicial efficiency.

Moreover, unlike claims that depend solely on testimony credibility, the Plaintiffs' claims rest on  undisputed forms of evidence—such as email chains, video evidence, and forensic inconsistencies (such as the knife measurement issues raised in PCR). These materials demand full, integrated consideration—not fragmented litigation that could require the Court to revisit issues already addressed through discovery.

Finally, the pattern of misconduct—including false reporting, suppression of exculpatory material, and retaliatory conduct—requires careful judicial review. Allowing the civil claims to proceed before the PCR has been resolved may preclude Plaintiffs from fully asserting claims that are still developing or have been previously dismissed solely on Heck grounds.

For these reasons, the requested stay is warranted not only under *Heck* but also based on the evidentiary weight of ongoing discovery, the need to incorporate PCR outcomes into a complete legal framework, and the Court's duty to safeguard constitutional claims grounded in documented misconduct.

## VII. DEFENDANTS' REQUEST TO STAY PREJUDGMENT INTEREST IS UNFOUNDED AND SHOULD BE DENIED

In a footnote, Defendants request that the Court stay the accrual of prejudgment interest during any period of stay. This request is both legally unsupported and inequitable.

First, prejudgment interest is a statutory and equitable mechanism meant to compensate prevailing parties for the time value of money lost due to delay in resolution of their claims. It is not designed to reward Defendants by absolving them of the consequences of litigation delay—particularly where the need for a stay arises from their own underlying misconduct that is currently under appellate review.

Second, the delay in resolving this matter is not due to any bad faith or dilatory conduct by Plaintiffs. As explained above, Plaintiffs have diligently pursued their post-conviction appeal. Plaintiffs are not seeking to delay this civil litigation unnecessarily; rather, they are seeking to preserve viable claims that were dismissed without prejudice under *Heck v. Humphrey*. Notably, Plaintiffs previously proposed mediation as a good-faith effort to resolve this matter efficiently, but Defendants declined and refused to engage in settlement discussions. At any point Plaintiffs would still be open to mediation for judicial efficiency.

Third, courts routinely allow prejudgment interest to accrue during litigation holds, especially where the delay is driven by issues beyond the Plaintiffs' control—such as an ongoing state appellate process.

Finally, granting Defendants' request would give them a procedural and financial windfall at the expense of Plaintiffs' constitutional claims. Such a result is contrary to the interests of justice.

The equities weigh against granting Defendants a reprieve from prejudgment interest, particularly where the delay is traceable to their own misconduct—much of which has been independently verified through the discovery process. The evidence produced thus far reveals a pattern of retaliatory policing, procedural violations, and material inconsistencies in official narratives that require comprehensive adjudication and cannot be hurried at the expense of fairness.

Accordingly, Defendants' request to stay the running of prejudgment interest should be denied in its entirety.

## VIII. CONCLUSION

Plaintiffs respectfully request that this Court:

1. Grant the Motion to Stay Proceedings both C.A. NO. 1:23-CV-000479-JJM-LDA; 1:23-CV-000480-JJM-LDA pending the resolution of the PCR appeal;
2. Deny the Defendant's request to stay prejudgment interest.
3. Grant any further relief the Court deems just and proper.


Respectfully submitted,

/s/ Joshua Mello
/s/ Rachel Ware
Pro Se Plaintiffs
57 Rolfe Square, Unit 10113
Cranston, RI 02910
kskustomsrideons@gmail.com
401.426.0778


Exhibit A: Motion to Recuse Counsel
Exhibit B: Disciplinary Board Ruling

**CERTIFICATE OF SERVICE**

I hereby certify that on the 11th of April 2025, a copy of the foregoing PLAINTIFFS' REPLY TO DEFENDANTS' OBJECTION TO MOTION TO STAY PROCEEDINGS was served via the e-filing system to:

Julia K. Scott-Benevides
DeSisto Law LLC
(401) 272-4442
julia@desistolaw.com


/s/ Joshua Mello
/s/ Rachel Ware