UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOSHUA MELLO,<br> Plaintiff,<br><br>v.<br><br>EDWARD ARRUDA; and JOHN ROCCHIO,<br> Defendants. | C.A. No. 23-cv-479-JJM-PAS |
| JOSHUA MELLO; and RACHEL WARE<br> Plaintiffs,<br><br>v.<br><br>JOHN ROCCHIO; and EDWARD ARRUDA,<br> Defendants. | C.A. No. 23-cv-480-JJM-PAS |

ORDER

  Defendants John Rocchio and Edward Arruda filed a Motion to Dismiss in response to Plaintiffs refusal to follow discovery orders. ECF No. 82.[1] The Magistrate Judge issued a Report and Recommendation ("R&R"), finding a willful or intentional failure to comply with the Court's discovery order to produce medical records. Specifically, she found that "Plaintiffs had access to medical care and received medical care, the discovery of which is highly relevant to and may well undermine

---

[1] These two cases are related but the docket entries do not match up. Here, the Court cites to ECF cites in C.A. No. 23-cv-480.

Plaintiffs' damage claims; *** that Plaintiffs have defied the discovery Text Order by willfully refusing to produce this medical information and . . . records, *** that Defendants have been seriously prejudiced because they are unable to develop evidence to rebut Plaintiffs' claims that they suffered catastrophic injuries *** [and] that Plaintiffs have been repeatedly warned of the potential consequences of their refusal to comply with the Text Order." ECF No. 101 at 14-15.

Plaintiffs object to the R&R by asserting that the Court has been harsh on them while being lenient with the Defendants when it comes to pretrial matters. ECF No. 106. A review of the record does not support this assertion. The Magistrate Judge's rulings recognized Plaintiffs' pro se status, explained her findings and legal basis, and assured that all parties received equal treatment and due process. The Magistrate Judge did not even recommend the harshest sanction–dismissal of the Complaint (to which she would have been justified based on the intentional disregard of the Court's order)–but recommends a more nuanced sanction of preclusion.

Because the Magistrate Judge's recommendation was supported by the facts, is consistent with the law, and balances all the competing interests, the Court adopts the R&R in full, and orders as follows:

1. As for Plaintiff Joshua Mello's claim of physical injury, he is precluded from introducing evidence and from testifying or presenting testimony by others regarding physical symptoms beyond those reflected in the Roger Williams and Garden City treating records.

2. As for Mr. Mello's claims of emotional injury, both Plaintiffs are precluded from introducing evidence and from testifying or presenting testimony by others regarding mental symptoms beyond garden variety emotional distress.

3. To the extent that Plaintiffs' testimony or argument at trial exceeds what is permitted by this preclusion Order, the Court will give a curative instruction to the jury if Defendants request it.

4. Defendants' request for costs and attorney's fees for the expenses they have incurred due to Plaintiffs' failure to provide medical records and information is DENIED at this time. Plaintiffs are cautioned, however, that if they violate any Court Order, they do so at their peril, in that they remain at risk that the Court may order them to pay fees and costs, particularly if a pattern of noncompliance is established.

Thus, the R&R (ECF No. 101) is accepted and adopted, and the Court DENIES Defendants' Motion to Dismiss except as ordered above. ECF No. 82

IT IS SO ORDERED.

*s/John J. McConnell, Jr.*

_____
John J. McConnell, Jr.
Chief United States District Judge

May 19, 2025