UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOSHUA MELLO<br><br>*Plaintiff,*<br><br>vs.<br><br>JOHN ROCCHIO and EDWARD ARRUDA<br>*Defendants*<br><br>JOSHUA MELLO and RACHEL WARE<br><br>*Plaintiff*<br><br>vs.<br><br>JOHN ROCCHIO and EDWARD ARRUDA<br><br>*Defendants* | C.A. No. 1:23-cv-000479-JJM-PAS<br><br><br><br>C.A. No. 1:23-cv-000480-JJM-PAS |

### DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR OBJECTION TO PLAINTIFFS' MOTION TO STAY SUMMARY JUDGMENT PROCEEDINGS

Now come Defendants, John Rocchio ("Defendant Rocchio") and Edward Arruda ("Defendant Arruda")(collectively hereinafter "Defendants") and hereby object to Plaintiffs, Joshua Mello's ("Plaintiff Mello") and Rachel Ware's ("Plaintiff Ware")(collectively hereinafter "Plaintiffs") Motion to Stay Summary Judgment Proceedings for the reasons stated herein.

### I.   BACKGROUND

The factual and procedural background of this consolidated case are well known at this point in the proceedings. In pertinent part, both lawsuits, C.A. No. 1:23-cv-00479 and C.A. No. 1:23-cv-00480 are a result of Plaintiff Mello's arrest on October 21, 2021, at Western Hills Middle School, where Plaintiff Mello's daughter attended middle school at the time. Plaintiff Ware was

*Mello, et al, v. Derek Gustafson, et al*
C.A. No. 23-cv-000479-JJM-PAS
C.A. No. 23-cv-000480-JJM-PAS

also present at the time of the arrest. The remaining claims relate to the alleged excessive force that Plaintiff Mello alleges Defendants used against him during the October 21, 2021, arrest.[1]

Separate and apart from the instant consolidated cases, Plaintiffs filed another lawsuit, C.A. No. 1:24-cv-00348 in September 2024 against the City of Cranston, Cranston Public Schools, Cranston Police Department, Cranston Mayor Kenneth Hopkins, Cranston City Solicitor Christopher Millea, Cranston Police Chief Colonial Michael Winquist, Cranston Police Captain Sean Parker, Defendant Rocchio, Cranston Public Schools Superintendent Jeannine Nota-Masse, Cranston Public Schools Assistant Superintendent Norma Cole, Western Hills Middle School Principal Timothy Vesey, and Western Hills Middle School Assistant Principal Derek Gustafson. In that lawsuit, Plaintiffs claim that their constitutional rights were violated by the above-named defendants because of a "no trespass order" issued against Plaintiffs as a result of Plaintiff Mello's October 21, 2021 arrest at Western Hills Middle School and their subsequent arrests for violating that same no trespass order.

On July 23, 2025, this Court adopted Magistrate Sullivan's Report and Recommendation in granting the defendants' motion to dismiss Plaintiffs' claims (C.A. No. 1:24-cv-00348, ECF No. 27) and entered judgment in favor of the defendants on that same date (C.A. No. 1:24-cv-00348,

---

[1] On July 23, 2025, Magistrate Sullivan issued a Report and Recommendation granting Defendants' Motion for Judgment on the Pleadings for Plaintiff Ware's failure to allege any factual allegations to state a claim. See generally, C.A. No. 1:23-cv-00480, ECF No. 126. While Magistrate Sullivan recommended that this Court grant Defendants' motion, this Court recommended that this Court should not dismiss Plaintiff Ware's claims until she has been afforded the opportunity to leave to file a Second Amended Complaint. Id. at p. 9. The Court further suggested that "[i]f Plaintiff Ware does not timely file a motion to amend or she timely filed a motion to amend, but it is denied, all of her claims should be dismissed with prejudice." Id. Plaintiffs filed an objection to the Report and Recommendation on August 4, 2025 (C.A. 1:23-cv-00480, ECF No. 128) and Defendants filed a Response to Plaintiffs' Objection to the Report and Recommendations and presented a limited Objection to the Report and Recommendation on August 5, 2025 (C.A. 1:23-cv-00480,ECF No. 129).

*Mello, et al, v. Derek Gustafson, et al*
C.A. No. 23-cv-000479-JJM-PAS
C.A. No. 23-cv-000480-JJM-PAS

ECF No. 28). After judgment entered in favor of the defendants, the Plaintiffs filed a Motion for Reconsideration (C.A. No. 1:24-cv-00348, ECF No. 29) and a Notice of Appeal to the First Circuit Court of Appeals (C.A. No. 1:24-cv-00348, ECF No. 30) on July 28, 2025.

