UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JOSHUA MELLO and RACHEL WARE,
   Plaintiffs,

V.                                               C.A. No. 1:23-cv-00479-JJM-PAS
                                                    (consolidated with 1:23-cv-00480-JJM-PAS)

JOHN ROCCHIO and EDWARD ARRUDA,
   Defendants.

---

**PLAINTIFFS' REPLY TO DEFENDANTS' OBJECTION TO MOTION TO STAY**

---

Plaintiffs submit this Reply to Defendants' Memorandum in Opposition to Plaintiffs' Motion to Stay Summary Judgment Proceedings. Defendants' objection is factually false, procedurally dishonest, and substantively hollow. It mischaracterizes the nature of Plaintiffs' request, distorts the procedural history of this litigation, and ignores the real-world impact of the judicial bias and misconduct that prompted this motion in the first place.

**I. INTRODUCTION**

This case is not being delayed because Plaintiffs are "dissatisfied with rulings." It is being delayed because Defendants, and their attorney, have repeatedly lied, concealed evidence, submitted altered discovery responses, and misused procedural rules—safe in the knowledge that this Court has consistently looked the other way. What Defendants now fear is not delay, but

exposure. They seek to charge forward toward summary judgment before the First Circuit or any outside tribunal can review what has been allowed to occur in these proceedings.

## II. DEFENDANTS MISCHARACTERIZE THE RELATIONSHIP BETWEEN THE CASES

Defendants falsely claim that the issues in Mello et al. v. Gustafson et al. (C.A. No. 1:24-cv-00348) have "no bearing" on the current consolidated use-of-force litigation. That's a blatant distortion. The no-trespass orders, retaliatory arrests, defamation, and concealment of public records all arose as direct and foreseeable consequences of the October 21, 2021 use-of-force incident at Western Hills Middle School. Both Rocchio and Arruda—the named Defendants here—are central witnesses and/or parties in the 348 action. The litigation is factually and legally intertwined.

Defendants' position is akin to arguing that the spark of a fire has nothing to do with the destruction that followed. That's not just wrong—it's disingenuous.

### A: CORRECT THEIR MISLEADING "BACKGROUND" SUMMARY

Defendants' own "Background" section is riddled with factual inaccuracies and misstatements intended to skew the procedural record. First, their characterization that the "remaining claims relate to the alleged excessive force" (Obj. at 2) is false and misleading. Case 480 may be limited to excessive force, but **Case 479 still contains additional constitutional claims**—none of which

have been dismissed, and no final ruling has been issued to narrow or eliminate those claims. Plaintiffs continue to litigate those issues in the pending summary judgment motion.

Second, the statement that Plaintiff Mello was arrested for violating a "no trespass order" issued on October 21, 2021, is completely false. **No such order was ever issued or served prior to the arrest in February of 2022.** In fact, Plaintiff Mello did not receive a formal, written no-trespass letter until **July 15, 2022**, **months after the February arrest**—and only after all three criminal charges against him for "willful trespass" were dismissed. The City's claim that a no-trespass order existed at the time of arrest is pure fiction, contradicted by the prosecutorial record, court disposition, and discovery materials obtained from both the City and Cranston Public Schools. This fabrication forms the backbone of Defendants' retroactive justification for their unlawful and retaliatory conduct, and it goes to the heart of Plaintiffs' due process and First Amendment claims in both 479 and 348.

Defendants cannot have it both ways. In prior filings, Defendants have repeatedly argued that Plaintiffs' cases are "serial," "duplicative," and arise from the same core set of facts—namely, Plaintiff Mello's October 21, 2021 arrest. Yet now, when facing a motion to stay based on overlapping constitutional violations, Defendants abruptly reverse course and claim the cases are "completely separate and apart." (Obj. at 3). They then double back again on page 5, conceding that "both cases relate in some way back to Plaintiff Mello's October 21 arrest," but still argue they are legally unrelated. This rhetorical shapeshifting is not only misleading—it's intended to confuse the Court and manipulate the procedural posture of the case depending on the relief sought. Plaintiffs have been consistent: these cases are factually and procedurally connected, arising from the same nucleus of retaliatory events, and should be treated as such. The only inconsistency here is the defense's litigation strategy.

