Exhibit A – Email correspondence from Attorney Scott-Benevides (dated December 14, 2023) confirming representation of Defendant Catalano.

 **Joshua Mello <kskustomsrideons@gmail.com>**

---

## Mello et al v. Arruda et al; C.A. 1:23-cv-00480-JJM-LDA

1 message

---

**Julia Benevides** <Julia@desistolaw.com>                 Thu, Dec 14, 2023 at 3:56 PM
To: "kskustomsrideons@gmail.com" <kskustomsrideons@gmail.com>
Cc: Marc DeSisto <marc@desistolaw.com>

Good Afternoon Mr. Mello and Ms. Ware,


With regard to the above captioned matter, I've attached Notice of Appearances for Attorney Marc DeSisto and Attorney Julia K. Scott- Benevides on behalf of Defendants, Edward Arruda, John Rocchio, Derek Gustafson, Steven Catalano, and Timothy Vesey; Defendant, Steven Catalano's Acceptance of Service; Defendants' Partial Motion to Dismiss and the memorandum in support of Defendants' Partial Motion to Dismiss; and Defendants, Edward Arruda's and John Rocchio's Answer to the Complaint that were filed today, December 14, 2023, on the federal court's online e-filing system.


Copies of the same have been mailed to both of you through certified and regular mail.


Best,

Julia




**Julia K. Scott-Benevides, Esq.**

60 Ship Street, Providence, RI 02903

(401) 272-4442 Ext. 206 | Direct: (401) 272-0749

**DESISTOLAW** julia@desistolaw.com
www.desistolaw.com


This e-mail message and any attachments are confidential, may contain attorney-client privileged information and are intended for the recipient(s) to whom they are addressed only. If you are not an intended recipient, you have received this e-mail in error and any use, review, dissemination, forwarding, printing or copying of this e-mail or the information contained therein is strictly prohibited. All messages sent to and from this office may be monitored to ensure compliance with internal policies and to protect the firm's interest and that of its clients. If you have received this e-mail in error, please notify the sender immediately and then delete this message. Thank you.

**7 attachments**

**DESISTOLAW** **image001.png**
4K

**0013 - Answer (Mello).pdf**
234K

**0012.1 - Memorandum in Support of Defendant's Partial Motion to Dismiss (Mello).pdf**
347K

**0012 - Defendant's Partial Motion to Dismiss (Mello).pdf**
169K

**0011 - Defendant, Steven Catalano's Acceptance of Service (Mello).pdf**
161K

**0010 - Notice of Appearance - MD (Mello).pdf**
156K

**0009 - Notice of Appearance - JKB (Mello).pdf**
158K

Exhibit B – Defendants' Memorandum in Support of Objection to Plaintiffs' Motion to Stay Summary Judgment Proceedings (filed August 8, 2025), at page 5, footnote __, containing counsel's false representation.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOSHUA MELLO | |
| *Plaintiff,* | |
| vs. | C.A. No. 1:23-cv-000479-JJM-PAS |
| JOHN ROCCHIO and EDWARD ARRUDA *Defendants* | |
| JOSHUA MELLO and RACHEL WARE | C.A. No. 1:23-cv-000480-JJM-PAS |
| *Plaintiff* | |
| vs. | |
| JOHN ROCCHIO and EDWARD ARRUDA | |
| *Defendants* | |

### DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR OBJECTION TO PLAINTIFFS' MOTION TO STAY SUMMARY JUDGMENT PROCEEDINGS

Now come Defendants, John Rocchio ("Defendant Rocchio") and Edward Arruda ("Defendant Arruda")(collectively hereinafter "Defendants") and hereby object to Plaintiffs, Joshua Mello's ("Plaintiff Mello") and Rachel Ware's ("Plaintiff Ware")(collectively hereinafter "Plaintiffs") Motion to Stay Summary Judgment Proceedings for the reasons stated herein.

### I.    BACKGROUND

The factual and procedural background of this consolidated case are well known at this point in the proceedings. In pertinent part, both lawsuits, C.A. No. 1:23-cv-00479 and C.A. No. 1:23-cv-00480 are a result of Plaintiff Mello's arrest on October 21, 2021, at Western Hills Middle School, where Plaintiff Mello's daughter attended middle school at the time. Plaintiff Ware was

also present at the time of the arrest. The remaining claims relate to the alleged excessive force that Plaintiff Mello alleges Defendants used against him during the October 21, 2021, arrest.[1]

Separate and apart from the instant consolidated cases, Plaintiffs filed another lawsuit, C.A. No. 1:24-cv-00348 in September 2024 against the City of Cranston, Cranston Public Schools, Cranston Police Department, Cranston Mayor Kenneth Hopkins, Cranston City Solicitor Christopher Millea, Cranston Police Chief Colonial Michael Winquist, Cranston Police Captain Sean Parker, Defendant Rocchio, Cranston Public Schools Superintendent Jeannine Nota-Masse, Cranston Public Schools Assistant Superintendent Norma Cole, Western Hills Middle School Principal Timothy Vesey, and Western Hills Middle School Assistant Principal Derek Gustafson. In that lawsuit, Plaintiffs claim that their constitutional rights were violated by the above-named defendants because of a "no trespass order" issued against Plaintiffs as a result of Plaintiff Mello's October 21, 2021 arrest at Western Hills Middle School and their subsequent arrests for violating that same no trespass order.

On July 23, 2025, this Court adopted Magistrate Sullivan's Report and Recommendation in granting the defendants' motion to dismiss Plaintiffs' claims (C.A. No. 1:24-cv-00348, ECF No. 27) and entered judgment in favor of the defendants on that same date (C.A. No. 1:24-cv-00348,

---

[1] On July 23, 2025, Magistrate Sullivan issued a Report and Recommendation granting Defendants' Motion for Judgment on the Pleadings for Plaintiff Ware's failure to allege any factual allegations to state a claim. See generally, C.A. No. 1:23-cv-00480, ECF No. 126. While Magistrate Sullivan recommended that this Court grant Defendants' motion, this Court recommended that this Court should not dismiss Plaintiff Ware's claims until she has been afforded the opportunity to leave to file a Second Amended Complaint. Id. at p. 9. The Court further suggested that "[i]f Plaintiff Ware does not timely file a motion to amend or she timely filed a motion to amend, but it is denied, all of her claims should be dismissed with prejudice." Id. Plaintiffs filed an objection to the Report and Recommendation on August 4, 2025 (C.A. 1:23-cv-00480, ECF No. 128) and Defendants filed a Response to Plaintiffs' Objection to the Report and Recommendations and presented a limited Objection to the Report and Recommendation on August 5, 2025 (C.A. 1:23-cv-00480,ECF No. 129).

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 23-cv-000479-JJM-PAS*
*C.A. No. 23-cv-000480-JJM-PAS*

ECF No. 28). After judgment entered in favor of the defendants, the Plaintiffs filed a Motion for

Reconsideration (C.A. No. 1:24-cv-00348, ECF No. 29) and a Notice of Appeal to the First Circuit

Court of Appeals (C.A. No. 1:24-cv-00348, ECF No. 30) on July 28, 2025.

Although completely separate and apart from one another, Plaintiffs attempt to argue that their

issues with the Court's Order in C.A. No. 1:24-cv-00348 are a basis for this Court stay the

summary judgment proceedings in this instant consolidated case. Defendants argue that a stay on

the instant consolidated cases is inappropriate given that the instant consolidated cases have no

bearing on any of the issues in C.A. No. 1:24-cv-00348. In addition, Plaintiffs utterly fail to set

forth any basis for a need to stay the summary judgment proceedings here, and if this Court were

to grant a stay for the reasons Plaintiffs list in their motion, the Defendants would be substantially

prejudiced.

Plaintiffs also appear to argue this instant consolidated case be "reassigned to a District Judge

and Magistrate Judge untainted by allegations of bias and conflict." Yet, Plaintiffs have not

articulated a single fact that would meet the standard for recusal.

## II.    <u>STANDARD OF REVIEW</u>

### A.  **Motion to Stay**

When and how to stay proceedings is within the sound discretion of the trial court. <u>See</u> <u>Landis</u>

<u>v. North American Company</u>, 299 U.S. 248, 254-55, 57 S. Ct. 163, 81 L. Ed. 153 (1936). The

decision to "stay litigation before it pending developments in a different action involving the same

issues" is discretionary. <u>Acton Corp. v. Borden, Inc.</u>, 670 F.2d 377, 380 (1st Cir. 1982).

A stay pending resolution of another suit is warranted where such a stay "would certainly narrow

the issues in the pending cases and assist in the determination of the questions of law

involved." <u>Landis</u>, 299 U.S. at 253. The party requesting a stay has the burden of demonstrating

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 23-cv-000479-JJM-PAS*
*C.A. No. 23-cv-000480-JJM-PAS*

its necessity. Clinton, 520 U.S. at 708. If there is a "fair possibility" that a stay would damage another party, the moving party must demonstrate the stay's necessity by establishing "a clear case of hardship or inequity in being required to go forward." Landis, 299 U.S. at 255; accord Austin v. Unarco Indus., Inc., 705 F.2d 1, 5 (1st Cir. 1983).

In determining whether to impose a stay, courts should also look at the duration of the stay requested. See Total Petroleum P.R. Corp. v. T.C. Oil, Corp., CIVIL NO. 09-1105 (JP), 2010 U.S. Dist. LEXIS 153509 at *3 (D.P.R. May 7, 2010) (citing Cherokee Nation of Oklahoma v. United States, 124 F.3d 1413, 1416 (Fed. Cir. 1997). The Court must also consider the interests favoring a stay and the interests frustrated by the stay. Total Petroleum P.R. Corp., 2010 U.S. Dist. LEXIS 153509 at * 3.

