*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 23-cv-000479-JJM-PAS*
*C.A. No. 23-cv-000480-JJM-PAS*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOSHUA MELLO<br><br>*Plaintiff,*<br><br>vs.<br><br>JOHN ROCCHIO and EDWARD ARRUDA<br>*Defendants*<br><br>JOSHUA MELLO and RACHEL WARE<br><br>*Plaintiff*<br>vs.<br><br>JOHN ROCCHIO and EDWARD ARRUDA<br><br>*Defendants* | C.A. No. 1:23-cv-000479-JJM-PAS<br><br><br><br><br>C.A. No. 1:23-cv-000480-JJM-PAS |

**DEFENDANTS' OBJECTION TO PLAINTIFFS' MOTION FOR SANCTIONS**

Now come Defendants, John Rocchio ("Defendant Rocchio") and Edward Arruda ("Defendant Arruda")(collectively hereinafter "Defendants") and hereby object to Plaintiffs, Joshua Mello's ("Plaintiff Mello") and Rachel Ware's ("Plaintiff Ware") Motion for Sanctions. Plaintiffs have filed yet another entirely frivolous motion.

"[W]hen an attorney or an unrepresented party submits a pleading, motion, or other paper to a federal court, [his]signature constitutes a certification that [he] has read it and formed a belief after reasonable inquiry that it is . . .well grounded in fact . . . ." Mills v. Brown, 372 F. Supp. 2d 683, 693 (D.R.I. 2005) (emphasis added). Rule 11 of the Federal Rule of Civil Procedure "states that when a pleading, motion, or other paper violates this rule, the court may impose sanctions." Id. Rule 11 applies to pro se litigants. Id. By submitting a filing or motion to a federal court a pro se litigant is certifying, among other things, that to the best of the person's

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 23-cv-000479-JJM-PAS*
*C.A. No. 23-cv-000480-JJM-PAS*

knowledge "formed after an inquiry reasonable under the circumstances . . . the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. . . ." Fed. R. Civ. P. 11(b) & (b)(3). The allegations Plaintiffs have made in the instant motion, in addition to several other filings in this Court, are inappropriate and harassing towards Defendants and their Counsel, and have no basis in fact or law.

Plaintiffs cite two reasons they are seeking sanctions. First, they claim Defense Counsel made false representations to the Court in the August 8, 2025 objection to Plaintiffs' Motion to Stay Summary Judgment Proceedings. Second, they claim Defense Counsel produced "doctored evidence" in discovery. Neither of Plaintiffs' cited reasons support sanctions against Defendants.

As it relates to Plaintiffs first claim, in Defendants' August 8, 2025 Objection to Plaintiffs' Motion to Stay, Defendants note that Attorney Scott-Benevides, contrary to Plaintiffs' allegations, has never represented the Cranston City Solicitor or Prosecutor in connection with Plaintiff Mello's PCR proceedings. Plaintiffs, in their reply to Defendants' Objection to Plaintiffs' Motion to Stay specifically state "Defendants' representation that she was not involved in that matter is not a misinterpretation – it is a **lie**, contradicted by the court records, docket entries, and contemporaneous emails." See ECF No. 103 (emphasis in original). Without a doubt, Plaintiffs have alleged that Defense Counsel, at minimum, was somehow involved with the PCR proceedings. Outside of her physical presence in a public courtroom during December 18, 2023 PCR hearing, Defense Counsel is **not** involved in the PCR proceedings. A review of the docket and relevant filings shows that no attorney from DeSisto Law has ever entered their appearance in the PCR matter. See KD-2024-0974, Joshua Mello v. State of Rhode Island.

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 23-cv-000479-JJM-PAS*
*C.A. No. 23-cv-000480-JJM-PAS*

Indeed, in Plaintiff Mello's own filings in that case, he references providing copies of filings to the Attorney General's Office.

Even still, this issue of whether or not Defense Counsel has any involvement in Plaintiff Mello's PCR proceedings is entirely immaterial to the case at hand, as it has absolutely no bearing on the outcome of this case. Even if Defense Counsel had some involvement in the PCR proceedings, which she does not, there are no ethical considerations or implications if she were involved. *See* ECF No. 103 ("Plaintiffs questioning how [Defense Counsel's] presence at the PCR proceeding could be considered ethically permissible"). As such, any request for sanctions should be outright rejected.

As it relates to Plaintiffs second claim, Defendants have not produced "doctored evidence." Plaintiffs make claims that the "document is irregular and non-authentic," but have absolutely no evidentiary support for such a claim. Plaintiffs have not provided any exhibits, affidavits, or sworn testimony suggesting that this document is "doctored."

The document alluded to in Plaintiffs' motion was produced in discovery directly from Cranston Police Department files. It is an authentic document. Importantly, this issue has previously been ruled upon. *See generally* Defendants' Objection to Plaintiffs' Motion to Disqualify (detailing relevant background and procedural history). This Court has previously determined that there is "no basis for altering its original Text Orders in these cases based on the utter dearth of any evidence document tampering and on the irrelevancy of the document in issue to the claims and defenses in these cases." See ECF No. 93. Plaintiffs have not provided this Court with any new information that warrants a reconsideration from its prior decisions.

For the above-mentioned reasons, Defendants request that this Court not only deny Plaintiffs' motion with prejudice, but bar Plaintiff from filing any further motions relitigating

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 23-cv-000479-JJM-PAS*
*C.A. No. 23-cv-000480-JJM-PAS*

these exact issues that have been previously ruled upon when they have either no evidentiary support or no new evidentiary support for such motions. Ultimately, Defendants seek to ensure they are not expending more resources relitigating decisions previously made by this Court.[1]

        Defendants
        By their Attorney,

        */s/ Julia K. Scott- Benevides*
        */s/ Kathleen A. Hilton*
        Julia K. Scott-Benevides, Esq. (#10408)
        Kathleen A. Hilton, Esq. (#9473)
        DeSisto Law LLC
        60 Ship Street
        Providence, RI 02903
        (401) 272-4442
        julia@desistolaw.com
        katie@desistolaw.com

## CERTIFICATION

I hereby certify that the within document has been electronically filed with the Court on the 12th day of September, 2025, and is available for viewing and downloading from the ECF system.

I further certify that a true and accurate copy of the within was emailed and mailed, postage prepaid, to:

Joshua Mello
Rachel Ware
57 Rolfe Square, Unit 10113
Cranston, RI 02910
kskustomsrideons@gmail.com

        */s/ Julia K. Scott- Benevides*

---

[1] While Defendants are not specifically seeking reasonable attorney's fees in this objection, if another frivolous motion is filed, Defendants will be forced to seek fees from Plaintiffs to deter the continued filing of such motions.