

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOSHUA MELLO<br><br>*Plaintiff,*<br><br>vs.<br><br>JOHN ROCCHIO and EDWARD ARRUDA<br>*Defendants*<br><br>JOSHUA MELLO and RACHEL WARE<br><br>*Plaintiff*<br><br>vs.<br><br>JOHN ROCCHIO and EDWARD ARRUDA<br><br>*Defendants* | C.A. No. 1:23-cv-000479-JJM-PAS<br><br><br><br><br><br>C.A. No. 1:23-cv-000480-JJM-PAS |

### DEFENDANTS' OBJECTION TO PLAINTIFFS' MOTION TO ALTER OR AMEND THE OCTOBER 8 ORDER

Now come Defendants, John Rocchio ("Defendant Rocchio") and Edward Arruda ("Defendant Arruda")(collectively hereinafter "Defendants") and hereby object to Plaintiffs' Motion to Alter or Amend the October 8 Order (ECF 143).

Once again, Plaintiffs have filed an entirely frivolous and baseless motion. Plaintiffs have filed the instant motion pursuant to Rule 59(e) Motion to Alter or Amend a **Judgment**. Notably, judgment did not enter related to the October 8, 2025 order. Instead, Plaintiffs' motion for summary judgment was denied following a well-reasoned and legally correct analysis of the

record.  Plaintiffs' motion has no basis for relief under Rule 59(e) and wholly misstates the rulings by this Court.  As such, the motion should be denied.[1]

## I. De Novo Review

Plaintiffs have provided this Court with any basis for their assertion that a de novo review of their motion was <u>not</u> conducted.  Plaintiffs complain that the order "does not address the specifically objected portions as Rule 72(b)(3)/§636(b)(1)(C) require."  Neither Rule 72(b)(3)[2] or 28 U.S.C. § 636(b)(1)(C)[3] impose any such requirement.

The First Circuit has consistently held that district courts have "no absolute obligation either to make specific findings of fact or to elaborate upon [their] view of the controlling legal principles" when ruling on summary judgment motions. *Barry v. Moran*, 661 F.3d 696 (2011).  While the court acknowledged that "a district court ordinarily ought to explain the reasoning behind a grant of summary judgment, it is not obliged to do so." *Id*.

Here, the District Judge clearly accepted the Magistrate Judge's recommendations as a whole, without any need for modification of the reasoning.  Ultimately, there is a factual dispute that cannot be resolved by the Court, and the case must proceed to trial.

## II. Movant vs. Non-Movant

Plaintiff makes the bizarre claim that the "Order analyzed the record as if Defendants were the movants."  Simply put, the Court did no such thing.  The Court properly analyzed the record

---

[1] Defendants have placed Plaintiffs on notice that they intend to move for sanctions in relation to this motion (ECF No 145) and Plaintiffs' Notice of Objection and Preservation of Error (ECF No. 144).  In that motion for sanctions, Defendants intend on seeking *inter alia* reasonable attorney's fees for responding to this motion.
[2] States in relevant part "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."
[3] States in relevant part "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."

viewing the evidence in the light most favorable to the non-moving party, that is the Defendants, and found that there was a genuine issue of material fact. As a result, the Court properly denied Plaintiffs' motion for summary judgment.

### III.  Factual Findings and Credibility

Plaintiffs claim that the Court made false findings and credibility determinations, which is patently false. Plaintiffs are simply displeased that the Court did not adopt their own interpretation of the events that led to Plaintiff's arrest. Had the Court done as Plaintiffs wished, *that* would have been impermissible resolution of factual disputes and possible credibility determinations. Additionally, Plaintiffs claim these 'factual findings' violate Rule 52(a)(3). However a plain reading of Rule 52(a)(3) includes no such bar.[4]

### IV.  Treatment of Evidence

In a similar vein to the "factual findings and credibility" section of Plaintiff's Motion, Plaintiff complaints had the court credited unsworn hearsay and discounted the Plaintiffs' authenticated video in an effort to have this matter reassigned to another Magistrate and/or Judge for review. Plaintiffs' tactics must fail. The Court heavily relied on the video footage submitted by Plaintiffs. This same video footage was also submitted by Defendants in support of their objection to Plaintiffs' Motion for Summary Judgment. Additionally, the Court specifically indicated "[b]ecause the Court does not need to consider the [unsworn] expert report to find that the factual disputes preclude the entry of summary judgment, there is no need for the Court to resolve this legal question." See ECF No 106. Most importantly, this entire threadbare argument is wholly without merit.

### V.  Fair Trial and Future Remedies

---

[4] Rule 52(a)(3) The court is not required to state findings or conclusions when ruling on a motion under Rule 12 or 56 or, unless these rules provide otherwise, on any other motion.

Plaintiffs' claims that their filings are being disfavored, which somehow threatens their right to a fair trial is entirely fabricated. Plaintiffs are simply displeased with the denial of their summary judgment motion and the prospect of proceeding with a trial, evidenced by their repeated efforts to ask the Court to order Defendants to participate in mediating and settling this matter.[5]

## VI. Conclusion.

Defendants request Plaintiffs' Motion be denied. Plaintiffs have repeated arguments previously made and ruled on by this Court. Plaintiffs present *nothing* new that would even suggest that vacating the October 8, 2025 order is proper. Moreover, Rule 59(e) does not provide for the relief sought by Plaintiffs. As such, their motion should be denied.[6]

Defendants
By their Attorney,

*/s/ Kathleen A. Hilton*
Kathleen A. Hilton, Esq. (#9473)
*/s/ Julia K. Scott- Benevides*
Julia K. Scott- Benevides (#10408)
DeSisto Law LLC
4 Richmond Square, Suite 500
Providence, RI 02906
(401) 272-4442
katie@desistolaw.com
julia@desistolaw.com

---

[5] Defendants have no interest in pursuing either mediation or settlement in this matter. In their motion for sanctions, Defendants specifically request an immediate trial date to be assigned to this matter.
[6] Defendants motion for sanctions will be filed on

## CERTIFICATION

      I certify that the within document has been electronically filed with the Court on the 11th day of November, 2025, and is available for viewing and downloading from the ECF system. I further certify that a true and accurate copy of the within was emailed and mailed, postage prepaid, to:

Joshua Mello
Rachel Ware
57 Rolfe Square, Unit 10113
Cranston, RI 02910
kskustomsrideons@gmail.com


                                                      */s/ Kathleen A. Hilton*