UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOSHUA MELLO<br><br>*Plaintiff,*<br><br>vs.<br><br>JOHN ROCCHIO and EDWARD ARRUDA<br>*Defendants*<br><br>JOSHUA MELLO and RACHEL WARE<br><br>*Plaintiff*<br><br>vs.<br><br>JOHN ROCCHIO and EDWARD ARRUDA<br><br>*Defendants* | C.A. No. 1:23-cv-000479-JJM-PAS<br><br><br><br><br>C.A. No. 1:23-cv-000480-JJM-PAS |

### DEFENDANTS' MOTION FOR SANCTIONS AGAINST PLAINTIFFS, RACHEL WARE AND JOSHUA MELLO

Now comes Defendants, John Rocchio ("Defendant Rocchio") and Edward Arruda ("Defendant Arruda")(collectively hereinafter "Defendants") and move pursuant to Rule 11 of the Federal Rules of Civil Procedure for sanctions against Plaintiffs, Joshua Mello ("Plaintiff Mello") and Rachel Ware ("Plaintiff Ware")(collectively hereinafter "Plaintiffs") for their continued frivolous filings that assert unsubstantiated and irrelevant claims. Importantly, these filings require Defendants to repeatedly respond to allegations that are entirely without merit, are not grounded in reality, and have no legal basis for being asserted. After *months* of simply responding, Defendants now have no other option but to move for sanctions in the hopes that Plaintiffs refrain from their continued harassment of not only the Defendants, but Defense Counsel.[1]

---

[1] The Court recently issued a Report and Recommendation that Plaintiffs' motion to amend their complaint be denied and Defendants anticipate that an objection to the Report and Recommendation will be filed. While

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 23-cv-000479-JJM-PAS*
*C.A. No. 23-cv-000480-JJM-PAS*

## I.  INTRODUCTION AND BACKGROUND

Throughout this case Plaintiffs have made vexatious and scurrilous allegations against Defendants and their attorneys that remain unfounded. The most recent set of filings that contain these allegations are Plaintiffs' Motion to Disqualify Attorney Scott- Benevides (C.A. No. 23-cv-00480, ECF No. 133), Plaintiffs' Motion for Sanctions (C.A. No. 23-cv-00480, ECF No. 134), and Plaintiffs' Reply to Defendants' Objection to Plaintiffs' Motion to Disqualify Attorney Scott-Benevides (C.A. No. 23-cv-00480, ECF No. 139), and Plaintiffs' Notice of Objection and Preservation of Error (C.A. No. 23-cv-00480, ECF No. 144).

As part of Plaintiffs' Motion to Disqualify Attorney Scott- Benevides, Plaintiffs' Motion for Sanctions, and Plaintiffs' Reply to Defendants' Objection to Plaintiffs' Motion to Disqualify, Plaintiffs seem to take issue with a footnote, that in in pertinent part, stated Attorney Scott-Benevides did not represent the "Cranston City Solicitor" and the "Cranston Prosecutor" <u>during</u> Plaintiff Mello's post-conviction relief proceeding. (emphasis added). <u>See</u> C.A. No. 23-cv-00480, ECF No. 130. The motions appear to argue that the footnote somehow "materially misrepresented" Attorney Scott- Benevides' representation of Cranston and the "Cranston Prosecutor" in Plaintiffs' this instant lawsuit although she did not represent either party in Plaintiffs' post- conviction relief proceedings. These filings accuse Defendants and Attorney Julia K. Scott- Benevides ("Attorney Scott- Benevides") of "document tampering," committing discovery violations as to Defendants' supplemental responses, of failing to advise Plaintiffs that they could read and sign their deposition transcripts, of misrepresenting Plaintiffs' constitutional claims in their Complaint, and of somehow

---

Defendants are fully aware of Plaintiffs' right to object to the Report and Recommendation, Defendants do not want to find themselves in the position of once again having respond to frivolous arguments and allegations that have no factual or legal basis.

