UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| JOSHUA MELLO,<br>    Plaintiff,<br><br>v.<br><br>JOHN ROCCHIO and EDWARD ARRUDA,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| JOSHUA MELLO and RACHEL WARE,<br>    Plaintiffs,<br><br>v.<br><br>JOHN ROCCHIO and EDWARD ARRUDA,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 23-cv-479-JJM-PAS<br>C.A. No. 23-cv-480-JJM-PAS |

ORDER

Plaintiffs Joshua Mello and Rachel Ware have filed at least six lawsuits[1] arising out of a no-trespass order that barred them from entering Cranston's Western Mills Middle School, where Mr. Mello's daughter was a student, and the Cranston School Department's Briggs Administrative Building. The no-trespass order resulted from Mr. Mello's criminal conviction for disorderly conduct at his daughter's school during school hours and possession of a prohibited weapon (knives). They sued many

---

[1] *See* federal complaints: *Mello v. Arruda*, C.A. No. 23-479; *Mello v. Arruda*, C.A. No. 23-480; and *Mello v. Cranston Sch. District*, C.A. No. 24-350; R.I. state court complaints: *Mello v. Vesey*, PC-2022-06458; and *Mello v. Dunton*, PC-2024-04818.

individuals, but after motion practice, only Defendant Officers John Rocchio and Edward Arruda remain. These consolidated cases have been heavily litigated for over two years and, Plaintiffs have filed many filings, some making claims that are frivolous and in most cases the Court has rejected or disposed of them. Their pro se filings have also disparaged, insulted, and hurled accusations at Defendants' counsel in many of their filings. Both this Court and the Magistrate Judge, who has ably steered this litigation, have commented on these unprofessional and unnecessary statements and counseled Plaintiffs to refrain from getting personal.[2]

As Plaintiffs appear undeterred, Defendants filed a Motion for Sanctions against Mr. Mello and Ms. Ware, arguing that Plaintiffs should be sanctioned for filing frivolous motions that assert unsubstantiated and irrelevant claims resulting in continued harassment of Defendants and their counsel. ECF No. 120/149.[3] In their motion, Defendants seek various sanctions and future limits on Plaintiffs' case filing. The Court starts by reviewing the applicable law on imposing sanctions.

---

[2] In her Report & Recommendation on Ms. Ware's motion to amend, the Magistrate Judge observed that Plaintiffs "deploy[ed] a tactic they have used repeatedly throughout the travel of these cases–inappropriately accusing Defendants' counsel of making false statements or otherwise engaging in unprofessional misconduct." *Mello v. Arruda*, C.A. No. 23-479-JJM, C.A. No. 23-480-JJM, 2025 WL 3013322, at *2 (D.R.I. Oct. 28, 2025). This Court has also called out Plaintiffs' unfounded and inflammatory accusations against Defendants' counsel. *Mello v. Arruda*, C.A. No. 23-479-JJM-PAS, C.A. No. 23-480-JJM-PAS, 2025 WL 2851758, at *1 (Oct. 8, 2025) ("The Court has reviewed each of the allegations against the attorney and finds that they are false. The attorney in question[] has handled this case professionally, competently, and consistent with the Rules of Professional Conduct and the Rules of Civil Procedure.") (emphasis added).

[3] The docketing numbers in these two cases are different but the filings are the same. The Court cites the ECF number in 23-cv-479 first and the one in 23-480 second.

"Rule 11 permits a court to impose sanctions on a party or lawyer for advocating a frivolous position, pursuing an unfounded claim, or filing a lawsuit for some improper purpose." *CQ Int'l Co., Inc. v. Rochem Int'l, Inc., USA*, 659 F.3d 53, 60 (1st Cir. 2011). Rule 11, however, "'is not a strict liability provision, and a showing of at least culpable carelessness is required before a violation of the Rule can be found.'" *Id.* (quoting *Citibank Global Mkts., Inc. v. Santana*, 573 F.3d 17, 32 (1st Cir. 2009)). To deserve sanctions, "it is not enough that the filer's claim lacked merit -- it must be so <u>plainly unmeritorious</u> as to warrant the imposition of sanctions." *Zell v. Ricci*, 957 F.3d 1, 19 (1st Cir. 2020) (emphasis in original; internal quotation marks and citations omitted).

Plaintiffs in this case represent themselves. "While a *pro se* party is not immune from Rule 11, the court has discretion to take into account the special circumstances that often arise in <u>pro se</u> situations." *Marchuk v. Long*, No. CV 24-11129-WGY, 2025 WL 944456, at *1 (D. Mass. Feb. 20, 2025) (citing *Vizvary v. Vignati*, 134 F.R.D. 28, 31 (D.R.I. 1990)). Thus, "the objective standard to be applied regarding Rule 11 asks what a reasonable person in the <u>pro se</u> litigant's position would have done." *Id.* (citation omitted). In deciding whether sanctions are merited, the Court may consider

> '[1][w]hether the improper conduct was willful, or negligent; [2] whether it was part of a pattern or activity, or an isolated event; [3] whether it infected the entire pleading, or only one particular count or defense; [4] whether the person has engaged in similar conduct in other litigation; [5] whether it was intended to injure; [6] what effect it had on the litigation process in time or expense; [7] whether the responsible person is trained in the law; [8] what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in

the same case; and [9] what amount is needed to deter similar activity by other litigants.'

*Azubuko v. MBNA Am. Bank*, 396 F. Supp. 2d 1, 7 (D. Mass. 2005), *aff'd,* 179 F. App'x 66 (1st Cir. 2006) (quoting Fed.R.Civ.P. 11 advisory committee's note (1993)).

The Court considered the factors and Plaintiffs' conduct during this case.  Their lack of respectful treatment of Defendants' counsel will not be tolerated, especially since this Court has determined in the face of Plaintiffs' arguments that Defendants' counsel has handled this case professionally, competently, and consistent with the Rules of Professional Conduct and the Rules of Civil Procedure.  While Plaintiffs are not lawyers, the Court expects them to conduct themselves with the same decorum it expects from licensed attorneys.  That said, the Court declines to impose sanctions on Plaintiffs at this time but any further frivolous or personally disparaging filings will result in monetary sanctions.  The Court DENIES Defendants' Motion for Sanctions. ECF No. 120/149.

IT IS SO ORDERED.

*s/John J. McConnell, Jr.*

_____
JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

January 23, 2026