UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOSHUA MELLO,<br> Plaintiff,<br><br>v.<br><br>JOHN ROCCHIO and EDWARD ARRUDA,<br> Defendants, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| JOSHUA MELLO and RACHEL WARE,<br> Plaintiffs,<br><br>v.<br><br>JOHN ROCCHIO and EDWARD ARRUDA,<br> Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

C.A. No. 23-cv-479-JJM-PAS
C.A. No. 23-cv-480-JJM-PAS

# ORDER

Before the Court are two matters for its consideration in this consolidated case where Plaintiffs Joshua Mello and Rachel Ware allege that Defendant Officers John Rocchio and Edward Arruda used unconstitutionally excessive force against them in connection with and following Mr. Mello's arrest at a Cranston Middle School. Mr. Mello and Ms. Ware filed a Motion to Alter or Amend the October 8 Order under Federal Rule of Civil Procedure 59(e) (also captioned as a Motion to Reconsider), where this Court adopted the Magistrate Judge's Report and Recommendation

("R&R") denying Plaintiffs' Motion for Summary Judgment. ECF No. 116/145.[1] Plaintiffs also object to the Magistrate Judge's R&R (ECF No. 117/146), denying their Motion to Amend their Complaint (Second) (ECF No. 107/136). ECF No. 119. In sum, the Court must decide whether to adopt the R&R denying Plaintiffs' second Motion to Amend and whether to alter and/or reconsider its decision adopting the R&R denying Plaintiffs' Motion for Summary Judgment.

I. **MOTION TO ALTER JUDGMENT AND FOR RECONSIDERATION**

As to Plaintiffs' Motion to Alter Judgment, the Court notes at the outset that judgment has not entered in this case so there is no judgment to alter. The Magistrate Judge issued a well-reasoned R&R denying Plaintiffs' Motion for Summary Judgment and the Court accepted it. A court cannot grant summary judgment if facts that are material to the legal claims are in dispute. The Magistrate Judge identified disputed facts and properly decided that these disputes precluded Plaintiffs' motion.[2] Contrary to what Plaintiffs argue here, the Magistrate Judge did not find for Defendants or against Plaintiffs' claims in denying the motion for

---

[1] The docketing numbers in these two cases are different but the filings are the same. The Court cites the ECF number in 23-cv-479 first and the one in 23-480 second.

[2] Plaintiffs argue that the Court should have granted their motion because the Magistrate Judge improperly applied the summary judgment standard, viewed the evidence, and made credibility determinations in Defendants' favor, and treated them unfairly throughout their case. Plaintiffs are wrong on all fronts. The Magistrate Judge correctly evaluated Plaintiffs' motion and their evidence under the summary judgment standard. In fact, the four examples in Plaintiffs' motion that address findings the Magistrate Judge made highlight that she denied Plaintiffs' motion because she found disputes of fact better left to a jury's consideration. *See* ECF No. 116/145 at 3-4.

summary judgment – she merely looked at the facts and legal arguments and determined that the case could not be resolved absent a trial where a jury would listen to Plaintiffs' and Defendants' view of the facts, hear the Court's legal instructions, and decide the case on its merits. Because judgment never entered and so there is nothing to alter, the Court denies Plaintiffs' motion to do so.

The Court also declines to reconsider its decision to accept the recommendation denying summary judgment. The First Circuit has cautioned that granting a motion for reconsideration is

> 'an extraordinary remedy which should be used sparingly.' Unless the court has misapprehended some material fact or point of law, such a motion is normally not a promising vehicle for revisiting a party's case and rearguing theories previously advanced and rejected. To obtain relief, the movant must demonstrate either that newly discovered evidence (not previously available) has come to light or that the rendering court committed a manifest error of law.

*Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006) (citations omitted)

Plaintiffs argue that the Court should reconsider its Order adopting the R&R because it was brief and did not address each of their objections. However, "Federal Rule of Civil Procedure 52(a) explicitly says that district courts are 'not required to state findings or conclusions when ruling on a motion under Rule 12 or 56.'" *Barry v. Moran*, 661 F.3d 696, 702 n.9 (1st Cir. 2011) (quoting Fed.R.Civ.P. 52(a)(3)); *see also Zayas v. Bacardi Corp.*, 524 F.3d 65, 70 (1st Cir. 2008); *Grossman v. Berman*, 241 F.3d 65, 68 (1st Cir. 2001).