Although completely separate and apart from one another, Plaintiffs attempt to argue that their issues with the Court's Order in C.A. No. 1:24-cv-00348 are a basis for this Court stay the summary judgment proceedings in this instant consolidated case. Defendants argue that a stay on the instant consolidated cases is inappropriate given that the instant consolidated cases have no bearing on any of the issues in C.A. No. 1:24-cv-00348. In addition, Plaintiffs utterly fail to set forth any basis for a need to stay the summary judgment proceedings here, and if this Court were to grant a stay for the reasons Plaintiffs list in their motion, the Defendants would be substantially prejudiced.

Plaintiffs also appear to argue this instant consolidated case be "reassigned to a District Judge and Magistrate Judge untainted by allegations of bias and conflict." Yet, Plaintiffs have not articulated a single fact that would meet the standard for recusal.

II.     **STANDARD OF REVIEW**

A.  **Motion to Stay**

When and how to stay proceedings is within the sound discretion of the trial court. See Landis v. North American Company, 299 U.S. 248, 254-55, 57 S. Ct. 163, 81 L. Ed. 153 (1936). The decision to "stay litigation before it pending developments in a different action involving the same issues" is discretionary. Acton Corp. v. Borden, Inc., 670 F.2d 377, 380 (1st Cir. 1982). A stay pending resolution of another suit is warranted where such a stay "would certainly narrow the issues in the pending cases and assist in the determination of the questions of law involved." Landis, 299 U.S. at 253. The party requesting a stay has the burden of demonstrating

3

its necessity. Clinton, 520 U.S. at 708. If there is a "fair possibility" that a stay would damage another party, the moving party must demonstrate the stay's necessity by establishing "a clear case of hardship or inequity in being required to go forward." Landis, 299 U.S. at 255; accord Austin v. Unarco Indus., Inc., 705 F.2d 1, 5 (1st Cir. 1983).

In determining whether to impose a stay, courts should also look at the duration of the stay requested. See Total Petroleum P.R. Corp. v. T.C. Oil, Corp., CIVIL NO. 09-1105 (JP), 2010 U.S. Dist. LEXIS 153509 at *3 (D.P.R. May 7, 2010) (citing Cherokee Nation of Oklahoma v. United States, 124 F.3d 1413, 1416 (Fed. Cir. 1997). The Court must also consider the interests favoring a stay and the interests frustrated by the stay. Total Petroleum P.R. Corp., 2010 U.S. Dist. LEXIS 153509 at * 3.

### B. Motion to Recuse

A judge "shall disqualify [himself or herself] in any proceeding in which [their] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Pursuant to 28 U.S.C. § 455, which governs disqualification on a motion by a party, "there are two possible grounds for a judge's disqualification: (1) the judge's impartiality may reasonably be questioned; or (2) the judge may have a personal bias or prejudice concerning a party." Vose v. Neronha, C.A. No. 23-00084-JJM, 2024 U.S. Dist. LEXIS 189196, *2-3 (citing) United States v. Kelley, 712 F.2d 884, 889 (1st Cir. 1983). "The well-established test . . . is . . . whether the charge of lack of impartiality is grounded on facts that would create a reasonable doubt concerning the judge's impartiality, not in the mind of the judge . . . or even necessarily in the mind of the litigant filing the motion . . . but rather in the mind of the reasonable [person]." Vose, 2024 U.S. Dist. LEXIS 189196, at *2-3 (citing Panzardi-Alvarez v. United States, 879 F.2d 975, 983 (1st Cir. 1989) (internal quotation marks omitted). Recusal is required when the objective circumstances create an appearance of partiality.

Vose, C.A. No. 23-00084-JJM, 2024 U.S. Dist. LEXIS 189196, *2-3 (citing In re Martinez-Catala, 129 F.3d 213, 220 (1st Cir. 1997); see also Silva v. Rhode Island, C.A. No. 19-568-JJM-PAS, 2021 U.S. Dist. LEXIS 199408, 2021 WL 4712902, at *2 (D.R.I. June 14, 2021). On the other hand, "[d]issatisfaction with a judicial decision is not a basis for recusal." Silva, 2021 U.S. Dist. LEXIS 199408, 2021 WL 4712902, at *2 (D.R.I. June 14, 2021).

### III.    ARGUMENT

#### A. Motion to Stay Summary Judgment Proceedings

Plaintiffs offer no basis for a need to stay the summary judgment proceedings. Plaintiffs appear to base their argument to stay the summary judgment proceedings on their allegations that Judge McConnell is biased against Plaintiffs because of the Court's decision in C.A. No. 1:24-cv-00348. Plaintiffs argue that they believe Judge McConnell is biased based on the alleged "existence of ongoing congressional impeachment proceedings implicating Judge McConnell, and for Judge McConnell's "refusal to recuse [Defendants' attorney, Attorney Julia K. Scott- Benevides." [2] See generally, C.A. No. 1:23-cv-00479, ECF No. 75. It also seems that Plaintiffs request that any stay placed on the instant consolidated matters remain in effect until after a decision on their First Circuit appeal on C.A. No. 1:24-cv-00348 is decided and their case is reassigned to a new District Judge and Magistrate Judge.