## III. PLAINTIFFS DO NOT SEEK AN INDEFINITE STAY—DEFENDANTS ARE PROJECTING THEIR OWN TACTICS

Contrary to Defendants' fear-mongering, Plaintiffs do not seek an "indefinite" or "immoderate" stay. The motion clearly requests a limited and temporary stay pending two events:

1. Disposition of the pending Rule 59(e) Motion for Reconsideration in C.A. No. 1:24-cv-00348; and

2. Adjudication of Plaintiffs' appeal of that case to the First Circuit.

These are standard, well-bounded events. What *is* indefinite, however, is the defense's history of late filings, evasive discovery practices, Rule 16 violations, and court orders they selectively obey—after being told "no further extensions will be granted."

The hypocrisy is staggering.

## IV. DEFENSE PREJUDICE IS FABRICATED—THEY CAUSED THE DELAYS

Defendants now raise the laughable and self-serving claim that a stay would prejudice them due to "fading memories." This argument collapses under the weight of the record itself. The central facts of this case are already captured in surveillance video, sworn deposition testimony, police narratives, and written discovery responses. There is no factual ambiguity here—only a defense desperate to escape accountability.

Worse, it is the Defendants—not the Plaintiffs—who have been the primary source of delay. They have:

- Failed to timely produce complete deposition transcripts;

- Repeatedly filed under the wrong case number, in violation of explicit court orders;

- Submitted falsified interrogatory responses contradicted by video evidence and sworn testimony;

- Filed untimely and unsupported motions at the last minute to stall resolution.

Now they want to pretend they are victims of delay. They are not. Defendants are simply terrified of litigating in a courtroom that isn't rigged in their favor—where facts, not favoritism, determine the outcome. A brief and necessary stay will not prejudice them. It will, however, shine a light on the misconduct they've fought to suppress.

**V. THE RECUSAL ARGUMENT IS NOT "BASELESS"—IT'S UNANSWERED**

Defendants condescendingly dismiss Plaintiffs' concerns about judicial bias and irregularity as "dissatisfaction." But their objection fails to meaningfully address the actual substance of the recusal grounds—namely:

- The Court's repeated misstatement or omission of material facts;

- A dismissal issued without de novo review or hearing on dispositive matters;

- Defendants' attorney having a direct and provable conflict based on prior representation of key figures in overlapping matters;

- Judge McConnell's documented involvement in politically sensitive and ethically questionable proceedings that compromise the appearance of impartiality.

These are not "speculative" complaints. They are supported by the record, the law, and the observable conduct in this very case. Recusal under 28 U.S.C. § 455 does not require proof of actual bias—only a reasonable appearance of it. If that standard means anything, it applies here.

## VI. DEFENSE COUNSEL'S MISREPRESENTATION IN FOOTNOTE 2 IS A DOCUMENTED LIE

Defendants' Footnote 2, found on page 5 of their objection, is not only inaccurate—it is a deliberate and knowing falsehood submitted to this Court to insulate Attorney Scott-Benevides from ethical scrutiny. The footnote claims that Plaintiffs' allegations concerning her representation of the Cranston Prosecutor during Plaintiff Mello's post-conviction relief (PCR) proceedings are "baseless" and "not true." This is categorically false.

Attorney Scott-Benevides entered her formal appearance in this federal matter (C.A. No. 1:23-cv-00480) on December 14, 2023, as reflected on the docket. That same day, she emailed Plaintiffs a copy of her Notice of Appearance and filed Motion to Dismiss. On December 18,

2023—just four days later—Attorney Scott-Benevides appeared in person at Plaintiff Mello's PCR hearing in Rhode Island state court, where Cranston City Prosecutor Steven Catalano was a party. Plaintiffs contemporaneously sent an email to Attorney Mark DeSisto expressing their serious concern about this dual role and questioning how her presence at the PCR proceeding could be considered ethically permissible.