**B. Motion to Recuse**

A judge "shall disqualify [himself or herself] in any proceeding in which [their] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Pursuant to 28 U.S.C. § 455, which governs disqualification on a motion by a party, "there are two possible grounds for a judge's disqualification: (1) the judge's impartiality may reasonably be questioned; or (2) the judge may have a personal bias or prejudice concerning a party." Vose v. Neronha, C.A. No. 23-00084-JJM, 2024 U.S. Dist. LEXIS 189196, *2-3 (citing United States v. Kelley, 712 F.2d 884, 889 (1st Cir. 1983). "The well-established test . . . is . . . whether the charge of lack of impartiality is grounded on facts that would create a reasonable doubt concerning the judge's impartiality, not in the mind of the judge . . . or even necessarily in the mind of the litigant filing the motion . . . but rather in the mind of the reasonable [person]." Vose, 2024 U.S. Dist. LEXIS 189196, at *2-3 (citing Panzardi-Alvarez v. United States, 879 F.2d 975, 983 (1st Cir. 1989) (internal quotation marks omitted). Recusal is required when the objective circumstances create an appearance of partiality.

4

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 23-cv-000479-JJM-PAS*
*C.A. No. 23-cv-000480-JJM-PAS*

Vose, C.A. No. 23-00084-JJM, 2024 U.S. Dist. LEXIS 189196, *2-3 (citing <u>In re Martinez-Catala</u>, 129 F.3d 213, 220 (1st Cir. 1997); <u>see also</u> <u>Silva v. Rhode Island</u>, C.A. No. 19-568-JJM-PAS, 2021 U.S. Dist. LEXIS 199408, 2021 WL 4712902, at *2 (D.R.I. June 14, 2021). On the other hand, "[d]issatisfaction with a judicial decision is not a basis for recusal." <u>Silva</u>, 2021 U.S. Dist. LEXIS 199408, 2021 WL 4712902, at *2 (D.R.I. June 14, 2021).

## III.    <u>ARGUMENT</u>

### A.  <u>Motion to Stay Summary Judgment Proceedings</u>

Plaintiffs offer no basis for a need to stay the summary judgment proceedings. Plaintiffs appear to base their argument to stay the summary judgment proceedings on their allegations that Judge McConnell is biased against Plaintiffs because of the Court's decision in C.A. No. 1:24-cv-00348. Plaintiffs argue that they believe Judge McConnell is biased based on the alleged "existence of ongoing congressional impeachment proceedings implicating Judge McConnell, and for Judge McConnell's "refusal to recuse [Defendants' attorney, Attorney Julia K. Scott- Benevides." [2] <u>See generally</u>, C.A. No. 1:23-cv-00479, ECF No. 75. It also seems that Plaintiffs request that any stay placed on the instant consolidated matters remain in effect until after a decision on their First Circuit appeal on C.A. No. 1:24-cv-00348 is decided and their case is reassigned to a new District Judge and Magistrate Judge.

Although both cases relate in some way back to Plaintiff Mello's October 21, 2021, arrest, Plaintiffs' claims in C.A. No. 1:24-cv-00348 and the claims in the instant consolidated case are unrelated. Plaintiffs make allegations of violations to their First Amendment, Fourth, Amendment,

---

[2] As with Plaintiffs other attempts to attack Attorney Scott- Benevides, all allegations made against Attorney Scott- Benevides, including the allegations that she was representing "Cranston City Solicitor" and the "Cranston Prosecutor" during Plaintiff Mello's post-conviction relief proceedings are baseless and vehemently denied as they are not true.

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 23-cv-000479-JJM-PAS*
*C.A. No. 23-cv-000480-JJM-PAS*

Fourteenth Amendment rights, and a negligence claim in C.A. No. 1:24-cv-00348, whereas the instant consolidated case merely relates to the use of force used on Plaintiff Mello because off the October 21, 2021, arrest. Any determination made at the First Circuit in Plaintiffs' appeal of the Court's dismissal of C.A. No. 1:24-cv-00348 would not narrow the issue here—whether the Defendants used excessive force in effectuating Plaintiff Mello's arrest on October 21, 2021. See Brady v. Mosca, C.A. No. 23-cv-391-LM, 2023 U.S. Dist. LEXIS 2077964 at * 4 (D.N.H. Nov. 20, 2023)(motion to stay was denied because "[t]hough [both cases] share a common factual origin, the claims are otherwise unrelated").

Plaintiffs are in essence requesting this Court for an indefinite, or in the alternative, immoderate stay on the instant consolidated case. To the extent that Plaintiffs' request for the stay on the instant consolidated case until the "reassignment of these cases to a new District Judge and Magistrate Judge" is a request to stay for an indefinite period of time. Neither Judge McConnell nor Magistrate Sullivan have been recused from this matter, and as Defendants argue below, based on Plaintiffs' arguments in this instant motion, it is unlikely that Judge McConnell and Magistrate Sullivan will be recused from this instant matter. If the Court were to grant Plaintiffs' instant Motion to Stay with the condition that the case will be stayed until a new District Judge and Magistrate Judge is reassigned to the case, this matter will never re-open.

Plaintiffs additionally filed a Motion for Reconsideration in C.A. No. 1:24-cv-00348 (ECF No. 28) [3] along with their Notice of Appeal to the First Circuit (ECF No. 29) in that case. Pursuant to Rule 4 of the Federal Rules of Appellate Procedure First Circuit Local Rules,

---

[3] In the instant motion, Plaintiffs cite that they filed a Motion for Reconsideration in C.A. No. 1:24-cv-00348 under Rule 59(e). Fed. R. Civ. P. Rule 59 covers cases requesting a new trial, and not to alter or amend the judgment. See generally, Fed. R. Civ. P. Rule 59. Fed. R. Civ. P. Rule 60

> (A) If a party files in the district court any of the following motions under the Federal Rules of Civil Procedure—and does so within the time allowed by those rules—the time to file an appeal rules for all parties from the entry of the order disposing the last such remaining motion:

(i)    For judgment under Rule 50(b);

(ii)   to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;

(iii)  for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58;

(iv)  to alter or amend the judgment under Rule 59; or

(v)   for relief under Rule 60 if the motion is filed within the time allowed for filing a motion under Rule 59.

Since Plaintiffs' Motion for Reconsideration in C.A. No. 1:24-cv-00348 is to be analyzed under Fed. R. Civ. P. Rule 60, subsection (v) applies.[4] As a result, any appeal on C.A. No. 1:24-cv-00348 will not be heard until there is a decision on Plaintiffs' Motion for Reconsideration, which will take even more time to satisfy the other condition Plaintiffs wish to place upon the stay of this case.

The instant consolidated case has been pending for a year, and a half and Plaintiff Mello's arrest occurred nearly four (4) years ago. Given that the issues between the cases are unrelated and with the possibility of an open-ended stay, Defendants would be prejudiced if Plaintiffs' motion were to be granted, as well as the prejudice to Defendants' ability to defend due to fading memories caused by the passage of time. <u>Vose</u>, C.A. No. 22-00434-MSM-PAS, 2024 U.S. Dist. LEXIS 67618 at *13 (D.R.I. April 12, 2024). Defendants further note that outside of conclusory and baseless allegations, Plaintiffs "fail to state a clear case of hardship or inequity in being required to go forward." <u>See</u> <u>Brady</u>, 2023 U.S. Dist. LEXIS 2077964 at * 4.

---

covers cases requesting for an alteration or amendment to the judgment. See generally, Fed. R. Civ. P. Rule 60.

[4] Defendants concede that in accordance with this rule, Plaintiffs timely filed their Motion for Reconsideration for 1st Cir. R. 4(a) to apply.

*Mello, et al, v. Derek Gustafson, et al*
C.A. No. 23-cv-000479-JJM-PAS
C.A. No. 23-cv-000480-JJM-PAS

Consequently, any "stay pending the resolution of [Plaintiffs' appeal in C.A. No. 1:24-cv-00348\ would not promote efficiency or otherwise narrow the issues presently before the court." Id. (citing Landis, 299 U.S. at 253). Therefore, this Court should not grant Plaintiffs' Motion to Stay.

### B. To the extent that Plaintiffs request Judge McConnell and Magistrate Sullivan to be recused from the instant consolidated case.

Even though Plaintiffs do not file a formal "motion to recuse" as part of the instant motion, Plaintiffs request that this Court "re-assign" this case to a "neutral judicial officer." As such, Defendants object to what appears to be a "motion to recuse" made by Plaintiffs. Furthermore, in reading the entirety of Plaintiffs' motion, it is unequivocally clear that the basis for Plaintiffs' accusations against Judge McConnell and Magistrate Sullivan is based on Plaintiffs' dissatisfaction with both Judge McConnell's and Magistrate Sullivan's rulings against Plaintiffs in their cases. Plaintiffs complain about Magistrate Sullivan's Report and Recommendations and Judge McConnell's decision a total and separate matter. See C.A. No. 1:23-cv-00480, ECF No. 127. As a result of those rulings, Plaintiffs recklessly accuse Judge McConnell of "misstating facts" and a "pattern of prejudicial treatment." Dissatisfaction with a judicial decision is not a basis for recusal. Silva, 2021 U.S. Dist. LEXIS 199408 at *6.

Moreover, neither Judge McConnell's nor Magistrate Sullivan's impartiality as to this instant case has been "reasonably be questioned" by Plaintiffs that could appropriate recusal. To the extent that Plaintiffs attempt to argue that Judge McConnell is biased based on unrelated proceedings outside of Plaintiffs' lawsuits in the Federal State (and State Court) is unsupported, irrational, and is highly speculative. See Vose, 2024 U.S. Dist. LEXIS 189196 at *4 (citing In re Martinez-Cala, 129 F.3d 213, 220 (1st Cir. 1997). Plaintiffs fail to demonstrate that these unrelated proceedings

pose any similarities to Plaintiffs' case and/or Judge McConnell's ability to be impartial to Plaintiffs in this instant lawsuit. Plaintiffs also have not shown that there is any bias or prejudice based on any extra-judicial source or reveal such a "high degree of favoritism or antagonism as to make fair judgment impossible." See United States v. Fernandez, 792 F. Supp. 2d 178, 186 (D.P.R. 2011) (citing Liteky v. United States, 510 U.S. 540, 541, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994). Plaintiffs again, only merely express dissatisfaction with an unrelated case. Thus, there cannot be any objective basis for Judge McConnell's and Magistrate Sullivan's recusal.