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 23-cv-000479-JJM-PAS*
*C.A. No. 23-cv-000480-JJM-PAS*

wrongfully pursuing a discovery dispute despite prior notice that the records do not exist. See C.A. No. 23-cv-00480, ECF Nos. 133, 134, 139.

Before submitting these filings with the Court, Plaintiffs alleged that it was some form of misconduct for Attorney Scott- Benevides to attend one of Plaintiff Mello's public post-conviction relief proceedings at Rhode Island District Court while then-Defendant to this lawsuit, Steven Catalano ("Assistant Solicitor Catalano") was also in attendance at Plaintiff Mello's proceeding in at least thirteen (13) other filings. See generally, C.A. No. 23-cv-00480, ECF Nos. 15, 21, 27, 31, 33, 36, 38, 42, 46, 64, 99, 127. In the thirteen (13) previous filings, Plaintiffs hold the longstanding position that it was misconduct for Attorney Scott- Benevides' not to advise Assistant Solicitor Catalano at Plaintiff Mello's post-conviction relief proceeding considering her representation of the City of Cranston and Assistant Solicitor Catalano in the instant matter in Federal Court. See id.

Plaintiffs have additionally accused Defendants and Attorney Scott- Benevides of "document tampering" (C.A. No. 23-cv-00480, ECF Nos 65, 76, 81, 87), of committing "discovery violations" because Defendants' supplemental interrogatory responses "do not appear to be [their] own words but rather a legal strategy crafted by [Attorney Scott- Benevides]," (C.A. No. 23-cv-00480, ECF Nos. 89, 106, 107) of failing to advise Plaintiffs that they could read and sign their deposition transcripts (C.A. No. 23-cv-00480, ECF No. 107,120), of misrepresenting Plaintiffs' constitutional claims (ECF No. 87, 110) of violating this Court's Order by requesting subsequent motions for extension of time (C.A. No. 23-cv-00480, ECF Nos. 49, 71, 105, 110, 113), and of somehow wrongfully pursuing a discovery dispute despite prior notice that the records do not exist (C.A. No. 23-cv-00480, ECF Nos. 71, 84, 97, 106) in several of their other filings.

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 23-cv-000479-JJM-PAS*
*C.A. No. 23-cv-000480-JJM-PAS*

On October 8, 2025, this Court issued an Order adopting the Report and Recommendation, denying Plaintiffs' Motion for Summary Judgment and denied Plaintiffs' Motions to Disqualify Counsel. See C.A. No. 1:23-cv-00480, ECF No. 143. With regard to Plaintiffs' Motion to Disqualify Counsel, the Court found that.

> Plaintiffs' submission contains unsupported and false accusations about the attorney. The Court has reviewed each of the allegations against the attorney and finds that they are false. The attorney in questions has handled this case professionally, competently, and consistent with the Rules of Professional Conduct and the Rules of Civil Procedure.

Id. However, on October 27, 2025, Plaintiffs' filed their "Notice of Objection and Preservation of Error." See C.A. No. 1:23-cv-00480, ECF No. 144. This filing "reaffirm[s] and reincorporate[s] the factual statements and evidentiary support set forth in their Motion to Disqualify (ECF No. 104) and attached exhibits." Id. The filing goes on to make the same allegations about Attorney Scott- Benevides as they have contemporaneously made throughout this lawsuit—where Plaintiffs accuse Attorney Scott- Benevides of making false misrepresentations to the Court regarding Plaintiff Mello's post-conviction relief proceeding, of "rel[ying] on unreviewed depositions in violation of Rule 30(e);" of ghost-writing interrogatory responses under Rule 33, effectively becoming an unsworn witness to her clients' testimony;" of "escalat[ing] a nonexistent medical-record dispute after being informed repeatedly that no such records existed;" and of "produc[ing] a non-conforming, manipulated CPD destruction record that lacks the department crest, mixes typed and handwritten entries, and displays digital alterations." Id. Despite Plaintiffs' accusations against Defendants and Attorney Scott- Benevides being unfounded and/or denied, Plaintiffs continued filing of motions, objections, or other documents are frivolous, and further violate Rule 11.