The Court reviewed the record underlying Plaintiffs' Motion for Summary Judgment, Defendants' objection, and the R&R. The R&R thoroughly explained why

3

summary judgment was not proper considering the standard of review, identified the disputed evidence and accurately stated the correct legal elements. The order adopting the R&R was brief because the Court found that it was supported by the facts and consistent with the law. Because that is all the rules require and, in any event, the R&R provided both parties with a thorough explanation of the summary judgment decision, the Court DENIES Plaintiffs' Motion to Alter/Reconsider. ECF No. 116/145.

## II.    REPORT & RECOMMENDATION ON MOTION TO AMEND

Ms. Ware was dismissed as a plaintiff from this consolidated case when the Court granted Defendants' Motion for Judgment on the Pleadings finding that her claims failed because her only allegation was that she was present when Mr. Mello was subject to excessive force. *Mello v. Gustafson*, C.A. No. 23-480-JJM, 2025 WL 2083739, at *2-5 (D.R.I. July 23, 2025), *adopted by text order*, (D.R.I. Aug. 28, 2025). But the Court allowed her to move to amend her complaint, which is currently before the Court. In her motion, she proposes adding an allegation that Defendants subjected her to intentional non-consensual physical contact by Officer Arruda as he was arresting Mr. Mello. Defendants object to her proposed amendment, arguing that it is futile because any contact was minimal, incidental, and unintentional. They also argue that allowing amendment now would be prejudicial because it adds facts that have not been a part of discovery which is now closed and case deadlines have long expired. The Court referred the Motion to Amend to the Magistrate Judge who issued an R&R. ECF No. 117/146. Plaintiffs objected to the R&R. ECF No. 119/148.

4

The Court has reviewed the motion in its entirety, as well as the R&R, and objection, and concludes that it should accept the R&R in total and deny the Plaintiffs' Motion to Amend. The Magistrate Judge addressed several of Plaintiffs' objections in the R&R but held that the Court should not allow the Plaintiffs to amend because of her delay in seeking to amend was without just cause and would result in prejudice. Plaintiffs filed the motion one year and eight months after the deadline; Plaintiffs blame Defendants for the delay, but the R&R correctly concluded that the delay was all on Plaintiffs. Significantly, the R&R notes that if Ms. Ware was pushed or grabbed during the event as she wants to now allege, she knew about that contact since the event occurred. Because she could have asserted these allegations from the beginning, there is no good cause for her failure to do so until this late point in the litigation when discovery has closed, dispositive motions have been filed, and the case is ready for trial. Therefore, according to Fed. R. Civ. P. 15(a), this delay was undue; moreover, prejudice to Defendants is inevitable because discovery would have to be reopened and the resolution of this case would be further delayed. Therefore, the Court agrees with the R&R's conclusion and adopts its reasoning. The Court DENIES Ms. Ware's Motion for Leave to Amend. ECF No. 107/136.

The R&R also notes that the proposed amendment sought to revive Mr. Mello's *Heck*-barred claims because it restates all of his dismissed allegations about alleged perjury and other issues during his criminal trial. It also seeks to rejoin other individuals as defendants who have been dismissed. The Court has dismissed these claims and so adopts the R&R's reasoning and orders that all claims by Mr. Mello

5

that are *Heck*-barred that he has raised before are dismissed without prejudice unless and until his conviction is overturned.[3]

### III. CONCLUSION

The Court DENIES Plaintiffs' Motion to Alter Judgment and/or to Reconsider the Court's adoption of the R&R denying their Motion for Summary Judgment. ECF No. 116/145. The Court adopts the R&R denying Plaintiffs' Motion to Amend. ECF No. 117/146. The Court DENIES Plaintiffs' Motion for Leave to Amend. ECF No. 107/136.

IT IS SO ORDERED.

*s/John J. McConnell, Jr.*

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

January 23, 2026

---

[3] Plaintiffs filed a Request for Judicial Notice that includes information about Mr. Mello's state court proceedings, presumably as he believes are related to his claims here. ECF No. /124. It is unclear how Mr. Mello's assertions of his perceived abnormalities in how his state court charges are proceeding effects the disposition of this case, but he is correct that this Court has no role whatsoever in making factual or legal determinations about that case.