Although both cases relate in some way back to Plaintiff Mello's October 21, 2021, arrest, Plaintiffs' claims in C.A. No. 1:24-cv-00348 and the claims in the instant consolidated case are unrelated. Plaintiffs make allegations of violations to their First Amendment, Fourth, Amendment,

---

[2] As with Plaintiffs other attempts to attack Attorney Scott- Benevides, all allegations made against Attorney Scott- Benevides, including the allegations that she was representing "Cranston City Solicitor" and the "Cranston Prosecutor" during Plaintiff Mello's post-conviction relief proceedings are baseless and vehemently denied as they are not true.

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 23-cv-000479-JJM-PAS*
*C.A. No. 23-cv-000480-JJM-PAS*

Fourteenth Amendment rights, and a negligence claim in C.A. No. 1:24-cv-00348, whereas the instant consolidated case merely relates to the use of force used on Plaintiff Mello because off the October 21, 2021, arrest. Any determination made at the First Circuit in Plaintiffs' appeal of the Court's dismissal of C.A. No. 1:24-cv-00348 would not narrow the issue here—whether the Defendants used excessive force in effectuating Plaintiff Mello's arrest on October 21, 2021. See Brady v. Mosca, C.A. No. 23-cv-391-LM, 2023 U.S. Dist. LEXIS 2077964 at * 4 (D.N.H. Nov. 20, 2023)(motion to stay was denied because "[t]hough [both cases] share a common factual origin, the claims are otherwise unrelated").

Plaintiffs are in essence requesting this Court for an indefinite, or in the alternative, immoderate stay on the instant consolidated case. To the extent that Plaintiffs' request for the stay on the instant consolidated case until the "reassignment of these cases to a new District Judge and Magistrate Judge" is a request to stay for an indefinite period of time. Neither Judge McConnell nor Magistrate Sullivan have been recused from this matter, and as Defendants argue below, based on Plaintiffs' arguments in this instant motion, it is unlikely that Judge McConnell and Magistrate Sullivan will be recused from this instant matter. If the Court were to grant Plaintiffs' instant Motion to Stay with the condition that the case will be stayed until a new District Judge and Magistrate Judge is reassigned to the case, this matter will never re-open.

Plaintiffs additionally filed a Motion for Reconsideration in C.A. No. 1:24-cv-00348 (ECF No. 28) [3] along with their Notice of Appeal to the First Circuit (ECF No. 29) in that case. Pursuant to Rule 4 of the Federal Rules of Appellate Procedure First Circuit Local Rules,

---

[3] In the instant motion, Plaintiffs cite that they filed a Motion for Reconsideration in C.A. No. 1:24-cv-00348 under Rule 59(e). Fed. R. Civ. P. Rule 59 covers cases requesting a new trial, and not to alter or amend the judgment. See generally, Fed. R. Civ. P. Rule 59. Fed. R. Civ. P. Rule 60

*Mello, et al, v. Derek Gustafson, et al*
C.A. No. 23-cv-000479-JJM-PAS
C.A. No. 23-cv-000480-JJM-PAS

> (A) If a party files in the district court any of the following motions under the Federal Rules of Civil Procedure—and does so within the time allowed by those rules—the time to file an appeal rules for all parties from the entry of the order disposing the last such remaining motion:

(i)     For judgment under Rule 50(b);
(ii)    to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;
(iii)   for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58;
(iv)    to alter or amend the judgment under Rule 59; or
(v)     for relief under Rule 60 if the motion is filed within the time allowed for filing a motion under Rule 59.

Since Plaintiffs' Motion for Reconsideration in C.A. No. 1:24-cv-00348 is to be analyzed under Fed. R. Civ. P. Rule 60, subsection (v) applies.[4] As a result, any appeal on C.A. No. 1:24-cv-00348 will not be heard until there is a decision on Plaintiffs' Motion for Reconsideration, which will take even more time to satisfy the other condition Plaintiffs wish to place upon the stay of this case.

The instant consolidated case has been pending for a year, and a half and Plaintiff Mello's arrest occurred nearly four (4) years ago. Given that the issues between the cases are unrelated and with the possibility of an open-ended stay, Defendants would be prejudiced if Plaintiffs' motion were to be granted, as well as the prejudice to Defendants' ability to defend due to fading memories caused by the passage of time. Vose, C.A. No. 22-00434-MSM-PAS, 2024 U.S. Dist. LEXIS 67618 at *13 (D.R.I. April 12, 2024). Defendants further note that outside of conclusory and baseless allegations, Plaintiffs "fail to state a clear case of hardship or inequity in being required to go forward." See Brady, 2023 U.S. Dist. LEXIS 2077964 at * 4.