Defendants' representation that she was not involved in that matter is not a misinterpretation—it is a **lie**, contradicted by the court records, docket entries, and contemporaneous emails. Submitting this false denial to the Court undermines not only Attorney Scott-Benevides' credibility, but the integrity of every filing she has made in this litigation. It is further evidence of a pattern of dishonesty that warrants judicial scrutiny and potential sanctions under Rule 11.

---

## VII. DEFENSE COUNSEL CONTINUES TO MISLEAD THE COURT

As in their previous filings, Defendants rely on distortion and manipulation rather than fact. For example:

- Their "Rule 59 vs. Rule 60" argument is intentionally misleading. Plaintiffs explicitly cited Rule 59(e), and controlling precedent treats motions for reconsideration filed within 28 days as Rule 59(e) motions regardless of labeling. Defendants know this but pretend otherwise.
- They cite *Brady v. Mosca* for the proposition that shared facts are not enough to justify a stay—but omit that Brady involved *completely different parties* and lacked the procedural overlap and due process questions present here.

## VIII. CONCLUSION

Defendants are not trying to stop delay—they're trying to block scrutiny. They want to run this case through summary judgment before the appellate court can weigh in on the gross misconduct that taints this entire litigation. They want to push forward in a courtroom where their lies are protected, their evidence goes unchallenged, and the judge refuses to see what's in front of him.

This Court must not allow that.

Finally, Plaintiffs emphasize that a stay is not the only available path forward. The Defendants—and the City they represent—retain the option to settle this matter in good faith, end the litigation, and prevent further judicial resources and taxpayer dollars from being wasted on delay, deception, and damage control. It is the Defendants' continued resistance to accountability—not the Plaintiffs' pursuit of justice—that has prolonged this litigation and cost the residents of Cranston dearly.

Plaintiffs remain willing to resolve these matters through meaningful and ethical resolution. But if Defendants choose to continue abusing the judicial process, submitting contradictory and knowingly false representations, and perpetuating fraud upon the Court, then Plaintiffs will continue to expose this conduct and hold every actor accountable—legally, procedurally, and publicly. This case is no longer just about misconduct at a school. It is about a systemic failure to tell the truth in a court of law. Plaintiffs will not stand down.

For these reasons, and in the interest of preserving due process, judicial integrity, and the appearance of fairness, Plaintiffs respectfully request that the Motion to Stay be GRANTED.

Respectfully submitted,
/s/ Joshua Mello
/s/ Rachel Ware
57 Rolfe Square, Unit 10113
Cranston, RI 02910
kskustomsrideons@gmail.com
401.426.0778

**Exhibit A**: Email from Attorney Benevides on 12/14/23 providing her entry of appearance.
**Exhibit B**: Plaintiff's email response to Marc DiSisito about Attorney Benevides appearance at Plaintiff Mello's PCR hearing 12/21/23.
**Exhibit C**: Transcript from court date 12/18/23 when Attorney Benevides was present with her then client Steven Catalano.  See page 5 line 23 to page 6.
**Exhibit D**: Docket sheet from Federal Court case 1-23-00480 showing Attorney Benevides entry of appearance on 12/14/23. 4 days before she goes to court with Mr. Catalano.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th of August 2025, a copy of the foregoing PLAINTIFFS' REPLY TO DEFENDANTS' OBJECTION TO MOTION TO STAY was served via the e-filing system and via email to:

| | |
|---|---|
| Julia K. Scott-Benevides | Kathleen A. Hilton, Esq. |
| DeSisto Law LLC | DeSisto Law LLC |
| (401) 272-4442 | (401) 272-4442 |
| julia@desistolaw.com | Katie@desistolaw.com |

/s/ Joshua Mello
/s/ Rachel Ware