## IV.    CONCLUSION

WHEREFORE, Defendants respectfully request that this Court deny Plaintiffs' Motion to Stay the Summary Judgment Proceedings and any request to recuse Judge McConnell and Magistrate Sullivan contained in that motion.

Defendants
By their Attorney,

*/s/ Julia K. Scott- Benevides*
*/s/ Kathleen A. Hilton*
Julia K. Scott-Benevides, Esq. (#10408)
Kathleen A. Hilton, Esq. (#9473)
DeSisto Law LLC
60 Ship Street
Providence, RI 02903
(401) 272-4442
julia@desistolaw.com
katie@desistolaw.com

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 23-cv-000479-JJM-PAS*
*C.A. No. 23-cv-000480-JJM-PAS*

<u>CERTIFICATION</u>

I hereby certify that the within document has been electronically filed with the Court on the 8th day of August, 2025, and is available for viewing and downloading from the ECF system.

I further certify that a true and accurate copy of the within was emailed and mailed, postage prepaid, to:

Joshua Mello
Rachel Ware
57 Rolfe Square, Unit 10113
Cranston, RI 02910
kskustomsrideons@gmail.com

*/s/ Julia K. Scott- Benevides*

Exhibit C – Defendant Arruda's Supplemental Interrogatory Response (highlighting ghostwritten legalistic phrasing inconsistent with personal recollection).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOSHUA MELLO and RACHEL WARE,<br>*Plaintiffs,*<br><br>vs.<br><br>DEREK GUSTAFSON, TIMOTHY VESEY,<br>STEVEN CATALANO, JOHN ROCCHIO and<br>EDWARD ARRUDA<br>*Defendants* | C.A. No. 1:23-cv-00480-JJM-PAS;<br>1:23-cv-00479-JJM-PAS |

**DEFENDANT, EDWARD ARRUDA'S SUPPLEMENTAL RESPONSE TO PLAINTIFFS'
SECOND SET OF INTERROGATORIES**

14.     Please describe in detail the meaning of "I grabbed Mr. Mello, I put him head to head and I slowly descended to the floor, I took him down," specifically clarifying what "head to head" refers to, the technique used, and how you executed a "slow descent" while restraining Mr. Mello. Additionally, describe any standard Cranston Police Department procedures or training techniques followed during this action. This clarification is essential under *Graham v. Connor* to determine if reasonable force standards were met.

RESPONSE: Objection. Defendant objects to the confusing nature of this interrogatory. Defendant objects to the multi-part nature of this interrogatory. Defendant objects to the form of this interrogatory as it seeks information that calls for speculation. Defendant objects to this interrogatory as it seeks information regarding facts that may be in dispute. Defendant objects based on the vague and confusing nature of this interrogatory as it does not provide any context or information regarding the quote, "I grabbed Mr. Mello, I put him head to head and I slowly descended to the floor. I took him down." Notwithstanding and without waiving the objection, since the interrogatory fails to provide any context or information regarding the statement, "I grabbed Mr. Mello, I put him head to head and I slowly descended to the floor, I took him down," I am unable to describe and/or clarify any part of the statement. Also, without context or information regarding the statement, "I grabbed Mr. Mello, I put him head to head and I slowly descended to the floor, I took him down," I am unable to describe any Cranston Police Department procedures or training following during this action.

**SUPPLEMENTAL RESPONSE: Defendant reincorporates and inserts the objections provided above. Notwithstanding and without waiving the objections, Magistrate Sullivan's January 29, 2025 Order, which ordered Defendant to supplement his response by clarifying his testimonial reference (based on the actual testimony) to putting Plaintiff into a so-called "head to head" while descending to the floor, and to state whether and to what degree such testimony describes a technique or procedure that is the subject of any training he has received. In response, Defendant states Plaintiffs provided that the specific testimony that they are referring to is the portion of pg. 12 of my testimony during my interview for Plaintiff's Internal Affairs Complaint as to this incident provided,**

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 23-cv-000480-JJM-LDA*

**Off. Arruda: So I attempted to call the child's mother in an attempt to help Mr. Mello out, because at this point I want him out of the building. But before I talked to the mother, he was explaining to me that his girlfriend was in the car and she could help with this, so I allowed him to bring somebody in to an already hostile situation, hoping she would calm him down. Right away, she started video taking, so I wanted the situation ended; I talked to mom on the phone and mom at the time told me that he's done this before and upon speaking to her, I realized that this was the same gentleman who had done something similar at Peters, but that didn't matter, because I just wanted the child and him out of the school, let them settle it and let her come back and…**

**Capt. Parker: If when you say the child and him out of school, if the ex-wife allowed or (inaudible)…**

**Off. Arruda: Yes, which she did, she, I wanted it to end, just let him take her.**
**Capt. Parker: Okay. So what happened next?**

**Off. Arruda: So I went out there and at that point, SRO Rocchio was already speaking with him and I don't know what he was speaking about, because I wasn't there, so as I approached them, I said Mr. Mello, your ex is allowing you to take your daughter and he didn't like that; he was like, it's my daughter, nobody allows me to do anything, I can do what I want, this is may daughter, and I reiterated the fact, I said, you understand, you're being allowed to take her out…**

**Capt. Parker: Right.**

**Off. Arruda: …let's do this. And he just didn't like the fact that I was allowing him to do anything, he wanted to be in control, I guess.**

**Capt. Parker: Right. Because at the time, his daughter was in the school facility, correct?**

**Off. Arruda: Yes.**

**Capt. Parker: Okay.**

**Off. Arruda: And at that point, I never saw the daughter, I didn't know what the real issue was with the daughter, other than she needed to change her clothes.**

**Capt. Parker: Okay. So, what happened next.**

**Off. Arruda: As we were getting closer to the door, they became more and more agitated and they had the phone in front of Rocchio, telling us to get**

2

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 23-cv-000480-JJM-LDA*

**back, get back, six feet, six feet and Rocchio said something to the effect like I
don't need to step back, like you're out of control here.**

**Capt. Parker: Right.**

**Off. Arruda: … you're not taking charge of the situation and at that point,
Rocchio determined that I can't speak for Rocchio, but he went to grab his
wrist and as he grabbed his wrist, Mello's girlfriend was kind of caught in
the middle so I grabbed Mr. Mello, I put him head to head and I slowly
descended to the floor, I took him down. There was no strikes, there wasn't a
need of any strikes, we just brought him down and at that point, when he's
on the ground, he was kicking, he was yelling, he was flopping all while the
wife was standing over us, video taping and Rocchio alerted me that there
were knives, he grabbed the knives and he kind of tossed them to the side,
and I never touched the knives, at least to my recollection, it was Mr. Vesey
that picked the knives up because I saw the video after from the school
surveillance and he secured the knives.**

**Plaintiffs also provided that Defendant discussed "head to head" during his trial
testimony for Plaintiff Mello's criminal trial related to his October 21, 2021 arrest. In
reviewing the provided trial "audio is labeled 2022-11-15_12.08.13.153.wmv and the time
stamp is 47:28," it appears that Defendant testified that Defendant Rocchio warned
Plaintiff Mello two (2) maybe three (3) times that he's going to be arrested and then
Defendant Rocchio attempted to grab Plaintiff Mello's wrist to take him into custody.
Defendant described that at this point, was to the left of Plaintiff Mello if you are looking at
the vestibule door. It also appears that Defendant also described that Plaintiff Ware was in
between Plaintiff Mello and Defendant Rocchio. Defendant further described that
Defendant Rocchio was unable to grab his arm, and as a Defensive Tactics instructor
Defendant put Defenant's head next to Plaintiff Mello's head because that was the only
advantage Defendant could get over him. Finally, Defendant described as Defendant put
his head next to Plaintiff Mello's head, Defendant and Defendat Rocchio brought Plaintiff
Mello to the ground.**

**To further clarify, Defendant Rocchio made an attempt to take Plaintiff Mello into
custody, Defendant Rocchio attempted to take control of Plaintiff Mello's right arm, which
prompted Plaintiff Mello to attempt to move his arm away. It was at this point, that
Plaintiff Ware was in the middle of Plaintiff Mello and Defendant Rocchio, and it
appeared to Defendant that Plaintiff Ware was grabbing at Officer Rocchio's grip around Plaintiff's
right arm. Defendant attempted to get in between Plaintiff Ware and Plaintiff Mello, but
was unable to. Due to the close proximity, Defendant was able to gain control of Plaintiff
Mello by going "head to head" which was cradling Mr. Mello's head in between my head
and left shoulder, and in a controlled descent, went to a knee to place Plaintiff down onto
the carpet in the foyer of the front entrance of the school. I am trained in L.O.C.K.U.P and
L.E.A.D.S. De-escalation Strategies and Tactical Options, which is training conducted
related to close quarters to a suspect, which is utilized to help officers be efficient and safe
in making an arrest. Given the totality of the circumstances in this situation with Plaintiffs,
I was able to utilize skills that I learned though the L.O.C.K.U.P. and L.E.A.D.S. training
to safely bring Plaintiff Mello to the ground.**

3

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 23-cv-000480-JJM-LDA*

Edward Arruda

STATE OF RHODE ISLAND
COUNTY OF _____

Subscribed and sworn to before me on this 26 th day of February of 2025.