*Mello, et al, v. Derek Gustafson, et al*
C.A. No. 23-cv-000479-JJM-PAS
C.A. No. 23-cv-000480-JJM-PAS

In a truly perplexing filing, Plaintiffs asked this court to reconsider its October 8, 2025 Order, in which the Court adopted Magistrate Judge Sullivan's Report and Recommendation denying Plaintiffs' Motion for Summary Judgment, which once again requires a response by Defendants. Plaintiff claims without any evidence that the Court 1. Failed to conduct a de novo review prior to ruling on their summary judgment motion, 2. Reversed which parties were the movant/non-movant[2], 3. Made factually false findings and credibility determinations, 4. Was biased in the review of evidence, thus violated the Due Process Clause[3], 5. has created the appearance of disfavoring Plaintiffs' filings and, somehow, threatens Plaintiffs' right to a fair and impartial trial.[4]

The persistent misuse of judicial resources and continued abuse of process must end. As such, Defendants request that:

1. Order Plaintiffs to pay reasonable attorney's fees for responding to Plaintiffs' Motion to Alter or Amend the October 8 Order (C.A. No. 23-cv-00480, ECF No. 145), as well as the drafting and filing of the instant motion and any required responses;

2. This matter immediately be assigned a trial date,

3. A tiered sanction, including but not limited to:

    a. Mandatory pre-filing conferences with the Court,

---

[2] In their motion, Plaintiff specifically argue that Defendants did not file summary judgment and that the Court committed a "fatal procedural error" because "the 'light most favorable' standard protects only the non-movant." At best Plaintiffs simply do not understand the legal premise under which their motion was denied. At worst, they toe the line of pseudolitigation-adjacent arguments, that are nothing more than a collection of legal-sounding but false rules that purport to be law. Oddly, they are correct that the 'light most favorable' standard protects the non-movant. They have, however, utterly confused who the non-movant is – the Defendant.
[3] This particular argument is entirely threadbare, which makes any response challenging. Defendants are unsure of what "unsworn hearsay" was relied upon. Defendants are also unsure how "Plaintiffs' authenticated video" was discounted when the Court was clear that it relied heavily upon the video when making its determinations.
[4] This argument is also entirely threadbare, and entirely baseless.

5

    b. Conditional dismissal of the instant consolidated cases, providing a notification period wherein Plaintiffs may opt to withdraw filings that are frivolous, abusive, and/or designed to delay the proceedings, or face dismissal with prejudice,

    c. Dismissal with prejudice.

4. For all future filings, after a finding that said filings are frivolous, abusive, and/or designed to delay the proceedings, Plaintiff be required to pay Defendants' reasonable attorney's fees for any required response, briefing, and/or attendance at a scheduled hearing

## II.    STANDARD OF REVIEW

"Rule 11 permits a court to impose sanctions on a party or lawyer for advocating a frivolous position, pursuing an unfounded claim, or filing a lawsuit for some improper purpose." CQ Int'l Co., Inc. v. Rochem Int'l, Inc., USA, 659 F.3d 53, 60 (1st Cir. 2011) (citing Fed. R. Civ. P. 11(b)). Rule 11 sanctions may apply to anyone who signs a pleading, motion, or other paper, including pro se plaintiffs. Mills v. Brown, 372 F. Supp. 2d 683, 692 (D.R.I. 2005)(citing Fed R.Civ. P.R. 11; Business Guides, Inc. v. Chromatic Communications Enterprises, Inc., 498 U.S. 533, 111 S.Ct. 922, 112 L.Ed.2d 1140 (1991)). In determining whether a Rule 11 violation occurred, "a court generally must use an objective standard, asking what is reasonable under the circumstances." Melendez v. Univ. of New Hampshire, No. 23-CV-00172-SM-TSM, 2025 WL 395089, at *7 (D.N.H. Jan. 6, 2025) While Rule 11 does not list other factors that a court should consider in deciding whether to impose a sanction and what sanction to impose… [t]his Circuit too has held that when an attorney or an unrepresented party submits a pleading, motion, or other paper to a federal court, his signature constitutes a certification that he has read it and formed a belief after reasonable inquiry that it is,