---

covers cases requesting for an alteration or amendment to the judgment. See generally, Fed. R. Civ. P. Rule 60.
[4] Defendants concede that in accordance with this rule, Plaintiffs timely filed their Motion for Reconsideration for 1st Cir. R. 4(a) to apply.

Consequently, any "stay pending the resolution of [Plaintiffs' appeal in C.A. No. 1:24-cv-00348\ would not promote efficiency or otherwise narrow the issues presently before the court." Id. (citing Landis, 299 U.S. at 253). Therefore, this Court should not grant Plaintiffs' Motion to Stay.

### B. To the extent that Plaintiffs request Judge McConnell and Magistrate Sullivan to be recused from the instant consolidated case.

Even though Plaintiffs do not file a formal "motion to recuse" as part of the instant motion, Plaintiffs request that this Court "re-assign" this case to a "neutral judicial officer." As such, Defendants object to what appears to be a "motion to recuse" made by Plaintiffs. Furthermore, in reading the entirety of Plaintiffs' motion, it is unequivocally clear that the basis for Plaintiffs' accusations against Judge McConnell and Magistrate Sullivan is based on Plaintiffs' dissatisfaction with both Judge McConnell's and Magistrate Sullivan's rulings against Plaintiffs in their cases. Plaintiffs complain about Magistrate Sullivan's Report and Recommendations and Judge McConnell's decision a total and separate matter. See C.A. No. 1:23-cv-00480, ECF No. 127. As a result of those rulings, Plaintiffs recklessly accuse Judge McConnell of "misstating facts" and a "pattern of prejudicial treatment." Dissatisfaction with a judicial decision is not a basis for recusal. Silva, 2021 U.S. Dist. LEXIS 199408 at *6.

Moreover, neither Judge McConnell's nor Magistrate Sullivan's impartiality as to this instant case has been "reasonably be questioned" by Plaintiffs that could appropriate recusal. To the extent that Plaintiffs attempt to argue that Judge McConnell is biased based on unrelated proceedings outside of Plaintiffs' lawsuits in the Federal State (and State Court) is unsupported, irrational, and is highly speculative. See Vose, 2024 U.S. Dist. LEXIS 189196 at *4 (citing In re Martinez-Cala, 129 F.3d 213, 220 (1st Cir. 1997). Plaintiffs fail to demonstrate that these unrelated proceedings

*Mello, et al, v. Derek Gustafson, et al*
C.A. No. 23-cv-000479-JJM-PAS
C.A. No. 23-cv-000480-JJM-PAS

pose any similarities to Plaintiffs' case and/or Judge McConnell's ability to be impartial to Plaintiffs in this instant lawsuit. Plaintiffs also have not shown that there is any bias or prejudice based on any extra-judicial source or reveal such a "high degree of favoritism or antagonism as to make fair judgment impossible." See United States v. Fernandez, 792 F. Supp. 2d 178, 186 (D.P.R. 2011) (citing Liteky v. United States, 510 U.S. 540, 541, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994). Plaintiffs again, only merely express dissatisfaction with an unrelated case. Thus, there cannot be any objective basis for Judge McConnell's and Magistrate Sullivan's recusal.

### IV.  CONCLUSION

WHEREFORE, Defendants respectfully request that this Court deny Plaintiffs' Motion to Stay the Summary Judgment Proceedings and any request to recuse Judge McConnell and Magistrate Sullivan contained in that motion.

                                        Defendants
                                        By their Attorney,

*/s/ Julia K. Scott- Benevides*
*/s/ Kathleen A. Hilton*
Julia K. Scott-Benevides, Esq. (#10408)
Kathleen A. Hilton, Esq. (#9473)
DeSisto Law LLC
60 Ship Street
Providence, RI 02903
(401) 272-4442
julia@desistolaw.com
katie@desistolaw.com

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 23-cv-000479-JJM-PAS*
*C.A. No. 23-cv-000480-JJM-PAS*

<u>CERTIFICATION</u>

I hereby certify that the within document has been electronically filed with the Court on the 8th day of August, 2025, and is available for viewing and downloading from the ECF system.

I further certify that a true and accurate copy of the within was emailed and mailed, postage prepaid, to:

Joshua Mello
Rachel Ware
57 Rolfe Square, Unit 10113
Cranston, RI 02910
kskustomsrideons@gmail.com


                                                       */s/ Julia K. Scott- Benevides*