NOTARY PUBLIC
My Commission Expires   9/23/20__

Defendants

Edward Arruda and John Rocchio
By their Attorneys,
As to the objections,

*/s/ Julia K. Scott- Benevides*
Julia K. Scott- Benevides (#10408)
DeSisto Law LLC
4 Richmond Square, Suite 500
Providence, RI 02906
(401) 272-4442
julia@desistolaw.com

CERTIFICATION

I further certify that a true and accurate copy of the within was emailed and mailed, postage prepaid on the 26 th day of February, 2025 to:

4

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 23-cv-000480-JJM-LDA*

Joshua Mello                          Rachel Ware
57 Rolfe Square, Unit 10113           57 Rolfe Square, Unit 10113
Cranston, RI 02910                    Cranston, RI 02910
kskustomsrideons@gmail.com            kskustomsrideons@gmail.com


*/s/ Julia K. Scott- Benevides* _____

5

Exhibit D  Defendant Rocchios Supplemental Interrogatory Response (demonstrating attorney-drafted boilerplate objections and phrasing inconsistent with personal testimony).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOSHUA MELLO and RACHEL WARE,
        *Plaintiffs,*

    vs.

DEREK GUSTAFSON, TIMOTHY VESEY,
STEVEN CATALANO, JOHN ROCCHIO and
EDWARD ARRUDA
        *Defendants*

C.A. No. 1:23-cv-00480-JJM-PAS;
1:23-cv-00479-JJM-PAS

## DEFENDANT, JOHN ROCCHIO'S SUPPLEMENTAL RESPONSE TO PLAINTIFFS' SECOND SET OF INTERROGATORIES

14.    In your Professional Standards investigation, you mentioned not communicating your intentions to another officer prior to engaging with Mr. Mello. Given that CPD's L.E.A.D.S. and L.O.C.K.U.P. training emphasizes officer communication for coordination and safety, please explain why this protocol was not followed, as this pertains to the adherence to safety and procedural training standards.

RESPONSE: Objection. Defendant objects based on the vague, ambiguous, and confusing nature of this interrogatory. Defendant objects to the extent that this interrogatory assumes facts that are in dispute. Defendant objects to the form of this interrogatory as it seeks information that calls for speculation. Notwithstanding and without waiving the objection, since this interrogatory fails to provide any context and/or further information regarding the statement "you mentioned not communicating your intentions to another officer prior to engaging Mr. Mello," I reasonably provide a complete response that explain of what I mentioned in my Professional Standards Investigation. In addition, since Cranston Police Department has a "Use of Force" Policy, but L.O.C.K.U.P. and L.E.A.D.S. are additional training and certification received outside of Cranston Police Department, I cannot explain any training called "CPD's L.E.A.D.S. and L.O.C.K.U.P. Training," as there is no training called "CPD's L.E.A.D.S. and L.O.C.K.U.P. Training."

**SUPPLEMENTAL RESPONSE: Defendant reincorporates and inserts the objections stated above. Notwithstanding and without waiving the objection, pursuant to Magistrate Sullivan's January 29, 2025 Order, Defendant was ordered to supplement this response to provide (1) Whether LEADS/LOCKUP training reflects a protocol emphasizing communication that was applicable to him as a Cranston Police Officer during the incident in issue; (2) If yes, whether you acted consistent with that protocol during the incident in issue; (3) If not, explain why. In response, Defendant provides that while some of the training that is used in L.O.C.K.U.P. and L.E.A.D.S. emphasizes communication between officers on scene, communication between the officers is not always required under the Cranston Police Department's policies given that an officer's response is based on the totality of the circumstances for that specific incident they are encountering. The L.E.A.D.S and L.O.C.K.U.P training are resources for officers to use in de-escalation attempts and to**

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 23-cv-000480-JJM-LDA*

**allow officers to use a reasonable level of force when dealing with subjects who are non-compliant. In this incident, Plaintiff Mello's increased aggression and the reasonable belief that he was in the possession of two (2) knives, lead Defendant to take action without communicating it to the other officer on scene. This was done due to the fact that the Defendant and the other officer were in close proximity to Plaintiff Mello and an attempt to communicate this with the other officer would have given Plaintiff Mello an opportunity to react and possibly access the knives that Plaintiff Mello had in his possession. Due to all of the factors listed above, Plaintiff Mello's behavior changing from passive resistance to defensive resistance and then to active aggression, as defined in the L.O.C.K.U.P. training, required that decisive force be taken. Defendant provides that all of his actions were consistent with Cranston Police Department's policies regarding Use of Force as well as the training provided in L.E.A.D.S., and L.O.C.K.U.P.**

John Rocchio

**STATE OF RHODE ISLAND**
**COUNTY OF** *Providence*

*Subscribed and sworn to before me on this* __17th__ *day of* __February__ *of 20*25.

NOTARY PUBLIC
My Commission Expires __6/21/25__
ID# 76050



Edward Arruda and John Rocchio
By their Attorneys,

2

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 23-cv-000480-JJM-LDA*

As to the objections,

*/s/ Julia K. Scott- Benevides*
Julia K. Scott- Benevides (#10408)
DeSisto Law LLC
4 Richmond Square, Suite 500
Providence, RI 02906
(401) 272-4442
julia@desistolaw.com


<u>CERTIFICATION</u>

I hereby certify that a true and accurate copy of the within was emailed and mailed, postage prepaid on the 18th day of February, 2025 to:

Joshua Mello                    Rachel Ware
57 Rolfe Square, Unit 10113     57 Rolfe Square, Unit 10113
Cranston, RI 02910              Cranston, RI 02910
kskustomsrideons@gmail.com      kskustomsrideons@gmail.com


*/s/ Julia K. Scott- Benevides*

3

Exhibit E – Defendants' Motion to Compel (filed January 6, 2025), filed on the final day of discovery with incorrect attorney address, demanding medical records Plaintiffs had already stated do not exist.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOSHUA MELLO and RACHEL WARE,
*Plaintiffs,*

vs.

DEREK GUSTAFSON, TIMOTHY VESEY,
STEVEN CATALANO, JOHN ROCCHIO and
EDWARD ARRUDA
*Defendants*

C.A. No. 1:23-cv-00479-JJM-LDA
1:23-cv-00480-JJM-LDA

## **DEFENDANTS' MOTION TO COMPEL MORE RESPONSIVE ANSWERS**

Now come Defendants, Edward Arruda ("Defendant Arruda") and John Rocchio ("Defendant Rocchio")(collectively hereinafter "Defendants") and request this Court for an order compelling Plaintiffs, Joshua Mello ("Plaintiff Mello") and Rachel Ware ("Plaintiff Ware")(collectively hereinafter "Plaintiffs")  to provide more responsive answers to Defendants' Request for Production of Documents addressed to Plaintiff Mello, Request No. 11, Defendants Third Request for Production of Documents addressed to Plaintiff Mello, Request No. 1, and Defendants Request for Production of Documents addressed to Plaintiff Ware, Request No. 11.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

The instant lawsuit is a result of Plaintiff Mello's arrest on October 21, 2021 at Western Hills Middle School in Cranston, Rhode Island. The remaining claims in the lawsuit are for the alleged excessive force used on Plaintiff Mello at the time of this arrest, and Plaintiff Ware's alleged "whistleblower claims." See generally, 1:23-cv-00480-JJM-LDA, ECF Nos. 20, 28. Both Plaintiffs claim to have endured financial damages to their business K's Kustoms Designs, and "severe" emotional damage as a result of the incident and subsequent arrest. See id. Plaintiff Mello

claims physical damages as a result of his arrest and to have suffered loss in relationship with his minor daughter as a result of this incident. See id.

On March 14, 2024, Defendants propounded Defendants' Interrogatories addressed to Plaintiff Ware, Defendants' Interrogatories addressed to Plaintiff Mello, Defendants' First Request for Production of Documents addressed to Plaintiff Ware, and Defendants' First Request for Production of Documents addressed to Plaintiff Mello. See attached Exhibit A. On May 21, 2024, Plaintiffs provided their responses to Defendants' Interrogatories and Defendants' Request for Production of Documents. See attached Exhibit B. While Defendants found that Plaintiffs' responses to Defendants' Interrogatories and Defendants' Request for Production of Documents to be incomplete, insufficient, and unresponsive, Defendants first chose to depose Plaintiffs.

Before Defendants were able to depose Plaintiffs, Plaintiffs filed a Motion for a Protective Order regarding their pending depositions, a Motion to Compel Defendants' Deposition Questions, a Motion to Limit Defendants' Deposition Questioning, and a Motion for Reconsideration, all related to Plaintiffs' pending depositions. See generally, 1:23-cv-00480-JJM-LDA Nos. 36, 37, 38, and 42.

Defendants were finally able depose Plaintiff Mello on August 15, 2024, and Rachel Ware on August 26, 2024. After their depositions, on August 28, 2024, Defendants sent Plaintiffs a detailed Good Faith Letter to both Plaintiffs requesting more responsive answers to Plaintiffs' responses to Defendants' Request for Production of Documents, and Defendants' Interrogatories. See attached Exhibit C. Defendants also propounded Defendants' Second Request for Production of Documents addressed to Plaintiff Ware, Defendants' Second Request for Production of Documents addressed to Plaintiff Mello, Defendants' Second Interrogatories addressed to Plaintiff Ware, and Defendants' Second Interrogatories addressed to Plaintiff Mello. Plaintiffs responded to

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 23-cv-000480-JJM-LDA*

Defendants Good Faith Letter on September 12, 2024, where Plaintiffs asserted objections that were not included in their May 12, 2024, responses, along with what appears to be supplemental responses, which remain unresponsive to Defendants First Interrogatories and Request for Production of Documents. See attached Exhibit D. In that same response, it appears that Plaintiffs provided a medical record from Garden City Medical Center for Plaintiff Mello as well as Plaintiff Mello's taxes for 2022, and the business taxes for 2021. On that same date, Plaintiffs provided responses a combined response to Defendants' Second Interrogatories addressed to both Plaintiffs individually, and Defendants' Request for Production of Documents, which again were incomplete, insufficient, and unresponsive.