> (1) well grounded in fact; (2) warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and, (3) it is not

6

*Mello, et al, v. Derek Gustafson, et al*
C.A. No. 23-cv-000479-JJM-PAS
C.A. No. 23-cv-000480-JJM-PAS

> interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. Rule 11 states that when a pleading, motion, or other paper violates this rule, the court may impose sanctions.

Mills v. Brown, 372 F. Supp. 2d at 693.

While "pleadings filed by pro se litigants are held to 'less stringent standards than formal pleadings drafted by lawyers,' all litigants, including those filing pro se, have an obligation to comply with court orders and with the Federal Rules of Civil Procedure. Mills, 372 F. Supp. 2d at 692 (citing Report and Recommendation, CA 03–457L (2004), Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); Vitale v. First Fid. Leasing Group, Inc., 187 F.R.D. 445, 448 (D.Conn.1999)(admonishing pro se litigant that further filings arising from same nexus of factual and legal allegations will give rise to Rule 11 Sanctions).

"[T]he court has sufficient discretion to take account of the special circumstances that often arise in *pro se* situations." Vizcaino v. Isaac, No. 15-11565-LTS, 2016 WL 1163652, at *5 (D. Mass. Feb. 12, 2016) (quoting Vizvary v. Vignati, 134 F.R.D. 28, 31 D.R.I. 1990)). "Where, as here, a party seeks sanctions against a self-represented litigant, 'the objective standard to be applied regarding Rule 11 asks what a reasonable person in the *pro se* litigant's position would have done. Arguments that a lawyer should or would recognize as groundless may not seem so to the *pro se* litigant.'" Id. (internal citation omitted) (quoting Vizvary, 134 F.R.D. at 31).

Given the nature of Plaintiffs' persistent, frivolous, unsupported, unfounded, and harassing allegations contained throughout this lawsuit, namely in Plaintiffs' Motion to Disqualify Attorney Scott- Benevides, Plaintiffs' Motion for Sanctions, Plaintiffs' Reply to Defendants' Objection to Plaintiffs' Motion to Disqualify Attorney Scott- Benevides, Plaintiffs' Notice of Objection and

7

*Mello, et al, v. Derek Gustafson, et al*
C.A. No. 23-cv-000479-JJM-PAS
C.A. No. 23-cv-000480-JJM-PAS

Preservation of Error, and Plaintiffs' Motion to Alter or Amend the October 8 Order are a violation of Rule 11 of the Federal Rules of Civil Procedure.

### III.    ARGUMENT

#### A.  Plaintiffs have repeatedly violated Rule 11

Plaintiffs relentlessly make the same allegations of misconduct against Attorney Scott-Benevides throughout the litigation of this case that are harassing, have caused unnecessary delay, and are needlessly increasing Defendants' cost of litigation. In Tandem Computers, Inc., the Massachusetts District Court found that the defendant filed its motion for sanctions for an improper purpose and violated Fed. R. Civ. P. Rule 11. E.E.O.C. v. Tandem Computers, Inc., 158 F.R.D. 224, 229 (D. Mass. 1994). The defendant in this case presented several motions where it re-argued the same issues based on the same facts and arguments that the court previously decided on.[5] The Massachusetts District Court explained that the defendant filed its motion for sanctions against plaintiff for an improper purpose because the defendant did not present anything new, the issues had been repeatedly briefed and decided in favor of the plaintiff. See id. (holding that "armed with no new facts or circumstances, [defendant's] persistence in rehashing the same arguments time and time again without success can be viewed as nothing new but harassment at this juncture," and that "the costs incurred by opposing this frivolous motion were needless")). Similarly, here,