On September 26, 2024, Defendants sent a second detailed Good Faith Letter, suggesting that Plaintiffs waived their objections to their responses to Defendants' Interrogatories and Defendants' First Request for Production of Documents, and again, requested more responsive answers to both Defendants' Interrogatories addressed to Plaintiffs individually, Defendants' First Request for Production of Documents, and Defendants' Second Interrogatories addressed to Joshua Mello. See attached Exhibit E. On September 27, 2024, Defendants propounded their Third Request for Production of Documents addressed to Plaintiffs. See attached Exhibit F.

On October 21, 2024, the parties attended a Zoom Discovery Dispute Conference with Magistrate Almond. See October 21, 2024 Minute Entry for proceedings held before Judge Lincoln Almond. As a result of that conference, Defendants sent a follow-up email to Plaintiffs and requested that Plaintiffs provide a Privilege Log for any and all documents and/or information that they are withholding, correspondence with the Cranston School Department, and the Plaintiffs' medical and mental health records. See attached Exhibit G.

On October 28, 2024, Plaintiffs provided a Privilege Log and correspondence with Cranston

Public School as requested, but still chose not to provide any medical and mental health records

as Defendants requested, and instead provided what appears to be a supplemental response with

more objections. See attached Exhibit H.

On November 8, 2024, Defendants sent Plaintiff an additional Good Faith Letter requesting

Plaintiff Mello's response to Defendants' Third Request for Production of Documents addressed

to him. See attached Exhibit I. On November 24, 2024, Plaintiff Mello provided the business tax

records as requested in Defendants' Third Request for Production of Documents addressed to him,

but he did not include the tax records for his business for 2022. See attached Exhibit J. Defendants

emailed Plaintiffs explaining this the next day on November 25, 2024. See attached Exhibit K. To

date, Plaintiffs have not provided the medical records, mental health records, or 2022 tax records

as requested in Defendants' discovery.

## II.    STANDARD OF REVIEW

Pursuant to Rule 37 of the Federal Rules of Civil Procedure,

> A party seeking discovery may move for an order compelling an answer,
> designation, production, or inspection. This motion may be made if: (i) a deponent
> fails to answer a question asked under Rule 30 or 31; (ii) a corporation or other
> entity fails to make a designation under Rule 30(b)(6) or 31(a)(4); (iii) a party fails
> to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce
> documents or fails to respond that inspection will be permitted — or fails to permit
> inspection — as requested under Rule 34.

Under Fed. R. Civ. P Rule 26, "[u]nless otherwise limited by court order, the scope of discovery

is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to

any party's claim or defense and proportional to the needs of the case, considering the importance

of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant

information, the parties' resources, the importance of the discovery in resolving the issues, and

whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Moreover, Fed. R. Civ. P. Rule 34 provides that, "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons. The responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection. The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response"

It is the Defendants' position that the Defendants requests for production of documents requesting Plaintiffs' medical records and business tax records were incomplete, inconsistent, and unresponsive and that Plaintiffs should be compelled to provide complete responses to Defendants' Request for Production of Documents.

### III.   ARGUMENT

A. <u>Since Plaintiff Mello has brought his medical health and mental health as central issues to his lawsuit, he should be compelled to provide his medical health records and mental health records as requested in Defendants' Request for Production of Documents.</u>

**<u>Defendants' Interrogatories addressed to Plaintiff Mello, Interrogatory No. 14</u>** asked Plaintiff Mello to "[p]lease list any and all medical professionals, including but not limited to psychological professionals, you visited for the three years preceding the date of the incident described in your Complaint that occurred on or about October 21, 2021, to the present, please include the name of the professional, the location, the date visited, and the reason for the visit.

Plaintiff Mello responded with a letter addressed to Defendants' attorney that provided, "[a]fter careful review of your request, it has been determined that several other details sought are not relevant to the claims or defenses at issue in the case. Specifically, Requests No. 8, 9, 11, 13, 14, 15, 17, and 18."

**<u>Defendants' Request for Production of Documents addressed to Plaintiff Mello, Request No. 11</u>** asked Plaintiff Mello to provide, "[a]ny and all medical (physical and/or mental health) bills, reports, and/or other documents for you, including but not limited to radiologists, CT Technologists, Neurologists, Neuropsychologists, Psychologists, and Psyiatrists, from five (5) years prior to the date of the incident alleged in the Complaint to present.

Plaintiff Mello responded with a letter, "After careful review of your request, it has been determined that several of the documents sought are not relevant to the claims or defenses at issue in this case. Specifically, Request No. 8, 9, 11, 12, and 13."

After the October 21, 2024 Discovery Dispute Conference, where it was suggested to Plaintiffs to provide the requested medical records, Plaintiffs provided what appears to be a supplemental response that provided,

"**Response to Request for Production No. 11**, "[a]s a pro-se litigant, I have made every effort in good faith and to the best of my knowledge. I do not regularly seek medical care, and, to the best of my knowledge, I do not possess any bills, reports, or other documents responsive to this request, including those from radiologists, CT technologists, neurologists, neuropsychologists, psychologists, or psychiatrists, for the five-year period prior to the incident. Pursuant to FRCP Rule 26(b)(1), discovery is limited to non-privileged information that is relevant to the claims or defenses in the case and proportional to the needs of the case. As there are no such documents within my possession, custody, or control, requiring extensive searches or production of non-existent or irrelevant records would impose an undue burden, especially given the limited relevance of unrelated medical records to the matters at issue in this case. In Hickman v. Taylor, 329 U.S. 495, 507 (1947) , the court affirmed that the discovery demands should not impose unreasonable burdens, particularly to individuals representing themselves. Additionally, FRCP Rule 26(b)(2)(C)(i) provides that the court may limit discovery if the information sought is cumulative, duplicative, or can be obtained from other sources that are more convenient, less burdensome, or less expsenive. As I do not have any of the specified medical records, requiring production of such documents would be unduly burdensome and would not yield any relevant information pertaining to the claims or defenses in this case. In light of the above, I object to the request on the grounds of undue burden and lack of relevance. Should further clarification or specific documentation be deemed necessary, I am willing to operate within the constraints of FRCP standards."

"**Interrogatory No. 14 Response**: Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case under Rule 26(b)(1) of the Federal Rules of Civil Procedure. The requested information is also protected by the psychotherapist-patient privilege and is largely irrelevant to the claims or defenses in this litigation. Specifically, the family therapy sessions were intended to support my minor child's mental and emotional well-being rather than solely addressing my own needs. This therapy was undertaken to help my minor child process the events described in the Complaint, along with related experiences. As such, the sessions are highly sensitive and protected by both federal privacy standards and the psychotherapist-patient privilege established in Jaffee v. Redmond, 518 U.S. 1 (1996). Producing further information regarding these sessions would violate my minor child's privacy rights, as she is not a party to this lawsuit, and her confidential mental health records should remain protected. Disclosure would create an undue burden on both my family's right to confidentiality and my child's right to privacy. However, without waiving this objection, Plaintiffs can provide additional information: the family therapy sessions began on or about October 2023 and concluded around

February 2024. Additionally, Mr. Mello is not someone who regularly visits medical professionals and does not typically schedule annual physical exams or routine doctor visits. Medical care is generally sought only as needed. Further, Plaintiffs have already provided the medical records directly related to the October 21, 2021 incident. These include the Roger Williams Medical Center ER report, supplied in Discovery by the defendants, and records from the Garden City Treatment Center, where Mr. Mello was treated afterward. During his deposition, Mr. Mello stated that he suffered a concussion from the incident but only became fully aware of its severity after reviewing video footage in early 2023, which revealed significant memory gaps, including the moment he was slammed onto the cruiser hood by Officer Rocchio. Due to not recognizing the full extent of his injuries at the time, Mr. Mello did not pursue specific medical attention for these injuries immediately following the assault. As pro se litigants, we are making every effort to provide relevant and responsive information to the best of our understanding. We believe that we have responded accurately and in good faith, supplying information within the scope of this request as we interpret it. In compliance with FRCP Rule 26(b)(1), which limits discovery to information relevant to the claims or defenses and proportional to the needs of the case, we assert that we have produced all information reasonably available to us that directly addresses the issues in this case. Should further clarification be necessary, we welcome the opportunity to discuss the scope of the request to ensure our responses meet the requirements and expectations."

Defendants argue that Plaintiffs' response to Defendants' Request for Production of Documents, Request No. 11 remains incomplete and insufficient. Throughout the course of this lawsuit, Plaintiff Mello has highlighted in several filings that he has suffered from physical injuries, severe emotional distress, and injury to his relationship with his daughter as a result of the incident alleged in the Complaint. As to Plaintiff Mello's physical injuries, Defendants already had as part of Plaintiff's arrest record, medical records from Roger Williams Medical Center from October 21, 2021, where those records provide that Plaintiff's stated injuries as "abrasion on forehead, shoulder pain, and neck pain." Plaintiff Mello further provided in what appeared to be a supplemental response to Defendants' Request for Production of Documents, medical records from October 24, 2021 from Garden City Medical Center. In those records, Plaintiff Mello's stated injury is "contusion to left front wall of thorax."

Yet, throughout Plaintiff Mello's deposition, he stated several times that he had a severe concussion as a result of the incident alleged in the Complaint, that was so bad, that the concussion impeded his ability to remember the events of the incident completely. See attached Exhibit L,

Deposition Transcript of Plaintiff Mello, pp. 45, 88, 117. Plaintiff Mello provided that he may have had some sort of x-ray, CT scan or MRI after the incident, but he could not remember. Id. at p. 130. To date, Plaintiff Mello has not provided these records to Defendants.

Defendant further notes that Plaintiff Mello was involved in an alteration with an unidentified man at the Rhode Island State House at an abortion rally, where he was "knocked out," and "kicked in the head" in June 2022. See attached Exhibit O. Plaintiff Ware further posted photographs of Plaintiff Mello on her Facebook account in hospital wires. See attached Exhibit P. Plaintiff Mello has not provided any of the related medical records to this incident or any other medical records as requested in Request No. 11.