---

[5] The defendant in Tandem Computers, Inc. filed several motions—on summary judgment the defendant argued that plaintiff's claim was time barred and that plaintiff failed to establish a prima facie case for discrimination. Id. at 227. The defendant then brought up the issue of timeliness in a motion for limine and the defendant's motion for a separate trial on the timeliness issue. Id. The defendant then filed for a motion for judgment under Fed. R. Civ. P. Rule 50 at the end of the plaintiff's case at trial. Id. Even though the defendant was successful at trial, the defendant filed a motion for sanctions where it argued that the plaintiff's action was time barred and that the plaintiff proceeded to trial without facts sufficient to make out a prima facie case for discrimination. Id. at 227-28.

8

*Mello, et al, v. Derek Gustafson, et al*
C.A. No. 23-cv-000479-JJM-PAS
C.A. No. 23-cv-000480-JJM-PAS

Plaintiffs have filed (and continue to file) the same accusations against Attorney Scott- Benevides and the Defendants throughout this lawsuit, even after the Court explicitly found their allegations false.

While Plaintiffs are pro-se, Plaintiffs are no strangers to litigation. They have been pro-se throughout this instant matter, in addition to another matter recently dismissed in this same Court (C.A. No. 24-cv-00348). Plaintiff Mello also represents himself in several other lawsuits that he brought against other employees of Cranston in Rhode Island Superior Court (C.A. Nos. PC-2024-04818, PC-2024-06065) as well as representing himself in his pending criminal actions in Rhode Island Superior Court (C.A. Nos. P2-2024-03397A, KD-2024-0974). Additionally, this Court denied Plaintiffs' Motion to Appoint Counsel in this case because "Plaintiffs have amply demonstrated the ability to articulate their case, cite relevant case authority, gather relevant documents, and present oral argument in the Court"… "Plaintiffs particularly Plaintiff Mello, have extensive experience in litigating pro se." See February 3, 2025 Text Order Denying Plaintiffs Joshua Mello and Rachel Ware's Motion to Appoint Counsel. It follows that, even in viewing the number of times Plaintiffs have filed the same accusations, and in light of what a reasonable person in a pro-se litigant's position with the same experience as Plaintiffs would have done, Plaintiffs' conduct is wholly and unjustifiably unreasonable.

For instance, altogether Plaintiffs make allegations about Attorney Scott- Benevides' attendance at Plaintiff Mello's post-conviction relief proceeding at least fifteen (15) times since they initiated this matter. Plaintiffs alleged that Defendants and Attorney Scott- Benevides tampered discovery documents seven (7) times; that Defendants and Attorney Scott- Benevides committed discovery violations with regard to Defendants' supplemental interrogatory responses six (6) times; that Attorney Scott- Benevides failed to advise Plaintiffs that they could read and

9

sign their deposition transcripts five (5) times; that Attorney Scott- Benevides misrepresented Plaintiffs' constitutional claims two (2) times; that Attorney Scott- Benevides violated this Court's Order(s) by filing motions for extension of time eight (8) times; and that Attorney Scott- Benevides wrongfully pursued a discovery dispute despite prior notice that the records do not exist seven (7) times. Despite each allegation already being denied or unfounded each time, Plaintiffs continue to file motions, replies, objections, and/or other filings that contain the same allegations without any success to date.  Most recently, Plaintiffs filed their "Notice of Objection and Preservation of Error," which, in part, precipitated the instant motion and resubmits the same unfounded, unsupported, and, most importantly, abusive allegations against Attorney Scott-Benevides..