The requested records are relevant and discoverable because Plaintiff Mello introduced his physical health when he claimed that he suffered from physical damages as a result of the incident alleged in the lawsuit. See McCormick v. Dresdale, C.A. 2009-474-PJB-LM, 2011 U.S. LEXIS 16753 at *6-13 (D.R.I June 2, 2011). Specifically, any records regarding any concussion that Plaintiff Mello has suffered is relevant given that Plaintiff Mello also claims that he is unable to remember certain parts of this incident due to the concussion.

As to Plaintiff Mello's emotional injuries, Plaintiff claims that as a result of the incident alleged in he Complaint that he attended counseling sessions alone and with his daughter with an individual named "Eugina Silvia." See Exh. L at p. 145. Plaintiff testified that in those sessions, Plaintiff and his daughter would discuss their relationship as well as the incident itself. Id. at p. 146. These records are relevant because there is a high likelihood that that these records will show the damage to Plaintiff Mello's relationship with his daughter as well as his emotional damages because of this incident. Defendants are entitled to these documents because Plaintiff Mello brought his mental health and his relationship with his daughter at issue when he brought this

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 23-cv-000480-JJM-LDA*

lawsuit. Since the records are proximate to Plaintiff Mello's purported injuries, Defendants are

entitled to these documents. Davis v. Amica Mut. Ins. Co., C.A. 14-228M, 2015 U.S. Dist. LEXIS

15622 at *8 (D.R.I February 3, 2015). As a result, Plaintiff Mello should be compelled to provide

Defendants with a complete response to Defendants' Request for Production of Documents

addressed to Plaintiff Mello, Request No. 11.

> B. <u>Since Plaintiff Ware has brought her mental health as a central issue to her lawsuit, she should be compelled to provide her mental health records as requested in Defendants' Request for Production of Documents.</u>

**Interrogatory No. 14** asked Plaintiff Ware to "[p]lease list any and all medical professionals, including but not limited to psychological professionals, you visited for the three years preceding the date of the incident described in your Complaint that occurred on or about October 21, 2021, to the present, please include the name of the professional, the location, the date visited, and the reason for the visit."

After receiving similar responses as Plaintiff Mello to Interrogatory 14, Plaintiff Ware responded

after the October 21, 2024 discovery conference that,

"I did not consult or receive treatment from any psychological professionals during the period requested. Between October 2023 and February 2024, I drove Joshua Mello and Karissa to their family therapy sessions but did not participate in these sessions myself. As stated in my response to the production of documents, I see my primary doctor annually for general check-ups and physicals. These visits are routine and unrelated to the claims in this case. I object to providing further information on these visits, as they involve protected health information that is irrelevant to the claims at hand. Under FRCP Rule 26(b)(1), discovery is limited to information relevant to the claims or defenses and proportional to the needs of the case. Further, under HIPAA (Health Insurance Portability and Accountability Act) regulations, such health information is protected from disclosure, especially when it has no bearing on the issues in the case. Accordingly, I respectfully decline to provide additional details on the grounds that the requested information is not relevant and is protected by privacy laws."

> B. <u>Plaintiff Mello should be compelled to provide his business tax records for 2022 because he claims that his business has suffered monetary damages as a result of the arrest that is the subject of this lawsuit.</u>

**<u>Defendants' Third Request for Production of Documents requested that Plaintiff Mello</u>**,
"[p]lease provide any and all state and federal tax returns filed in relation to your business, "K's Kustoms," for 2017, 2018, 2019, 2020, 2021, 2022, and 2023."

**Plaintiff Mello responded**, "[w]e initially provided federal tax returns for K's Kustoms for the years 2021 and 2022 on May 21, 2024, and subsequently provided additional copies of those same returns at a later date. We will now provide the 2020, and 2019 tax return in response to this request. However, we no longer have records for 2017 or 2018, as the IRS only requires businesses to retain records for three years under IRS guidelines (see IRS Publication 583). Additionally, we have not yet filed our 2023 tax return, and do not currently know when it will be completed."

Defendants argue that Plaintiff Mello's response remains incomplete and insufficient. As provided in emails to Plaintiff Mello, Plaintiff Mello did not provide Defendants with the tax records for K's Kustoms for 2022, instead he provided Defendants with his own tax return. Plaintiff Mello is alleging damage to his business as a result of his arrest. As a result, Defendants are entitled to these records pursuant to Fed. R. Civ. P. Rule 26. Thus, Defendants request that their Motion to Compel More Responsive Answers as to this request.

## IV.   CONCLUSION

WHEREFORE, Defendants respectfully request that this Court grant Defendants' Motion to Compel More Responsive Answers.

Defendants
By their Attorney,

*/s/ Julia K. Scott- Benevides*
Julia K. Scott- Benevides  (#10408)
DeSisto Law LLC
60 Ship Street
Providence, RI 02903
(401) 272-4442
julia@desistolaw.com

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 23-cv-000480-JJM-LDA*

<u>CERTIFICATION</u>

I hereby certify that the within document has been electronically filed with the Court on the 6th day of January, 2025, and is available for viewing and downloading from the ECF system.

I further certify that a true and accurate copy of the within was emailed and mailed, postage prepaid, to:

Joshua Mello                          Rachel Ware
57 Rolfe Square, Unit 10113           57 Rolfe Square, Unit 10113
Cranston, RI 02910                    Cranston, RI 02910
kskustomsrideons@gmail.com            kskustomsrideons@gmail.com


*/s/ Julia K. Scott- Benevides*

11

Exhibit F – Defendants' Motion to Dismiss for alleged failure to comply with discovery order, filed immediately after Plaintiffs' brief delay in obtaining unrelated ER record.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOSHUA MELLO and RACHEL WARE,
          *Plaintiffs,*

vs.

DEREK GUSTAFSON, TIMOTHY VESEY,
STEVEN CATALANO, JOHN ROCCHIO and
EDWARD ARRUDA
          *Defendants*

C.A. No. 1:23-cv-00480-JJM-PAS;
     1:23-cv-00479-JJM-PAS

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT(S) FOR THEIR FAILURE TO COMPLY WITH MAGISTRATE SULLIVAN'S JANUARY 29, 2025 ORDER

Defendants, John Rocchio ("Defendant Rocchio") and Edward Arruda ("Defendant Arruda")(collectively hereinafter "Defendants") file this memorandum in support of their Motion to Dismiss Plaintiff, Joshua Mello's ("Plaintiff Mello") and Rachel Ware's ("Plaintiff Ware")(collectively hereinafter "Plaintiffs") Complaint(s) for their failure to provide the healthcare records and information that were ordered by this Court on January 29, 2025. See January 29, 2025 Text Order granting in part and denying in part Defendants' Motion to Compel More Responsive Answers.

## I.   Relevant Procedural History

Plaintiffs allege in their Complaint(s) that the incident that is subject to their lawsuit(s) caused them "overwhelming anxiety," "left an indelible mark on [their] psyche," which resulted in "immeasurable pain and suffering." Id. citing ECF No. 20. Plaintiff Mello also testified at his deposition that he suffered from a "concussion and black out [as a result of the incident that is alleged in their Complaint(s)]." Id. citing ECF No. 67-12. Defendants have made several attempts to obtain information and records related to Plaintiff Mello's medical and psychological

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 23-cv-000480-JJM-LDA*

record(s), and information regarding Plaintiff Ware's psychological records. See ECF No. 67. On

January 6, 2025, Defendant filed a Motion to Compel More Responsive Answers to obtain the

requested information and records. Id. This Court heard Defendants' arguments in support of

their motion as well as Plaintiffs' argument in opposition to Defendants' Motion on January 24,

2025. Magistrate Patricia Sullivan ("Magistrate Sullivan") issued a Text Order on January 29,

2025, granting Defendants' Motion to Compel More Responsive Answers as related to

information and records related to Plaintiffs' medical records. Specifically, Magistrate Sullivan's

January 29, 2025 Order stated:

> To the extent that Defendants seek further responses to specified interrogatories
> and documents requests seeking health care information from both Plaintiffs
> [Mello interrogatory 14 and document request 11; Ware interrogatory 14], the
> Court finds that each Plaintiff has alleged that the incident in issue caused
> "overwhelming anxiety", "left an indelible mark on our psyche" and resulted in
> "harm, injuries and damages," as well as "immeasurable pain and suffering," ECF
> No. 20 at 19-20, including as to Plaintiff Mello his testimony that he suffered "a
> concussion and a blackout," ECF No. 67-12 at 5. Accordingly, the Court finds
> that Plaintiffs have directly placed in issue their receipt of health care (mental and
> physical) during the three-year period prior to and following the incident, that the
> discovery sought -- information as to both Plaintiffs and records if any that are in
> his possession, custody and control as to Plaintiff Mello -- are relevant and that
> Plaintiffs' federal and state law rights to protection from disclosure of such health
> care information have been waived. Accordingly, Plaintiffs are ordered to supply
> supplemental responses within **twenty-one days of the issuance of this
> text order**. If Plaintiffs fail to comply with this Order, **Defendants may seek
> remedies pursuant to Fed. R. Civ. P. 37**. This Order is subject to the right of
> Plaintiff Ware to revoke the waiver of her right to confidentiality of health care
> records by withdrawing her claim of emotional or other injury beyond "garden
> variety" emotional distress by filing a signed and enforceable stipulation
> <u>acceptable to Defendants</u> waiving forever her right to seek or to recover
> any compensatory damages beyond "garden variety" emotional distress, provided
> that such stipulation must be filed with fourteen days of this Order.

See January 29, 2025 Text Order granting in part and denying in part Defendants' Motion to

Compel More Responsive Answers (emphasis added). To be in compliance with Magistrate

Sullivan's Order, Plaintiffs would have had to provide their supplemental response with the

2

ordered medical records on or before February 19, 2025. To date, Plaintiffs have not provided

any medical records that were ordered by this Court.

## II. <u>Standard of Review</u>

Fed. R. Civ. P. 37(b)(2) states in relevant part: "If a party ... fails to obey an order to provide

... discovery ... the court where the action is pending may issue further just orders." Fed. R. Civ.