Given their experience as sophisticated, albeit pro se plaintiffs, Plaintiffs filings of their Motion to Disqualify Attorney Scott- Benevides, their Motion for Sanctions, and their Reply to Defendants' Objection to Plaintiffs' Motion to Disqualify Attorney Scott- Benevides, Plaintiffs' Notice of Objection and Preservation of Error, and Plaintiffs' Motion to Alter or Amend the October 8 Order (as well as any other subsequent motion in a similar vein) is harassment and the costs expended to respond to these filings are needless.  The filings were undoubtedly filed with the Court for an improper purpose, and continued similar conduct must be deterred.

B.  <u>Plaintiffs should be sanctioned</u>

In every aspect, Plaintiffs failed to make a reasonable inquiry into the facts and into the law in their most recent filings. "A claim is frivolous when it is 'either not well-grounded in fact or unwarranted by existing law or a good faith argument for an extension, modification or reversal of existing law.' " <u>In re Ames</u>, 993 F.3d 27, 34 (1st Cir. 2021) (quoting <u>Cruz v. Savage</u>, 896 F.2d 626, 632 (1st Cir. 1990)). In support of their Motion to Disqualify Attorney Scott- Benevides, Plaintiffs argue that "[c]ourts have repeatedly emphasized that disqualification is appropriate

where counsel's misconduct undermines the fairness of the proceeding." See C.A. No. 23-cv-00480, ECF No. 133 (citing Kevlik v. Golstein, 724 F.2d 844 (1st Cir. 1984)). Yet, Plaintiffs fail to provide any evidentiary support as to how any of their accusations undermine the "fairness in this matter" that would appropriate disqualification. Plaintiffs also cite directly to Fed. R. Civ. P. Rule 11(b) in their Motion for Sanctions where they allege that "Attorney Scott- Benevides has violated Rule 11(b)(3) by presenting factual assertions that lack evidentiary support and are contradicted by this Court's own docket and discovery record." See C.A. No. 23-cv-00480, ECF No. 134.

However, Plaintiffs do not offer any basis to support this argument because Plaintiffs do not offer any new facts or legal arguments beyond what has already been argued in prior filings to support that (1) Attorney Scott- Benevides tampered discovery documents, (2) that Defendants and Attorney Scott- Benevides committed discovery violations with regard to Defendants' supplemental interrogatory responses, (3) that Attorney Scott- Benevides failed to advise Plaintiffs that they could read and sign their deposition transcripts, (4) that Attorney Scott- Benevides misrepresented Plaintiffs' constitutional claims two (2) times, (5) that Attorney Scott- Benevides violated this Court's Order(s) by filing motions for extension of time, and (6) that Attorney Scott- Benevides wrongfully pursued a discovery dispute. Plaintiffs continue to lack any form of evidentiary support in their Notice of Objection and Preservation of Error given that the filing contains the same exact allegations with the same exact exhibits that they have already used.

A reasonable pro-se with Plaintiffs' level of sophistication should have known that to be successful on these motions, they should have alleged additional facts beyond the facts that have already been rejected by this Court. See Garrison v. Merced, No. CIV. A. 89-13-MC, 1989 WL 90438, at *1 (D. Mass. July 31, 1989)(holding that pro-se plaintiff failed to make reasonable

*Mello, et al, v. Derek Gustafson, et al*
C.A. No. 23-cv-000479-JJM-PAS
C.A. No. 23-cv-000480-JJM-PAS

inquiry into the facts and the law because pro se plaintiff added no new facts in support of her claims in her amended complaint and that she brought this claim despite she had an appeal in another forum… given plaintiff's former position as a board member, a person of her sophistication should have taken a careful approach towards the initiation of a civil action)).