P. 37(b)(2). Among the sanctions authorized is an "order striking pleadings in whole or in part ...

or dismissing the action ...." Fed. R. Civ. P. 37(b)(2)(A)(iii, v); see also <u>Angulo-Alvarez v.</u>

<u>Aponte de la Torre</u>, 170 F.3d 246, 251 (1st Cir. 1999)("Rule 37(b)(2)(C) specifically provides

for dismissal if a party fails to comply with an order to provide discovery ...."); <u>United States v.</u>

<u>Palmer</u>, 956 F.2d 3, 6-7 (1st Cir. 1992)("[I]n  the ordinary case, where sanctions for

noncompliance with discovery orders are imposed on a plaintiff, the standard judgment is

dismissal of the complaint, with or without prejudice, while a judgment of default typically is

used for a noncomplying defendant."); <u>Luis C. Forteza e Hijos, Inc. v. Mills</u>, 534 F.2d 415, 419

(1st Cir. 1976)("[I]n an appropriate case a district court has power ... to nonsuit a plaintiff[] for

failure to comply with the court's orders or rules of procedure.").

However, "[d]ismissal with prejudice 'is a harsh sanction' which runs counter to our 'strong

policy favoring the disposition of cases on the merits.'" <u>Wells Fargo Bank, N.A. v. Wasserman</u>,

C.A. 10-61 S, 2011 U.S. Dist. LEXIS 99508 at *8-9 (D.R.I. July 15, 2011) (citing <u>Marx v. Kelly,</u>

<u>Hart & Hallman, P.C.</u>, 929 F.2d 8, 10 (1st Cir. 1991)(quoting <u>Figueroa Ruiz v. Alegria</u>, 896 F.2d

645, 647 (1st Cir. 1990))(alteration in original); cf. <u>Coyante v. Puerto Rico Ports Auth.</u>, 105 F.3d

17, 23 (1st Cir. 1997)("discovery abuse, while sanctionable, does not require as a matter of law

imposition of [the] most severe sanctions available")(citing <u>Anderson v. Beatrice Foods Co.</u>, 900

F.2d 388, 396 (1st Cir. 1990)); <u>Affanato v. Merrill Bros.</u>, 547 F.2d 138, 141 (1st Cir.

3

1977)("isolated oversights should not be penalized by a default judgment")). Nevertheless, "[t]he law is well established in this circuit that where a noncompliant litigant has manifested a disregard for orders of the court and been suitably forewarned of the consequences of continued intransigence, a trial judge need not first exhaust milder sanctions before resorting to dismissal." Wells Fargo Bank, N.A., 2011 U.S. Dist. LEXIS 99508 at *8-9 (citing Angulo-Alvarez v. Aponte de la Torre, 170 F.3d at 252; Serra-Lugo v. Consortium-Las Marias, 271 F.3d 5, 6 (1st Cir. 2001)(holding that district court acted "well within its discretion in dismissing the case after repeated violations of its orders and after having warned plaintiff of the consequences of non-compliance"); Marx v. Kelly, Hart & Hallman, P.C., 929 F.2d 8, 10-11 (1st Cir. 1991)(finding "plaintiff's conduct evidenced a deliberate pattern of delay and disregard for court procedures that was sufficiently egregious to incur the sanction of dismissal")).

"[A] party's disregard of a court order is a paradigmatic example of extreme misconduct." Wells Fargo Bank, N.A., 2011 U.S. Dist. LEXIS 99508 at *8-9 (citing Torres-Vargas v. Pereira, 431 F.3d 389, 393 (1st Cir. 2005). accord Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003)("[D]isobedience of court orders is inimical to the orderly administration of justice and, in and of itself, can constitute extreme misconduct.")(citing Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 46 (1st Cir. 2002); Cosme Nieves v. Deshler, 826 F.2d 1, 2 (1st Cir. 1987)). Thus, "a party flouts a court order at his peril." Wells Fargo Bank, N.A., 2011 U.S. Dist. LEXIS 99508 at *10 (citing Torres-Vargas v. Pereira, 431 F.3d at 393; accord Young v. Gordon, 330 F.3d at 82 ("it is axiomatic that 'a litigant who ignores a case-management deadline does so at his peril.'")(quoting Rosario-Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir. 1998)).

In this judicial circuit, it is axiomatic that a litigant's pro se status does not absolve him or her of the responsibility to comply with the mandates of the Federal Rules of Civil Procedure.

Ramirez v. Ponte, C.A. 96-024ML, 1998 LEXIS U.S. Dist. LEXIS 21659 at *5-6 (D.R.I. December 16, 1998) (citing Federal Deposit Ins. Corp. v. Anchor Properties, 13 F.3d 27, 31 (1st Cir. 1994)("We have consistently held that a litigant's 'pro se status [does not] absolve him from compliance with the Federal Rules of Civil Procedure.'" (quoting United States v. Heller, 957 F.2d 26, 31 (1st Cir. 1992)). Furthermore, the Rules grant the trial judge "formidable case-management authority;" a concomitant power "to determine what sanction responds most aptly to a particular infraction" accompanies that authority. Ramirez, 1998 LEXIS U.S. Dist. LEXIS 21659 at *6.

**III. Argument**

A. Dismissal is the appropriate sanction for Plaintiffs' failure to provide their medical records and information.

Defendants request for dismissal of Plaintiffs' Complaint(s) as the proper sanction for Plaintiffs' failure to comply with this Court's January 29, 2025 Order. This Court's January 29, 2025 Order provided that, "[i]f Plaintiffs fail to comply with this Order, Defendants may seek remedies pursuant to Fed. R. Civ. P. 37." See January 29, 2025 Text Order granting in part and denying in part Defendants' Motion to Compel More Responsive Answers. However, it is clear that from Plaintiffs' failure to provide the ordered records and information that they are not willing to abide by this Court's Order. There is no doubt that pro se litigants are afforded leniency in their efforts to prosecute a lawsuit. But that leniency is not an invitation for the Plaintiffs to disregard the Rules of Civil Procedure, as the Plaintiffs have done when they failed to provide the information and records ordered by this Court. See Pomales v. Celulares Telefonica, Inc., 342 F.3d 44, 49-50 n. 4 (1st Cir. 2003). As such, Defendants request that Plaintiffs' Complaint(s) be dismissed for their failure to provide the information and records ordered by this Court on January 29, 2025.

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 23-cv-000480-JJM-LDA*

B. <u>Defendants are entitled to costs and attorney's fees for Plaintiffs' failure to provide their medical records and information.</u>

In addition to dismissal of this case, Defendants are entitled to costs and attorney's fees for

Plaintiffs' failure to abide this Court's January 29, 2025 Order. Pursuant to Rule 37,

> Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)–(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. Rule 37(d)(3). Since Plaintiffs did not comply with this Court's January

29, 2025 Order, Defendants are entitled to reasonable expenses, including attorney's fees,

caused by the Plaintiffs' failure to provide the records and/or information.

## IV. <u>Conclusion</u>

WHEREFORE, Defendants respectfully request this Court to grant their Motion to

Dismiss for Plaintiffs' Failure to Comply with this Court's January 29, 2025 Order and

grant Defendants with reasonable expenses, including attorney's fees for Plaintiffs'

failure.

Defendants
By their Attorney,

*/s/ Julia K. Scott-Benevides*
Julia K. Scott-Benevides  (#10408)
DeSisto Law LLC
4 Richmond Square, Suite 500
Providence, RI 02906
(401) 272-4442
julia@desistolaw.com

<u>CERTIFICATION</u>

6

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 23-cv-000480-JJM-LDA*

     I hereby certify, that on this 20th day of February 2025, I electronically served this document through the electronic filing system and is available for viewing and downloading from the ECF system.

     I further certify that a true and accurate copy of the within was emailed and mailed, postage prepaid, to:

Joshua Mello                        Rachel Ware
57 Rolfe Square, Unit 10113     57 Rolfe Square, Unit 10113
Cranston, RI 02910            Cranston, RI 02910
kskustomrideons@gmail.com    kskustomrideons@gmail.com

*/s/ Julia K. Scott-Benevides*

7

Exhibit G – Cranston Police Department destruction form regarding Plaintiff Mello's knife (produced in discovery), missing the CPD crest, containing hybrid handwritten/typed entries, inconsistent with standard procedure, and showing signs of digital manipulation.

| Case # 21-58022-AR | | | Cranston Police Department Property Form | | | Crime Class# |

| Owner: CPD | | | | Officer: Rocchio | Badge# 435 |
| Address: | | | | Date/Time: 10/21/21 0831 hrs. | |
| City: | State: | Zip Code: | | Arrestee: Mello, Joshua | |
| Phone: | D.O.B. | | | D.O.B. 3/18/75 | |

### Check Appropriate Category (s)

| ✔ Evidence | ☐ Narcotics/drugs | ✔ Property for safekeeping | ☐ Found Property | ☐ Property For Destruction |

| Item # | Quantity | Pr# | Description (color,size,make,weight,etc.) | Serial# | BCI Storage Only |
|--------|----------|-----|-------------------------------------------|---------|------------------|
| 1 | 1 | 21-2835-PR | black folding Gerber knife | | B105 |
| 2 | 1 | 21-2836-PR | black folding CRKT knife | | 1 |
| 3 | 1 | 21-2837-PR | black folding Husky razor knife | | D705 |

| Placed in secure pass through locker by | | Placed in the alarmed evidence room by | |
| By: | Date: 10/21/21 Time: 1700 | By: | Date: 10/22/21 Time: 1700 |