As to Plaintiffs' allegation that Attorney Scott- Benevides made a material misrepresentation each time Plaintiffs make an argument about Attorney Scott- Benevides' presence at Plaintiff Mello's post-conviction relief proceeding at any point during the litigation of this case, Defendants have denied that Attorney Scott- Benevides represented any individual from Cranston at Plaintiff Mello's post-conviction relief hearing. The footnote in question simply states that Attorney Scott- Benevides did not represent the Cranston Prosecutor and the Cranston Solicitor <u>during</u> Plaintiff Mello's post-conviction relief proceeding.[6] In any event, the allegations have been found to be **false,** yet Plaintiffs still filed their Notice of Objection and Preservation of Error on October 27, 2025.

As discussed and articulated throughout this motion, Plaintiffs have been and continue to file papers with this Court in violation of Rule 11.

IV. **CONCLUSION**

---

[6] Defendants provide the footnote in response to Plaintiffs' claims in their Motion to Stay Proceedings (C.A. No. 23-cv-00480, ECF No. 127) that this Court exhibited judicial bias against them for, in pertinent part, the Court's refusal to recuse Attorney Scott- Benevides "despite her appearance with Cranston City Solicitor and the Cranston Prosecutor who tried Plaintiff Mello during his criminal trial, attempting to influence his post-conviction relief (PCR) matter—at a time when the PCR concerned a defendant in this exact consolidated case. Plaintiffs filed a formal motion seeking counsel's disqualification, which the Court denied without addressing the conflict." <u>Id.</u>

12

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 23-cv-000479-JJM-PAS*
*C.A. No. 23-cv-000480-JJM-PAS*

Wherefore, Defendants respectfully request that this Court grant their Motion for Sanctions and that the court:

1. Order Plaintiffs to pay reasonable attorneys fees for responding to Plaintiffs' Motion to Alter or Amend the October 8 Order (C.A. No. 23-cv-00480, ECF No. 145), as well as the drafting and filing of the instant motion and any required responses;

2. Immediately assign this matter a trial date;

3. On a going forward basis, order a tiered sanction, including but not limited to:

    a. Mandatory pre-filing conferences with the Court to assess the legal basis for Plaintiffs' filings,

    b. Conditional dismissal of the consolidated cases if filings are determined to be frivolous, abusive, and/or designed to delay the proceedings, provided that Plaintiffs are given a notification period wherein Plaintiffs may opt to withdraw said filings, or face dismissal with prejudice,

    c. Dismissal with prejudice.

4. For all future filings, after a finding that said filings are frivolous, abusive, and/or designed to delay the proceedings, Plaintiff be required to pay Defendants' reasonable attorney's fees for any required response, briefing, and/or attendance at a scheduled hearing

5. Any additional relief that the Court deems appropriate.

                                                            Defendants
                                                            By their Attorney,

*Mello, et al, v. Derek Gustafson, et al*
*C.A. No. 23-cv-000479-JJM-PAS*
*C.A. No. 23-cv-000480-JJM-PAS*

/s/ Kathleen A. Hilton
Kathleen A. Hilton, Esq. (#9473)
*/s/ Julia K. Scott- Benevides*
Julia K. Scott- Benevides (#10408)
DeSisto Law LLC
4 Richmond Square, Suite 500
Providence, RI 02906
(401) 272-4442
katie@desistolaw.com
julia@desistolaw.com

CERTIFICATION

I hereby certify that the within document was emailed and mailed through certified and regular mail, postage prepaid, in accordance with Fed. R. Civ. P. Rule 11 on the 14th day of November 2025 to:

Joshua Mello
Rachel Ware
57 Rolfe Square, Unit 10113
Cranston, RI 02910
kskustomsrideons@gmail.com

I further certify that the within document has been electronically filed with the Court on the 14th day of November, 2025, and is available for viewing and downloading from the ECF system.

I further certify that a true and accurate copy of the within was emailed and mailed, postage prepaid, to:

Joshua Mello
Rachel Ware
57 Rolfe Square, Unit 10113
Cranston, RI 02910
kskustomsrideons@gmail.com

/s/ Kathleen A. Hilton

14