### Final Disposition

| Disposition: | Description and Item number (s): |
|--------------|----------------------------------|
| ☐ Released to owner: | |
| X Destroyed: | 1-3 C ~ 4b 8/7/27 |
| ☐ Diverted: | |
| ☐ Other: | |

| Authorizing officer: | Code: | Date: |

**This form is to be placed into the pass through evidence lockers with the property.**

Defendants- 3rd Supplemental- 000280

## TRACKING

Item(s) No._____ as indicated on front was checked out to and received by_____
Authorized by:_____ Code:_____ Date:_____ Hour:_____
For purpose of_____. Date:_____ Hour:_____ Item(s) No:_____
Was returned to _____ ( property custodian )

Item(s) No._____ as indicated on front was checked out to and received by_____
Authorized by:_____ Code:_____ Date:_____ Hour:_____
For purpose of_____. Date:_____ Hour:_____ Item(s) No:_____
Was returned to _____ ( property custodian )

Item(s) No._____ as indicated on front was checked out to and received by_____
Authorized by:_____ Code:_____ Date:_____ Hour:_____
For purpose of_____. Date:_____ Hour:_____ Item(s) No:_____
Was returned to _____ ( property custodian )

Item(s) No._____ as indicated on front was checked out to and received by_____
Authorized by:_____ Code:_____ Date:_____ Hour:_____
For purpose of_____. Date:_____ Hour:_____ Item(s) No:_____
Was returned to _____ ( property custodian )

Item(s) No._____ as indicated on front was checked out to and received by_____
Authorized by:_____ Code:_____ Date:_____ Hour:_____
For purpose of_____. Date:_____ Hour:_____ Item(s) No:_____
Was returned to _____ ( property custodian )

Item(s) No._____ as indicated on front was checked out to and received by_____
Authorized by:_____ Code:_____ Date:_____ Hour:_____
For purpose of_____. Date:_____ Hour:_____ Item(s) No:_____
Was returned to _____ ( property custodian )

Item(s) No._____ as indicated on front was checked out to and received by_____
Authorized by:_____ Code:_____ Date:_____ Hour:_____
For purpose of_____. Date:_____ Hour:_____ Item(s) No:_____
Was returned to _____ ( property custodian )

Item(s) No._____ as indicated on front was checked out to and received by_____
Authorized by:_____ Code:_____ Date:_____ Hour:_____
For purpose of_____. Date:_____ Hour:_____ Item(s) No:_____
Was returned to _____ ( property custodian )

## REMARKS

## Inventory Tracking Report for Cranston Police Department

### 11/18/2024

| Owner Information |
|---|

| | |
|---|---|
| Owner: | MELLO, JOSHUA |
| Address: | 37 LAFAYETTE ST |
| | JOHNSTON, RI 02919 |
| Phone: | Home Phone: 401-426-0778 |
| Personal: | DOB: 03/18/1975  Age: 46  Sex: M |

| Property Details for 21-2835-PR (Original Case Number: 21-58022-AR) |
|---|

| | |
|---|---|
| Property Type: | Other          Status: Out    Storage ID: B105-Bin #105 Knife Bin |
| Found Location: | |
| Found By: | |
| Follow-Up: | |
| Details: | 80 BLACK GERBER KNIFE |
| | Amount: 1 |

| Tracking Entries |
|---|

| X | First Entry: | OFFICER JOHN P ROCCHIO Date: 10/21/2021 Time: 1310 |
|---|---|---|
| | | Storage: Temporary Pass Through Locker #13  (Temporary) |

| 1 | Release: | Detective ERIC LECLERC Date: 10/22/2021 Time: 1459 |
|---|---|---|
| | Reason: | Moved |
| | Return: | No Return Required |
| | | Storage: Bin #105 Knife Bin |

| 2 | Release: | Detective JAMESON K WHEATLEY Date: 06/05/2023 Time: 1323 |
|---|---|---|
| | Reason: | DESTROYED |
| | Return: | Final Disposition |

## 3rd Division District Court

# Case Summary

### Case No. 31-2021-08448

**State of Rhode Island v. JOSHUA MELLO**    §

§

Location: **3rd Division District Court**

Filed on: **10/22/2021**

---

## Case Information

Case Type:    Misdemeanor

Case Status:    **11/30/2022    Closed**

**Offense**
Jurisdiction: **Cranston Police Department**
1.    Disorderly Conduct

| Statute | Degree | Offense Date | Filed Date |
|---|---|---|---|
| 11-45-1(a) | M | 10/21/2021 | 10/22/2021 |

   Arrest

2.    Resisting Legal or Illegal Arrest

| Statute | Degree | Offense Date | Filed Date |
|---|---|---|---|
| 12-7-10 | M | 10/21/2021 | 10/22/2021 |

3.    Weapons Other Than Firearms Prohibited

| Statute | Degree | Offense Date | Filed Date |
|---|---|---|---|
| 11-47-42(a) | M | 10/21/2021 | 10/22/2021 |

## Related Cases
3CA-2023-07481 (Consolidated Case)
P3-2022-4224A (Related Case Number)

## Statistical Closures
11/30/2022    Bench Trial Disposition

---

## Party Information

| | | | |
|---|---|---|---|
| **Plaintiff** | **State of Rhode Island** | | |
| **Defendant** | **MELLO, JOSHUA** | | **Pro Se** |
| | DOB:  03/18/1975 | | **Lisi, Justin James** |
| | SID:  10111985 | | *Retained* |
| | | | **DELANEY, WILLIAM J.** |
| | | | *Court Appointed* |
| | | | **HURVICH, CARL H.** |
| | | | *Retained* |
| | | | **Hornstein, James Thomas Jr.** |
| | | | *Retained* |
| | | | **MANFRED, LEO F.** |
| | | | *Court Appointed* |
| **Agency** | **CRANSTON POLICE DEPARTMENT** | | |
| | SID:  @11813615 | | |
| **Bond Payor** | **Ware, Rachel** | | |

---

## Dispositions

11/30/2022    **Disposition** (Judicial Officer: McCaffrey, Mary E.)
> 1. Disorderly Conduct
>    Guilty Finding
> 2. Resisting Legal or Illegal Arrest
>    Not Guilty Finding
> 3. Weapons Other Than Firearms Prohibited
>    Guilty Finding

11/30/2022    **Sentence** (Judicial Officer: McCaffrey, Mary E.)
> 1. Disorderly Conduct
>    Judgment
>    Criminal Sentence
>    Effective Date: 11/30/2022
>    Suspended: 6 Months
>    Probation: 6 Months
>    Condition – Adult:
>    1. Court Costs, 11/30/2022, Active 11/30/2022

11/30/2022  **Sentence** (Judicial Officer: McCaffrey, Mary E.)
3. Weapons Other Than Firearms Prohibited
Judgment
Criminal Sentence
Effective Date: 11/30/2022
Suspended: 1 Year
Probation: 1 Year
Condition - Adult:
1. Court Costs, 11/30/2022, Active 11/30/2022

# Case Events

| | |
|---|---|
| 10/22/2021 | Criminal Case Information Update, JLINK to Police Department |
| 10/22/2021 | Criminal Complaint Filed |
| 10/22/2021 | Notice of Court Date |
| 11/16/2021 | Criminal Case Information Update, JLINK to Police Department |
| 11/16/2021 | Not Guilty Plea Entered |
| 11/16/2021 | Waiver of Jury Trial |
| 11/16/2021 | Referred to the Public Defender |
| 11/16/2021 | Notice of Court Date |
| 12/14/2021 | Criminal Case Information Update, JLINK to Police Department |
| 01/24/2022 | Criminal Case Information Update, JLINK to Police Department |
| 01/24/2022 | Notice of Court Date |
| 02/07/2022 | Criminal Case Information Update, JLINK to Police Department |
| 02/22/2022 | Criminal Case Information Update, JLINK to Police Department |
| 02/22/2022 | 46G Violation Filed |
| 02/22/2022 | Mittimus Issued |
| 02/22/2022 | Bond Posted |
| 02/22/2022 | Bail and Recognizance Conditions |
| 03/01/2022 | Criminal Case Information Update, JLINK to Police Department |
| 03/01/2022 | Entry of Appearance |
| 03/02/2022 | Criminal Case Information Update, JLINK to Police Department |
| 03/08/2022 | Notice of Court Date |

| | |
|---|---|
| 03/08/2022 | Public Defender Conflict Letter Filed |
| 03/09/2022 | Criminal Case Information Update, JLINK to Police Department |
| 03/10/2022 | Court Appointed Attorney Accepted |
| 03/15/2022 | Criminal Case Information Update, JLINK to Police Department |
| 03/21/2022 | Criminal Case Information Update, JLINK to Police Department |
| 03/21/2022 | Entry of Appearance |
| 03/21/2022 | Notice of Court Date |
| 04/04/2022 | Criminal Case Information Update, JLINK to Police Department |
| 04/04/2022 | Notice of Court Date |
| 04/11/2022 | Criminal Case Information Update, JLINK to Police Department |
| 04/11/2022 | Notice of Court Date |
| 04/14/2022 | Entry of Appearance |
| 04/22/2022 | Criminal Case Information Update, JLINK to Police Department |
| 05/02/2022 | Criminal Case Information Update, JLINK to Police Department |
| 05/02/2022 | Entry of Appearance |
| 05/16/2022 | Notice of Court Date |
| 05/18/2022 | Criminal Case Information Update, JLINK to Police Department |
| 05/23/2022 | Criminal Case Information Update, JLINK to Police Department |
| 06/13/2022 | Criminal Case Information Update, JLINK to Police Department |
| 06/29/2022 | Motion |
| 06/30/2022 | Notice of Court Date |
| 07/01/2022 | Criminal Case Information Update, JLINK to Police Department |
| 07/11/2022 | Criminal Case Information Update, JLINK to Police Department |
| 07/11/2022 | Entry of Appearance |
| 07/27/2022 | Criminal Case Information Update, JLINK to Police Department |
| 09/21/2022 | Criminal Case Information Update, JLINK to Police Department |
| 09/21/2022 | Notice of Court Date |
| 11/02/2022 | Criminal Case Information Update, JLINK to Police Department |
| 11/02/2022 | Notice of Court Date |

*1-50 of 79*